Linda J. Johnson, Esq.
Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501-3454
(907) 272-9272
(907) 272-9586 fax
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BOBBI WADE,<br><br>                     Plaintiff,<br><br>v.<br><br>ILISAGVIK COLLEGE; NORTH SLOPE BOROUGH; JOHN TUTHILL, individually; and PAMELA TAYLOR, individually,<br><br>                     Defendants. | <br><br><br><br><br><br><br><br><br><br>Case No. A05-086 CV (TMB) |

## **PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff Bobbi Wade moves the Court pursuant to Fed. R. Civ. P. 37 for an order directing Defendant Ilisagvik College to fully produce initial disclosures and answer interrogatories. Ilisagvik College has failed to produce many documents, has withheld documents, has produced redacted documents and refused reasonable requests for unredacted versions of documents, even in light of the court approved protective order. A certification of good faith conference is attached, pursuant to Fed. R. Civ. P. 37(a)(2)(B).

*Motion To Compel Discovery*
Wade v. Ilisagvik, Case No. A05-086 CV (TMB)
Page 1 of 9

## I.   FACTS RELATED TO THE ISSUE.

Bobbi Wade filed this lawsuit against Ilisagvik College and others on April 22, 2006.  Initial disclosures were received from Defendants on October 3, 2006.

Ilisagvik College did not produce any documents with its Rule 26 initial disclosures.  Ex. A.  Ilisagvik College attached a "privilege log" listing the reasons for withholding documents as "privacy" and relevancy.  Ex. B.  Most of the redactions appear to be adult student names.  Bobbi Wade protested, since no "privacy" privilege exists.  The documents are relevant and necessary to research the reasons the College gave for Ms. Wade's termination.

On October 4, 2005 a letter was sent to the College requesting a copy of all documents which had been withheld or redacted.  Ex. C.  Ms. Wade specifically stated that if the requested documents required protection that a protective order should be agreed to by the parties.  Ms. Wade also asked for unredacted copies of all the identified documents.

In mid-October, a paralegal from Clapp Peterson et al. reviewed all of the College's documents at Delaney Wiles and requested an unredacted copy of each. After receiving only copies that had been redacted, a letter was sent on October 24, 2005.  Ex. D.  In that letter Ms. Wade again expressed her desire for an unredacted version of the documents.  Ms. Wade explained to the College that no "privacy" privilege exists.  Fed. R. Evid. 501 defers to the state rules for a definition of privilege.  Alaska R. Evid. 501 does not recognize adult student privacy as a privilege.

*Motion To Compel Discovery*
Wade v. Ilisagvik, Case No. A05-086 CV (TMB)
Page 2 of 9

November 2, 2005, the College responded for the first time, claiming that its own internal policies required it to keep students' names confidential. Ex. E. The College enclosed a protective order with the letter. Ms. Wade voluntarily signed the confidentiality agreement without modification. The Court has approved the order. Ex. F. **To date no unredacted documents have been produced**.

Bobbi Wade sent her first discovery requests to the College and answers were received on November 9, 2005. Ex. G. Ilisagvik College's responses were inadequate and incomplete. The answers to Interrogatories were not complete. Many documents were either not produced or were redacted. Again a privilege log was generated by the College. Ex. H. It cited privacy, relevance and attorney client privilege. Given the protective order, no good reason exists to withhold documents in this case. The faculty contract and pay documents do not appear to be the type normally considered attorney client privileged. In addition, the privilege was applied to numbers that would identify a contract entered into between the College and Patrick O'Rourke. The redaction does not appear to be of an attorney client privileged matter and no justifiable reason for the redaction exists.

In light of the inadequate discovery responses received on November 9, 2005, Ms. Wade sent a letter on November 21, 2005, which delineated the College's new errors and omissions. Ex. I.

On December 5, 2005, the College stated, regarding initial disclosures, that it was "assembling the unredacted documents pursuant to the confidentiality agreement. I expect those to be assembled within the next few days." Ex. J.

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

On December 6, 2005, Ms. Wade agreed not to complete her motion to compel based on the College's representations that they would have the unredacted documents from initial disclosures "within a few days." Ex. K.

On December 16, 2005, Ms. Wade included a reminder in her correspondence on other matters that she was still waiting for the promised initial disclosure documents. Ex. L.

On December 22, 2005, the College addressed many of the concerns regarding the errors and omissions in Ms. Wade's First Set of Discovery, in response to Ms. Wade's November 21, 2005 letter. Ex. M. For most of the requests, the College promised to produce documents, although the College did state that some of the documents would not be produced until Defendant Taylor returned from vacation on January 10, 2006. Initial disclosures were not addressed or produced.

Upon return from vacation, Ms. Wade responded to the December 22, 2005 letter and reiterated the demand for documents that had not been produced, especially those kept for "privacy" reasons in light of the signed protective order. January 4, 2006, letter attached as Ex. N.

February 10, 2006, when no initial disclosures and no supplemental discovery requests were received, Ms. Wade sent the very last demand. Ex. O. In response, on February 21, 2006, Ms. Wade received a supplement to the College's first response to discovery. Ex. P. However, along with that supplement, the College sent a letter dated February 17, 2006, that firmly stated that no documents

*Motion To Compel Discovery*
Wade v. Ilisagvik, Case No. A05-086 CV (TMB)
Page 4 of 9

would be produced to many requests even though those same documents had been promised in prior letters. Ex. Q.

