IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF ALASKA

BOBBI J. WADE,                        )
                                      )
                Plaintiff,            )
                                      )    Case No. A05-086 CV (JWS)
v.                                    )
                                      )
ILISAGVIK COLLEGE, NORTH SLOPE        )
BOROUGH, JOHN TUTHILL, individually   )
and PAMELA TAYLOR, individually       )
                                      )
                Defendants.           )
_____)

**RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUEST
TO DEFENDANT ILISAGVIK COLLEGE**

Defendant, Ilisagvik College, by and through counsel, Delaney, Wiles, herein responds to

plaintiff's first discovery request to Ilisagvik College as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Please state the number of full-time and part-time

employees at Ilisagvik during the 2003-2004 school year.

**RESPONSE**: Objection, not relevant nor reasonably calculated to lead to discoverable

information.  Without waiving the foregoing, 124 full-time employees and 116 part-time

employees.

**INTERROGATORY NO. 2:** Please describe the services that Dr. Patrick J. O'Rourke

provided to Ilisagvik College for the last five years, including, but not limited to, consulting

DELANEY, WILES,
HAYES, GERETY,
LIS & YOUNG, INC.
SUITE 400
907 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

1

Exhibit _____ 6 _____
Page _____ 1 _____ of ____ 23 ____

services to the Board of Directors or the President, acting as interim dean or serving as a hearing officer, and list any payments to Dr. Patrick J. O'Rourke for services rendered to Ilisagvik College in any capacity.

**RESPONSE:** Objection, not relevant nor reasonably calculated to lead to discoverable information. Additional objection based on constitutional and right to privacy. Dr. O'Rourke is a former Chancellor at the University of Alaska, Fairbanks. He was involved in the establishment of Ilisagvik College while he was Chancellor at UAF. Since his retirement from UAF, he has provided consulting services to Ilisagvik in order to facilitate accreditation of the college. After the college was accredited, he was retained to consult on other projects. In addition and pursuant to Federal Civil Rule of Proc. 33(d), see attached documents, Bates Nos. 21875-21917.

**INTERROGATORY NO. 3:** Please describe the services that Dusty Scroggins provided to Ilisagvik College for the last five years and list any payments to Dusty Scroggins for services rendered to Ilisagvik College in any capacity.

**RESPONSE:** Objection, not relevant nor reasonably calculated to lead to discoverable information. Additional objection based on constitutional and contractual right to privacy. Additional objection to vague and ambiguous discovery requests regarding Dusty Scroggins (sic). Without waiving the foregoing, Wanda Scrograhm taught a medical terminology class at the college in January 2001 and also in February, 2004. She received total compensation of $3,000 on 5/7/02, and $3,000 on 6/4/04.

DELANEY, WILES,
HAYES, GERETY,
LIS & YOUNG, INC.
SUITE 400
007 WEST 3RD AVENUE
NCHORAGE, ALASKA
(907) 279-3581

Exhibit ____6____
Page ___2___ of _23_

**INTERROGATORY NO. 4:**  Please describe the services that Lyudmyla Tuthill provided to Ilisagvik College for the last five years, and list any payments to Lyudmyla Tuthill for services rendered to Ilisagvik College in any capacity.

**RESPONSE**:  Objection, not relevant nor reasonably calculated to lead to discoverable information.  Additional objection based on constitutional and contractual rights to privacy.  Without waiving the foregoing, Mrs. Tuthill was hired as a temporary clerk in the registrar's office while the permanent clerk was on medical leave due to a pregnancy related condition.  When the permanent clerk did not return from maternity leave, Mrs. Tuthill was hired into that position. In addition and pursuant to Federal Civil Rule of Proc. 33(d), see attached documents, Bates No. 21918.

**INTERROGATORY NO. 5:**  Please list each class offered, the number of students per class and the student retention rate for each class taught at Ilisagvik College for the school year 2003-2004 and the faculty member who taught each class.

