# CLAPP • PETERSON
# VAN FLEIN • TIEMESSEN • THORSNESS
### LLC

ANCHORAGE

Matthew K. Peterson
Thomas V. Van Flein
John B. Thorsness
Scott Hendricks Leuning
Laura S. Gould
John P. Wood
Linda J. Johnson
Liam J. Moran, Of Counsel

FAIRBANKS

John J. Tiemessen
David A. Carlson

Marcus R. Clapp, ret.

November 21, 2005

**Via Facsimile**

Cynthia Ducey, Esq.
Delaney, Wiles, Hayes, Gerety, Ellis & Young
1007 W. 3rd Ave., Ste. 400
Anchorage, AK 99501

Re:   *Wade v. Ilisagvik College/North Slope Borough*
      Our File No. 400-85

Dear Cindy:

Once again, you and I find ourselves at odds in determining what is a protected document and what is not. The responses to discovery that you sent from Ilisagvik College are unacceptable in several ways.

We signed a confidentiality agreement, but have not yet not yet received your unredacted initial disclosures. We still await those documents. Now, in response to our requests, you have withheld yet more documents.

You did not answer Interrogatory #12. The answer cites a great number of documents but does not provide an answer. We expect you to list the classes that she missed teaching because of her November 2003 leave.

You didn't fully answer Interrogatory #18. You first state that many faculty members would fit in the definition, but listed only one person whose contract was not retained. This is not a complete answer and we expect the answer to be made in full.

You stated that you would not provide docs requested in RFP #2, the personnel files of Carlson, Unruh, Valenti until the protective order is in place. However, it appears that some documents were provided. Please amend the answer to reflect whether you produced all the documents or withheld any documents. The same applies to RFPs #5, #6, #8, #9, #11, and #18.

In Request for Production #14 you refused to produce the college's consolidated, audited financial statements based upon objections to relevance and privacy. Neither of these objections are valid for financial records of a publicly owned and operated college. In addition, these documents are submitted to the North Slope Borough Assembly and Mayor and therefore are public documents that are covered by the Freedom of Information Act. No confidentiality provision is necessary for Ms. Wade to receive a copy of the documents. Finally, the financial condition of the college is certainly relevant to damages in this case. Therefore, we demand production of the requested documents.

CLAPP • PETERSON
VAN FLEIN • TIEMESSEN • THORSNESS
LLC

Page 2

The privilege log enclosed with the discovery production indicates redacted information. The redactions for attorney client privilege on the Purchase Orders are merely numbers cannot divulge any attorney client information. We demand the unredacted copies of the purchase orders.

The employee and non-faculty pay history reports and ProgAssess ABCorp documents must also be produced without redaction. If you believe that this set of documents should be produced under the confidentiality order, we can discuss the matter and what the documents contain to see if we will agree.

I look forward to hearing from you so that we are not forced to take court action.

Sincerely,

Linda J. Johnson

cc: Peter Gamache

Exhibit 1
Page 2 of 2