CLAY A. YOUNG
JAMES B. FRIDERICI
ANDREW GUIDI
HOWARD A. LAZAR
DONALD C. THOMAS
TIMOTHY J. LAMB
CYNTHIA L. DUCEY
DONNA M. MEYERS
KEVIN L. DONLEY

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.
ATTORNEYS AT LAW
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA 99501-1936
TELEPHONE (907) 279-3581
FAX (907) 277-1331
WWW.DELANEYWILES.COM

ERIC A. RINGSMUTH
JONATHAN P. CLEMENT
WILLIAM R. WARNOCK
MARGARET A. PATON-WALSH

OF COUNSEL
DANIEL A. GERETY
STEPHEN M. ELLIS
WILLIAM E. MOSELEY
GREGORY L. YOUNGMUN

December 22, 2005

VIA FAX

Linda Johnson
Clapp, Peterson, Van Flein
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501

RE: Bobbi Wade v. Ilisagvik College, et al.
Case No. A05-086 Civil

Dear Linda:

    Pursuant to Fed. R. Civ. P. 37 this is my attempt to resolve a discovery controversy short of motion practice. I am writing regarding plaintiff's Responses to Defendants' First Discovery Requests, and plaintiff's first and second supplemental responses. I do not consider these responses a good faith effort to engage in the discovery process, nor are the objections, for the most part, well grounded in law or the court's prior orders regarding the taking of discovery in relation to the complaint. As such, I would ask that you supplement your responses accordingly. I have addressed the interrogatories and requests for production that should be supplemented below. If you have any questions regarding the information sought, please contact me as soon as possible so that we may resolve this matter or clarify the scope of the requests without further motionwork.

    Interrogatory No. 1: As you know, Federal R. Civ. P. 11(b) states "By presenting to the court ... a pleading ... an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances- (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery..." I was quite surprised when you disclosed that plaintiff's medical records had not yet been obtained from her doctors. See plaintiff's Responses to Defendants' First Discovery Requests at 2, 3, 15, 18. The plaintiff has filed a FMLA claim against the defendants, which requires that she establish that she was entitled to leave due to a "serious health condition." See 29 U.S.C. 2612(a)(1)(D). Certainly obtaining medical records would be a key step in conducting a reasonable inquiry into whether the plaintiff had a "serious health condition." Additionally, you have identified Dr. Church, Dr. DeLozier and Dr. Lea as doctors whom plaintiff obtained medical treatment from. However, to date you have only provided medical records from Dr.

Exhibit M
Page 1 of 5

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.

Linda Johnson
December 22, 2005
Page 2

DeLozier. Please supplement this response to include medical records from Dr. Church and Dr. Lea as well.

<u>Interrogatory No. 2</u>: You failed to identify the doctor who prescribed Ambien. Similarly, you failed to identify the doctor who prescribed Zoloft. In addition, you did not specify the address of the medical providers who made the diagnoses and the date of such diagnoses. Please supplement this response to include the above described information.

<u>Interrogatory No. 3</u>: You objected to identifying any medical care providers who have treated you for any reason within the last fifteen years on the grounds that the request is overbroad and burdensome, and not calculated to lead to the discovery of admissible evidence. You stated plaintiff will identify the treatment plaintiff received in 2003 and the fall of 2004. The plaintiff, by filing a FMLA claim, has placed her medical history at issue. Therefore her medical records are clearly relevant to the issues surrounding her leave requests. Please supplement your response accordingly. It appears you may have changed your mind on this issue. In your second supplemental response, you produced some medical records dating back to 1986 from Samuel Simmonds Memorial Hospital.

<u>Interrogatory No. 4</u>: You failed to identify "your immediate supervisor, your job title(s) with the employer, your rate(s) of pay with the employer and benefits, the address and telephone number of the employer, and the reason for leaving employment." Please supplement your response accordingly.

<u>Interrogatory No. 6</u>: Please clarify whether plaintiff did or did not receive unemployment in Texas.

<u>Interrogatory No. 7</u>: You failed to "identify the name of the suit or claim and court docket number or administrative claim number, the place in which it was filed or heard, the name of the attorney, if you were represented, and his/her name and address ... and the result" of each of the lawsuits that you listed at page 8 of Plaintiff's Responses to Defendants' First Discovery Requests. You subsequently produced court documents relating to the Ford Motor Credit suit and a summons in a civil action in Tennessee for back rent, but you did not disclose the result of those actions. Please supplement your response accordingly.

<u>Request for Production No. 5</u>: Please continue to supplement this response as you obtain responsive documents.

<u>Request for Production No. 10</u>: Please supplement this response in accordance with Interrogatory Nos. 1, 2, and 3.

Exhibit M
Page 2 of 5

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC. -

Linda Johnson
December 22, 2005
Page 3

  Request for Production No. 12:  Plaintiff has admitted to receiving unemployment in "Alaska, Tennessee and perhaps in Texas," but has not yet produced any unemployment documentation. Please supplement this response accordingly.

  Request for Production No. 14:  Please state the basis for your objection that "under state law this information is not discoverable." Further, please produce copies of any documents or tangible items as defined in Defendants' First Discovery Requests, statements, or correspondence submitted to the State of Alaska Department of Labor, Unemployment Division Office.

  Request for Production No. 15:  The insurance materials requested in this request for production are consistent with the discovery obtainable under Fed. R. Civ. P. 26(b) and 34(a). As such, it is a permissible area of discovery, and, in fact, one which you have a duty under the rules of discovery to provide. Please supplement your response accordingly.

