CLAPP • PETERSON
VAN FLEIN • TIEMESSEN • THORSNESS
—— LLC ——

ANCHORAGE

Matthew K. Peterson
Thomas V. Van Flein
John B. Thorsness
Scott Hendricks Leuning
Laura S. Gould
John P. Wood
Linda J. Johnson
Liam J. Moran, Of Counsel

FAIRBANKS

John J. Tiemessen
David A. Carlson
Marcus R. Clapp, ret.

January 4, 2006

Cynthia Ducey, Esq.
Delaney, Wiles, Hayes, Gerety, Ellis & Young
1007 W. 3rd Ave., Ste. 400
Anchorage, AK 99501

   Re: *Wade v. Ilisagvik College/North Slope Borough*
     Our File No. 400-85

Dear Cindy:

I understand that during our mutual absences Peter Gamache asked that we accommodate him, and the deposition of Cheryl McKay has been postponed to February 8, 2006. Please thank your staff for working this out.

I received your letter of December 22, 2005 discussing discovery disputes. I'd like to address your responses to our requests first. For the most part, your answers require us to wait for your updated responses. We are willing to do so until January 25, 2006. That will give Ms. Taylor 15 days after her return to provide you with responsive documents. We expect that this date will also suffice for the production of all the other documents you have promised.

However, your response to RFP No. 14 is that you are relying upon the production made by the North Slope Borough. If you will verify that there are no other responsive documents we will accept this answer.

Your response to the Non-Faculty Employee Pay History Reports is also unsatisfactory. Privacy is not a valid reason to withhold a document under the federal discovery rules. We have signed a protective order and these documents can be produced under that order if your personnel policy requires it. As I'm sure you know, the documents do not have to be relevant themselves, but calculated to lead to the discovery of admissible evidence. Please supplement your response and provide these documents by January 25 as well.

Following is our response to your objections to our productions:

CLAPP • PETERSON
VAN FLEIN • TIEMESSEN • THORSNESS
—— LLC ——

Cindy Ducey, Esq.
January 4, 2006
Page 2

<u>Interrogatory Nos. 1 and 3</u>: I am not required to explain my pre-litigation review to you or what I relied upon. Your lecture on my ethical obligations for pre-litigation discovery demonstrates your lack of knowledge regarding the proof required for a "serious health condition" in this FMLA case. By not informing my client of her FMLA rights, not placing her on FMLA protected leave, and not requiring her doctor to fill out a standard FMLA certification, your clients have waived their rights to challenge her claim that she suffered from a serious health condition. The FMLA does not require an employee to submit a medical certification in order to be eligible for FMLA leave. Instead, the FMLA gives an employer the option to request an employee to submit certification. *See* 29 U.S.C. § 2613(a). Your clients did not do so. However, Ms. Wade requested leave of more than 3 days and submitted a doctor's note with her request. The leave was related to the need for follow up on a cancerous patch on her shoulder for which no service on the North Slope was available. There is no room for factual dispute that the request was for a serious health condition.

I recognize that your clients are entitled to medical information that might lead to the discovery of admissible evidence, especially relating to her blood pressure, stress and sleep issues. However, your clients are not entitled to delve back 15 years to dredge up old injuries and illnesses, none of which bears upon the FMLA or mental distress claims. My client's ancient medical history is not relevant to any issue in this case and is not calculated to lead to admissible evidence. By filing the FMLA case she has NOT "placed her entire medical history at issue." We have provided a reasonable timeframe for medical records. If you persist in your discovery we will file a protective order with the judge.

That said, we are providing medical records as we receive them. If we inadvertently provided historical medical records to you, we did so without waiving our objections.

<u>Interrogatory Nos. 2, 4 and 6</u>: We will work on supplementing our responses to you.

<u>Interrogatory No. 7</u>: We believed that we disclosed the results of each action, but we will review this request and supplement if required.

<u>Request for Production Nos. 5, 10, 12, 14, and 19</u>: We will supplement these requests as we receive information.

<u>Request for Production No. 14</u>: AS 18.80.115 states that all filings are confidential. The statute only requires disclosure if an action relating to the charge is commenced in court. The only documentation that Bobbi has found relating to the complaint against Ilisagvik was produced with our First Supplemental Disclosures (Doc. # 100247-100150). Any other matter remains confidential.

<u>Request for Production No. 15</u>: Perhaps I do not understand your request. The objection was to the poorly drafted language that reflects a very broad nature and appears to ask for any and all insurance claims for anything that Ms. Wade may have had insurance to cover, over a period of ten years. Please rephrase the request to limit the scope and indicate what sort of insurance claims you are seeking.

CLAPP • PETERSON
VAN FLEIN • TIEMESSEN • THORSNESS
LLC

Cindy Ducey, Esq.
January 4, 2006
Page 3

<u>Request for Production No. 17:</u> Enclosed are copies of the federal district court standard filing fee receipt as well as the service fees. All other costs are protected by the work product and attorney client privilege and receipts therefore will not be produced.

We believe that some progress is being made upon the written discovery and look forward to moving this case along in a timely manner.

Sincerely,

Linda J. Johnson

cc: Peter Gamache

Exhibit N
Page 4 of 3