Cynthia L. Ducey
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, AK 99501
(907) 279-3581
(907) 277-1331 Fax
cld@delaneywiles.com

Attorneys for defendants Ilisagvik College,
John Tuthill and Pamela Taylor

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| BOBBI J. WADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ILISAGVIK COLLEGE, NORTH SLOPE | ) |
| BOROUGH, JOHN TUTHILL, individually, | ) |
| and PAMELA TAYLOR, individually, | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. A05-086 CV (TMB) |

OPPOSITION TO MOTION TO COMPEL DISCOVERY

INTRODUCTION

Defendant Ilisagvik College, by and through counsel, hereby opposes plaintiff's motion to compel discovery. In summary, the Court should deny plaintiff's motion because: (1) the unredacted documents have been produced to plaintiff and thus the motion is moot; (2) plaintiff did not suffer prejudice from the brief delay in producing the unredacted documents caused by the press of other matters; (3) sanctions are not warranted because defendant has substantially

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Opposition to Motion to Compel Discovery
*Wade v. Ilisagvik College, et al.*; Case No. A05-086 CV (TMB)
Page 1 of 11

complied with the numerous burdensome discovery requests propounded by plaintiff and there was no willful intent to evade discovery; and (4) plaintiff is not entitled to an award of attorney's fees because Ilisagvik College attempted to respond to plaintiff's numerous discovery requests during the same time period in which it was requested to produce the unredacted documents, and the circumstances make an award of attorney's fees unjust.

### HISTORY OF DISCOVERY IN THIS CASE

Since the suit was filed, defense counsel has in good faith attempted to comply with all requests for discovery. This includes[1] initial disclosures, responses to thirty-two (32) interrogatories, responses to twenty (20) requests for production, and responses to four (4) requests for admission. Defense counsel represents three of the four defendants in the instant case: Ilisagvik College, John Tuthill, and Pamela Taylor. Plaintiff has gone far afield in her attempt to find a cause of action that will survive summary judgment in this case, seeking thousands of pages of documents that have little to no relevance to the case, but which require many hours of labor by Ilisagvik employees to compile, and many more hours by defense counsel to review and redact for privacy rights. To date five thousand one hundred and seventy-four (5174) pages have been disclosed by defendants to plaintiff. *See* Exhibit A, Defendants' First Supplement to Initial Disclosures, dated March 9, 2006; Exhibit B, faxed letter from Christine Watne to Patricia Watts, dated March 10, 2006, at 2.

Defense counsel has attempted to cooperate by voluntarily entering into a confidentiality order regarding privacy rights but did not have an opportunity, because of the press of other matters, to provide unredacted copies until March 10, 2006. *See* Affidavit of Cynthia L. Ducey;

---

[1] Additionally, plaintiff recently propounded two additional sets of discovery requests upon defendants Ilisagvik College and John Tuthill. The deadline to respond to those discovery requests has not yet passed, and they are not included in this tabulation.

ELANEY WILES, INC.
SUITE 400
007 WEST 3RD AVENUE
NCHORAGE, ALASKA
(907) 279-3581

**Opposition to Motion to Compel Discovery**
*Wade v. Ilisagvik College, et al.*; Case No. A05-086 CV (TMB)
Page 2 of 11

plaintiff's motion to compel, Exhibit F. In the meantime, over 2400 pages of documents were disclosed, with only student names redacted. *See* Affidavit of Cynthia L. Ducey. However, the substantive information in the documents was disclosed and available. The unredacted documents have now been disclosed. Ilisagvik College recently produced over 5100 pages of unredacted documents to plaintiff. Exhibit B at 2.

Defendant has attempted to deal with and process plaintiff's burdensome and irrelevant discovery requests which take up a great deal of time. For example, Plaintiff's Request For Production No. 13, dated Oct. 7, 2005, states, "Please produce any emails, correspondence, memo, or communication of any kind created by any employee at the College regarding or referencing Ms. Wade." *See* plaintiff's motion to compel, Exhibit G at 17 (quoting Request For Production No. 13). This sweeping discovery request is representative of the largely irrelevant and unduly burdensome discovery requests propounded by the plaintiff in this case.

