Linda J. Johnson
Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501-3454
(907) 272-9272
(907) 272-9586 fax
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BOBBI WADE,<br><br>      Plaintiff,<br><br>v.<br><br>ILISAGVIK COLLEGE; NORTH SLOPE BOROUGH; JOHN TUTHILL, individually; and PAMELA TAYLOR, individually,<br><br>      Defendants. | Case No. A05-086 CV (JWS) |

## **REPLY TO OPPOSITION TO MOTION TO COMPEL DISCOVERY**

Plaintiff Bobbi Wade moved the Court pursuant to Fed. R. Civ. P. 37 for an order directing Defendant Ilisagvik College to fully produce initial disclosures and answer interrogatories. Subsequent to that motion, and five months after they

*Reply, Motion to Compel Discovery*
Wade v. Ilisagvik, Case No. A05-086 CV (JWS)
Page 1 of 14

were due, the College produced more initial disclosures. However, the College[1] still has not answered the interrogatories and not produced documents relevant to a request for production. The motion to compel should be granted.

Local Rule 37.1(b) states:

(b) **Standard for Imposition of Sanctions**. Prior to entering an order under Rule 37, Federal Rules of Civil Procedure, the court will consider:
[1] the nature of the violation, including the willfulness of the conduct and the materiality of the information the party refused to disclose;
[2] the prejudice to the opposing party;
[3] the relationship between the information the party refused to disclose and the proposed sanction;
[4] whether a lesser sanction would adequately protect the opposing party and deter other discovery violations; and
[5] other factors deemed appropriate by the court or required by law.

The College's conduct, compared to the standards set forth in the local rule, requires discovery sanctions against the College. As argued below, the standards of Local Rule 37.1 have all been met, and the Court should enter the order requested by Plaintiff.

Plaintiff has not asked for default, dismissal or the total exclusion of witnesses. It has merely asked for what it is entitled to: a Court order that the College to disclose documents and answer discovery requests. The attorney fees request is an appropriate sanction as well, since Plaintiff has had to expend a

---

[1] In the recent initial disclosures, a new privilege log memorializes more documents that were improperly withheld, this time based on attorney client privilege for documents that the privilege has been waived. Because the subject matter is new, if the College won't properly disclose the documents, the Plaintiff will file a new motion to compel.

*Reply, Motion to Compel Discovery*
Wade v. Ilisagvik, Case No. A05-086 CV (JWS)
Page 2 of 14

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

considerable time and effort to gain compliance.

The College has not spent any time in its opposition to the motion to compel trying to defend its decision to withhold and redact documents based upon a "privacy" privilege. Instead, the College focuses its efforts on the reasons why it did not comply with the rules regarding initial disclosures, which were due October 3, 2005. The privacy privilege is not a justifiable reason under the federal rules to redact the documents withheld in the first place, and especially not in light of the signed protective order in place in this case. The College should be forcibly reminded of its discovery duties in federal court.

**1.   The motion is not moot because the College has not produced all initial disclosure documents, nor has it provided answers to discovery requests.**

The motion to compel is not moot. The College did produce more documents to plaintiff but <u>only after</u> the motion to compel was filed. But there is no evidence to indicate the College would have ever complied with its minimal obligations if Plaintiff had no filed this motion to compel.

Willfulness is demonstrated, however, by the College's continued refusal to fully answer the interrogatory or response to the requests for production. The College's willfulness cannot be ignored. The motion to compel is not moot since discovery documents and answers still have not been supplied. The Court should order the College to answer interrogatories and produce documents according to

*Reply, Motion to Compel Discovery*
<u>Wade v. Ilisagvik</u>, Case No. A05-086 CV (JWS)
Page 3 of 14

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

requests for production, and should award attorney's fees in the amount already requested.

### 2. There was prejudice to Plaintiff.

The College claims that Plaintiff was not prejudiced by the College's willful failure to produce documents or answer interrogatories, because "only" one deposition has already been taken. The College has the burden to prove that their actions were harmless. *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1107 (9th Cir. 2001) stated:

> Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness. At least one other circuit court has so held. *Wilson v. Bradlees of New England, Inc.,* 250 F.3d 10, 21 (1st Cir.2001) ("[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with [Rule 26] was either justified or harmless····").

