IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BOBBI J. WADE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. A05-086 CV (JWS) |
| v. ) | |
| ) | |
| ILISAGVIK COLLEGE, NORTH SLOPE ) | |
| BOROUGH, JOHN TUTHILL, individually ) | |
| and PAMELA TAYLOR, individually ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' FIRST DISCOVERY REQUESTS TO PLAINTIFF

Defendants, by and through their attorneys of record Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc., submit their first set of interrogatories and requests for production to plaintiff Bobbi Wade as follows:

I

INSTRUCTIONS WITH RESPECT TO
REQUESTS FOR PRODUCTION

Pursuant to Alaska R. Civ. P. 26 and 34, Defendants request you produce and permit defendant or someone acting on its behalf to inspect and copy the following documents and things at the offices of Delaney, Wiles, Hayes, Gerety & Ellis, Inc., Suite 400, 1007 West Third Avenue, Anchorage, AK 99501, on or before the thirtieth day after service of these requests. If you object to a production request for privilege or for any other reason, you are required to state your objections and specify your reasons.

In accordance with Alaska R. Civ. P. 33, you are requested to answer under oath the following requests for production on or before the thirtieth day after service of these requests. If you contend that you are entitled to withhold from production any or all documents identified

NEY, WILES,
S, GERETY,
  YOUNG, INC.

UITE 400
:ST 3RD AVENUE
RAGE, ALASKA
) 279-3581

EXHIBIT A
Page 1 of 24

herein on the basis of the attorney-client privilege, the work-product doctrine, or other ground, then with respect to each and every document:

    (a)    describe the nature of the document (e.g., letter or memorandum);

    (b)    state the date of the document;

    (c)    identify the persons who sent and received the original and a copy of the document;

    (d)    state the subject matter of the document;

    (e)    state the basis upon which you contend you are entitled to withhold the document from production.

The words "you" or "your" refers to Bobbi Wade. The words "claim" or "claims" or "cause of action" or "causes of action" means all causes of action in your complaint and all factual allegations supporting the causes of action.

## II

## DESCRIPTION OF ITEMS INCLUDED WITHIN REQUESTS.

The word "document" whenever used herein includes any form of data compilation or graphic matter (e.g., written, printed, typed, electronically stored, drawn, punched, taped, filmed, recorded, photographed) which you or your counsel possess, control, or have custody of. This definition encompasses all copies, reproductions, or facsimiles of documents via whatever means made. If copies of documents are not identical, for whatever reason, including handwritten notations, date stamps, initials, or identification marks, each nonidentical copy is a separate document within the meaning of this definition.

Without limiting the foregoing, "document" includes but is not limited to correspondence, including electronic correspondence such as e-mails, telegrams, telexes, memoranda, reports, notes, notices, drafts, minutes, contracts, agreements, books, records, vouchers, invoices, diaries, logs, calendar notes, computer print-outs or information stored on a computer hard drive or disc, pay check stubs, or other documents evidencing payment, personnel handbooks, ledgers, journal, notices, affidavits, court papers, minutes or records of conferences, meetings or telephone calls, brochures, receipts, drawings, charts, photographs, negatives, and tape recordings within your possession, or subject to your control.

ANEY, WILES,
/ES, GERETY,
& YOUNG, INC.
SUITE 400
WEST 3RD AVENUE
IORAGE, ALASKA
07) 279-3581

EXHIBIT ___ A
Page ___ 2 of 24

Medical provider includes but is not limited to physicians, psychologists, psychiatrists, family counselors, drug and alcohol counselors, nurses, social workers, physicians' assistants, chiropractors, naturopaths, or lab technicians.

### III
### DUTY TO SUPPLEMENT YOUR RESPONSES.

The following requests for production are governed by the Federal Rules of Civil Procedure. In this regard, you are reminded that Alaska R. Civ. P. 26(e) imposes upon you an affirmative duty to supplement any of your responses to the following discovery requests in the event that you should subsequently discover that any of your responses are incorrect, incomplete, misleading, or no longer correct.

