Linda J. Johnson
Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501-3454
(907) 272-9272
(907) 272-9586 fax
ljj@cplawak.com
Attorneys for Plaintiff



14

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

BOBBI WADE,

Plaintiff,

v.

ILISAGVIK COLLEGE; NORTH SLOPE BOROUGH; JOHN TUTHILL, individually; and PAMELA TAYLOR, individually,

Defendants.

Case No. A05-086 CV (JWS)

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST DISCOVERY REQUESTS**

Plaintiff Bobbi Wade, by and through her attorneys, Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC, hereby submits her responses to defendants' first discovery requests.

**INTERROGATORIES**

**INTERROGATORY NO. 1.** If you contend that you suffered from a serious health condition that required leave during the 2003-2004 school year, please

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586





identify with specificity what the serious health condition was, identify all treatment you received, the dates of treatment, the identity of the medical provider and their address, and each and every fact upon which you intend to rely to establish that you suffered from a serious health condition.

**ANSWER**:

Plaintiff had a cancerous patch on her shoulder, which was removed.

Celia Church, M.D.
Heritage Medical Center
222 2nd Avenue North, Suite 100
Nashville, TN 37023

Joseph B. DeLozier II, M.D.
209 23rd Avenue North,
Nashville, TN 37203

Plaintiff had gall bladder surgery.

Clark D. Lea, M.D.
2010 Church St., Suite 513
Nashville, TN 37203

Plaintiff is requesting medical records and reserves the right to supplement this response when the records are received.

**INTERROGATORY NO. 2:** Please set out with specificity the mental injuries or harm you allege to have suffered as a result of the allegations in your complaint, including any medical diagnosis of mental harm or injury, the name and address of the medical provider, as defined above, who made the diagnosis and the date of such diagnosis.

**ANSWER**: Ms. Wade's doctor prescribed a sleep aid (Ambien) to relieve her stress; her blood pressure also increased due to the stress, and Zoloft was prescribed (in Barrow).

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586





**INTERROGATORY NO. 3:** Please identify any medical care providers as defined above, who have treated you for any reason within the last fifteen years, by identifying their name, address, telephone number, date of service(s) and the reason for treatment.

**ANSWER**: Objection, the request to identify (any medical) treatment for any reason over a 15-year period is overbroad and burdensome, not calculated to lead to the discovery of admissible evidence. Notwithstanding that objection, Plaintiff will identify the treatment she received in 2003 and the fall of 2004. The medical records are being requested.

**INTERROGATORY NO. 4:** Please identify all former or present employers, including but not limited to any self-employment, from 1985 through present, including the name of the employer, or the identity of the self-employment, your immediate supervisor, your job title(s) with the employer, your rate(s) of pay with the employer and benefits, the address and telephone number of the employer, and the reason for leaving employment.

**ANSWER**: Objection, the request is overbroad and burdensome, not calculated to lead to the discovery of admissible evidence. Notwithstanding that objection, see resume, attached, as well as resume attached to initial disclosures. Ms. Wade has been employed from August 2005 to the present at Angelina College, 3500 South 1st St., Lufkin, Texas, 75904, (936) 639-1301.

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586





**INTERROGATORY NO. 5**: Since leaving the Ilisagvik College, please indicate all attempts you have made to find suitable alternative employment. In so doing, please indicate all attempts to secure employment, including but not limited to prospective employers contacted, the nature of the contact, the date of the contact, and the results of the contact.

**ANSWER**: Ms. Wade applied for numerous jobs, beginning when she learned that her contract with Ilisagvik would not be renewed.

Ms. Wade registered with Workforce Development offices in both Alaska and in Texas.

Registered with in June, 2004
Attn: Davona Burno, Employment Service Mgr.
Harry R. Mawson, Coordinator
State of Alaska
**Dept. of Labor & Workforce Development**
Barrow Job Center
Barrow, AK 99723
Phone: 907-852-4111
Email: harry.mawson@north-slope.org
Web site: www.jobs.state.ak.us

Mary Epperson, Human Resources (several jobs were applied for)
Anchorage School District (There were not interviews or offers)
4600 Debarr Road
Anchorage, AK 99519
Phone: 907-742-4118
www.asdk12.org

Alaska Native Heritage Center
8800 Heritage Drive
Anchorage, Alaska 99508
Phone: 907-330-8000
Fax: 907-330-8039



Thiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

EXHIBIT D
Page 4 of 34

Dr. Frank Jefferies (Left Anchorage to move to TN)
Business Department
University of Alaska Anchorage
Anchorage, Alaska
Phone: 907-786-4162
Fax: 907-786-4115
Email: afflj@cbpp.uaa.alask

Jobs applied for after arriving in Nashville, TN

January, 2005, took a short course in insurance rules, regulations, and laws. Passed the state exams and received a State of Tennessee Insurance License & was commissioned to work for Mutual of Omaha.

Garry Simerly, General Manager
Mutual of Omaha Insurance Company
830 Crescent Centre Drive, Suite 100
Franklin, TN. 37067
Phone: 615-371-1911
Fax: 615-371-1961

Because of financial difficulties, Plaintiff left Tennessee and Mutual of Omaha and moved to Texas.

