Linda J. Johnson
Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501-3454
(907) 272-9272
(907) 272-9586 fax
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BOBBI WADE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ILISAGVIK COLLEGE; NORTH SLOPE BOROUGH; JOHN TUTHILL, individually; and PAMELA TAYLOR, individually,<br><br>　　　　　　　　　　Defendants. | Case No. 3:05-cv-086-TMB |

## OPPOSITION TO MOTION TO COMPEL CONTINUED DEPOSITION OF PLAINTIFF

Plaintiff Bobbi Wade opposes the motion to compel a continuation of her deposition. Fed. R. Civ. P. 30(d)(2) presumptively limits a deposition to one day and 7 hours. Ms. Wade has already voluntarily accommodated Defendants, Ilisagvik College, John Tuthill and Pamela Taylor, and has been deposed for 8.9 hours over two days in May 2006. Plaintiffs do not articulate good cause to continue the deposition. Defendants' motion should be denied.

Opposition to Motion to Compel Continued Deposition
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 1 of 15

## I.   MANY OF THE FACTS CITED ARE NOT GERMAINE TO THE ISSUE.

Defendants allege a multitude of extraneous facts that relate to their defenses and their perceptions of the events at Ms. Wade's deposition. Plaintiff will respond to those facts only as necessary. Any facts not specifically addressed are denied.

## II.   THE COURT SHOULD DENY THE REQUEST FOR MORE DEPOSITION TIME.

### A.   One Day Of Seven Hours Is A Presumptive Limit; Nine Hours of Questioning Is Sufficient.

When the federal rule on depositions was amended in 2000, the limit on deposition time became a presumptive limit. Fed. R. Civ. P. 30(d)(2) states:

> "(2) Unless otherwise authorized by the court or stipulated by the parties, a deposition is <u>limited to one day of seven hours</u>. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination."

Emphasis added. The Advisory Note for Rule 30(d) states: "Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition."

The Advisory Note for Rule 30(d) provides that the parties may agree to extend the time limit by agreement. Ms. Wade did so in this case. At 5:00 pm on

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Opposition to Motion to Compel Continued Deposition
<u>Wade v. Ilisagvik</u>, Case No. 3:05-cv-086-TMB
Page 2 of 15

the first day of deposition, after 6 hours of deposition time had elapsed[1], Defendants raised the issue of continuing the deposition for a second day and extending the 7 hour time limit. Affidavit of Linda Johnson, attached. The matter was considered and Bobbi Wade voluntarily agreed to extend the time available for her deposition by <u>an additional two hours</u>, and agreed to break the deposition into two separate days. See Letter Dated May 3, 2006. Ms. Wade was not required to extend the deposition, but believed that the extra time and the second day would allow a reasonable amount of time for Defendants and the North Slope Borough to ask every relevant question. Ms. Wade contends that the extra two hours of deposition time was a reasonable accommodation as anticipated by the Federal Rules and should have avoided the need to request the Court to intervene. See Advisory Committee Notes.

The depositions of Pamela Taylor and John Tuthill were also taken in May 2006. Ms. Taylor's deposition lasted 7 hours (6:58), and included questions from the North Slope Borough's attorney. Affidavit. Mr. Tuthill's deposition lasted 7 hours 26 minutes, including questions from the North Slope Borough's attorney. *Id*.

---

[1] The May 1, 2006 deposition of Bobbi Wade was scheduled to begin at 9 a.m. and all parties were present and ready. Affidavit. However, counsel for Defendants did not like the video camera angle and required the operator to move his heavy and substantial equipment, which delayed the start of the deposition. *Id*. Likewise, at 5 p.m., counsel for defendant declared that she had set another appointment for 7 p.m. and could not continue the deposition past 5 p.m., despite all other parties availability. *Id.* If defendants' counsel had been on time and prepared to continue questioning the day Ms. Wade's deposition was set, Defendants' would have had further opportunity to depose Ms. Wade. Defendants' tactical decisions kept them from doing so.

