Cynthia L. Ducey
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 279-3581
Fax  (907) 277-1331
cld@delaneywiles.com
Attorney for defendant Ilisagvik College


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BOBBI J. WADE,               ) | |
|             ) | |
|      Plaintiff,       ) | |
|             ) | Case No. A05-086 CV (TMB) |
| v.                  ) | |
|             ) | |
| ILISAGVIK COLLEGE, NORTH SLOPE  ) | **REPLY TO OPPOSITION TO** |
| BOROUGH, JOHN TUTHILL, individually ) | **MOTION TO COMPEL CONTINUED** |
| and PAMELA TAYLOR, individually   ) | **DEPOSITION OF PLAINTIFF** |
|             ) | |
|      Defendants.     ) | |
| _____) | |

Defendants Ilisagvik College, John Tuthill, and Pamela Taylor, by and through counsel,

hereby reply to plaintiff's opposition to defendants' Motion To Compel Continued Deposition Of

Plaintiff.   Because plaintiff has not rebutted defendants' showing of good cause to continue

plaintiff's deposition, the motion should be granted.

**I.**     **Plaintiff's Failure To Produce Requested Documents Warrants A Continuance Of Her Deposition.**

Defendant's failure to produce documents that were requested before her deposition but

not provided, such as her medical records, tax returns and PERS/TERS records warrants a

continuance of her deposition. *See* defendants' Memorandum In Support Of Motion To Compel

Continued Deposition Of Plaintiff at 2-3. In October, 2005 defendants specifically made a pre-deposition discovery request for plaintiff's tax returns, medical records, TERS/PERS records, in order to determine the amount and extent of plaintiff's alleged damages, to discover evidence regarding her FMLA claims and that other factors caused her alleged damages. *See* plaintiff's responses, dated November 14, 2005, Docket 48, pp. 3, 12, 14. Plaintiff does not dispute that her tax returns were not produced before the deposition, that documents establishing PERS/TERS withdrawals were not disclosed, that she failed to identify medical providers or disclose the other names plaintiff used, or that she failed to produce 10 years of medical records before the deposition, even though requested more than seven months before the deposition.

Since her deposition, plaintiff has produced only forty-five pages of medical records and forty-nine pages of emails between plaintiff and Ilisagvik College personnel. She has not disclosed her tax returns, documents substantiating her claim that she withdrew PERS monies, or lawsuits in which she was a party or witness. Defendants should be allowed to question plaintiff further regarding these subjects, but only after these documents are produced.

Plaintiff has provided no excuse for failing to provide complete copies of her income tax returns. Plaintiff's tax returns are directly relevant to her claims of damages, and could lead to discoverable information about her emotional distress claim. Defendant should not be in the position of proceeding to trial without having an opportunity to question about these critical records relevant to her damage claims. The motion should be granted on this basis.

Plaintiff has never disclosed her complete PERS/TERS records to defendants, nor has she disclosed any information substantiating her allegation that she withdrew funds from her PERS account after Ilisagvik College decided not to renew her contract. The motion should be granted on this basis.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Reply to Opposition to Motion to Compel Continued Deposition of Plaintiff – 118930
*Wade v. Ilisagvik College, et. al.*, Case No. 3:05-cv-086-TMB                    Page 2 of 15

Plaintiff nevertheless claims her acknowledged failure to produce these records does not warrant continuing the deposition because she has produced all the records in her possession. *See* Docket 56 at 12.   However, plaintiff has an obligation to produce not only what is within her possession but what is in her custody and ***control***.   The term "control" in Civil Rule 34(a) is defined not as possession, but as the legal right to obtain documents on demand. *Alexander v. F.B.I.*, 194 F.R.D. 299, 301 (D.D.C.2000); *Reeves v. Pennsylvania R. Co.*, 80 F.Supp. 107, 108-09 (D.Del.1948) (ordering plaintiff to produce income tax returns not in plaintiff's possession).