**No unredacted initial disclosures have ever been received, despite the signed protective order**.

The following is a table of what has been requested in Ms. Wade's first set of discovery but was not produced:

| REQUEST | Original Response Ex. F. | Dec 22 letter Ex. M. | Feb. 17 letter Ex. Q. |
|---|---|---|---|
| Initial Disclosures | | | |
| Interrogatory #18: any faculty member whose employment contract was not renewed, and reasons for non-renewal | Not relevant, unduly burdensome, expensive, overbroad, vague, ambiguous, but many faculty members will fit the definition. One name provided | No reason needed to non-renew. | |
| Interrogatory #19 - Names of faculty and contracts, pay history reports | Not relevant, unduly burdensome, expensive, overbroad, vague ambiguous, produced in redacted form. | Documents were redacted because they were attorney-client privileged. | |
| RFP #4 - O'Rourke contracts/purchase orders | Not relevant, right to privacy, vague ambiguous, produced in redacted form. | Documents were redacted because they were attorney-client privileged. | |

**Clapp, Peterson, Van Flein, Tiemessen & Thorsnness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

*Motion To Compel Discovery*
Wade v. Ilisagvik, Case No. A05-086 CV (TMB)
Page 5 of 9

| RFP #9 - student comment files for all faculty, 2003-2004. | Not relevant, unduly burdensome, expensive, overbroad, but will produce under the protective order. | Pay Taylor will gather when she returns from vacation on January 10. | We stand on prior objections. If court orders production, Wade must pay the cost of production. |
|---|---|---|---|
| RFP #11 - student evaluation files for 2003-2003. | Not relevant, unduly burdensome, expensive, overbroad, will product under the protective order. | Pam Taylor will gather when she returns from vacation on January 10 | We stand on prior objections. If court orders production, Wade must pay the cost of production. |

Despite Ms. Wade's multiple attempts at conciliation, Ilisagvik College has willfully refused to produce initial disclosures in unredacted form, refused to answer Interrogatories, and refused to produce documents.

## II. RULE 37 SANCTIONS ARE APPROPRIATE.

Ilisagvik College has willfully failed, and continues to fail, to cooperate in discovery. In fact, the College has stated that it would cooperate, and Ms. Wade relied upon that representation, refraining from filing a motion to compel earlier. This fact is evidenced by the December 5 and December 6, 2005 letter exchange wherein the College promised to have the initial disclosure documents "within a few days", prompting Ms. Wade to postpone filing a motion to compel. It is also evidenced in the December 22, 2005 letter wherein the College promised to have

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

defendant Taylor find and produce documents, but later disavowed the promise and refused to produce the documents.

Bobbi Wade cannot fully prepare her case without the documents that have been requested. Ilisagvik College's failure to produce documents and answer interrogatories is hampering Ms. Wade's case and needlessly delaying discovery.

Ms. Wade requests that the Court issue an order requiring Ilisagvik College to provide all redacted and withheld documents, and to fully answer all Interrogatories.

## III.  ATTORNEY FEES SOUGHT

Ms. Wade asks that the College reimburse her pursuant to Fed. R. Civ. P. 37(a)(4)(A) for the legal work expended in attempting to gain compliance from the College and in bringing this motion. Ms. Wade asks the Court to award its full attorney fees based upon the willful failure to produce documents and the deceitful manner in which the College has acted.

The undersigned spent 12.4 hours drafting letters objecting and requesting withheld documents and interrogatory responses. Affidavit of Linda J. Johnson at ¶5. The undersigned's billable hourly rate is $185, which has been affirmed by the Ninth Circuit. Affidavit at ¶4. The total amount of attorney fees requested due to the necessity of preparing this motion is: $2,294.00.

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

## IV. CONCLUSION

The parties have been unable to settle the matter between them. Based on Ilisagvik College's obstruction, and pursuant to Fed. R. Civ. P. 37, Ms. Wade requests the Court issue an order requiring that:

1) Ilisagvik College produce all documents withheld in either initial disclosures or discovery request responses.

2) Ilisagvik College produce all documents without redaction. If the documents contain the names of students, or constitute employee personnel or medical files, the documents may be produced subject to the protective order.

4) Ilisagvik College fully answer all interrogatories.

5) Ilisagvik College pay Ms. Wade's attorney fees of $2,294.00.

DATED at Anchorage, Alaska, this 27th day of February, 2006.

> CLAPP, PETERSON, VAN FLEIN,
> TIEMESSEN & THORSNESS, LLC
> Attorneys for Plaintiff Bobbi Wade
>
> s/ Linda J. Johnson
> CLAPP, PETERSON, VAN FLEIN,
> TIEMESSEN & THORSNESS LLC
> 711 H Street, Suite 620
> Anchorage, AK  99501-3454
> Phone:  (907) 272-9631
> Fax:  (907) 272-9586
> Direct email:  ljj@cplawak.com
> Alaska Bar No. 8911070

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

## Certificate of Service

I hereby certify that on February 27, 2006, a copy of the foregoing *Plaintiff's Motion to Compel, Affidavit of Linda Johnson, and attached Exhibits,* were served electronically on Cynthia Ducey, Esq. and Peter Gamache, Esq.

s/ Linda J. Johnson

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

*Motion To Compel Discovery*
<u>Wade v. Ilisagvik</u>, Case No. A05-086 CV (TMB)
Page 9 of 9