**RESPONSE**:  Objection, not relevant nor reasonably calculated to lead to discoverable information.  Additional objection based on a unduly burdensome, expensive and overbroad discovery request given the likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.  Additional objection vague and ambiguous discovery requests regarding student retention rate.  Without waiving the foregoing and pursuant to Fed. Civil Rule of Proc. 33(d), see attached documents, Bates Nos. 21919-21928; 22049-22068; 22522-22524.

DELANEY, WILES,
HAYES, GERETY,
LLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

3

Exhibit ____G____
Page____3____of__23__

**INTERROGATORY NO. 6:**  Please describe how the college determines what the student retention rate is for each individual course taught.

**RESPONSE**:  Objection, not relevant nor reasonably calculated to lead to discoverable information.  Additional objection vague and ambiguous discovery request regarding student retention rate.  Without waiving the foregoing, there are various methodologies for determining student retention rates.  The method employed by John Tuthill is to take the total number of students registered at any time during the semester, and divide that by the total number of students at the end of the term.  This does not include incompletes.  The registrar's office did not include in their calculations students who withdrew from a class during the semester.

**INTERROGATORY NO. 7:**   Please state the overall retention rate for Blackboard courses at Ilisagvik for the fall 2003 and spring 2004 semesters.

**RESPONSE**:  Objection, not relevant nor reasonably calculated to lead to discoverable information.  Additional objection vague and ambiguous discovery requests regarding student retention rate.  Without waiving the foregoing, and pursuant to Federal Civil Rule of Proc. 33(d), there are various methodologies for determining student retention rates.  The method employed by Dean Tuthill is to take the total number of students registered at any time during the semester, and divide that by the total number of students at the end of the term.  This does not include incompletes.  The registrar's office did not include in their calculations students who withdrew from a class.  See attached documents, Bates Nos. 21929-21930.

**INTERROGATORY NO. 8:**  Please list how many students were enrolled in Blackboard courses at Ilisagvik for the fall 2003 and spring 2004 semesters, how many faculty taught

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

4

Exhibit_____ 6_____
Page___ 4____ of__ 23____

Blackboard courses at Ilisagvik for the fall 2003 and spring 2004 semesters, and list the retention rate for each class of each faculty member who taught Blackboard courses during the fall 2003 and spring 2004 semesters.

**RESPONSE**: Objection, not relevant nor reasonably calculated to lead to discoverable information. Additional objection vague and ambiguous discovery request regarding student retention rate. Additional objection based on a unduly burdensome, expensive and overbroad discovery request given the likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. Without waiving the foregoing, and pursuant to Fed. Civil Rule of Proc. 33(d), see attached documents, Bates Nos. 21931-21932.

**INTERROGATORY NO. 9:** Please state the training provided to each faculty member prior to teaching a Blackboard course and the technical support provided to each faculty member in 2003-2004 for Blackboard courses.

**RESPONSE**: Objection, not relevant nor reasonably calculated to lead to discoverable information. Without waiving the foregoing, Ilisagvik employee, Rub Carrillo, gave a two day Blackboard orientation to all faculty members in August, 2003. Bobbi Wade attended this orientation. Additionally, prior to this orientation, some faulty had already taught Blackboard classes, including Bobbi Wade. Mr. Carrillo was available throughout the year to give technical support on Blackboard courses.

**INTERROGATORY NO. 10:** Please provide a list of faculty members, other than Ms. Wade, who took leave during the 2003-2004 school year for any reason. For any faculty member

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

5

Exhibit ___6___
Page ___5___ of ___23___

who took leave, list each instance of leave, the name of the faculty member, the number of days taken, the measures taken to cover their classes, whether any classes were reassigned because of the leave taken and whether any substitute teacher was allowed to teach in the faculty member's absence.