  Request for Production No. 17:  Please produce receipts for all costs plaintiff has paid to bring or maintain this litigation.

  Request for Production No. 19:  In reviewing plaintiff's second supplemental disclosures, we have identified the following medications which plaintiff took during the time period 2001 through the present: Atenslol (Bates No. 300008), Propanolol (Bates No. 300008), Pepcid (Bates No. 300008), Mobic (Bates No. 300009), Prevacid (Bates No. 300013), Celebrex (Bates No. 300013), Tarka (Bates No. 300014), Flonase (Bates No. 300014), Zolpidem Tartrate (Bates No. 300014), Estrogen (Bates No. 300016), Tisempril (Bates No. 300019), Simvastatin (Bates No. 300019), HTN (Bates No. 300026), ERT (Bates No. 300027), IGT (Bates No. 300027), Hypothyroid (Bates No. 300027), Levathymatine (Bates No. 300030), Fluticasone (Bates No. 300030), Levothroxine (Bates No. 300031), Trazedone (Bates No. 300034), Valium (Bates No. 300036), Inderal (Bates No. 300036), Xanax (Bates No. 300045), Ascendin (Bates No. 300045), Amoxicillin (Bates No. 300045), and Monistat-7 or Clotrimazol (Bates No. 300047). Please produce documentation for the above mentioned medications.

  Please let me know by Friday, January 6, 2006, whether you will produce the requested information. If you do not do so, I will file a motion to compel with Judge Sedwick.

  In your letter of November 21, 2005, you listed several specific interrogatories and requests for production which you claim were not adequately responded to in Defendant's Response to Plaintiff's First Discovery Request to Defendant Ilisagvik College. Your concerns are addressed as follows:

  Interrogatory No. 12: We will ask Pam Taylor to provide a list the classes that plaintiff missed teaching because of her leave, if such documentation exists. Ms. Taylor is currently on

Exhibit M
Page 3 of 5

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.

Linda Johnson
December 22, 2005
Page 4

vacation and won't be available until January 10, 2006. If we receive this documentation, we will produce it to plaintiff.

Interrogatory No. 18: Perhaps our response to Interrogatory No. 18 was poorly worded or perhaps you misunderstood the response. At any rate, Ilisagvik College is not required to give a reason when the contracts of adjunct faculty members are not renewed. Larry Corbin was listed as an example.

Request for Production No. 2: Defendant produced the entire personnel files of Aimee Valenti (Bates Nos. 22316-22360), Tim Carlson (Bates Nos. 22361-22388), and John Unruh (Bates Nos. 22389-22450) in its discovery response. An amended Response to Plaintiff's First Discovery Request to Defendant Ilisagvik College will be sent to you.

Request for Production No. 5: See documents already produced, Bates Nos. 22453-22456. An amended Response to Plaintiff's First Discovery Request to Defendant Ilisagvik College will be sent to you.

Request for Production No. 6: Discovery into this is ongoing. Ms. Tuthill's file contains an Employment Offer document, which she signed. As far as I know, she did not sign a contract with Ilisagvik College. If Pam Taylor locates a contract signed by Ms. Tuthill during her employment with Ilisagvik College, defendant will produce it to plaintiff.

Request for Production No. 8: See documents already produced, Bates Nos. 22462-22500. An amended Response to Plaintiff's First Discovery Request to Defendant Ilisagvik College will be sent to you. Defendant could not locate any other student comment files for Ms. Wade.

Request for Production No. 9: We will ask Pam Taylor to send us student comment files for each faculty member, whether regular or pro tem, temporary or adjunct, for the school year 2003-2004. Ms. Taylor is currently on vacation and won't be available until January 10, 2006. Once we receive these documents we will produce them to plaintiff.

Request for Production No. 11: We will ask Pam Taylor to send us student evaluation files (public, private or otherwise) for any faculty member for the school year 2003-2004. Ms. Taylor is currently on vacation and won't be available until January 10, 2006. Once we receive these documents we will produce them to plaintiff.

Request for Production No. 14: The North Slope Borough has already produced Ilisagvik College's financial reports for 2001, 2002, and 2004 to plaintiff. See NSB Bates Nos. 0260-0357.

Exhibit M
Page 4 of 5

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.

Linda Johnson
December 22, 2005
Page 5

<u>Request for Production No. 18</u>:   See documents already produced, Bates Nos. 22518-22520. An amended Response to Plaintiff's First Discovery Request to Defendant Ilisagvik College will be sent to you.

<u>Purchase orders</u>:   These documents were redacted because they contain attorney-client privileged communications between Ilisagvik College and its counsel that do not pertain to purchase order information.

<u>Employee pay history reports</u>:   These documents were redacted because they contain attorney-client privileged communications between Ilisagvik College and its counsel that do not pertain to employee pay history information.

<u>Non-faculty employee pay history reports</u>:   This document was withheld for privacy reasons because it contains financial information for non-faculty employees of Ilisagvik College. Further, this information is not relevant in any way, shape or form to this lawsuit.

<u>ProgAssess A, B, Corp documents</u>:   Pursuant to the confidential documents order signed by Judge Sedwick, the unredacted documents will be produced.

Sincerely,

Delaney, Wiles, Hayes,
Gerety, Ellis & Young, Inc.

*Jonathan Clement*
   for

Cynthia L. Ducey

CLD:jpc/111936

cc:  Melece Hernandez
     Claim No. 447-014156
     June Hill
     Cheryl McKay
     Beverly Patkotak Grinage
     Pamela Taylor
     Dr. John Tuthill

Exhibit _M_
Page _5_ of _5_