In order to respond to this discovery request, an associate attorney reviewed a compact disk which contained approximately five thousand emails sent to Bobbi Wade from Ilisagvik College faculty and staff, or emails from Bobbi Wade to Ilisagvik College faculty and staff. The associate spent twenty hours over four business days reviewing emails on the compact disk to determine relevance. *See* Affidavit of Jonathan P. Clement. Additionally, a staff member had to manually print out the emails responsive to plaintiff's Request For Production No. 13, bates number the pages, and copy them. It took the staff member several days to accomplish this task. The associate attorney subsequently spent over ten hours reviewing the email printouts for privileged documents. *See* Affidavit of Jonathan P. Clement. It is anticipated that the second compact disk will require a similar amount of time to review. *Id.*

DELANEY WILES, INC.
SUITE 400
007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

**Opposition to Motion to Compel Discovery**
*Wade v. Ilisagvik College, et al.*; Case No. A05-086 CV (TMB)
Page 3 of 11

It should be noted that the parties are still early in the discovery process. Discovery must be completed by Oct. 15, 2006 pursuant to the Court's order. Exhibit C, Scheduling and Planning Order, dated Sept. 20, 2005. Only one deposition has been taken thus far. Exhibit D, Renotice of Deposition of Cheryl McKay, dated December 22, 2005. Plaintiff thereby suffered no prejudice from the brief delay in production of the unredacted documents.

## ARGUMENT

A.  **The Unredacted Documents Have Been Produced To Plaintiff And The Motion Is Moot.**

As a preliminary matter, plaintiff is incorrect when she asserts that defendant is required to produce its initial disclosures. Plaintiff's motion to compel at 2. The Federal Rules of Civil Procedure state that a party must provide to other parties "a copy of, **or a description by category and location of**, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." Fed.R.Civ.P. 26(a)(1)(B) (emphasis added). Defendant provided a description by category and location of its initial disclosures, dated Sept. 30, 2005. Plaintiff's motion to compel, Exhibit A.

The unredacted documents plaintiff seeks have been available for inspection and review in redacted form since Sept. 30, 2005. *Id.* The redactions were generally required due to the numerous instances that Ilisagvik College students were named in documents gathered by the College. Exhibit E, Excerpt of Ilisagvik College Board of Trustees Approved Policy Manual at 2. These documents have now been produced without redactions pursuant to the confidentiality order stipulated to by the parties. Exhibit A; Exhibit B; plaintiff's motion to compel, Exhibit F.

As the students' professor, it is likely that plaintiff was able to identify the students, given the context of their redacted names in the previously redacted documents. Thus she was not

ELANEY WILES, INC.
SUITE 400
007 WEST 3RD AVENUE
NCHORAGE, ALASKA
(907) 279-3581

Opposition to Motion to Compel Discovery
*Wade v. Ilisagvik College, et al.*; Case No. A05-086 CV (TMB)
Page 4 of 11

prejudiced in any substantial fashion by the defendant's inability to produce the unredacted documents by the date demanded by the plaintiff. It also should be noted that the parties are still early in the discovery process. Only one deposition[2] has taken place so far. Exhibit D. Discovery must be completed by Oct. 15, 2006 pursuant to the Court's order. Exhibit C. The parties have nearly seven months to complete discovery.

Plaintiff asserts that defendant willfully failed to cooperate in discovery. *Id.* at 6. Defendant did not willfully withhold the unredacted documents. Rather, defendant made every attempt to respond to plaintiff's numerous burdensome and irrelevant discovery requests. Defense counsel also had to deal with deadlines set in other cases. *See* Affidavit of Cynthia L. Ducey. The failure to produce the unredacted documents amounts to, at most, excusable neglect on defendant's part. Because defendant has produced the unredacted documents sought, plaintiff's motion to compel is moot.