The College's lamely excuses their willfulness by claiming that: they were too busy, the documents weren't relevant, and the requests were burdensome. These excuses do not prove harmlessness or justification.

Plaintiff does not know if the answers to discovery would have been useful to prepare for that deposition because she did not and does not have them. Likewise, the 500 pages of new initial disclosure, produced after this motion was filed, may easily have contained information that Plaintiff could have used during that deposition. The depositions of Plaintiff and the individual Defendants are currently pending in May, 2006. All discovery responses are needed for the preparation of those depositions.

*Reply, Motion to Compel Discovery*
Wade v. Ilisagvik, Case No. A05-086 CV (JWS)
Page 4 of 14

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

The College alleges, without proof, that Plaintiff "must have known" the contents of the redacted documents. This is an irrelevant consideration, but untrue none-the-less. The sheer volume of redacted documents would require Plaintiff to guess at most of the contents. Any standard that imposes a requirement that Plaintiff guess at the contents of a document is grossly unfair.

Finally, the delay in production has not been "brief" as characterized by the College. Initial disclosures were due October 3, 2005. Plaintiff has worked for the last five months to receive adequate disclosures and discovery, but still does not have them. The work entailed is itself prejudicial since Plaintiff has other matters she would prefer to expend her time, energy and money on in this case. The College has not proven its burden of harmlessness and the motion should be granted and attorney's fees imposed.

### 3. The "price of production" is not a justification to failure to disclose

The College lamely justifies its continued refusal to produce documents by stating that it believes, mistakenly or not, that the cost of producing documents would require too much time and money. See Opp. at 7. In its responses to the Plaintiff, the College waffled back and forth on the cost issues but did not move for a protective order or otherwise attempt to negotiate a staggered production schedule with plaintiff.[2] Ultimately, the College refused to produce the documents

---

[2] When the NSB received production requests from the Plaintiff, their counsel called and negotiated a lesser burdensome production, which was acceptable to both parties.

*Reply, Motion to Compel Discovery*
Wade v. Ilisagvik, Case No. A05-086 CV (JWS)
Page 5 of 14

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

requested unless ordered to do so by the Court. See February 17, 2006 letter, Exhibit Q to Plaintiff's Motion.

In no sense do the College's actions constitute good faith. The mistaken belief that cost of production would be prohibitive is not a defense to a motion to compel. In viewing the excuses listed by the College, its lead attorney's distraction by other client's problems appears to be its greatest impediment to complying with obligations in this case. Caseload is no excuse to willful refusal to comply with requirements in this case for five months.

**4.   Lead counsel does not have the luxury of working on one case at a time and case load does not "justify" non-compliance.**

The College's lead counsel submitted an affidavit intended to explain her willful refusal to produce documents and answer interrogatories. Her reason is that she has other cases to work on.

Every attorney works on more than one case. The "press of business" is not a sufficient excuse for failing to properly meet initial disclosure requirements or answer discovery. This is especially true given that lead counsel has had the help of an associate, who himself attached an affidavit to the opposition recounting work he had performed in this matter. Lead counsel works at a large firm with numerous attorneys and other staff to help her with case work, and the excuse that she's just too busy is unavailing. Any other attorney in her office, including the associate that has been helping her, could have responded to the production within the last 5 months, and could have fully responded before a motion to compel was filed.

*Reply, Motion to Compel Discovery*
Wade v. Ilisagvik, Case No. A05-086 CV (JWS)
Page 6 of 14

Allowing counsel to ignore her disclosure and discovery duties by asserting a "press of business" excuse would exempt her from complying with any deadline on this case, now or in the future and should not be tolerated.

The College claims its actions are "excusable neglect". However, no such standards are available for discovery violations. There was no "neglect" here in that the College somehow forgot to meet a deadline, instead it refused to comply. Plaintiff demonstrated in her motion to compel that she requested compliance numerous times. The College's <u>refusal</u> to produce documents was not "neglect" it was "willful". Equally, refusal to devote time to discovery issues in this case does not amount to an attorney's "excusable neglect". The College has not merely overlooked an obligation. Instead, the College has repeatedly been asked, and has repeatedly refused, to supply the required production. Given the overall tone of the pleading and counsel's affidavit, it is clear that the College's attorney has not placed an appropriate priority on her client's discovery obligations. The Court should grant the motion and enter an order requiring the College's compliance.