### IV
### INTERROGATORIES.

In accordance with Alaska R. Civ. P. 33, you are requested to answer the following interrogatories on or before the thirtieth day after service of these interrogatories. In identifying any person in these responses please include their full name, their address, their telephone number. In identifying any specific conversation, meeting or event, please identify the date in which the conversation, meeting or event occurred, the place it occurred, any witnesses to it, and describe with particularity the substance of the conversation, meeting or event.

### INTERROGATORIES

**INTERROGATORY NO. 1.** If you contend that you suffered from a serious health condition that required leave during the 2003-2004 school year, please identify with specificity what the serious health condition was, identify all treatment you received, the dates of treatment, the identity of the medical provider and their address, and each and every fact upon which you intend to rely to establish that you suffered from a serious health condition.

**ANSWER:**

ANEY, WILES,
ES, GERETY,
& YOUNG, INC.
SUITE 400
VEST 3RD AVENUE
ORAGE, ALASKA
)7) 279-3581

3

EXHIBIT A
Page 3 of 24

**INTERROGATORY NO. 2:** Please set out with specificity the mental injuries or harm you allege to have suffered as a result of the allegations in your complaint, including any medical diagnosis of mental harm or injury, the name and address of the medical provider, as defined above, who made the diagnosis and the date of such diagnosis.

**ANSWER:**

**INTERROGATORY NO. 3:** Please identify any medical care providers as defined above, who have treated you for any reason within the last fifteen years, by identifying their name, address, telephone number, date of service(s) and the reason for treatment.

**ANSWER:**

**INTERROGATORY NO. 4:** Please identify all former or present employers, including but not limited to any self-employment, from 1985 through present, including the name of the employer, or the identity of the self-employment, your immediate supervisor, your job title(s) with the employer, your rate(s) of pay with the employer and benefits, the address and telephone number of the employer, and the reason for leaving employment.

**ANSWER:**

ANEY, WILES,
ES, GERETY,
& YOUNG, INC.
SUITE 400
NEST 3RD AVENUE
ORAGE, ALASKA
07) 279-3581

4

EXHIBIT A
Page 4 of 24

**INTERROGATORY NO. 5**: Since leaving the Ilisagvik College, please indicate all attempts you have made to find suitable alternative employment. In so doing, please indicate all attempts to secure employment, including but not limited to prospective employers contacted, the nature of the contact, the date of the contact, and the results of the contact.

**ANSWER**:

**INTERROGATORY NO. 6**: Since your resignation from the Ilisagvik College, please list all sources of income you have received, including but not limited to wages, loans, or payments made by any governmental agency or private entity. In so doing, please list the date of receipt of income, the amount, from whom it was received and the nature of the income received.

**ANSWER**:

**INTERROGATORY NO. 7**: Please identify any lawsuits, or administrative proceedings in which you have ever been involved, either as a plaintiff, a claimant or a witness. In so doing,

NEY, WILES,
ES, GERETY,
& YOUNG, INC.
SUITE 400
/EST 3RD AVENUE
JRAGE, ALASKA
7) 279-3581

5

EXHIBIT A
Page 5 of 24

identify the name of the suit or claim and court docket number or administrative claim number, the place in which it was filed or heard, the name of the attorney, if you were represented, and his/her name and address, the substance of the claim or proceeding and the result.

**ANSWER:**

**INTERROGATORY NO. 8:** Please identify any persons who have knowledge of the following:

a)    the medical care, health status, or serious medical condition of Bobbi Wade;

b)    alleged retaliation or discrimination by defendants against Bobbi Wade;

c)    emotional or mental distress, humiliation, embarrassment suffered by Bobbi Wade;

d)    Bobbi Wade's job performance and ability to be assistant professor of business management; and

e)    complaints, by plaintiff or other Ilisagvik College employees regarding discrimination or retaliation.