Registered with spring/summer 2005
**Work Force Solutions**
317 West Church
Livingston, TX 77351
Phone: 936-327-5421
Fax: 936-327-3916

University of Alaska Anchorage
Administration Building, Rm. 125
3211 Providence Drive
Anchorage, Alaska 99508-4614
Attn: Dr. Michael Haley
Email: afmch@uaa.alaska.edu
Phone: 907-786-4395
Volunteer State Community College (No interview or follow up)
1480 Nashville Pike
Gallatin, TN 37066
Phone: 615-230-3592

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586





Fax: 615-230-3488

Dianne Reed, Ed.D. Chair of Search Committee (No Feedback)
Sam Houston State University
Educational Leadership and Counseling
Box 2119
Huntsville, TX 77341-2119
Phone: 936-294-1141

North Harris Montgomery Community College District (NHMCCD), which consisted of several community colleges that were administered under one entity, required all applications and responses to be conducted strictly by email. Only items such as copies of Transcript of Grades, etc. were required to be mailed or faxed. There were no means of contact in regards to a prospective job except by Internet. Ms. Wade was listed for 10 different jobs at various locations.

Joni Lenig
Office of Faculty and Program
Columbia State Community College
P.O. Box 1315
Columbia, TN 38402-1315
Phone: 931-540-2752
Offered adjunct position for one English course. Had already accepted Angelina College.

Dorothy Parkerson
UAF HUMAN Resources
3295 College Road, Room 108
PO Box 757860
Fairbanks, Alaska 99750-7860

Dean of Instruction and Admissions hired
Angelina College
P.O. Box 1768
Lufkin, TX 75902-1768
Phone: 936-633-5392
Email: jwright@angelina.edu

**INTERROGATORY NO. 6**: Since your resignation from the Ilisagvik College, please list all sources of income you have received, including but not limited to

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586





wages, loans, or payments made by any governmental agency or private entity. In so doing, please list the date of receipt of income, the amount, from whom it was received and the nature of the income received.

**ANSWER**:

Ms. Wade was forced to withdraw money from her PERS and TERS accounts, as shown in documents attached to her initial disclosures.

Ms. Wade received unemployment for one year in Alaska, Tennessee and perhaps in Texas, after her termination from Ilisagvik.

She received a loan from her son, which was used to purchase a travel trailer and a car.

Ms. Wade has a job as an instructor at Angelina College in Lufkin, TX.

Ms. Wade receives Social Security, $806 per month.

Ms. Wade receives $303 per month from State of Florida school district retirement.

Ms. Wade receives a TIA-CREF retirement payment of approximately $260 per year (in October) from teaching at a Tennessee university one year.

**INTERROGATORY NO. 7**: Please identify any lawsuits, or administrative proceedings in which you have ever been involved, either as a plaintiff, a claimant or a witness. In so doing, identify the name of the suit or claim and court docket number or administrative claim number, the place in which it was filed or heard, the

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586





name of the attorney, if you were represented, and his/her name and address, the substance of the claim or proceeding and the result.

**ANSWER**: Objection, the request to identify ANY lawsuit in which Plaintiff has EVER been involved is overbroad and burdensome, not calculated to lead to the discovery of admissible evidence.

Notwithstanding that objection Plaintiff was a Defendant in litigation in June 2004, because of her inability to make the payments on her condominium in Tennessee in a civil suit for debt, which is still outstanding.

Stress from her impending job loss caused her to lose her automobiles while in Barrow, and Ford Motor Company sued her.

Ms. Wade was forced to return a 7-acre parcel of land on the Cumberland River in Tennessee to the former owner. No lawsuit resulted. To the best of Plaintiff's knowledge, owner resold the property by advertising it on e-bay.

Ms. Wade rented an apartment for her granddaughter in Tennessee. Her granddaughter broke the lease, and the landlord sued Ms. Wade for $2,000 for the lease term and for alleged damage. Debt still outstanding.

Suntrust Bank student loan (federal guarantee), payments on hold; Alaska State Student Loan outstanding, currently in arrears.

**INTERROGATORY NO. 8:** Please identify any persons who have knowledge of the following:

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586





a) the medical care, health status, or serious medical condition of Bobbi Wade;

b) alleged retaliation or discrimination by defendants against Bobbi Wade;

c) emotional or mental distress, humiliation, embarrassment suffered by Bobbi Wade;

d) Bobbi Wade's job performance and ability to be assistant professor of business management; and

e) complaints, by plaintiff or other Ilisagvik College employees regarding discrimination or retaliation.

**ANSWER**: Discovery of these issues is still ongoing. This answer will be amended as further information is made known.

a) Plaintiff and Plaintiffs' doctors.

b) Refer in part to initial disclosures.

c) Plaintiff's doctors, Plaintiff, Plaintiff's granddaughter Amy Underwood Conyer.

d) Anchorage Academy One participants, David Ungli (Librarian); former supervisors, including Stan Scott; Chris Finkler (former registrar); Edna MacLean.

e) Defendants, Plaintiff, Barbara Struble.

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

**INTERROGATORY NO. 9:** Please state and describe each and every reason given to you for the non-renewal of your contract and identify the person who gave the reason, the dates of such statement, and any witnesses to same.

**ANSWER**: Pam Taylor and John Tuthill told Plaintiff that they didn't have to state a reason for her non-renewal. They notified her of the non-renewal in writing, which is in the possession of defendants. All other reasons were stated for the first time during arbitration, documents which Ilisagvik College possesses.

**INTERROGATORY NO. 10:** Please identify any other person known or believed by you to have been retaliated or discriminated against by the defendants on the basis of filing a charge of discrimination for any reason.

**ANSWER**:

Barbara Struble

Karen Stretch

Jovon Terviofski

Ludmyla Tuthill

**INTERROGATORY NO. 11**: Please identify any person you contend was treated more favorably than you were with respect to your request for medical leave, the grievance procedure, or the non-renewal of your contract, and state the facts you believe establishes another person was treated more favorably than you.

**ANSWER**:

Faculty who had a worse student failure rate – discovery into this issue is ongoing.

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586





Faculty who had a worse student retention rate – discovery into this issue is ongoing.

Faculty who had more absences – discovery into this issue is ongoing.