Opposition to Motion to Compel Continued Deposition
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 3 of 15

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

These two depositions were subject to the same amount of documents, issues and parties, but were completed reasonably close to the 7 hour, one day, time frame dictated by the federal rules. Conversely, Ms. Wade's deposition lasted 9 hours and Defendants now ask this Court to order Ms. Wade to submit to an unlimited amount of time in addition to the previous nine hours. The request for more time is unreasonable and the request for unlimited time is per se unreasonable.

### B. Defendants Do Not Present Good Cause For The Court To Order More Than Nine Hours For Plaintiff's Deposition.

The heart of Defendants' request for more time is that they did not question Ms. Wade on her claims of age discrimination, whistleblower, 43 U.S.C. § 1983, and intentional infliction of emotional distress. Defendants' only argument is that they spent their 9 hours questioning on other topics and simply didn't get to these issues yet. Although *In re Sulfuric Acid Antitrust Litigation,* 230 F.R.D. 527 (N.D. Ill. 2005) is not binding on this Court,[2] it is instructive. In that case, the Plaintiff moved to compel further questioning of a witness because she had not covered every topic. The court said:

> "In every deposition choices have to be made about the subject matter to be covered. The 7 hour rule necessitates, especially in complex cases, that almost all depositions will be under-inclusive. The examiner therefore, must be selective and carefully decide how to apportion her time."

---

[2] None of the cases cited by Defendants is binding on this Court and should be taken only as an indication of what other trial courts have done, not whether those courts have made a determinative ruling.

Opposition to Motion to Compel Continued Deposition
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 4 of 15

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

*Id.* at 532. The claims Ms. Wade has made are mostly intertwined factually. There is no particular fact that was not covered during Ms. Wade's deposition that only pertains to one of the above cited claims. Instead, Defendants state that they didn't have the opportunity to specifically and deeply explore each and every issue individually.[3] This is not the standard. Defendants had nine hours to ask Ms. Wade questions about any topic. Defendants list throughout their brief the topics they did cover. They asked Ms. Wade about her serious health condition and her medical claims, her granddaughter, her teaching practices, her education and qualifications, their defenses, and her damages. The fact that defendants elected not to spend time specifically on named claims is not grounds for more time.

Defendants made tactical choice to question hard on some topics and ignore others during Ms. Wade's deposition. As stated by the Illinois court, the examiner must be selective and carefully decide how to apportion the allotted time. Defendants have already questioned Ms. Wade for 9 hours on a wide variety of topics. The Court should not compel Ms. Wade to undergo any more deposition questions, let alone an "unlimited amount" as requested by Defendants. The

---

[3] Defendants' claim that this case is substantial based upon the number of claims, the amount of discovery done to date and the timeline of events. Interestingly, during oral arguments on April 10, 2006, Defendants repelled Plaintiff's motion to compel production of documents, stating that this is not a huge case, that it did not take a lot of energy to defend the case, and that they should not have to produce many documents because the nature of the issues did not justify it. Now, however,

**Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Opposition to Motion to Compel Continued Deposition
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 5 of 15

motion should be denied.

### C. Defendants' Complain About Time Spent Reviewing Documents But Failed To Provide a List of Documents To Review Prior To The Deposition, Despite The Rule 30 Advisory Note Suggestion.

As a reason to re-open the nine hour deposition, Defendants state that Ms. Wade "claimed forgetfulness or lack of knowledge at least 60 times." Memo, Motion to Compel, at 6. However, Defendants' attorney refused to help Ms. Wade refresh her memory by presenting her with appropriate documents. In fact, several such exchanges took place on the record. For example:

> Q. Okay. You saw her on November 1st at Samuel Simmons Hospital. Says, "Patient follow up with chronic medical issues. States for three or four months she's been getting light-headed when changing positions, walking fast or bending at work. Also, thinks she's getting very forgetful. Sometimes she calls somebody and then forgets why or who she called. 'I'm under a lot of stress.' Her son is ill after having 60 percent of his liver removed secondary to cancer. He's in intensive care in the Lower 48. 'I just feel guilty that I'm up here.' Thinking about returning this year. Assessment, blood pressure up." Does that refresh your recollection about seeing Dr. Aragunda?
> A. I don't recall ever writing or saying those words.
> Q. Uh-huh.
> MS. JOHNSON: Do you have something for her to look at?
> MS. DUCEY: <u>I don't need to show her anything</u>.
> . . . .
> MS. JOHNSON: Objection, foundation. Since you haven't shown her anything, she doesn't have anything to verify whether she's said that or not.
> MS. DUCEY: <u>I don't have to show her anything.</u>

Wade deposition at 124-126, emphasis added.

> A. I received the telephone call -- if -- <u>if you could show me the note</u>.

to support their own motion to compel, Defendants have reversed their assessment.

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Opposition to Motion to Compel Continued Deposition
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 6 of 15

> Q. I'm just asking you not the date that you received the note, I'm asking when in relation to receiving that note did you get the phone call?
> MS. JOHNSON: Could you ask her -- <u>could you let her look at Exhibit 32?</u>
> MS. DUCEY: <u>No, I don't need to</u>.

Wade deposition at 308, emphasis added.

Despite obviously possessing relevant documents, Defendants' counsel refused to allow Ms. Wade to review documents to help jog her memory.[4] This scenario played out time and again, despite Ms. Wade's continued request for documents to review. Ms. Wade's responses of "I don't know" were also coupled with a request for a document to look at to refresh her memory. The request was ignored.

Rule 30(d)(2) states as one ground, that if a party impedes or delays the examination, the Court must grant more time. Ms. Wade's responses and requests for documents to help her remember facts did not "impede or delay" the deposition. The purpose of a deposition is to find out what the witness knows and recalls. When Ms. Wade answered that she did not recall without looking at a document, Defendants learned the scope of Ms. Wade's independent memory.

Likewise, Defendants criticism of Ms. Wade's pre-deposition preparation and claim that the deposition took longer than necessary because Ms. Wade had not

---

[4] Defendants briefly state that Ms. Wade's counsel was "coaching" her testimony. This was not the case. Ms. Wade's counsel was holding a document without comment or gesture for Ms. Wade to review when she was being questioned about it.

Opposition to Motion to Compel Continued Deposition
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 7 of 15

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

read many of the documents Defendants wanted to question her about is also insufficient for the Court to find that she "impeded or delayed" the deposition. Ms. Wade had no way of knowing which documents Defendants would rely upon prior to the deposition. Defendants did not submit a list of documents ahead of time for Ms. Wade to review. The Advisory Note to Rule 30(d) states that to speed a deposition along:

> In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them.

If Defendants had sent copies of documents or even a list of documents by number, Ms. Wade would have been happy to review those documents prior to her deposition. But since that did not happen, complaints about Ms. Wade's failure to review documents are self serving. Ms. Wade had a right to review a document she was presented with prior to testifying about its contents.

Ironically, in the days leading up to the deposition of Cheryl McKay, who was represented by Defendants' attorney at her deposition, Ms. Wade informed Defendants <u>prior to the deposition</u> that she intended to ask Ms. McKay about her participation in the administrative hearing. Letter dated December 19, 2005. When questions arose regarding Ms. McKay's preparation for the deposition, Defendants' counsel responded: "She's not required to review anything prior to a deposition." McKay deposition at 40. Ms. Wade accepted this answer and allowed time for Ms. McKay to review the hearing transcript prior to asking questions about it.

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Opposition to Motion to Compel Continued Deposition
<u>Wade v. Ilisagvik</u>, Case No. 3:05-cv-086-TMB
Page 8 of 15

Ms. Wade's inability to remember facts without looking at relevant documents did not rise to the level of interference with Defendants' questioning. Defendants made the choice not to show Ms. Wade documents during the deposition or provide a pre-deposition list of documents to review and should not now be allowed to use their tactical choice as grounds for re-deposing Ms. Wade.