The word "control" is to be broadly construed, such that a party controls documents that it has the right, authority or ability to obtain on demand. *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000)(citing *Scott v. Arex*, 124 F.R.D. 39, 41 (D. Conn. 1989). Under Rule 34 "control" does not require that the party have legal ownership or actual physical possession of the documents at issue; rather documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action. *Prokosch*, 193 F.R.D. at 636 (citing *Bank of New York v. Meridien, BIAO Bank Tanzania, Ltd.*, 171 F.R.D. 135, 146 (S.D. N.Y. 1997) (citations omitted.).   In *Prokosch*, a corporate designee pursuant to Fed. Civ. R. of  Proc. 34 was required to produce documents not in their physical possession, but which they had the ability to obtain upon demand, including transactions involving other companies, and transactions regarding a pending patent by an outside consultant to the company. *See also, American Rock Salt Co. LLC., v. Norfolk Southern Corp.*, 228 F.R.D. 426, 460 (W.D. N.Y. 2004); *Triple Five of Minnesota, Inc. v. Simon*, 212 F.R.D. 523, 527 (D. Minn. 2002) (party has an obligation to produce documents about property evaluation since they are obtainable from their tax lawyers); *Hancock v. Shook*, 100 S.W.2d, 786, 797-98 (Mo. 2003)(plaintiff's failure to produce documents within the control

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Reply to Opposition to Motion to Compel Continued Deposition of Plaintiff – 118930
*Wade v. Ilisagvik College, et. al.*, Case No. 3:05-cv-086-TMB                              Page 3 of 15

of its expert witness prior to trial, and in response to discovery requests properly resulted in exclusion at trial of expert witness' laboratory blood test records as a sanction for failure to disclose the records during discovery); *Klesch and Co., Ltd., v. Liberty Media Corp.*, 217 F.R.D. 517, 520 (D. Co. 2003)(documents are within the control of a corporation who exercises operational control and oversight over wholly owned subsidiaries and can obtain documents from them).

Given the authority mentioned above, plaintiff should have obtained documents not in her possession but within her control to produce and should have produced them in November 2005, in response to requests for production. Docket 48, Exhibit D. Plaintiff has not claimed that she does not have control over the PERS/TERS records, the tax returns and her medical records. Indeed, she has produced some documents related to all of these requests for production. Because plaintiff without excuse failed to produce them before her deposition, the deposition should be continued and further questioning should be permitted once these documents are produced.

Plaintiff claims that she has only gone by the name of Bobbi J. Wade in the last ten years. Docket No. 56 at 10. However, plaintiff is clearly mistaken because she testified that she started using Wade as a last name *after* her marriage to Mr. Wade. *See* Docket No. 48, Exhibit J, at 50. Plaintiff testified that she married Billy Frank Wade in December of 1997. *Id.* at 35. Further, she divorced Homer Underwood in 1981, but continued to go by the name of Bobbi Underwood after the divorce "for a long time." *Id.* at 16, 20-22, 50. It is quite possible that plaintiff has utilized last names other than Wade in the last ten years. In fact, some of plaintiff's Barrow medical records list her name as Bobbi Underwood, rather than Bobbi Wade. Defendants could not have obtained medical records under names they were not aware of plaintiff using.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Plaintiff claims that defendants have not used diligence in obtaining medical records prior to the deposition. Docket 56 at 10-11.   However, defendants began gathering plaintiff's medical records under her name Bobby J. Wade in February, 2006. *See* Exhibit L, faxes and letters to medical providers dated February 16 and 17, 2006, attached hereto.   Defendants subsequently discovered that some medical providers had medical records pertaining to plaintiff under different last names, such as Underwood, Whatley, and Webb.  In April 2006, defendants began gathering plaintiff's medical records under her past names of Underwood, Whatley, and Webb.  Exhibit M, letters to providers at Doctor Center Pharmacy and Brooks Eckerd Privacy Office dated April 18, 2006, attached.  The motion should be granted on this basis.  That process is still ongoing.  Plaintiff was not forthcoming about the fact that she has previously gone by other last names.  Defendants discovered that fact themselves prior to plaintiff's deposition, and questioned her at her deposition regarding the various last names she has gone by. *See* Docket No. 48, Exhibit J, at 50.  The revelation regarding plaintiff's four last names inherently slowed down the medical records gathering process for defendants.   Defendants used reasonable diligence in attempting to father medical records requested in request for production in November, 2005.

Plaintiff could have obviated defendants' need to continue the deposition regarding her medical records since she was put on notice at the court ordered parties' meeting, memorialized in the Joint Report To Court On Discovery Status, but plaintiff produced no medical records between the meeting, which occurred on April 17, 2006, and her deposition on May 1, 2006. *See* Docket No. 48, Exhibit I, ¶ 5.  Since her deposition, plaintiff has produced only forty-five pages of medical records in three supplemental disclosures.  Plaintiff failed to identify all of her medical providers in her initial disclosures and her responses to defendants' discovery requests,

)ELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

even though she could have disclosed that information to defendants at any time following the parties meeting by exercising reasonable diligence. As a result defendants were required to spend time asking the plaintiff to identify medical providers at her deposition. The deposition thus would have been shortened if this had simply been done as requested in discovery responses. The motion to continue should be granted on that basis.