**RESPONSE**: Objection, not relevant nor reasonably calculated to lead to discoverable information. Additional objection based on constitutional and contractual right to privacy. Without waiving the foregoing, no other faculty member requested the amount of leave plaintiff sought in the middle of a teaching semester. The only other faculty member who requested leave of more than one or two days duration during the semester was Jay St. Vincent. However, all of her courses ran for the entire semester, August through December. Ms. St. Vincent provided work for the students to do while she was on medical leave, provided medical documentation that her condition could not wait until the end of the semester, and agreed to provide continuing support via the e-mail to her students while she was on leave. The only classes of Ms. Wade's that were reassigned were her two module classes that were only four weeks' duration. For the period of time Ms. Wade was absent due to leave she would miss 40% of the classes. Accordingly, because 40% of the class meetings would be missed by her, only these two classes were reassigned. Her classes in Business 100, Business 105, Business 154 and Business 233, as well as any other additional classes she picked up before the end of the semester in 2003 were not reassigned. In addition to the foregoing, and pursuant to Fed. Civil Rule of Proc. 33(d), see attached documents, Bates Nos. 21933-21965.

**INTERROGATORY NO. 11:** Please state by year the number of employees at the college who have requested and/or used FMLA leave from 1999 to present.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit _____ G
Page _____ 6 _____ of _____ 23

**RESPONSE**: Objection, not relevant nor reasonably calculated to lead to discoverable information. Without waiving the foregoing, for calendar year 1999-2000, 0 employees; for calendar year 2001, 8 employees; for calendar year 2002, 5 employees; for calendar year 2003, 6 employees; for calendar year 2004, 3 employees; for calendar year 2005, 3 employees.

**INTERROGATORY NO. 12:** During her leave in November 2003, please list how many and which classes Ms. Wade missed teaching.

**RESPONSE**: Objection based on a unduly burdensome, expense and overbroad discovery requests given the likely benefit taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake and the litigation and the importance of the proposed discovery in resolving the issues. Without waiving the foregoing, and pursuant to Fed. Civil Rule of Proc. 33(d), see attached documents, Bates Nos. 21919-21928; 22049-22068; 22522-22524.

**INTERROGATORY NO. 13:** Please list all students who received a deferred grade during the school year 2003-2004, list the courses they received the grade in and the faculty member who taught the course.

**RESPONSE**: Objection, not relevant nor reasonably calculated to lead to discoverable information. Without waiving the foregoing, a deferred grade was only to be given when a student could not complete a class either because of fault of the college, i.e., student did not get a book, or because of weather conditions beyond the control of the college. It was not designed to give students merely additional time to complete the class. Ms. Wade gave students deferred grades merely to give them additional time to complete the class. The category of deferred grades was

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

7

Exhibit _____ G _____
Page _____ 7 _____ of ___ 23 ___

eliminated in the fall of 2004. In addition and pursuant to Federal Civil Rule of Proc. 33(d), see attached documents, Bates Nos. 21966-21968.

**INTERROGATORY NO. 14:** Please state when grades for each module in a three-part modular class are due during one semester to the registrar or clerk and whether the deadline is published in any form.

**RESPONSE**: Objection, not relevant nor reasonably calculated to lead to discoverable information. Without waiving the foregoing, when students take modular classes, each modular must be completed and the grades turned in for that module before the student enrolls in and takes the next module. Only when a student has have completed and passed the first module may they proceed to enroll in the next module. Accordingly, grades must be turned into the Registrar within five days from the end of each module prior to a student enrolling in the second modular.

**INTERROGATORY NO. 15:** Please state the graduation rate for Ms. Wade's students for each year from 2000 to 2004.

**RESPONSE**: Objection, not relevant nor reasonably calculated to lead to discoverable information. Additional objection vague and ambiguous discovery request regarding graduation rate, and Ms. Wade's students. Without waiving the foregoing and pursuant to Fed. Civil Rule of Proc. 33(d), see attached documents, Bates Nos. 21919-21928; 22525.

**INTERROGATORY NO. 16:** Please state the overall graduation rate for the College's students for each year 2000-2004.

DELANEY, WILES,
HAYES, GERETY,
LLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

8

Exhibit_____G_____
Page___8___of_23___

**RESPONSE**: Objection, not relevant nor reasonably calculated to lead to discoverable information. Additional objection vague and ambiguous discovery request regarding graduation rate. Without waiving the foregoing and pursuant to Fed. Civil Rule of Proc. 33(d) see attached documents, Bates Nos. 21919-21928; 22525.