**B.     Plaintiff Did Not Suffer Prejudice From The Brief Delay In Producing The Unredacted Documents Caused By The Press Of Other Matters.**

Because defendant previously disclosed the documents to plaintiff in redacted form, she has had access to the substance of the documents since Sept. 30, 2005. Plaintiff's motion to compel, Exhibit A. The fact that students' names were redacted is nearly inconsequential, and plaintiff misleads the Court by arguing that this somehow prevents her from fully preparing her case. Plaintiff's motion to compel at 7. As the professor of these students, plaintiff likely was able to deduce their names from the context of the redacted documents. Plaintiff did not suffer any substantial prejudice. Nor has she demonstrated how the unredacted portions of the documents are material.

---

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

[2] Cheryl McKay, in-house counsel for Ilisagvik College, was deposed by the plaintiff on February 8, 2006.

**Opposition to Motion to Compel Discovery**
*Wade v. Ilisagvik College, et al.*; Case No. A05-086 CV (TMB)
Page 5 of 11

Plaintiff sought disclosure of the unredacted documents on November 21, 2005, immediately prior to the holidays. Plaintiff's motion to compel, Exhibit I. Due to the holidays and the press of other business, defendant did not have an opportunity to produce the unredacted documents until recently. *See* Affidavit of Cynthia L. Ducey. Defendant produced the unredacted documents in as timely a fashion as they were able to, given those constraints.

In her motion to compel at pages 7 to 8, plaintiff made only a cursory argument that defendant should be ordered to fully answer all interrogatories, and the Court should therefore deem that argument waived. *Lansdale v. Hi-Health Supermart Corp.*, 314 F.3d 355, 358 n.2 (9th Cir.2002) (citing *Brookfield Communications, Inc. v. W. Coast Entertainment Corp.*, 174 F.3d 1036, 1046 n.7 (9th Cir.1999)). Further, the party seeking discovery has the burden of proving that answers are incomplete or inadequate. MOORE, *supra*, ¶ 37.03, at 37-23 (citing *Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 681-82 (D.Colo.1986)). Plaintiff did not attempt to prove that defendants' interrogatory answer were incomplete or inadequate in her motion.

**C.  Sanctions Are Not Warranted Because Defendant Has Substantially Complied With The Numerous Burdensome Discovery Requests Propounded By Plaintiff And There Was No Willful Intent To Evade Discovery.**

Local Rule 37.1 addresses sanctions for discovery violations. The rule states that the Court will consider:

> (1) the nature of the violation, including the willfulness of the conduct and the materiality of the information the party refused to disclose;
> (2) the prejudice to the opposing party;
> (3) the relationship between the information the party refused to disclose and the proposed sanction;
> (4) whether a lesser sanction would adequately protect the opposing party and deter other discovery violations; and
> (5) other factors deemed appropriate by the court or required by law.

*Id.*

ELANEY WILES, INC.
SUITE 400
007 WEST 3RD AVENUE
NCHORAGE, ALASKA
(907) 279-3581

Opposition to Motion to Compel Discovery
*Wade v. Ilisagvik College, et al.*; Case No. A05-086 CV (TMB)
Page 6 of 11

"Sanctions may not be imposed if a party's failure to disclose information required by Civil Rule 26(a) . . . was harmless." 7 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 37.63, at 37-129 (3d ed. 2005) (citing Fed.R.Civ.P. 37(c)(1)). While the motive or culpability of the party that failed to make the disclosure may have some bearing on a determination of helplessness, the more significant factor is whether the omission caused the opposing party to suffer prejudice. *Id.* (citations omitted). Plaintiff has not established that defendant willfully refused to disclose discovery. Further, defendant has substantially complied with numerous burdensome discovery requests propounded by plaintiff. Plaintiff was not prejudiced by defendant's failure to produce unredacted documents so early in the discovery process.