### 5. **Objections of relevancy are not appropriate.**

The College refused to produce documents or answer discovery based on claims of "relevancy". Federal Rule 26 only requires that discovery be reasonably calculated to lead to the discovery of admissible evidence. The rules do not allow the College to sift through Plaintiff's discovery requests and refuse to produce or

*Reply, Motion to Compel Discovery*
Wade v. Ilisagvik, Case No. A05-086 CV (JWS)
Page 7 of 14

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

answer discovery based upon its own view of what may be relevant. The College demonstrates its disdain for Plaintiff's requests in its opposition.

The College's criticism of Plaintiff's discovery requests highlights why a party should not be able to self-impose relevancy requirements. See Opp. at 8. For example: 1) The College claims Ms. Scroggins' employment is irrelevant to Plaintiff's issues, but Plaintiff has requested production on the issue because Scroggins' employment may reveal disparate treatment among employees at the College. Disparate treatment of employees in an employment case is certainly a valid claim and relevant subject matter. Plaintiff should not have to explain her thought process to the defendant in order to gain production on the issue. Another example: 2) The College claims that Ms. Tuthill's employment is irrelevant to Plaintiff. Ms. Tuthill was discriminated against by the College and her treatment arguably proves a pattern of misconduct by the College. Finally, 3) The College does not recognize the relevance of the qualifications of the very instructors who replaced the Plaintiff. This request relates not only to her FMLA claim, but also to her age discrimination claim. All of the College's criticisms of relevance are similarly disputed by Plaintiff. Each discovery request was designed to elicit information that was directed to some aspect of a claim Plaintiff has made. Plaintiff should not be required to reveal it attorney work product in order to receive documents for each discovery request.

*Reply, Motion to Compel Discovery*
Wade v. Ilisagvik, Case No. A05-086 CV (JWS)
Page 8 of 14

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

The College's feigned or real ignorance of the relevance of these requests does not mitigate the College's willful refusal to produce documents. If the College truly believed that the requests were irrelevant, the College should have moved for a protective order. The motion to compel should be granted and the College should be ordered to produce the requested documents and interrogatory answers.

### 6. An associate's past work on document production does not excuse the College's failure to disclose.

The College seems to believe that proof of its attorney's office performing some work on production in the past will excuse its overall failure to produce initial disclosures or to answer discovery. The associate's affidavit does not relieve the College from actually producing the documents that he allegedly worked on. The affidavit is not proof of compliance. It does not justify the willful refusal to produce documents.

### 7. The overall number of requests has not been burdensome and does not justify non-disclosure.

The College asserts that the volume of discovery requests has been burdensome. Yet the College acknowledges that the number of discovery requests sent by Plaintiff has actually only been <u>two sets</u> to the College and <u>two sets</u> to John Tuthill. Many of the requests in the second set would not have been required if the College had met its initial disclosure obligations, or if it had properly answered the first set of discovery. In any sense, two sets of discovery is not a "burdensome" number.

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

*Reply, Motion to Compel Discovery*
Wade v. Ilisagvik, Case No. A05-086 CV (JWS)
Page 9 of 14

The College's burdensome excuse also falls flat based on the fact that the College has hired a large local law firm with a sufficient number of attorneys and staff to meet its litigation needs. There is no reasonable argument that the discovery obligations imposed were too burdensome for the resources of the law firm to meet.

The affidavits of both counsel are insufficient to overcome the quantity of letters attached to Plaintiff's motion to compel, which memorializes Plaintiff's five months of effort to gain cooperation from the College prior to filing this motion. The College's protestations now that they have been overworked are not convincing. The fact of the matter is, the College willfully refused to produce the material requested. They should not be rewarded for that failure.

**8.  The individual discovery requests must be answered.**

The College's only defense to its unwillingness to answer Interrogatory Number 18 and 19 and Request for Production numbers 4, 9, and 11 is that the Plaintiff has not adequately supported her argument and the Court should "deem it waived". See Opp at 6. However, the overall pattern of the College's refusal to cooperate with discovery has been clearly established, and Plaintiff's argument as to the individual discovery was set forth in Plaintiff's Motion at pages 3 – 6.