**ANSWER:**

**INTERROGATORY NO. 9:** Please state and describe each and every reason given to you for the non-renewal of your contract and identify the person who gave the reason, the dates of such statement, and any witnesses to same.

**ANSWER:**

EY, WILES,
, GERETY,
YOUNG, INC.
IITE 400
5T 3RD AVENUE
AGE, ALASKA
279-3581

6

EXHIBIT A
Page 6 of 24

**INTERROGATORY NO. 10:**   Please identify any other person known or believed by you to have been retaliated or discriminated against by the defendants on the basis of filing a charge of discrimination for any reason.

      **ANSWER:**

**INTERROGATORY NO. 11:**   Please identify any person you contend was treated more favorably than you were with respect to your request for medical leave, the grievance procedure, or the non-renewal of your contract, and state the facts you believe establishes another person was treated more favorably than you.

      **ANSWER:**

**INTERROGATORY NO. 12:**   Please state all facts and grounds upon which you rely to prove your belief that your contract was not renewed due to a discriminatory or retaliatory motive.

      **ANSWER:**

**INTERROGATORY NO. 13:**   Please state all facts and grounds upon which you rely to determine or prove that you were discharged in violation of the procedural due process guarantees of the XIV Amendment.

      **ANSWER:**

.NEY, WILES,
ES, GERETY,
& YOUNG, INC.
SUITE 400
EST 3RD AVENUE
DRAGE, ALASKA
7) 279-3581

EXHIBIT A
Page 7 of 24

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:  Please produce, to the extent in your possession, custody or control any documents or tangible items generated, received or reviewed by you, your attorneys or agents or investigators in the course of your investigation and prosecution of these claims.  (See instructions regarding definition of "documents and claims").

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 2**: Please produce any correspondence received or sent by you, your attorneys, investigators or agents, in the course of your investigation and prosecution of these claims. This request includes but is not limited to third-party witnesses, investigators, state or federal agencies or medical providers, as defined above.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 3**:  Please produce any work sheets upon which you base or upon which you computed your calculations of damages.

**RESPONSE**:

NEY, WILES,
S, GERETY,
Y YOUNG, INC.
UITE 400
EST 3RD AVENUE
RAGE, ALASKA
') 279-3561

8

EXHIBIT ___A___
Page _8_ of _24_

**REQUEST FOR PRODUCTION NO. 4**: Please produce all documents or tangible items as defined above, including but not limited to calendars, diaries, notebooks, journals, daily planners, day-timers, e-mails prepared, maintained, sent by you or received by you, or any other document or tangible item which memorializes any aspect of your employment with Ilisagvik College, or any of the allegations in your complaint, including but not limited to your claimed damages.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 5**: Please produce all documents or tangible items as defined above, including but not limited to resumes, cover letters, calendars, diaries, notebooks, journals, daily planner, day-timers, e-mails prepared, maintained, sent by or received by you, newspaper or magazine listings, or any other document or tangible item that memorialize any attempt by you to secure employment after your contract with Ilisagvik was not renewed.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 6**: Please produce all papers, documents, or tangible items of any kind including but not limited to pleadings, correspondence, memoranda, and orders relating to any complaints you have ever filed with the Alaska Human Rights Commission or the Equal Employment Opportunity Commission.

**RESPONSE**:

NEY, WILES,
S, GERETY,
YOUNG, INC.
UITE 400
ST 3RD AVENUE
RAGE, ALASKA
) 279-3581

9

EXHIBIT
Page ___ of ___

**REQUEST FOR PRODUCTION NO. 7**:  Please produce your income tax returns for 1990 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**: Please produce all documents related to any grievances you have filed over employment decisions made while you were working at the Ilisagvik College.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**:  Please execute and return the attached employment, unemployment, and medical releases.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**:  Please produce complete medical records from any and all medical providers you identified in interrogatory no. 1, 2, 3 and 7, above.