Faculty who are younger - discovery into this issue is ongoing.

Jay St. Vincent who it is believed had a lower failure rate - discovery into this issue is ongoing.

Jay St. Vincent who it is believed received FMLA protected leave without being terminated.

**INTERROGATORY NO. 12**: Please state all facts and grounds upon which you rely to prove your belief that your contract was not renewed due to a discriminatory or retaliatory motive.

**ANSWER**: Discovery into this issue is ongoing. So far, all facts and grounds have been stated in the complaint and in initial disclosures. Plaintiff reserves the right to supplement as new evidence is revealed.

**INTERROGATORY NO. 13**: Please state all facts and grounds upon which you rely to determine or prove that you were discharged in violation of the procedural due process guarantees of the XIV Amendment.

**ANSWER**: Discovery into this issue is ongoing. So far, all facts and grounds have been stated in the complaint and in initial disclosures. Plaintiff reserves the right to supplement as new evidence is revealed.

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586





Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: Please produce, to the extent in your possession, custody or control any documents or tangible items generated, received or reviewed by you, your attorneys or agents or investigators in the course of your investigation and prosecution of these claims. (See instructions regarding definition of Adocuments and claims).

**RESPONSE**: Objection, attorney client privilege and work product privilege applies. All discoverable information has been produced with initial disclosures, including copies of Plaintiffs' PERS and TERS information.

**REQUEST FOR PRODUCTION NO. 2**: Please produce any correspondence received or sent by you, your attorneys, investigators or agents, in the course of your investigation and prosecution of these claims. This request includes but is not limited to third-party witnesses, investigators, state or federal agencies or medical providers, as defined above.

**RESPONSE**: Objection, attorney client privilege and work product privilege applies. All discoverable information has been produced with initial disclosures or was generated and retained by defendants.

**REQUEST FOR PRODUCTION NO. 3**: Please produce any work sheets upon which you base or upon which you computed your calculations of damages.

**RESPONSE**: See PERS/TERS information produced with initial disclosures. Payroll information is generated and retained by defendants.



**REQUEST FOR PRODUCTION NO. 4**: Please produce all documents or tangible items as defined above, including but not limited to calendars, diaries, notebooks, journals, daily planners, day-timers, e-mails prepared, maintained, sent by you or received by you, or any other document or tangible item which memorializes any aspect of your employment with Ilisagvik College, or any of the allegations in your complaint, including but not limited to your claimed damages.

**RESPONSE**: Plaintiff does not keep a calendar, diary or journal. All other documents were produced with initial disclosures. If other documents are located, they will be produced.

**REQUEST FOR PRODUCTION NO. 5**: Please produce all documents or tangible items as defined above, including but not limited to resumes, cover letters, calendars, diaries, notebooks, journals, daily planner, day-timers, e-mails prepared, maintained, sent by or received by you, newspaper or magazine listings, or any other document or tangible item that memorialize any attempt by you to secure employment after your contract with Ilisagvik was not renewed.

**RESPONSE**: The UAA application was produced with initial disclosures. Other responsive documents will be forthcoming.

**REQUEST FOR PRODUCTION NO. 6**: Please produce all papers, documents, or tangible items of any kind including but not limited to pleadings, correspondence, memoranda, and orders relating to any complaints you have ever

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586





filed with the Alaska Human Rights Commission or the Equal Employment Opportunity Commission.

**RESPONSE**: Objection overbroad, not required by law to discuss or produce any complaints, if any, not filed against Defendants. If copies of the EEOC complaint filed against Ilisagvik are located they will be produced.

**REQUEST FOR PRODUCTION NO. 7**: Please produce your income tax returns for 1990 through the present.

**RESPONSE**: Objection overbroad. All returns retained by Plaintiff were produced in initial disclosures.

**REQUEST FOR PRODUCTION NO. 8**: Please produce all documents related to any grievances you have filed over employment decisions made while you were working at the Ilisagvik College.

**RESPONSE**: See initial disclosures. If other documents are found, this response will be supplemented.

**REQUEST FOR PRODUCTION NO. 9**: Please execute and return the attached employment, unemployment, and medical releases.

**RESPONSE**: These are attached. Plaintiff requires copies of all information received through these releases to be forwarded to Plaintiff.

**REQUEST FOR PRODUCTION NO. 10**: Please produce complete medical records from any and all medical providers you identified in interrogatory No. 1, 2, 3 and 7, above.

Henriksen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586





**RESPONSE**: Objection, overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence.

Ms. Wade is attempting to obtain medical records. When they are received, they will be forwarded to defendants.

**REQUEST FOR PRODUCTION NO. 11**: Please produce complete employment records from all employers identified in interrogatory no. 4, above.

**RESPONSE**: Objection, overbroad. Plaintiff has not kept 20 years worth of personnel records.

See attached release. Plaintiff requires copies of all information received through these releases to be forwarded to Plaintiff

**REQUEST FOR PRODUCTION NO. 12**: Please produce each and every document or tangible item as defined above related to, referring to, or mentioning any requests you made for unemployment compensation from 1995 to the present.

**RESPONSE**: No claim was ever made until Plaintiff was discriminated against by the defendants. Any documents retained will be produced.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all documents or tangible items as defined above that you or your attorneys or agents reviewed, used or referred to in preparing your responses to these discovery requests.

**RESPONSE**: Objection, attorney client privilege and work product privilege applies. All discoverable information has been produced.

See individual responses.

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

**REQUEST FOR PRODUCTION NO. 14**: Please produce copies of any documents or tangible items as defined above, statements, or correspondence, submitted to the Equal Opportunity Employment Commission, the Alaska State Commission on Human Rights, the Alaska Civil Liberties Union, or the State of Alaska Department of Labor, Unemployment Division Office.