### D. The Number Of Documents Produced Is Artificial And Is Not Cause To Continue The Deposition.

Defendants claim that they have produced 5864 pages of discovery and that the sheer volume of documents supports their claim for more time. However, what Defendants do not state is that when they originally produced the first half of their initial disclosures, many documents were redacted, despite the signed, Court approved confidentiality order. The number of documents doubled when Defendants <u>re-produced the same documents</u>, this time without redaction, as they should have in the beginning. Defendants' refusal to supply proper initial disclosures placed a greater burden on all parties in this case than was necessary and artificially raised the number of document produced by Defendants.

The actual number of documents produced by both sides in this case is no greater than most civil cases and does not justify more deposition time.

### E. Ms. Wade Has Provided Medical Records, Even Though Defendants Have Had Equal Access.

Defendants claim that Ms. Wade has failed to identify or produce her medical providers for the last **15** years. However, Defendants must have forgotten

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Opposition to Motion to Compel Continued Deposition
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 9 of 15

that they voluntarily stipulated to limit the number of years that they sought medical information to **10** years. See Joint Report to Court on Discovery Status, filed April 25, 2006. The 15 year request for medical records is out of date and no longer valid. Likewise, within the agreed upon 10 year time frame for medical records, Ms. Wade has used only one name: Bobbi J. Wade. Therefore it is misleading for Defendants to claim that they did not know about the last names she has used, somehow intimating that they were unable to locate documents from her prior providers.

Ms. Wade has provided a great number of medical records, despite the Defendants' ability to obtain those records on their own behalf via her release (see below). In Ms. Wade's initial disclosures, she listed the following doctors with contact addresses:

1. Dr. Celia Church, Heritage Medical Center;
2. Dr. Joseph B. DeLozier, III, PLLC;
3. Clark D. Lea, M.D., P.C.;
4. Michelle L. Snyder, D.O.;
5. Andrea Trinchet, RN, BSN;
6. Soraya Aragundi, M.D.; and
7. Other healthcare providers at Samuel Simmonds Memorial Hospital

Ms. Wade provided Defendants a signed medical release on November 2005, which apparently Defendants have not used. Certainly if Defendants have used the release provided, they have not disclosed the documents that they

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Opposition to Motion to Compel Continued Deposition
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 10 of 15

received.[5]  Defendants have had the opportunity to pursue discovery of Ms. Wade's medical claims for many months prior to her deposition. Instead they have continually rebuked Plaintiff for not obtaining records from her medical providers, even though they have not obtained the very medical documents they request with the release and list of medical providers they were given. Defendants have had equal access to Ms. Wade's medical records for many months.  Defendants failure to pursue discovery is not good cause to extend Ms. Wade's deposition.

Regardless, as part of on-going discovery, Plaintiff has used her release and obtained records from the identified medical providers and has then disclosed these records to Defendants.  She provided medical records medical providers in her first, second, third, sixth, seventh and eighth supplemental responses to discovery.  Affidavit of Linda Johnson.  Each of these supplements was provided to Defendants prior to Ms. Wade's first deposition.  Defendants have not undertaken their own discovery of medical records and have no basis to use the alleged lack of medical records as a pretext for re-deposing Ms. Wade.

Civil litigants often schedule a plaintiff's deposition for early in the case, even though discovery will continue long thereafter.  It is a tactical decision made by defendants.  In this case, there is no unusual amount or topic of discovery that has or is anticipated to occur after Ms. Wade's deposition.  Ordinary, on-going

---

[5] Actually, Ms. Wade executed releases for: Credit, Medical, Employment and Unemployment.  If these releases have been used, no documents have been

Opposition to Motion to Compel Continued Deposition
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 11 of 15

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

discovery that is known to parties prior to a deposition is not grounds for repeated and unlimited depositions of a plaintiff. The motion should be denied.