Plaintiff's medical records are highly relevant to her claims for emotional distress, her FMLA claims, and her alleged damages. The motion should be granted since requests were made in October, 2005 for records and in early April, 2006, plaintiff knew that ten years' work of medicals should have been provided prior to her deposition, but produced no other records before her deposition.

Plaintiff argues that there is a seven hour presumptive limit for depositions. Docket No. 56 at 2 (plaintiff's opposition). Civil Rule 30(d)(2) states that "[t]he court *must* allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." (Emphasis added). Here, additional time is required for a fair examination of the deponent and her claims. *See generally* defendants' Memorandum In Support Of Motion To Compel Continued Deposition Of Plaintiff. Further, preoccupation with timing is to be avoided. *Condit v. Dunne*, 225 F.R.D. 100, 112-13 (S.D.N.Y.2004). The seven hour time limit is merely a guide. *Id.* Plaintiff's argument that depositions are limited to seven hours is fundamentally flawed and the court should reject her argument.

Plaintiff contends that she reasonably accommodated defendants by agreeing to 1.9 hours of additional deposition time. Docket No. 56 at 3. However, plaintiff neglects to mention that prior to plaintiff's deposition defendants explicitly reserved their right to depose plaintiff

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

regarding her medical records when it became apparent that plaintiff had not produced medical

records she is required to produce under Civil Rule 26(a). *See* defendants' Memorandum In

Support Of Motion To Compel Continued Deposition Of Plaintiff at 23; *see* Docket No. 48,

Exhibit I, ¶ 5. Plaintiff and plaintiff's counsel have been well aware all along that defendants

intended to depose plaintiff further regarding her medical records. Defendant should be allowed

to complete plaintiff's deposition to question her about her medical records, tax returns, and

PERS records.

**II.    Because The Factual Allegations In Plaintiff's Complaint, Her Initial Disclosures And Plaintiff's Responses To Interrogatories Regarding Serious Health Condition Were Erroneous And Were Not Corrected Before Plaintiff's Deposition The Motion Should Be Granted.**

Plaintiff claims that the additional 1.9 hours given was sufficient to question plaintiff and

defendant's tactical choice to question closely about some but not all areas warrants denial of the

motion. *See* Plaintiff's memorandum at pp. 4-5. However, plaintiff has not denied that "key

facts" alleged in her complaint regarding her serious health condition were without supportable

basis, but were not corrected before plaintiff's deposition; specifically, that she had no serious

health condition requiring immediate medical attention outside Barrow before she obtained the

results of a skin biopsy, in early November, 2003. Thus, plaintiff's initial disclosures, stating

that she had a serious health condition as of October, 2003, are either clearly erroneous, or highly

misleading given her deposition testimony. Docket No. 48, Exhibit B, pp. 1-2. In addition,

plaintiff's response to defendants' Interrogatory No. 1 regarding her alleged serious health

condition is incomplete and inaccurate, given the admissions Wade made at her deposition.

Docket No. 48, Exhibit D, p. 2. Moreover, plaintiff claimed emotional distress resulting in

depression and sleep disturbance caused by defendants' actions but the limited medical records

provided before the deposition impeach this claim. Docket 48, Exhibit D, pp. 2-3. If all medical

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

*Wade v. Ilisagvik College, et. al.*, Case No. 3:05-cv-086-TMB                    Page 7 of 15

records were received the impeachment evidence would likely be stronger. Because plaintiff did not correct her complaint, her disclosures and her interrogatory responses to show that she had no serious health condition until sometime in early November, 2003, when she received the results of a skin biopsy, much of the deposition time was needed to develop plaintiff's ultimate admission at the deposition, which is that she had no serious health condition that required treatment prior to the end of the semester, until she obtained the results of the biopsy. *See* Docket 48, Exhibit J, pp. 64-65. However, based on her failure of memory on many points about submission of her leave slips, the nature of her medical condition from August through November, 2003, conversations she had with her doctors, conversations she had with Dr. Tuthill and Pam Taylor, unless significant time had been spent on these issues, this important admission would never had been developed by the defendants. The court should find based on the inaccurate and misleading information in plaintiff's complaint and her initial disclosures, and her response to interrogatories, coupled with plaintiff's lack of memory warranted all of the time previously spent developing the facts on the FMLA claim. *See* defendants' Memorandum In Support Of Motion To Compel Continued Deposition Of Plaintiff at 5.