**INTERROGATORY NO. 17:** Please describe in detail why John Tuthill no longer works at Ilisagvik College. Please include who made the decision, when the decision was made, whether the Board was consulted or whether the Board approved the decision.

**RESPONSE**: Objection, not relevant nor reasonably calculated to lead to discoverable information. Without waiving the foregoing, in February, 2005 Mr. Tuthill's contract was terminated without cause in order for him to be closer to his family, who had relocated to California. Edna MacLean made the decision. The Board was not consulted for this operational decision.

**INTERROGATORY NO. 18:** For the last 10 years, list the names of any faculty member who employment contract was not renewed by Ilisagvik and the reason for the non-renewal.

**RESPONSE**: Objection, not relevant nor reasonably calculated to lead to discoverable information. Additional objection based on a unduly burdensome, expense and overbroad discovery request given the likely benefit taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. Additional objection to vague and ambiguous discovery request regarding any faculty member. Without waiving the foregoing, adjunct faculty members are contracted to teach certain courses and their contracts to teach those

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

9

Exhibit ____G____
Page ___9___ of _23___

courses in the future may not be renewed. There are many faculty members who would fit within this definition. In addition, Larry Corbin's contract was not renewed following completion of the 2002-2003 school year. No reason is required.

**INTERROGATORY NO. 19:** Please list the names of any other faculty member who has accepted extra contracts for the years 1999 to the present and list the contracts they accepted by year and the amount of extra compensation earned.

**RESPONSE:** Objection, not relevant nor reasonably calculated to lead to discoverable information. Additional objection based on a unduly burdensome, expense and overbroad discovery request given the likely benefit taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. Additional objection to vague and ambiguous discovery request regarding extra contracts. Without waiving the foregoing, and pursuant to Fed. Civil Rule of Proc. 33(d), see attached documents, Bates Nos. 21933-21965; 21969-22042.

**INTERROGATORY NO. 20:** Please state who made the decision to hire Ms. Wade for the school year 2000-2001.

**RESPONSE:** While there may have been a hiring committee involved in the decision to hire Ms. Wade, Ilisagvik, President, Edna MacLean, made the decision.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

10

Exhibit _____ G _____
Page _____ 10 _____ of _____ 23 _____

**INTERROGATORY NO. 21:** Please state who made the decision to renew Ms. Wade's employment contract for each of the school years 2001-2002, 2002-2003 and 2003-2004.

**RESPONSE:** For 2001-2002 school year and 2002-2003 school year Edna MacLean made the decision.

**INTERROGATORY NO. 22:** Please describe the elements of the ABE job offered to Ms. Wade, including but not limited to, the position offered, probation requirement, salary level and benefits offered, duties, necessary qualifications, supervisor, and whether an employment contract was offered and, if so, the length of its term.

**RESPONSE:** Pursuant Fed. Civil Rule of Proc. 33(d), see attached documents, Bates Nos. 22043-22046.

**INTERROGATORY NO. 23:** Please provide a complete list of employees at Ilisagvik College for the school year 2003-2004 and for each employee, state the person's age, date of hire and position held.

**RESPONSE:** Objection, not relevant nor reasonably calculated to lead to discoverable information. Additional objection based on constitutional and contractual right to privacy. Without waiving the foregoing, and pursuant to Fed. Civil Rule of Proc. 33(d), see attached documents, Bates Nos. 21919-21928; 22049-22068; 22522-22524.

**INTERROGATORY NO. 24:** Please list Amiee Valenti's qualifications to teach business administration subjects.

DELANEY, WILES,
HAYES, GERETY,
:LLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

11

Exhibit _____ 6 _____
Page _11_ of _23_

**RESPONSE**:  Objection, not relevant nor reasonably calculated to lead to discoverable information.  Without waiving the foregoing and pursuant to Fed. Civil Rule of Proc. 33(d), see attached document, 22047-22048.