Plaintiff claims that defendant "firmly stated that no documents would be produced to many requests even though those same documents had been promised in prior letters." Plaintiff's motion to compel at 4-5. With regards to plaintiff's Request For Production Nos. 9 and 11, defendant originally objected due to the unduly burdensome nature of the discovery requests and the expense to defendant. Plaintiff's motion to compel, Exhibit G at 15-16. Defendant then agreed to produce those documents under the mistaken belief that the expense incurred would be low. *Id.*, Exhibit M. Ilisagvik College is currently somewhat understaffed and only has one staff member available to assemble the requested student evaluation and student comment files. *See Ilisagvik College Job Postings* (visited March 13, 2006) http://webspace.ilisagvik.cc/index.php?option=com_jobline&Itemid=103. Defense counsel then learned it would take the Ilisagvik College staff member at least a week, and possibly more time, to gather the requested documents; this would require the staff member to ignore their normal job duties during that time. The requested documents are available in only hard copy form, and are

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

**Opposition to Motion to Compel Discovery**
*Wade v. Ilisagvik College, et al.*; Case No. A05-086 CV (TMB)
Page 7 of 11

not saved on computer hard drives or other digital media. Upon learning of the potential time commitment that would be imposed upon the College staff member by plaintiff's discovery requests, defendant reiterated its previous objections to plaintiff's Requests For Production Nos. 9 and 11. Plaintiff's motion to compel, Exhibit Q. These discovery requests serve as an example of the high costs and lengthy time commitments imposed upon defendant in order to respond plaintiff's discovery requests.

For other examples of irrelevant or unduly burdensome discovery requests from plaintiff to defendant, *see* plaintiff's motion to compel, Exhibit G, Interrogatory No. 3 (Ms. Scroggins' employment by the College has no bearing on this case whatsoever); *id.*, Interrogatory No. 4 (Ms. Tuthill's employment with the College is similarly irrelevant); *id.*, Interrogatory No. 19; *id.*, Interrogatory No. 24 (Ms. Valenti's job qualifications as a replacement instructor for the plaintiff while plaintiff took medical leave are of minimal relevance to the issues presented in the instant case); *id.*, Interrogatory No. 25 (Mr. Carlson's job qualifications as a replacement instructor for the plaintiff while plaintiff took medical leave are of minimal relevance to the issues presented in the instant case); *id.*, Interrogatory No. 26 (Mr. Unruh's job qualifications as a replacement instructor for the plaintiff while plaintiff took medical leave are of minimal relevance to the issues presented in the instant case); *id.*, Request For Production No. 4 (Dr. O'Rourke's contracts with the College are irrelevant).

Plaintiff recently sent new discovery requests to defendants Ilisagvik College and John Tuthill. Exhibit F, Plaintiff's Second Discovery Requests to Defendant Ilisagvik College, dated Feb. 21, 2006; Exhibit G, Plaintiff's Second Discovery Requests to Defendant John Tuthill, dated Mar. 2, 2006. The new discovery requests also contain examples of irrelevant or unduly burdensome requests. Interrogatory No. 1 requests the name of the board chairman who received

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

**Opposition to Motion to Compel Discovery**
*Wade v. Ilisagvik College, et al.*; Case No. A05-086 CV (TMB)
Page 8 of 11

the complaint about Lyudmyla Tuthill's accent and who the students were that complained to the chairman. Exhibit F at 4. Ms. Tuthill is the wife of defendant John Tuthill. Request For Production No. 1 requests copies of the actual contracts entered into between Dr. Patrick O'Rourke and Ilisagvik College for the last five years. *Id.* at 5. Dr. O'Rourke was the grievance hearing officer for plaintiff's internal grievance hearing with the College. Plaintiff also requests the personnel file for Jay St. Vincent, including medical leave of absences and FMLA protect leave. *Id.* at 6 (Request For Production No. 4). Ms. St. Vincent is a professor at Ilisagvik College. Plaintiff requests any employment contracts or other documents that support any job John Tuthill has worked at since leaving Ilisagvik College. Exhibit G at 6 (Request For Production No. 1). This discovery request is completely irrelevant to the issues presented in this case. Nevertheless the continuing barrage of discovery requests are time consuming and burdensome.