The answers to the Interrogatories as set out on the table in Plaintiff's Motion at 5, side stepped actual responses and either asserted non-existent privileges or

**Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

simply refused to provide a complete response. This was not cursorily "argued in the Motion" as the College alleges.

The College's defense to answering discovery was relevance, burdensomeness, vague and overbroad. None of these arguments were supportable. See Motion at 5. The College should be required to fully answer these interrogatories and produce the responses to the production requests. There is no basis for the College to refuse to fully answer except that it does not wish to do so.

However, it is the College's responses set out in Plaintiff's Motion at 6 that truly reveals the College's willfulness. As the table shows, the College objected but agreed to produce the documents. Again, it agreed to produce within a specific time frame. But finally, the College refused to produce altogether unless a Court ordered the College to produce. These documents demonstrate the College stringing Plaintiff along, letting her think for months she will get voluntary compliance. Suddenly the College flatly refused to produce, demonstrating its willful behavior.

If the Court does put an end to the College's discovery violations, the pattern will continue. In fact, Plaintiff hopes that an order from the Court to fully comply with discovery will circumvent a second motion to compel necessary to force the

*Reply, Motion to Compel Discovery*
Wade v. Ilisagvik, Case No. A05-086 CV (JWS)
Page 11 of 14

College to produce new documents for which it has wrongfully and recently asserted the attorney client privilege.[3]

The continued failure to disclose documents has hampered plaintiff's own discovery efforts. The Court should enter an order requiring the College to produce document and answer interrogatories.

### 9. **No lesser sanctions are available.**

Plaintiff has asked the Court for that which it is entitled: discovery compliance. The Order requested does not go any further than necessary and no lesser sanctions are appropriate, especially in light of the College's continuing willful refusal to comply with its discovery obligations.

## AN ATTORNEY FEES AWARD IS APPROPRIATE

Plaintiff has worked with the College for five months, in a vain attempt to gain compliance on initial disclosures and discovery answers. It was not until <u>after</u> this motion was filed that the College acknowledged its obligations and produced new initial disclosures. This fact alone merits an award of attorney fees.

However, since the College has still not answered interrogatory or requests for production, an award of full attorney's fees is certainly a reasonable award.

---

[3] Recently, the College's counsel has again used her personal schedule as an excuse to sidestep her discovery obligations. Plaintiff will initiate efforts to work with the College, but given the College's intransigence to date, Plaintiff is not hopeful of getting anywhere without the Court's help. Plaintiff is not as willing to wait as long for the College's compliance on the next issue since depositions are pending.

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

The fees requested in this motion are a reasonable amount for the five months of work during which the Plaintiff tried to gain voluntary compliance from the College.

## **CONCLUSION**

Plaintiff requests that based on a) the College's willful refusal to cooperate with discovery before this motion, and b) its continuing refusal to comply with discovery, the Court should issue an order that:

1. The College produce <u>at its expense</u> all documents that have been wrongfully withheld;

2. The College fully answer all interrogatories and production requests; and

3. The College pay Plaintiff's attorneys' fees of $2,294.00.

DATED this 23rd day of March, 2006, Anchorage, Alaska.

          CLAPP, PETERSON, VAN FLEIN,
          TIEMESSEN & THORNSESS, LLC
          Attorneys for Plaintiff


          s/ Linda J. Johnson
          CLAPP, PETERSON, VAN FLEIN,
          TIEMESSEN & THORNSNESS LLC
          711 H Street, Suite 620
          Anchorage, AK  99501-3454
          Phone:  (907) 272-9631
          Fax:  (907) 272-9586
          Direct email:  ljj@cplawak.com
          Alaska Bar No. 8911070

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

<u>Certificate of Service</u>

I hereby certify that on March 23, 2006, a copy of the foregoing *Plaintiff's Motion to Compel, Affidavit of Linda Johnson, and attached Exhibits,* were served electronically on Cynthia Ducey, Esq. and Peter Gamache, Esq.

s/ Linda J. Johnson

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

*Reply, Motion to Compel Discovery*
<u>Wade v. Ilisagvik</u>, Case No. A05-086 CV (JWS)
Page 14 of 14