NEY, WILES,
S, GERETY,
& YOUNG, INC.
SUITE 400
EST 3RD AVENUE
RAGE, ALASKA
7) 279-3581

10



**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 11**: Please produce complete employment records from all employers identified in interrogatory no. 4, above.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 12**:  Please produce each and every document or tangible item as defined above related to, referring to, or mentioning any requests you made for unemployment compensation from 1995 to the present.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 13**:  Please produce all documents or tangible items as defined above that you or your attorneys or agents reviewed, used or referred to in preparing your responses to these discovery requests.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 14**: Please produce copies of any documents or tangible items as defined above, statements, or correspondence, submitted to the Equal Opportunity Employment Commission, the Alaska State Commission on Human Rights, the

NEY, WILES,
ES, GERETY,
& YOUNG, INC.
SUITE 400
EST 3RD AVENUE
)RAGE, ALASKA
7) 279-3581

EXHIBIT A
Page 11 of 24

Alaska Civil Liberties Union, or the State of Alaska Department of Labor, Unemployment Division Office.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 15**: Please produce any and all documents or tangible items as defined above, relating to any claims you have made under any insurance policies in the last ten (10) years, including but not limited to, any claim forms submitted by you, any explanation of benefits notices, any rejections of claims, any statements, any correspondence sent by you or received by you regarding same.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 16**:  Please produce your personal or work desk calendar, appointment book, personal diary, and computer calendar for the period 2001 through present.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 17**:  Please produce receipts for all costs you have paid to bring or maintain this litigation.

**RESPONSE**:

.NEY, WILES,
ES, GERETY,
& YOUNG, INC.
SUITE 400
EST 3RD AVENUE
RAGE, ALASKA
7) 279-3581

12

EXHIBIT A
Page 12 of 24

**REQUEST FOR PRODUCTION NO. 18.** Please produce all documents or tangible items as defined above that refer directly or indirectly to your retirement plans.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19.** Please produce all documents evidencing medication you have taken for the time period 2001 through the present, including over the counter, as well as prescription medication.

**RESPONSE:**

NEY, WILES,
:S, GERETY,
k YOUNG, INC.
SUITE 400
EST 3RD AVENUE
)RAGE, ALASKA
7) 279-3581

13

**REQUEST FOR PRODUCTION NO. 20.**  Please produce all documents or tangible items as defined above, you took with you from your office at Ilisagvik College, when you left employment with Ilisagvik College.

**RESPONSE:**

**REQUEST FOR PRODUCTION  NO. 21**:  Please produce all documents or tangible items, not otherwise produced that relate to, mention, or support the allegations in your complaint.

**RESPONSE:**

.NEY, WILES,
ES, GERETY,
& YOUNG, INC.
SUITE 400
'EST 3RD AVENUE
)RAGE, ALASKA
7) 279-3581

14

EXHIBIT ___A___
Page _14_ of _24_

**REQUEST FOR PRODUCTION NO. 22**:  Please produce all documents or tangible items as defined above, pertaining to your present physical, emotional and/or mental health, including the results of each physical from five years before your non-renewal of contract.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**.  Please produce all documents or tangible items as defined above, mentioning, relating or referring to Anchorage Academy One.

**RESPONSE:**

Dated at Anchorage, Alaska this _14_ day of October, 2005.

> DELANEY, WILES, HAYES,
> GERETY, ELLIS & YOUNG, INC.
> Attorneys for Defendants Ilisagvik College,
> John Tuthill, and Pamela Taylor
>
> Cynthia Ducey
> Cynthia L. Ducey, ASBA # 8310161

NEY, WILES,
S, GERETY,
YOUNG, INC.
UITE 400
:ST 3RD AVENUE
RAGE, ALASKA
) 279-3581

EXHIBIT A
Page 15 of 24

<u>VERIFICATION</u>

STATE OF _____ )
                          ) ss.
                          )

I, Bobbi Wade, being first duly sworn, depose and say:

I am the person above named; I have read the foregoing interrogatory answers and understand the contents thereof; I have executed it freely and voluntarily for the purpose set forth therein; and I verify that the same is true of my own knowledge.