**RESPONSE**: Objection, under state law this information is not discoverable. However, if any documents are found regarding the EEOC complaint filed against Ilisagvik, they will be produced.

**REQUEST FOR PRODUCTION NO. 15**: Please produce any and all documents or tangible items as defined above, relating to any claims you have made under any insurance policies in the last ten (10) years, including but not limited to, any claim forms submitted by you, any explanation of benefits notices, any rejections of claims, any statements, any correspondence sent by you or received by you regarding same.

**RESPONSE**: Objection, overbroad and irrelevant as to ANY claims made under ANY insurance policies, not calculated to lead to the discovery of admissible evidence.

To the extent it is relevant, medical issues from 2003-2004 and any mental distress claims will be produced as they are received from doctors.

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586



**REQUEST FOR PRODUCTION NO. 16**: Please produce your personal or work desk calendar, appointment book, personal diary, and computer calendar for the period 2001 through present.

**RESPONSE**: Plaintiff does not have any.

**REQUEST FOR PRODUCTION NO. 17**: Please produce receipts for all costs you have paid to bring or maintain this litigation.

**RESPONSE**: Objection, attorney work product, attorney client privileged. Without waiving such objection, costs include standard costs such as court fees, telephone, and copies.

**REQUEST FOR PRODUCTION NO. 18**. Please produce all documents or tangible items as defined above that refer directly or indirectly to your retirement plans.

**RESPONSE**: Objection, vague as to "your retirement plans."

See PERS and TERS documents, produced with initial disclosures..

**REQUEST FOR PRODUCTION NO. 19**. Please produce all documents evidencing medication you have taken for the time period 2001 through the present, including over the counter, as well as prescription medication.

**RESPONSE**: Plaintiff has no specific documentation on her medication, which includes: Ambien, blood pressure medication, Premarin, Synthroid and Zoloft.

Thiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586






**REQUEST FOR PRODUCTION NO. 20**. Please produce all documents or tangible items as defined above, you took with you from your office at Ilisagvik College, when you left employment with Ilisagvik College.

**RESPONSE**: Plaintiff "took" no items from her office. Copies of e-mails and other documents have been produced with initial disclosures.

**REQUEST FOR PRODUCTION NO. 21**: Please produce all documents or tangible items, not otherwise produced that relate to, mention, or support the allegations in your complaint.

**RESPONSE**: See initial disclosures. As other items are discovered, they will be produced.

**REQUEST FOR PRODUCTION NO. 22**: Please produce all documents or tangible items as defined above, pertaining to your present physical, emotional and/or mental health, including the results of each physical from five years before your non-renewal of contract.

**RESPONSE**: Objection overbroad and irrelevant. See doctors' notes already produced from Dr. Church and from Joseph B. DeLozier II, M.D. Plaintiff is requesting medical records, and reserves the right to supplement this response when records are received.

**REQUEST FOR PRODUCTION NO. 23**. Please produce all documents or tangible items as defined above, mentioning, relating or referring to Anchorage Academy One.

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586





**RESPONSE**: Ms. Wade's summary of her involvement with the Academy, its formation and purpose, is attached. Ms. Wade reserves the right to supplement this response should other documents relating to the Academy become available.

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586





Original Verification page will be produced upon receipt from plaintiff.

VERIFICATION

STATE OF ________________ )
) ss.
)

I, Bobbi Wade, being first duly sworn, depose and say:

I am the person above named; I have read the foregoing interrogatory answers and understand the contents thereof; I have executed it freely and voluntarily for the purpose set forth therein; and I verify that the same is true of my own knowledge.

________________________________
BOBBI WADE

SUBSCRIBED and SWORN to before me this ____ day of ________________, 2005.

________________________________
Notary Public for ________________
My commission expires:__________

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586






WITH RESPECT TO RESPONSES TO REQUESTS FOR PRODUCTION AND ANY OBJECTIONS TO THE FOREGOING DISCOVERY RESPONSES.

DATED this 14th day of November, 2005, Anchorage, Alaska.

CLAPP, PETERSON, VAN FLEIN, TIEMESSEN & THORNSESS, LLC
Attorneys for Plaintiff

By: ______________________
Linda J. Johnson, #8911070

Certificate of Service:

I certify that a copy of this document was mailed X, faxed _____, hand delivered_____ on November 14, 2005, to the following:

Cynthia Ducey, Esq.
Delaney, Wiles, Hayes, Gerety, Ellis & Young
1007 W. 3rd Ave., Ste. 400
Anchorage AK 99501

Peter C. Gamache,Esq.
405 W. 36th Avenue, Suite 201
Anchorage AK 99503

By: Barbara M. Pauli

F:\Document\WADE v. Ilisagvik College\disc plntf responses to 1st discov requests 11-14-05.doc

Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

*Bobbi J. (Underwood) Wade*

# Synopsis of Past Performance

## Education and Certificates

Presently enrolled in a Ph.D. program in English and Educational Leadership
Master's degree in Educational Leadership + 55 Graduate Hrs. which includes:

1. Educational Administration
2. Finance & Budget
3. School Law
4. Reconstruction Theory
5. Human Relations in Education
6. Curriculum Theory
7. Qualified as an Educational Specialist for the Tennessee State Department of Education

## Achievements and Experience

*University of Alaska Anchorage*
*Anchorage, Alaska*
January 1998 - December 1999

Annual contract as Professor of Technical Communications. Duties included:

1. Ethical & legal Considerations
2. Multiculturalism & Collaboration
3. Electronic Communication Tools
4. Determining purpose & Strategy
5. Integrating Design, Graphics
6. Drafting Documents
7. Writing Formal Reports
8. Drafting Manuals