### F. Defendants Have Had Equal Access To The Other Documents They Claim They Need To Ask Questions About.

Defendants complain that Ms. Wade has not provided them with all the documents they asked for regarding the PERS system and collection lawsuits brought against her after she was wrongfully terminated. However, Ms. Wade <u>provided all the documents that were in her possession</u>, which is all that is required in discovery. If further documentation is necessary, Defendants may subpoena documents or may research legal records, which are public. Defendants have had equal access to the documents they seek and their complaints about Ms. Wade are spurious.

### G. Ms. Wade's Refusal To Agree With Defendants' Characterization Of Events Is Not Grounds For Further Deposition Time.

Defendants claim that Ms. Wade refused to agree to their characterization of many events, and list this as a reason that they should be given more time. However, Ms. Wade is not required to agree with Defendants; numerous and repeated attempts to force Ms. Wade to agree wasted a great deal of on-record time. Defendants should have left the ultimate conclusion arguments for trial, and focused their efforts upon gathering factual discovery instead, which is the purpose of a civil litigation deposition.

---

produced to Ms. Wade pursuant to Rule 26. Ms. Wade reserves the right to challenge

Opposition to Motion to Compel Continued Deposition
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 12 of 15

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Ms. Wade's refusal to agree with defense counsel during her deposition is not "combativeness" - it is Ms. Wade's right. Ms. Wade is not required to agree with a statement that she does not agree is correct. Defendants' frustration in the deposition stemmed in large part from their counsel's style of questioning, which appears best suited for criminal prosecution practice, not for civil law defense.

Ms. Wade was not combative nor did she unduly hinder the deposition. The motion should be denied.

### H. The North Slope Borough's Failure To Request Its Own Deposition Time Should Not Be A Factor.

Defendants move for more time because the North Slope Borough did not pose any questions to Ms. Wade. The North Slope Borough asked very few questions of Pam Taylor, John Tuthill or Cheryl McKay, and those questions were merely aimed at North Slope Borough's involvement in the day to day operations of the college. In fact, North Slope Borough only asked 12 questions of Ms. Taylor and seven minutes of questions of Mr. Tuthill. Affidavit of Linda J. Johnson at Paragraph 3. There did not appear to be any significant issues for North Slope Borough to question Ms. Wade about separately, especially since the North Slope did not request its own time, despite Ms. Wade's offer otherwise. See Letter dated May 3, 2006. Even if given time, the North Slope Borough has not and will not allege facts that Defendants have not already covered.

---

Defendants' reliance upon any document that is not timely disclosed.

Opposition to Motion to Compel Continued Deposition
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 13 of 15

Defendants' generosity in moving for deposition time for a co-defendant that they characterize in their memorandum as having interests that are "certainly not aligned" is curious. See Memo at 26. There has been no open conflict between the North Slope Borough and Defendants and no line of questioning at depositions that would indicate that their interests are not aligned. In any event, Defendants have no standing to move on North Slope Borough's behalf and seemingly no motivation to do so. The motion should be denied.

## III. CONCLUSION

For all the above named reasons, the motion to compel further deposition of Bobbi Wade should be denied.

DATED this 21st day of June, 2006, Anchorage, Alaska.

        CLAPP, PETERSON, VAN FLEIN,
        TIEMESSEN & THORNSESS, LLC
        Attorneys for Plaintiff

        s/ Linda J. Johnson
        CLAPP, PETERSON, VAN FLEIN,
        TIEMESSEN & THORNSESS LLC
        711 H Street, Suite 620
        Anchorage, AK 99501-3454
        Phone: (907) 272-9631
        Fax: (907) 272-9586
        Direct email: ljj@cplawak.com
        Alaska Bar No. 8911070

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Opposition to Motion to Compel Continued Deposition
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 14 of 15

## Certificate of Service

I certify that on June 28, 2006, a copy of the foregoing *Plaintiff's Motion to Compel, Affidavit of Linda Johnson, and attached Exhibits,* were served electronically on Cynthia Ducey, Esq. and Peter Gamache, Esq.

s/ Linda J. Johnson

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Opposition to Motion to Compel Continued Deposition
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 15 of 15