### III.     The Motion Should Be Granted Because Numerous Documents Whose Contents Will Be Heavily Litigated Are Time Consuming To Learn Plaintiff's Position.

The parties disclosed 7014 pages of discovery prior to plaintiff's deposition. *See* defendants' Memorandum In Support Of Motion To Compel Continued Deposition Of Plaintiff at 4.[1] These documents included records of numerous student complaints regarding plaintiff on multiple issues, plaintiff's job performance issues, plaintiff's lack of qualifications, plaintiff's

---

[1] Plaintiff is incorrect when she claims that the number of discovery documents doubled when defendants re-produced documents that were initially redacted. Docket No. 56 at 9. Defendants never renumbered the discovery documents when they were re-produced to plaintiff pursuant to a joint stipulation and court order regarding confidential documents. Defendants Ilisagvik College, John Tuthill and Pamela Taylor and plaintiff Bobbi Wade disclosed 7014 pages of discovery prior to plaintiff's deposition. *See* defendants' Memorandum In Support Of Motion To Compel Continued Deposition Of Plaintiff at 3-4. No artificial inflation of document numbers has occurred in this case.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

grievances and responses to those grievances, and documentation regarding the grades given by plaintiff documentation leading to changes of grades, plaintiff's medical records, her employment contracts, personnel handbook, the transcript of the Step III grievance hearing, e-mails sent and received by Wade, or sent and received by others concerning Wade, documents regarding attempts to find alternative employment, documents showing plaintiff' qualifications, which include resumes, applications, transcripts. All of the above require detailed in depth questioning to understand plaintiff's position about all of her claims, about possible defenses to the claims and about her damages. Defendants are entitled to learn plaintiff's position on the events alleged in the complaint, particularly as mentioned in documents that have been disclosed. It is untenable to learn all of this information by alternative means of discovery, i.e. through the limited number of interrogatories given to a party, and it would not be possible to learn this information through request for production or request for admission. The numerous instances of student complaints, conversations had between plaintiff and college officials, the problems that the college had with plaintiff regarding submission of grades, and other irregularities in her performance require personally questioning the plaintiff under oath. The motion to compel her deposition should be granted on this basis.

**IV.    Defendants Are Not Required To Waive Discovery Of Relevant Evidence By Prompting Her Memory For Answers With Documents.**

Plaintiff argues that defendants' counsel prolonged the deposition because she did not help plaintiff refresh her memory by presenting her with documents during the deposition citing the Advisory Committee Notes. *See* Docket 56, at pp. 6-9. However, she failed to state that the Advisory Committee Note to Rule 30(b) states that if a witness nevertheless does not read documents in advance, a court may consider that a reason for extending the time limit. However, this advisory committee note did not require a party to waive possible impeachment evidence.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Reply to Opposition to Motion to Compel Continued Deposition of Plaintiff – 118930
*Wade v. Ilisagvik College, et. al.*, Case No. 3:05-cv-086-TMB                    Page 9 of 15

The most basic tool of cross-examination and thus an attack on a witness' testimony is a demonstration that a witness has a lack of memory regarding a disputed incident and therefore their testimony is too unreliable to be accepted.  Defendants are not required to waive their development of impeachment evidence at trial in order to meet an acknowledged guideline for time limits.  Significantly, a party has a right at the discovery stage to discover and develop impeachment evidence.  8 *Wright and Miller*, Federal Practice and Procedure, § 2015. ["Discovery is commonly allowed in which the discovering party seeks information with which to impeach witnesses for the opposition . . ..  Information showing that a person having knowledge of discoverable facts may not be worthy of belief is always relevant to the subject matter of the action."].  "The rights to determine the credibility of witness lies at the core of the jury's fact finding function."  9A Wright & Miller, Federal Practice & Procedure § 2527.  "An attack on witness capacity undermines credibility by showing that the witness lacks the perceptual, recall, or narrative abilities presupposed by his testimony."  27 Wright & Miller, Federal Practice & Procedure § 6097.  The impeaching party has broad freedom to attack the witness' abilities to perceive, recall, or narrate based on mental illness, lack of intelligence or memory, old age, physical deficiencies, disease, youth, and use of drugs or alcohol.  *Id.*  Personal knowledge, which is a prerequisite to any witness' testimony under Fed. R. of Evidence 602, is comprised of four parts: (1) sensory perception, (2) comprehension of what was perceived, (3) present recollection, and (4) ability to testify based on what was perceived, comprehended and recalled.  *Id.*, § 6023.   Thus, defendants have the right to discover and develop impeachment testimony including that a plaintiff has a faulty and thus unreliable memory of the events alleged in the complaint.