**INTERROGATORY NO. 25:**  Please list Tim Carlson's qualifications to teach business administration subjects.

**RESPONSE**:  Objection, not relevant nor reasonably calculated to lead to discoverable information.  Without waiving the foregoing and pursuant to Fed. Civil Rule of Proc. 33(d), see attached documents, Bates No. 22069.

**INTERROGATORY NO. 26:**  Please list John Unruh's qualifications to teach business administration subjects.

**RESPONSE**:  Objection, not relevant nor reasonably calculated to lead to discoverable information.  Without waiving the foregoing and pursuant to Fed. Civil Rule of Proc. 33(d), see attached documents, Bates Nos. 22070-22073.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Please produce the employment files for John Tuthill, Pamela Taylor, Dusty Scroggins and Lyudmyla Tuthill.

**RESPONSE**:   Objection/ not relevant nor reasonably calculated to lead to discoverable information.  Additional objection based on constitutional and contractual right to privacy. Additional objection to vague and ambiguous discovery request regarding employment files and

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

12

Exhibit_____6____
Page__12__of__23__

Dusty Scroggins.  Without waiving the foregoing, once plaintiff and defendants agree to a

stipulated protective order and the court signs the order, the requested documents will be released.


**REQUEST FOR PRODUCTION NO. 2:**  Please produce the employment files for

Amiee Valenti, Tim Carlson and John Unruh.

**RESPONSE:**  Objection, not relevant nor reasonably calculated to lead to discoverable

information.  Additional objection based on constitutional and contractual right to privacy.

Additional objection to a vague and ambiguous discovery request regarding employment files.

Without waiving the foregoing, once plaintiff and defendants agree to a stipulated protective order

and the court signs the order, the requested documents will be released.


**REQUEST FOR PRODUCTION NO. 3:**  Produce any tapes made of the Faculty

Grievance Hearing held on June 24, 2004 by arbitrator Patrick J. O'Rourke.

**RESPONSE:**  See tapes attached, Bates Nos. 22451-22452.


**REQUEST FOR PRODUCTION NO. 4:**  Please produce any contracts entered into

between Dr. Patrick J. O'Rourke and Ilisagvik College for the last 5 years.

**RESPONSE:**  Objection, not relevant nor reasonably calculated to lead to discoverable

information.  Additional objection based on constitutional and contractual right to privacy.

Additional objection to a vague and ambiguous discovery request regarding employment files.

Without waiving the foregoing, see attached documents, Bates Nos. 21875-21917.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit_____6_____
Page___13___ of __23__

**REQUEST FOR PRODUCTION NO. 5:**  Please produce any contracts entered into between Dusty Scroggins and Ilisagvik College for the last 5 years.

**RESPONSE:**  Objection, not relevant nor reasonably calculated to lead to discoverable information.  Additional objection based on constitutional and contractual right to privacy. Additional objection to vague and ambiguous discovery request regarding employment files and Dusty Scroggins.  Without waiving the foregoing, once plaintiff and defendants agree to a stipulated protective order and the court signs the order, the requested documents will be released.

**REQUEST FOR PRODUCTION NO. 6:**  Please produce any contracts entered into between Lyudmyla Tuthill and the Ilisagvik College for the last 5 years..

**RESPONSE:**  Objection, not relevant nor reasonably calculated to lead to discoverable information.  Additional objection based on constitutional and contractual right to privacy. Additional objection to vague and ambiguous discovery request regarding employment files and Lyudmyla Tuthill.  Without waiving the foregoing, once plaintiff and defendants agree to a stipulated protective order and the court signs the order, the requested documents will be released.

**REQUEST FOR PRODUCTION NO. 7:**  Please produce the position description for the position in the ABE program that was offered to Ms. Wade.

**RESPONSE:**  See attached document, Bates Nos. 22458-22461.

**REQUEST FOR PRODUCTION NO. 8:**  Please produce the student comment files for Ms. Wade for each class she taught for all years she was employed at Ilisagvik College.