D.  **Plaintiff Is Not Entitled To An Award Of Attorney's Fees Because Ilisagvik College Attempted To Respond To Plaintiff's Numerous Discovery Requests During The Same Time Period In Which It Was Requested To Produce The Unredacted Documents, And The Circumstances Make An Award Of Attorney's Fees Unjust.**

Plaintiff is not entitled to an award of attorney's fees because the circumstances of the instant case's discovery process make an award of expenses unjust. CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE, § 2288, at 664 (2d ed.2005). Plaintiff has served defendant with a virtual barrage of discovery requests which defendant has attempted to respond to in good faith. If the Court denies plaintiff's motion, plaintiff should pay the costs incurred by defendant in opposing the motion to compel. "The great operative principle of Rule 37(a)(4) is that the loser pays." *Id.* at 657-58.

Further, plaintiff seeks attorney's fees for the time spent by plaintiff's counsel "writing letters, responding to objections, drafting a motion to compel and drafting an affidavit in December, analyzing and summarizing the requests and responses, and editing and re-evaluating

DELANEY WILES, INC.
SUITE 400
007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Opposition to Motion to Compel Discovery
*Wade v. Ilisagvik College, et al.*; Case No. A05-086 CV (TMB)
Page 9 of 11

the responses in February." Plaintiff's motion to compel, Affidavit of Linda J. Johnson at 3. This is an inappropriate request for attorney's fees. "Sanctions imposed against a party or attorney responsible for taking the position that the court rejected when ruling on a motion to compel are limited to the reasonable expenses incurred in connection with the motion, including attorney's fees." MOORE, *supra*, ¶ 37.23, at 37-51 (citations omitted). *See Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co.*, 142 F.R.D. 677, 681 (S.D.Iowa 1992) (disallowing expenses for various communications regarding underlying discovery request because they predated motion to compel). If the Court does award plaintiff attorney's fees, the Court should limit the award to the expenses plaintiff incurred with preparing the motion to compel.

## CONCLUSION

In summary, plaintiff is making a mountain out of a molehill. Sanctions are not warranted in this case, as defendant has attempted to comply with plaintiff's multiple discovery requests in a timely fashion. Plaintiff did not have to file her motion to compel. Plaintiff has not established how she was prejudiced by defendant's admittedly somewhat dilatory conduct, nor how the unredacted portions of the documents sought are material. Plaintiff failed to explain adequately in her motion why she is entitled to a court order requiring Ilisagvik College to fully answer all interrogatories. Plaintiff is not entitled to an award of attorney's fees because Ilisagvik College attempted to respond to plaintiff's numerous discovery requests during the same time period in which it was requested to produce the unredacted documents, and the circumstances make an award of attorney's fees unjust. Because Ilisagvik College previously produced over 2400 pages of redacted documents to plaintiff, and has now produced over 5100 pages of documents with the student names unredacted, plaintiff's motion to compel is moot. Plaintiff's motion to compel

ELANEY WILES, INC.
SUITE 400
007 WEST 3RD AVENUE
NCHORAGE, ALASKA
(907) 279-3581

Opposition to Motion to Compel Discovery
*Wade v. Ilisagvik College, et al.*; Case No. A05-086 CV (TMB)
Page 10 of 11

discovery should be denied. The Court should order plaintiff to pay the costs incurred by defendant in opposing plaintiff's motion to compel.

DATED at Anchorage, Alaska this __16__ day of March, 2006.

DELANEY WILES, INC.
Attorneys for Defendants Ilisagvik College,
John Tuthill and Pamela Taylor

_Cynthia Ducey_
Cynthia L. Ducey ASBA# 8310161

**Certificate of Service**

On this __16__ day of March 2006, I caused to be ~~mailed~~ _served electronically_ ~~by the U.S. Postal Service~~ a copy of this document upon:

Linda Johnson
Clapp, Peterson, Van Flein
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501

Peter C. Gamache
405 West 36th Avenue, Suite 201
Anchorage, Alaska 99503

Cynthia L. Ducey
Doc. No. 114732

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

**Opposition to Motion to Compel Discovery**
_Wade v. Ilisagvik College, et al._; Case No. A05-086 CV (TMB)
Page 11 of 11