_____
BOBBI WADE

SUBSCRIBED and SWORN to before me this ____ day of _____, 2005.

_____
Notary Public for _____
My commission expires:_____


WITH RESPECT TO RESPONSES TO REQUESTS FOR PRODUCTION AND ANY OBJECTIONS TO THE FOREGOING DISCOVERY RESPONSES.

Linda Johnson
Attorneys for Plaintiff



_____

Date: _____

NEY, WILES,
:S, GERETY,
& YOUNG, INC.
SUITE 400
EST 3RD AVENUE
IRAGE, ALASKA
7) 279-3581

EXHIBIT A
Page 16 of 29

## CERTIFICATE OF SERVICE

This certifies that I am an authorized agent
of Delaney, Wiles, Hayes, Gerety, Ellis &
Young, Inc., for service of papers pursuant to
Civil Rule 5, and that on this __14th__ day of
October, 2005 a copy of the foregoing
document was served by ~~mail~~ upon: hand

Linda Johnson
Clapp, Peterson, Van Flein
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501

Peter C. Gamache, Esq.
405 W. 36th Avenue, Suite 201
Anchorage, AK 99503

109240

Y, WILES,
GERETY,
OUNG, INC.
TE 400
3RD AVENUE
GE, ALASKA
:79-3581

17

EXHIBIT  A
Page 17 of 24



**Providence | Health System**

**Alaska Region**
Providence Alaska Medical Center
3200 Providence Drive
P.O. Box 196604
Anchorage, AK 99519-6004
Tel 907-261-3170 • Fax 907-261-3658

# THORIZATION TO USE AND DISCLOSE HEALTH INFORMATION
*ice: This request is not valid until all requested information is provided.*

## thorization Requesting Health Information FROM the Following Entity or Physician:

| e | | | Phone Number | Fax Number |
|---|---|---|---|---|
| **PAMC - ATTN: HEALTH INFORMATION SERVICES** | | | **907-261-3170** | **907-261-3658** |

ress: **P.O. BOX 196604, ANCHORAGE, AK 99519-6004**

## thorization to Disclose Health Information FOR the Following Patient:

| e | Phone Number | Date of Birth | Social Security Number |
|---|---|---|---|
| ent Address: | City | State | Zip |

## horization to Disclose Health Information TO the Following Recipient:

| e | Phone Number | Receive by: ☐ Mail ☐ Pick-up ☐ Verbal Exchange |
|---|---|---|
| nt Address: | City | ☐ Fax *(specify number)*_____ State    Zip |

## purpose of this Disclosure is: ☐ My Personal Use    ☐ Other (specify):

reby request:   ☐ To Review    ☐ To Copy

he date range of _____ to _____

ertaining to:_____
_____

### Health Information Needed By:
☐ ASAP - Emergent
☐ Date of Patient Appointment: _____
☐ Date Needed: _____

## se send the information as indicated:

| ☐ Diagnosis/Procedure | ☐ Discharge Summary | ☐ Care Plan |
|---|---|---|
| sessment/Evaluation    ☐ Most Recent History | ☐ Emergency Dept. Visits. | ☐ X-ray Films/Images |
| ay Report    ☐ Progress Notes    ☐ Medication Sheets | ☐ Psychiatric Reports | ☐ Psychological Reports |

her: _____

☐ I understand this authorization is specifically for information created from services provided before my date of signature. Information d to services provided after my date of signature will require an updated authorization. This authorization will expire (insert date or : _____ . If I fail to specify an expiration date or event, this authorization will expire nths from the date on which it was signed.

understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in iting and present my written revocation to the health information services department. I understand that the revocation will not apply information that has already been released in response to this authorization.
understand that once the above information is disclosed, it may be redisclosed by the recipient and the information may not be otected by federal privacy laws or regulations.
understand authorizing the use or disclosure of the information identified above is voluntary. I need not sign this form to ensure althcare treatment.
understand that the information in my health record may include information relating to sexually transmitted disease, acquired munodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or ntal health services, and treatment for alcohol and drug abuse.