*Anchorage School District*
*Anchorage, Alaska 99504*
September 1995 - 1996

Served as a Principal Intern in coordination with the Anchorage School District. This work included coordinating, planning, budgeting, organizing, and implementing State and Federal funding due to innovative programs. Programs such as Restructuring, Curriculum Review and implementation, Site-Based Management, Core Curriculum, Integrated Assessment System, and Curriculum Initiative Cost Summaries, etc. All programs were developed to meet the needs of students from diverse, socioeconomic, and cultural backgrounds. Other specific duties were:

1. Administered a budget-control ledger for teacher/staff expenditures
2. Interviewed, assessed, & hired personnel
3. Coordinated & compiled ASD reports in student performance
4. Supervision of student & discipline reports
5. Organized & implemented staff meetings



6. Assessed criteria for meeting goals & objectives
7. Coordinated and compiled state & Federal accreditation standards
8. Other duties required by the administration of the ASD & UAA

*Elmendorf Air Force Base* May 1996 - August 1997
*Anchorage, Alaska*

Annual contract to instruct and coordinate classes for adults and youth who were military personnel, spouses, and family. The classes were held at the Development Skills Center on the Base for off-hours from work or school for recreational purposes. The contract consisted of organizing, scheduling, planning, budgeting, and implementation of classes.

*Anchorage Academy One* May 1997 - Present
*Anchorage, Alaska*

Successfully completed a feasibility study for establishing a private school in Anchorage, Alaska, based on supervision as a proactive process. All criteria was met concerning local, State, and Federal regulations and laws, which are required by the Alaska State Department of Education. This work was done in coordination with the Alaska SBA, PTAC, and an official of a local bank. Funds were approved for this project guaranteed by the Small Business Administration.

Organized and implemented a feasibility study for incorporating educational services and training as part of the curriculum for *Anchorage Academy One* by means of procurement of contracts, which pertain to analysis, grants, contracts, development, technology, coordination, administration, consultation, and educational training. The project was successfully orientated into the business with the coordination of the PTAC, which is an affiliate of the University of Alaska Anchorage.

*Arctic Sivunmun Ilisagvik College* September 1992 - May 1993
*Barrow, Alaska*

Fulfilled an annual contract to instruct Office Management, and Records and Database Management, which included Distance Education to other remote sites within the North Slope Borough of Alaska. Duties included:

1. Distance Education by electronic and audio technology.
2. Classroom instruction in electronic database technology.

3. Evaluated and assessed student achievement.
4. Met university requirements in student placement.
5. Monitored and fulfilled the requirement for a Federal Grant funded for the North Slope Borough libraries.
6. Served as Assistant Librarian in absence of Librarian.

*Enterprise State Jr. College* More than 5 years
*Enterprise, Alabama*

Contracted to teach Methods of Written Communications to the military personnel and spouses at *Ft. Rucker Helicopter Training Center, Ft. Rucker, Alabama.* These classes consisted of adult students who were on active duty and pursuing higher educational goals. Other duties were:

1. Coordinated student schedules to coincide with military duties.
2. Coordinated group and individual courses of study.
3. Evaluated and assessed students.
4. Recommended and approved student placement in ongoing programs of higher education.
5. Counseled and consulted with students in personal and school problems.

*Tennessee State University* More than 5 years
*Nashville, Tennessee*

Annual contract to instruct Developmental Studies, and Methods of Written Communications: Duties consisted of:

1. Preparation of a Scope and Sequence program composed of course outline and projects to be completed for evaluation.
2. Lecturing and monitoring oral and written reports.
3. Scheduled conferences, and counseled students on school related problems.
4. Assessed and evaluated student progress to recommend placement for ongoing higher education.

*Jackson County School Board* More than 5 years
*Marianna, Florida*

Continuing contract as an English Instructor and Media Specialist. Some of the duties consisted of:

1. Chairperson of the English Department.

Exhibit D
Page 24 of 34

2. Senior sponsor and counselor.
3. Coordinated and wrote curriculum guides.
4. Coordinated, outlined, and planned a Scope and Sequence program on a county-wide basis.
5. Counseled seniors in educational and career development in obtaining scholarships, grants, etc. to institutions of higher learning.
6. Assessment and evaluation of student performance.
7. Instructor in the Adult Education program provided for adults to obtain a high school diploma.
8. Coordinated and implemented a summer recreation program in arts and crafts in coordination the Adult Education program on a county-wide bases.
9. Media Specialist.
10. Supervisor of Media Center which included administrative duties; budget-control ledger, etc.
11. Coordinated and supervised workshops for county-wide classroom teachers on the use of audio and video equipment in the in the classroom.
12. Supervised and scheduled a staff of twelve employees.

Also, served periodically on the Superintendent's staff on a collaborative basis in writing State Accreditation Standards, proposals for Federal Grants, and Curriculum Guides on a county-wide basis for the purpose of meeting goals and objectives to meet the requirements of the Florida State Department of Education.

*Agricultural Stabilization and Conservation Service, USDA*
*Marianna, Florida* More than 5 years

Served six years as an Agricultural Conservation Program specialist, who administers specified commodity and related land-use programs. These programs and projects included:

1. Disaster and Emergency Assistance
2. Conservation Reserve Programs
3. Commodity Credit Corporation
4. Rural Clean Water Program
5. Emergency Conservation Program
6. Water Bank Program
7. Soil Bank Program
8. Forestry Incentives Program and others



Also, aided farmers and ranchers carry out programs in cooperation with other Federal and State agencies and organizations. Administered programs through a network of State and county offices. Administered programs prescribed by the Federal Emergency Management Agency as a result of a Presidential declaration of disaster or an emergency. Assessed and solved conservation problems, and completed projects in conservation and environmental protection practices through cost-sharing and exchange of technical expertise. Controlled and dispersed a multi-million dollar budget annually, which was audited annually by Federal officials.