DELANEY WILES, INC.
SUITE 400
007 WEST 3RD AVENUE
NCHORAGE, ALASKA
(907) 279-3581

Reply to Opposition to Motion to Compel Continued Deposition of Plaintiff – 118930
*Wade v. Ilisagvik College, et. al.*, Case No. 3:05-cv-086-TMB

Employment cases, such as the instant case, are textbook examples of cases that are won or lost on whether a jury believes the plaintiff or defendant's version of facts, and the witness' memory of multiple conversations and events upon which employment cases depend, require witnesses to recount events that may have no documentary support or only partial documentation. Defendants have the right to develop impeachment evidence from which a jury could infer that the plaintiff's memory is so unreliable on key conversations as to be untrustworthy. The only way to do this is to ask questions, without prompting or documents, to see what the plaintiff recalls. In this case plaintiff's memory was repeatedly shown to be, at minimum, very unreliable as to key events alleged in the complaint. That evidence took time to develop. Defendants should not be required to waive the right to develop impeachment evidence, although it does impede the deposition, simply to speed the process along. Defendants should not be held to have waived their right to question on the subjects for which there was no opportunity to question.

Additionally, plaintiff does not dispute that long before the deposition commenced plaintiff had all of the documents that were used at the deposition and should have reviewed them with her attorney. Defendants were under no obligation to waive impeachment evidence and provide plaintiff with a syllabus of the deposition. In preparing her deposition, both plaintiff and her attorney should have known that documents she signed, authored or received that relate to the allegations in her complaint would be likely topics of questioning. It is hardly surprising that plaintiff's employment contracts, the FMLA leave policies in the handbook, leave requests, doctor's notes and records, e-mails sent and received on plaintiff's job performance, and documents provided as exhibits in the grievance process were all likely subjects of questioning. Further, plaintiff admitted that in preparation for her deposition she reviewed only the documents

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

that she has had for the last two years, the documents relating to her grievance and John Tuthill's response to her grievance, and Cheryl McKay's deposition. Docket No. 48, Exhibit J, at 6. It is probable that most of the key documents that plaintiff was questioned about were reviewed by plaintiff in preparation for her deposition because plaintiff's grievance and the topics covered at the deposition of Cheryl McKay comprise key portions of this litigation. The motion should be granted on this basis since plaintiff's lack of memory impeded progress, but defendant's were not required to waive development of this impeachment evidence in order to speed the deposition.

**V.    The Court Must Allow Plaintiff's Deposition To Be Continued Because Plaintiff Has Not Rebutted Defendants' Strong Showing That Additional Time Is Needed For A Fair Examination.**

Plaintiff has not rebutted plaintiff's strong showing that additional time is needed for a fair examination of plaintiff and her claims. Plaintiff has not established how the deposition could have proceeded more effectively or established that it could have been completed in the time allotted. Plaintiff's issues clearly are more numerous and detailed than the issues raised in the depositions of John Tuthill and Pamela Taylor. For example, plaintiff must be questioned regarding her alleged damages, her claim for emotional distress, her job qualifications, and her medical conditions (which John Tuthill and Pamela Taylor were not even told of by plaintiff).

Plaintiff cites only one case in her opposition, *In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527 (N.D.Ill.2005), a multi-district antitrust class action suit. Docket No. 56 at 4-5. Plaintiff argues that defendants made a tactical choice to question plaintiff about some topics and ignored other topics.[2] *Id.* The *Sulfuric Acid* opinion was written by a magistrate judge in the

---

[2] Plaintiff claims that defendants' counsel was unable to continue the deposition on May 1, 2006 past 5 p.m., despite all other parties' availability. Docket No. 56 at 3 n.1. Yet defendants' counsel told plaintiff's counsel that the deposition could continue "as long as you want to go." *See* Docket No. 48, Exhibit J, at 262. Further, the

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Northern District of Illinois. To date, it has only been cited five times. Each time, it has been cited by the same magistrate judge who wrote *Sulfuric Acid*, United States Magistrate Judge Jeffrey Cole. It has no precedential value regarding the instant case, unlike the fifteen cases cited by defendants in their memorandum in support of their motion at page 11 in which courts ordered additional time for depositions beyond the seven hour limit. *See* defendants' Memorandum In Support Of Motion To Compel Continued Deposition Of Plaintiff at 11.