**RESPONSE:**  Objection, not relevant nor reasonably calculated to lead to discoverable

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

14

information. Additional objection to a vague and ambiguous discovery request regarding student comment files. Without waiving the foregoing, there are no student evaluations for plaintiff for the fall semester 2003. It was plaintiff's responsibility to provide these to students to complete and turn them in. Once plaintiff and defendants agree to a stipulated protective order that the court approves, the requested documents will be released.

**REQUEST FOR PRODUCTION NO. 9:** Please produce the student comment files for each faculty member, whether regular or pro tem, temporary or adjunct, for the school year 2003-2004.

**RESPONSE:** Objection, not relevant nor reasonably calculated to lead to discoverable information. Additional objection based on a unduly burdensome, expense and overbroad discovery request given the likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. Without waiving the foregoing, there are no student evaluations for plaintiff for the fall semester 2003. It was plaintiff's responsibility to provide these to students to complete and to turn them in. Once plaintiff and defendants agree to a stipulated protective order that the court approves, the requested documents will be released.

**REQUEST FOR PRODUCTION NO. 10:** Please produce any and all correspondence, memos, notes or complaints taken by or from Sonya Abu regarding any faulty member during the 2003-2004 school year.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

15

Exhibit_____ 6
Page_____ 15 _of_ 23

**RESPONSE**:  None, not already disclosed.


**REQUEST FOR PRODUCTION NO. 11:**  Please produce <u>any</u> student evaluation files (public, private or otherwise) that exist for any faculty member for the school year 2003-2004.

**RESPONSE**:  Objection, not relevant nor reasonably calculated to lead to discoverable information.  Additional objection based on a unduly burdensome, expense and overbroad discovery request given the likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.  Without waiving the foregoing, there are no student evaluations for plaintiff for the fall semester 2003.  It was plaintiff's responsibility to provide these to students to complete and to turn them in.  Once plaintiff and defendants agree to a stipulated protective order that the court approves, the requested documents will be released.


**REQUEST FOR PRODUCTION NO. 12:**  Please produce <u>any</u> student evaluation files (public, private or otherwise) that exist for Ms. Wade during her employment at the College.

**RESPONSE**:  Objection, not relevant nor reasonably calculated to lead to discoverable information.  Additional objection based on a unduly burdensome, expense and overbroad discovery request given the likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.  Without waiving the foregoing, there are no student evaluations for plaintiff for the fall semester 2003.  It was plaintiff's responsibility to provide these to students to complete and to turn them in.  Without waiving the

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

16

Exhibit_____G_____
Page__1_6__ of __23__

foregoing, these documents have been requested.  Defendants will supplement this response once documents are received.

**REQUEST FOR PRODUCTION NO. 13:**  Please produce any e-mails, correspondence, memo, or communication of any kind created by any employee at the College regarding or referencing Ms. Wade.

**RESPONSE:**  Objection, not relevant nor reasonably calculated to lead to discoverable information.  Additional objection based on a unduly burdensome, expense and overbroad discovery request given the likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.  Without waiving the foregoing, a search of electronic records has been requested.  Defendants will supplement this response, once documents are received.

**REQUEST FOR PRODUCTION NO. 14:**  Please produce the College's consolidated, audited financial statements.

**RESPONSE:**  Objections, not relevant nor reasonably calculated to lead to discoverable information.  Additional objection based on right to privacy.

**REQUEST FOR PRODUCTION NO. 15:**  Please produce the entire College Employee Handbook and any other handbook or policies that applied to Ms. Wade during her employment at Ilisagvik.

**RESPONSE:**  None not already disclosed.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

17

Exhibit          6
Page     17    of 23

**REQUEST FOR PRODUCTION NO. 16:**  Please produce any Ilisagvik student handbook and any Board of Trustees policies in effect from 1999 to present.

**RESPONSE**:  None not already disclosed.

**REQUEST FOR PRODUCTION NO. 17:**  Please produce any FMLA policies in effect at Ilisagvik from 1999 to present.

**RESPONSE**:   None not already disclosed.

**REQUEST FOR PRODUCTION NO. 18:**  Please provide any leave slips and other official indications for time off submitted by Pamela Taylor in March 2004.