| of Patient, Parent, or Legal Representative: | Date: | If signed by legal Representative, Relationship to Patient: |
|---|---|---|
| Rev. 1/04) | | |

**To be completed by Providence Health System Alaska**

Date Received _____    Date Completed _____

Materials Sent _____

Completed by _____

EXHIBIT

Page __8__ of 2_

PATIENT IDENTIFICATION

TAB 7

## MEDICAL INFORMATION & RECORDS RELEASE
### And HIPAA AUTHORIZATION FORM

**TO:    Alaska Regional Hospital**

I, **Bobbi J. Wade**, by filing a personal injury lawsuit, have waived my physician-patient privilege [*Trans-World Investments v. Drobny*, 554 P.2d 1148 (Alaska 1976)]. By my signature on this authorization, I hereby authorize the law firm of DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., or their representative, to obtain my **designated record set**, which includes any and all information which is relative to my past or current physical or mental medical condition. This authorization covers all **protected health information for treatment, payment, and health care operations**, including but not limited to, any and all treatment records, reports, evaluations, diagnoses, prescriptions, progress notes, medication orders sheets, hospital, pharmacy, emergency room or treatment records, whether paper or electronic, as well as radiology films and reports, **in your possession or the possession of your facility, <u>whether prepared by you or received from another source</u>**. This release **also includes billing records**.

The disclosure of this information is for the **purpose of litigation**. This release also authorizes, but does not require, physicians and other health care providers to discuss my history, care and treatment and prognosis with a representative of DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., pursuant to the rule established in *Langdon v. Champion,* 745 P.2d 1371, 1374 (Alaska 1987).

I understand that this consent for disclosure of medical records constitutes a partial waiver of my right to confidentiality of psychological and psychiatric treatment as well as drug or alcohol treatment under **42 U.S.C. §§ 290 dd-3 and 42 C.F.R. § 2.1** et seq.

I specifically authorize disclosure of information otherwise protected under the Health Insurance Portability and Accountability Act [HIPAA] to DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., or their representative. I understand that once the information is disclosed, it **may be re-disclosed** by the recipient and the information may not be protected by federal privacy laws or regulations.

I understand that I have the **right to revoke** this authorization at any time, and if I do revoke it, I must do so **in writing**. I understand that the revocation **will not apply to information that has already been released** in response to this authorization. I understand my **health care, eligibility to receive health care, benefits, and payment for that health care will not be affected** by my decision to sign this form.

This release is provided with the understanding that **copies** of any records retrieved by DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., **will be provided to me or my attorney**, as provided for by 26(a)(1)(D) of the Alaska Rules of Civil Procedure.

A **photocopy of this release** shall have the same authority as the original. This release will **expire in six months**, or earlier if revoked by me in writing. I certify that I have **voluntarily signed this Release**.

Pursuant to 45 C.F.R. 164.524(b)(2)(i), the covered entity **must act on this request for access no later than 30 days after receipt** of the request.

Date:_____                   _____
                                       **Bobbi J. Wade**
                                       **Date of Birth:**_____
                                       **Social Security Number:** _____

SUBSCRIBED AND SWORN TO before me this ____ day of _____, 2005.


                                       _____
                                       Notary Public in and for Alaska
                                       My Commission Expires:_____

EXHIBIT A
Page 19 of 24

### MEDICAL INFORMATION & RECORDS RELEASE
### And HIPAA AUTHORIZATION FORM

**TO:    Providence Alaska Medical Center**

I, **Bobbi J. Wade,** by filing a personal injury lawsuit, have waived my physician-patient privilege [*Trans-World Investments v. Drobny*, 554 P.2d 1148 (Alaska 1976)]. By my signature on this authorization, I hereby authorize the law firm of DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., or their representative, to obtain my **designated record set**, which includes any and all information which is relative to my past or current physical or mental medical condition. This authorization covers all **protected health information for treatment, payment, and health care operations**, including but not limited to, any and all treatment records, reports, evaluations, diagnoses, prescriptions, progress notes, medication orders sheets, hospital, pharmacy, emergency room or treatment records, whether paper or electronic, as well as radiology films and reports, **in your possession or the possession of your facility, whether prepared by you or received from another source**. This release **also includes billing records**.