## Personal Honors and Additional Information

1. Who's Who in American Colleges and Universities.
2. Dean's List, President's List
3. Kappa Delta Pi Honor Society
4. Graduated Magna Cum Laude
5. Computer Skills
6. Excellent Public Relations Skills

## References

Dr. Kate Sandberg, Chair
University of Alaska Anchorage
Anchorage, Alaska 99508
Phone: (907) 786-4368
E-mail: msandberg@aol.com

Frank Randazzo, Principal
Northwood Elementary School
Anchorage, Alaska 99503
Phone: (907) 248-0100
Email: Randazzo_Frank@
msmail.asd.k12

Wilson Brodgen, Manager
U.S. Department of Agriculture
Marianna, Florida 32447-6166
Phone: ( 850) 526-2610

Bob Matheny, CCAS
University of Tennessee
Nashville, Tennessee 37219
Phone: (615) 532-8885
E-mail: matheny@utk.edu

Vanessa Langston
University of Tennessee
Nashville, Tennessee 37219
Phone: (615) 532-8657
E-mail: langston@utk.edu

Mike Taylor
PTAC
University of Alaska Anchorage
Anchorage, Alaska 99508
Phone: (907) 274-7232
E-mail: angmt1@uaa.alaska.edu

EXHIBIT D
Page 26 of 34

# RECORDS RELEASE

TO: State of Alaska, Department of Labor

The undersigned, **BOBBI J. WADE**, authorizes the law firm of DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG., INC., or persons employed on its behalf, to inquire of all divisions of the State of Alaska, Department of Labor, Employment Security Division, or other persons or entities having information pertaining to the records specified herein of the undersigned, and to acquire from these persons or entities such documents and materials, records, notes and physical evidence as are in their possession, including but not limited to: any applications for unemployment compensation, applications for employment, job search information, evaluations, notes, correspondence, and other written documents pertaining to benefits applied for or paid to me by the State of Alaska, Department of Labor.

DATED: 11/01/05

Bobbi J. Wade
BOBBI J. WADE
SS#: [redacted]
DOB: [redacted]

STATE OF ~~ALASKA~~ TENNESSEE )
) ss:
THIRD JUDICIAL DISTRICT )

SUBSCRIBED AND SWORN to before me this 1 day of NOV, 2005.

Robert C Mullin
Notary Public for ~~Alaska~~ Tennessee
My Commission Expires: MAY 23, 2009

ROBERT C. MULLIN STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY

EXHIBIT D
Page 22 of 34

## RELEASE FOR WORKER'S COMPENSATION RECORDS

I, **BOBBI J. WADE**, by my signature below, authorize the law firm of Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc., or its agents, to obtain copies of any and all records held by the State of Alaska Division of Workers' Compensation which may pertain to me, including any claims, medical records or evaluations, payments or other filings with the Division of Workers' Compensation.

A HIPAA compliant medical authorization is provided in conjunction with this release, which allows for release of all records in my Workers' Compensation file regarding any medical treatment or other records which may be part of my designated record set, or otherwise considered to be protected health information.

A copy of this release may be considered as valid as the original.

DATED this 1 day of NOV, 2005.

Bobbi J. Wade
**BOBBI J. WADE**
D/O/B: [redacted]
S.S.#: [redacted]

SUBSCRIBED AND SWORN TO before me this 1 day of NOV, 2005.

Robert C Mullin
Notary Public in and for Tennessee
My Commission Expires: May 21, 2009

ROBERT C. MULLIN STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY

# EMPLOYMENT INFORMATION RELEASE

I, **BOBBI J. WADE**, by my signature below, authorize the law firm of Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc., or its agents, to obtain any and all of my past or present employment records, including, but not limited to: payroll records, descriptions of duties, performance evaluations, commendations or disciplinary actions and dates of absences and reasons therefore.

This release also allows, but does not require, any employer or supervisor to discuss my employment history with a representative of Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.

A HIPAA compliant medical authorization accompanies this release in order that any otherwise protected medical information contained in my employment or personnel files may be released.

A copy of this release may be considered as valid as the original.

DATED this ____ day of ________________, 2005.

Bobbi J. Wade
**BOBBI J. WADE**
D/O/B: [redacted]
S.S.#: [redacted]

SUBSCRIBED AND SWORN TO this 1 day of NOV, 2005.

Robert C. Mullin
Notary Public in and for TENNESSEE
My Commission Expires: MAY 21, 2009

ROBERT C. MULLIN
STATE OF TENNESSEE NOTARY PUBLIC
DAVIDSON COUNTY

Exhibit D

**MEDICAL INFORMATION & RECORDS RELEASE**
**And HIPAA AUTHORIZATION FORM**

**TO: Alaska Regional Hospital**

I, **Bobbi J. Wade**, by filing a personal injury lawsuit, have waived my physician-patient privilege [*Trans-World Investments v. Drobny*, 554 P.2d 1148 (Alaska 1976)]. By my signature on this authorization, I hereby authorize the law firm of DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., or their representative, to obtain my **designated record set**, which includes any and all information which is relative to my past or current physical or mental medical condition. This authorization covers all **protected health information for treatment, payment, and health care operations**, including but not limited to, any and all treatment records, reports, evaluations, diagnoses, prescriptions, progress notes, medication orders sheets, hospital, pharmacy, emergency room or treatment records, whether paper or electronic, as well as radiology films and reports, **in your possession or the possession of your facility, whether prepared by you or received from another source**. This release **also includes billing records.**

The disclosure of this information is for the **purpose of litigation**. This release also authorizes, but does not require, physicians and other health care providers to discuss my history, care and treatment and prognosis with a representative of DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., pursuant to the rule established in *Langdon v. Champion*, 745 P.2d 1371, 1374 (Alaska 1987).