Further, the portion of *Sulfuric Acid* quoted by plaintiff is mere dicta. In *Sulfuric Acid*, the court denied the plaintiffs' motion for an additional deposition of a witness who had already been deposed for 17 hours because: (1) the plaintiffs' deposition notice of the witness violated Civil Rule 30(a)(2)(B); (2) the plaintiffs raised a new argument in their reply brief and sought additional time to depose the witness under Civil Rule 30(d)(2), rather than seeking an additional deposition of the witness under Civil Rule 30(a)(2)(B), as originally argued; (3) the plaintiffs waited until the day discovery closed to file their discovery motion; and (4) in the court's view the plaintiffs unduly delayed in filing their motion. *Sulfuric Acid*, 230 F.R.D. at 531, 533-34.

Plaintiff mischaracterizes the *Sulfuric Acid* plaintiffs' stated purpose in seeking an additional deposition of the witness. Rather than moving for an additional deposition because plaintiffs "had not covered every topic," as Wade asserts, the *Sulfuric Acid* plaintiffs sought an additional deposition because they needed the witness' help in deciphering his handwritten journal entries and notes. *Id.* at 528; Docket No. 56 at 4. In short, *Sulfuric Acid* has no precedential value for the instant case, and plaintiff mischaracterizes the facts in *Sulfuric Acid*.

## VI.  Defendants Have Shown Good Cause To Question Plaintiff About Her Six Remaining Claims, Damages, And Defenses To The Claims.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

parties had already agreed that plaintiff would be deposed further on a second day so it was not necessary to continue the deposition until late into the night, as plaintiff apparently feels defendants should have done.

Defendants have shown good cause to question plaintiff about her six remaining claims, damages, and defenses to her claims. *See* defendants' Memorandum In Support Of Motion To Compel Continued Deposition Of Plaintiff at 13-25.

Plaintiff claims that she was not combative during her deposition, and argues that defendants should have focused their efforts on gathering factual discovery. Docket No. 56 at 12, 13. Plaintiff, who was an English professor, debated the meaning of the phrase "as soon as possible." *See* Docket No. 48, Exhibit J, at 187-89. She refused to acknowledge her signature on a deposition exhibit and speculated that somebody else might have fraudulently copied her signature onto the exhibit. *Id.* at 96-99. She refused to confirm what was shown on an exhibit (that she had six days of personal leave) until she was requested to read deposition exhibit 16 into the record. *Id.* at 111-12. Regarding factual discovery, defendants spent the vast bulk of plaintiff's deposition attempting to question plaintiff about the underlying facts of this case. As previously detailed at pages 18-21 of the Memorandum In Support Of Motion To Compel Continued Deposition Of Plaintiff, plaintiff's lack of memory and equivocal testimony impeded the examination of plaintiff. She frequently changed her story regarding important factual events during the course of her deposition. She frequently gave contradictory answers to questions posed by defendants' counsel, requiring defendants' counsel to re-question plaintiff about facts that plaintiff had already been questioned about. The court should find that the inaccurate facts provided to defendants, coupled with her lack of memory, impeded the deposition and warrant continuing her deposition.

**VII.   Defendants Should Be Able To Question Plaintiff About Her Alleged Damages Because She Was Unable To Answer Questions Regarding Her Alleged Damages At Her Deposition.**

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Reply to Opposition to Motion to Compel Continued Deposition of Plaintiff – 118930
*Wade v. Ilisagvik College, et. al.*, Case No. 3:05-cv-086-TMB                    Page 14 of 15

When asked about her alleged damages, plaintiff replied she would have to "give that some thought" as to what certain damages were as alleged in her complaint. Docket No. 48, Exhibit K, at 338. Defendants should be allowed to fully explore plaintiff's alleged damages.

## CONCLUSION

For the reasons stated in defendants' Motion To Compel Continued Deposition Of Plaintiff and herein, defendants request that the court allow defendants additional time to complete the deposition of plaintiff. Defendants believe if all documents are provided in advance five additional hours would be sufficient.

Dated: ___7-10-06_____

    ___s/ Cynthia L. Ducey_____
Cynthia L. Ducey, ASBA # 8310161
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, AK 99501
(907) 279-3581
(907) 277-1331 Fax
cld@delaneywiles.com

Certificate of service

I certify that a true and correct
copy of this documents has
been served by electronic service
on the 10th day of July, 2006 upon:

Linda Johnson

Peter Gamache

By: Cynthia L. Ducey_____

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581