**RESPONSE**:  Objection, not relevant nor reasonably calculated to lead to discoverable information.  Additional objection based on constitutional and contractual right to privacy. Without waiving the foregoing, once plaintiff and defendants agree to a stipulated protective order and the court signs the order, the requested documents will be released.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  Please admit that, during the fall 2003 semester, Ms. Wade was "eligible" for FMLA leave, as that term is used in the FMLA statutes.

**RESPONSE**:  Admitted.

**REQUEST FOR ADMISSION NO. 2:**  Please admit that Ms. Wade submitted a complaint to employees at Ilisagvik College on December 11, 2003.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

18

Exhibit _____ 6
Page ___18___ of ___23___

**RESPONSE**: Objection to vague and ambiguous discovery requests regarding complaint. It is admitted that plaintiff submitted document number 21386-21391A. The remaining allegations are denied.

**REQUEST FOR ADMISSION NO. 3:** Please admit that Ms. Wade references being seen for a "Mose Treatment" in her December 11, 2003 complaint.

**RESPONSE**: It is admitted that the document speaks for itself and mentions "Mose Procedure" at page 5 without any explanation. The remaining allegations in request for admission 3 are denied.

**REQUEST FOR ADMISSION NO. 4:** Please admit that two classes assigned to Ms. Wade to teach during the fall semester 2003 were transferred to other teachers during her leave in November 2003.

**RESPONSE**: It is admitted that two of the classes Ms. Wade taught were module classes of only four weeks duration. For the period of time Ms. Wade was absent due to leave she would miss 40% of the classes, a situation that had never occurred before. Accordingly, because 40% of the class meetings would be missed by her, these two classes only were reassigned. Her classes in Business 100, Business 105, Business 154 and Business 233, as well as any other additional classes she picked up before the end of the semester in 2003 were not reassigned. The remaining allegations are denied.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit_____6_____
Page___19___ of __23__

WITH RESPECT TO OBJECTIONS TO THE FOREGOING DISCOVERY RESPONSES.


Dated at Anchorage, Alaska this __7__ day of November, 2005.

> DELANEY, WILES, HAYES,
> GERETY, ELLIS & YOUNG, INC.
> Attorneys for Defendants Ilisagvik College,
> John Tuthill, and Pamela Taylor
>
>
> _Cynthia Ducey_
> Cynthia L. Ducey, ASBA # 8310161

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

20

Exhibit ___G___
Page __20__ of __23__

Original verification page will be produced upon receipt from client.

Exhibit_____ 6
Page___ 21 _of_ 23

<u>VERIFICATION</u>

STATE OF ALASKA                        )
                                       ) ss.
_____ JUDICIAL DISTRICT )

     I, _____, _____ of Ilisagvik College, state that I have read the

foregoing interrogatory answers and understand the contents thereof; I verify that the same is true

and complete to the best of my own knowledge and belief.

                                  _____

                                  Ilisagvik College
                                  Its. _____

     SUBSCRIBED and SWORN to before me this ____ day of _____, 2005.

                                  _____

                                  Notary Public for Alaska
                                  My commission expires:_____

ELANEY, WILES,
HAYES, GERETY,
JS & YOUNG, INC.
SUITE 400
07 WEST 3RD AVENUE
ICHORAGE, ALASKA
(907) 279-3581

21

Exhibit _____ C
Page ___22___ of ___23___

## CERTIFICATE OF SERVICE

This certifies that I am an authorized agent of Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc., for service of papers pursuant to Civil Rule 5, and that on this _9th_ day of November, 2005 a copy of the foregoing document was served by ~~mail~~ upon: _personal service_

Linda Johnson
Clapp, Peterson, Van Flein
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501

Peter C. Gamache, Esq.
405 W. 36th Avenue, Suite 201
Anchorage, AK 99503

109214

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

22

Exhibit ___6___
Page ___23___ of ___23___