The disclosure of this information is for the **purpose of litigation**. This release also authorizes, but does not require, physicians and other health care providers to discuss my history, care and treatment and prognosis with a representative of DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., pursuant to the rule established in *Langdon v. Champion,* 745 P.2d 1371, 1374 (Alaska 1987).

I understand that this consent for disclosure of medical records constitutes a partial waiver of my right to confidentiality of psychological and psychiatric treatment as well as drug or alcohol treatment under **42 U.S.C. §§ 290 dd-3 and 42 C.F.R. § 2.1** et seq.

I **specifically authorize disclosure of information otherwise protected under the Health Insurance Portability and Accountability Act [HIPAA]** to DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., or their representative. I understand that once the information is disclosed, it **may be re-disclosed** by the recipient and the information may not be protected by federal privacy laws or regulations.

I understand that I have the **right to revoke** this authorization at any time, and if I do revoke it, I must do so **in writing**. I understand that the revocation **will not apply to information that has already been released** in response to this authorization. I understand my **health care, eligibility to receive health care, benefits, and payment for that health care will not be affected** by my decision to sign this form.

This release is provided with the understanding that **copies** of any records retrieved by DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., **will be provided to me or my attorney**, as provided for by 26(a)(1)(D) of the Alaska Rules of Civil Procedure.

A **photocopy of this release** shall have the same authority as the original. This release will **expire in six months**, or earlier if revoked by me in writing. I certify that I have **voluntarily signed this Release**.

Pursuant to 45 C.F.R. 164.524(b)(2)(i), the covered entity **must act on this request for access no later than 30 days after receipt** of the request.

Date:_____         _____
                             **Bobbi J. Wade**
                             **Date of Birth:**_____
                             **Social Security Number:** _____

SUBSCRIBED AND SWORN TO before me this ____ day of _____, 2005.


_____
Notary Public in and for Alaska
My Commission Expires:_____

EXHIBIT A
Page 20 of 24

## MEDICAL INFORMATION & RECORDS RELEASE
## And HIPAA AUTHORIZATION FORM

**TO:** _____

      I, Bobbi J. Wade , by filing a personal injury lawsuit, have waived my physician-patient privilege [*Trans-World Investments v. Drobny*, 554 P.2d 1148 (Alaska 1976)]. By my signature on this release, I hereby authorize the law firm of DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., or their representative, to obtain my designated record set, which includes any and all information which is relative to my past or current physical or mental medical condition. This authorization covers all protected health information for treatment, payment and health care operations, including, but is not limited to, any and all treatment records, reports, evaluations, diagnoses, prescriptions, progress notes, medication orders sheets, hospital, pharmacy, emergency room or treatment records, whether paper or electronic, as well as radiology films and reports, **in your possession or the possession of your facility, <u>whether prepared by you or received from another source</u>**. This also includes billing records.

      The disclosure of this information is for the purpose of litigation. This release also authorizes, but does not require, physicians and other health care providers to discuss my history, care and treatment and prognosis with a representative of DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., pursuant to the rule established in <u>*Langdon v. Champion*</u>, 745 P.2d 1371, 1374 (Alaska 1987).

      I understand that this consent for disclosure of medical records constitutes a partial waiver of my right to confidentiality of psychological and psychiatric treatment as well as drug or alcohol treatment under 42 U.S.C. §§ 290 dd-3 and 42 C.F.R. § 2.1 et seq.

      I specifically authorize disclosure of information otherwise protected under the Health Insurance Portability and Accountability Act [HIPAA] to DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., or their representative. I understand that once the information is disclosed, it may be re-disclosed by the recipient and the information may not be protected by federal privacy laws or regulation.