I understand that this consent for disclosure of medical records constitutes a partial waiver of my right to confidentiality of psychological and psychiatric treatment as well as drug or alcohol treatment under **42 U.S.C. §§ 290 dd-3 and 42 C.F.R. § 2.1** et seq.

**I specifically authorize disclosure of information otherwise protected under the Health Insurance Portability and Accountability Act [HIPAA]** to DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., or their representative. I understand that once the information is disclosed, it **may be re-disclosed** by the recipient and the information may not be protected by federal privacy laws or regulations.

I understand that I have the **right to revoke** this authorization at any time, and if I do revoke it, I must do so **in writing.** I understand that the revocation **will not apply to information that has already been released** in response to this authorization. I understand my **health care, eligibility to receive health care, benefits, and payment for that health care will not be affected** by my decision to sign this form.

* This release is provided with the understanding that **copies** of any records retrieved by DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., **will be provided to me or my attorney**, as provided for by 26(a)(1)(D) of the Alaska Rules of Civil Procedure.

A **photocopy of this release** shall have the same authority as the original. This release will **expire in six months**, or earlier if revoked by me in writing. I certify that I have **voluntarily signed this Release.**

Pursuant to 45 C.F.R. 164.524(b)(2)(i), the covered entity **must act on this request for access no later than 30 days after receipt** of the request.

Date: 11/01/05

Bobbi J. Wade
**Bobbi J. Wade**
**Date of Birth:** [redacted]
**Social Security Number:** [redacted]

SUBSCRIBED AND SWORN TO before me this 1 day of NOV, 2005.

ROBERT C. MULLIN — STATE OF TENNESSEE NOTARY PUBLIC — DAVIDSON COUNTY

Robert C Mullin
Notary Public in and for ~~Alaska~~ TENNESSEE
My Commission Expires: MAY 21, 2009

**MEDICAL INFORMATION & RECORDS RELEASE**
**And HIPAA AUTHORIZATION FORM**

TO: ____________________

I, Bobbi J. Wade , by filing a personal injury lawsuit, have waived my physician-patient privilege [*Trans-World Investments v. Drobny*, 554 P.2d 1148 (Alaska 1976)]. By my signature on this release, I hereby authorize the law firm of DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., or their representative, to obtain my designated record set, which includes any and all information which is relative to my past or current physical or mental medical condition. This authorization covers all protected health information for treatment, payment and health care operations, including, but is not limited to, any and all treatment records, reports, evaluations, diagnoses, prescriptions, progress notes, medication orders sheets, hospital, pharmacy, emergency room or treatment records, whether paper or electronic, as well as radiology films and reports, **in your possession or the possession of your facility, whether prepared by you or received from another source**. This also includes billing records.

The disclosure of this information is for the purpose of litigation. This release also authorizes, but does not require, physicians and other health care providers to discuss my history, care and treatment and prognosis with a representative of DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., pursuant to the rule established in *Langdon v. Champion*, 745 P.2d 1371, 1374 (Alaska 1987).

I understand that this consent for disclosure of medical records constitutes a partial waiver of my right to confidentiality of psychological and psychiatric treatment as well as drug or alcohol treatment under 42 U.S.C. §§ 290 dd-3 and 42 C.F.R. § 2.1 *et seq*.

I specifically authorize disclosure of information otherwise protected under the Health Insurance Portability and Accountability Act [HIPAA] to DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., or their representative. I understand that once the information is disclosed, it may be re-disclosed by the recipient and the information may not be protected by federal privacy laws or regulation.

I understand that I have the right to revoke this authorization in writing at any time, and if I do revoke it, I must do so in writing. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand my health care and payment for health care will not be affected by my decision to sign this form.

* This release is provided with the understanding that copies of any records retrieved by DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., will be provided to me or my attorney, as provided for by 26(a)(1)(d) of the Alaska Rules of Civil Procedure.

A photocopy of this release shall have the same authority as the original. This release will expire in six months, or if earlier revoked by me in writing. I certify that I have voluntarily signed this Release.

Pursuant to 45 C.F.R 164.524(b)(2)(i), the covered entity must act on this request for access no later than 30 days after receipt of the request.

Date: 11/01/05

Bobbi J. Wade
Bobbi J. Wade
DOB:
SSN:

SUBSCRIBED AND SWORN TO before me this 1 day of NOV, 2005.

Robert C. Mullin
Notary Public in and for ~~Alaska~~ TENNESSEE
My Commission Expires: MAY 23, 2009

ROBERT C. MULLIN
STATE OF TENNESSEE NOTARY PUBLIC
DAVIDSON COUNTY

D

**MEDICAL INFORMATION & RECORDS RELEASE**
**And HIPAA AUTHORIZATION FORM**

**TO: Providence Alaska Medical Center**

I, **Bobbi J. Wade**, by filing a personal injury lawsuit, have waived my physician-patient privilege [*Trans-World Investments v. Drobny*, 554 P.2d 1148 (Alaska 1976)]. By my signature on this authorization, I hereby authorize the law firm of DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., or their representative, to obtain my **designated record set**, which includes any and all information which is relative to my past or current physical or mental medical condition. This authorization covers all **protected health information for treatment, payment, and health care operations**, including but not limited to, any and all treatment records, reports, evaluations, diagnoses, prescriptions, progress notes, medication orders sheets, hospital, pharmacy, emergency room or treatment records, whether paper or electronic, as well as radiology films and reports, **in your possession or the possession of your facility, whether prepared by you or received from another source**. This release **also includes billing records.**

The disclosure of this information is for the **purpose of litigation**. This release also authorizes, but does not require, physicians and other health care providers to discuss my history, care and treatment and prognosis with a representative of DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., pursuant to the rule established in *Langdon v. Champion*, 745 P.2d 1371, 1374 (Alaska 1987).