      I understand that I have the right to revoke this authorization in writing at any time, and if I do revoke it, I must do so in writing. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand my health care and payment for health care will not be affected by my decision to sign this form.

      This release is provided with the understanding that copies of any records retrieved by DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., will be provided to me or my attorney, as provided for by 26(a)(1)(d) of the Alaska Rules of Civil Procedure.

      A photocopy of this release shall have the same authority as the original. This release will expire in six months, or if earlier revoked by me in writing. I certify that I have voluntarily signed this Release.

      Pursuant to 45 C.F.R 164.524(b)(2)(i), the covered entity must act on this request for access no later than 30 days after receipt of the request.

Date:_____        _____
                                **Bobbi J. Wade**
                                **DOB:**
                                **SSN:**

SUBSCRIBED AND SWORN TO before me this ____ day of _____,2005.

       _____
                 Notary Public in and for Alaska
                 My Commission Expires:_____

EXHIBIT ___
Page 21 of 24

# EMPLOYMENT INFORMATION RELEASE

I, **BOBBI J. WADE**, by my signature below, authorize the law firm of Delaney, Wiles, Hayes, Gerety,  Ellis & Young, Inc., or its agents, to obtain any and all of my past or present employment records, including, but not limited to: payroll records, descriptions of duties, performance evaluations, commendations or disciplinary actions  and dates of absences and reasons therefore.

This release also allows, but does not require, any employer or supervisor to discuss my employment history with a representative of Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.

A HIPAA compliant medical authorization accompanies this release in order that any otherwise protected medical information contained in my employment or personnel files may be released.

A copy of this release may be considered as valid as the original.

DATED this _____ day of _____, 2005.

_____
**BOBBI J. WADE**
D/O/B:          _____
S.S.#:          _____

SUBSCRIBED AND SWORN TO this ___ day of _____, 2005.

_____
Notary Public in and for _____
My Commission Expires:_____

EXHIBIT _____
Page 22 of 24

## RELEASE FOR WORKER'S COMPENSATION RECORDS

I, **BOBBI J. WADE**, by my signature below, authorize the law firm of Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc., or its agents, to obtain copies of any and all records held by the State of Alaska Division of Workers' Compensation which may pertain to me, including any claims, medical records or evaluations, payments or other filings with the Division of Workers' Compensation.

A HIPAA compliant medical authorization is provided in conjunction with this release, which allows for release of all records in my Workers' Compensation file regarding any medical treatment or other records which may be part of my designated record set, or otherwise considered to be protected health information.

A copy of this release may be considered as valid as the original.

DATED this _____ day of _____, 2005.


_____
**BOBBI J. WADE**
D/O/B:
S.S.#:


SUBSCRIBED AND SWORN TO before me this _____ day of _____, 2005.


_____
Notary Public in and for _____
My Commission Expires:_____

EXHIBIT _____
Page 23 of 24

## RECORDS RELEASE

TO:   State of Alaska, Department of Labor

The undersigned, **BOBBI J. WADE**, authorizes the law firm of DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG., INC., or persons employed on its behalf, to inquire of all divisions of the State of Alaska, Department of Labor, Employment Security Division, or other persons or entities having information pertaining to the records specified herein of the undersigned, and to acquire from these persons or entities such documents and materials, records, notes and physical evidence as are in their possession, including but not limited to: any applications for unemployment compensation, applications for employment, job search information, evaluations, notes, correspondence, and other written documents pertaining to benefits applied for or paid to me by the State of Alaska, Department of Labor.

DATED: _____          _____
                                          BOBBI J. WADE
                                          SS#:
                                          DOB:

STATE OF ALASKA                )
                               ) ss:
THIRD JUDICIAL DISTRICT        )

       SUBSCRIBED AND SWORN to before me this _____ day of _____, 2005.


                              _____
                              Notary Public for Alaska
                              My Commission Expires: _____

EXHIBIT ___
Page 24 of 24