I understand that this consent for disclosure of medical records constitutes a partial waiver of my right to confidentiality of psychological and psychiatric treatment as well as drug or alcohol treatment under **42 U.S.C. §§ 290 dd-3 and 42 C.F.R. § 2.1** et seq.

**I specifically authorize disclosure of information otherwise protected under the Health Insurance Portability and Accountability Act [HIPAA]** to DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., or their representative. I understand that once the information is disclosed, it **may be re-disclosed** by the recipient and the information may not be protected by federal privacy laws or regulations.

I understand that I have the **right to revoke** this authorization at any time, and if I do revoke it, I must do so **in writing. I** understand that the revocation **will not apply to information that has already been released** in response to this authorization. I understand my **health care, eligibility to receive health care, benefits, and payment for that health care will not be affected** by my decision to sign this form.

* This release is provided with the understanding that **copies** of any records retrieved by DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC., **will be provided to me or my attorney**, as provided for by 26(a)(1)(D) of the Alaska Rules of Civil Procedure.

A **photocopy of this release** shall have the same authority as the original. This release will **expire in six months**, or earlier if revoked by me in writing. I certify that I have **voluntarily signed this Release.**

Pursuant to 45 C.F.R. 164.524(b)(2)(i), the covered entity **must act on this request for access no later than 30 days after receipt** of the request.

Date: 11/01/05

[signature]
**Bobbi J. Wade**
**Date of Birth:** [redacted]
**Social Security Number:** [redacted]

SUBSCRIBED AND SWORN TO before me this 1 day of NOV, 2005.

[signature]
Notary Public in and for ~~Alaska~~ Tennessee
My Commission Expires: MAY 21, 2009

ROBERT C. MULLIN
STATE OF TENNESSEE NOTARY PUBLIC
DAVIDSON COUNTY

Exhibit D

Anchorage Academy One

Anchorage Academy One was established in April 1997 with the encouragement, help, and assistance of Mike Taylor. Mike was, at that time, Program Manager of the Procurement Technical Assistance Center for the University of Alaska Anchorage Small Business Development Center. Also, Annette Wambolt, Business Counselor, of the University of Alaska Small Business Development Center assisted with the development of Anchorage Academy One. An Alaska business license was obtained along with a tax identification number, and also a Dunns number to be listened with Dunn and Bradstreet in a national journal of small businesses. All formality was carefully executed to begin the business.

The purpose of Anchorage Academy One was to provide educational services and training for federal, state, and public organizations by means of procurement of contracts, which pertain to analysis, grants, contract, development, technology, coordination, administration, curriculum, consultation, and educational training.

The business was organized as an independently, woman owned, small business with no affiliates. Only the most highly certified, qualified, and skilled personnel was employed to perform the duties specified in the DOW of each awarded contract.

Many years of formal education, experience, and dedication form the foundation of Anchorage Academy One. Integrity, honesty, and performance are the prevailing factors which contribute to its success.

An attempt to begin a business in Anchorage was thwarted by the procrastination of a person who had to process important paperwork in order for the progress to proceed. Because of the lack of cooperation on this person's part, I was pressed to take another teaching job, which was in Tennessee with the Middle Tennessee State University. I began work there as an adjunct English and art instructor. I carried a full load (12 Qt. Hrs.) as an adjunct and also enrolled in a graduate program (DA) in English and Educational Leadership. At that time my last name was Underwood. During the Christmas holidays of 1997, a companion, Bill Wade, who I had spent several years with in Anchorage, came down to Tennessee to visit with me, and while there, we were married on December 24, 1997. He returned to Anchorage to his job, and I stayed in Tennessee to finish out the school year. At the end of the school year, I returned to Anchorage to reside with my husband.

The summer of 1998, I moved back to Anchorage and obtained an adjunct teaching job with UAA as an English instructor, and also taught one English class with the Alaska Pacific University in Anchorage. The Anchorage Academy One was put on hold during this time although I did retain the Alaska Business License. I taught for one year (1998/1999) in this capacity and on into the fall semester of 1999. In December of 1999, with a contemplation of divorce, I moved back to Tennessee. I obtained an adjunct job with Nashville State Technical College for the spring semester of 2000. At the same time, I contacted The University of Tennessee Center for Industrial Services and inquired about the same services I had received in Alaska to begin Anchorage Academy One. I was directed to Bob Matheny, Director, and set up a meeting with him. This was the same organizational purposes that I had used in Alaska with UAA. I met with Mr. Matheny and informed him of the formation of Anchorage Academy One and its purpose. He was immediately responsive and eager to help coordinate and continue in the state of Tennessee. We worked for several months writing proposals for contracts. Anchorage Academay One was a new business and consequently, did not actively function long enough to be awarded a government contract, but we did some good work and was on the top of the list to be awarded a $32 million contract to teach ABE classes on 18 US Airforce bases. In the summer of 2000, I decided I wanted to move back to Alaska for personal reasons concerning my estranged husband. Upon arriving in back in Anchorage, I immediately applied for several jobs including Ilisagvik College in Barrow, Alaska. I was called and offered the job by Pam Taylor, Human Resource Director of Ilisagvik. I accepted the job and immediately moved to Barrow to begin work there. Upon being in a remote site, I gave up the work I had started with Anchorage Academy One and also the pursuit of a doctor's degree in order to devote my full attention to my work at Ilisagvik

College.



