Linda J. Johnson
Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501-3454
(907) 272-9272
(907) 272-9586 fax
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BOBBI WADE,<br><br>                    Plaintiff,<br><br>v.<br><br>ILISAGVIK COLLEGE; NORTH SLOPE BOROUGH; JOHN TUTHILL, individually; and PAMELA TAYLOR, individually,<br><br>                    Defendants. | Case No. 3:05-cv-086-TMB |

## **EXPEDITED MOTION FOR PROTECTIVE ORDER**

Comes now the Plaintiff, Bobbi Wade, and moves the Court on an expedited basis pursuant to Local Rule 7.2(c) for a protective order pursuant to Fed. R. Civ. P. 26(c) based upon the unreasonable conduct of Defendants Ilisagvik College, John Tuthill and Pamela Taylor. Defendants have unilaterally set the continuing deposition of Plaintiff for August 30, 2006 over the objection of Plaintiff and such actions will cause undue burden and expense by requiring multiple trips to

Expedited Motion For Protective Order
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 1 of 9

Tennessee. Defendants have also insisted on two more depositions of Plaintiff, which is per se unreasonable. Plaintiff has conferred with Defendants and the parties are unable to resolve the dispute without court action.

## **FACTUAL AND PROCEDURAL BACKGROUND.**

On August 4, 2006 this Court granted Defendants' motion to compel the continued deposition of Bobbi Wade based upon representations that medical information was necessary to re-depose Ms. Wade. See Order stating "It appears that Defendants have received new discovery information and documents since the time of the original deposition."

On August 7, 2006, after receipt of the order, Defendants and Plaintiff began e-mail correspondence designed to set a time for the continued deposition of Bobbi Wade. E-mail exchange, attached as Ex. A. When the order was received, Defendants had already begun negotiating for a week long deposition trip to Tennessee to take the deposition of Bobbi Wade's two treating doctors and three fact witnesses. The e-mail correspondence attempted to set dates that would attach the re-deposition of Bobbi Wade onto the Tennessee trip. Plaintiff offered to reschedule the deposition trip in order to accommodate all the depositions necessary:

> Cindy,
> She's currently in Tennessee, where she is trying to get a job.
> I cannot fit her into the schedule as you have it outlined, especially given my unavailability for the first week of Sept.

Expedited Motion For Protective Order
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 2 of 9

> It would make sense to do her at the same time as the doctors in TN. I suggest that you re-schedule the depo trip for the week of Sept. 11 or you may pay to have her come back up here as you originally offered.
> Linda

Defendants stated that they were unable to reschedule for the week of September 11 and insisted on keeping the deposition for the week of August 28. Defendants also acknowledged that they still did not think they had all the medical documents they told the Court in their motion to compel were the impetus for the re-deposition. Defendants again stated that they wanted the documents before deposing Ms. Wade further:

> I'll need Ms. Wade's complete tax returns, the documents showing PERS/TERS withdrawals and her medical records for ten years before the depositions or there will be further continuances.

Exhibit A.

Knowing that it would be impossible to gather the documents demanded prior to the deposition proposed for the end of August, Plaintiff stated:

> Cindy
> Given that you do not appear to have all the documents you want to depose my client, we will not agree to her deposition in August.
> Please submit a list of any medicals you believe that you still need. We will use our release to get more Pers/Ters documents and her complete tax returns.[1]
> If you wish to postpone the doctors until you're ready to take Bobbi without requiring further continuance, that would be fine.
> Linda

---

[1] Plaintiff contends that she is under no obligation to perform Defendants' discovery for them since she has executed releases that allow the Defendants unfettered access to all medical documents, which they have apparently not used. However, in the spirit of conciliation, Plaintiff was willing to perform this service.

Expedited Motion For Protective Order
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 3 of 9

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Exhibit A.

Rather than rescheduling the continued deposition for a time mutually convenient to each party so that only one trip to Tennessee would be required, and rather than rescheduling the deposition for a time after they had all necessary documents, Defendants instead insisted that they be allowed to split the time granted by the court and take another <u>two</u> more depositions of Bobbi Wade.  They said:

> I must not have explained my intentions clearly.  The court gave me two seven hour sessions.  I intend to use at least one when we are in Tennessee.  If I receive all of the records before then and complete all of my questioning, then a further session may be unecessary [sic].

When Plaintiff refused to accommodate Defendants' wish to split her time and take multiple re-depositions of Bobbi Wade, Defendants unilaterally set the deposition of Bobbi Wade without Plaintiff's consent for August 30, 2006 in Tennessee.

## **THE COURT SHOULD ORDER DEFENDANTS TO SET THE RE-DEPOSITION OF PLAINTIFF FOR A MUTUALLY AGREEABLE TIME.**

Fed. R. Civ. P. 1 states:

> These rules govern the procedure in the United States district courts in all suits of a civil nature . . . They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

The very first rule of civil procedure requires that the case be administered for an inexpensive determination.  Multiple trips to Tennessee to depose Bobbi Wade does not comport with this rule.

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

The Court's order allows Defendants 14 more hours to depose Bobbi Wade, after she has already been deposed for 9 hours. The order does not, and should not be construed to, allow the Defendants to split the deposition time and force Bobbi Wade to pay for her counsel to fly to Tennessee twice. Defendants' reading of the Court's order is unduly burdensome and causes undue expense for Bobbi Wade, who has no money to expend on two deposition trips to Tennessee.

Defendants insist on 2 separate depositions of Bobbi Wade: one now and one after they have obtained all "necessary" records. There is no justifiable reason for the split.[2] The request for separate depositions is unreasonable and certainly does not reflect the standard in the industry. Further, split depositions would require needless expense, violating Rule 1's mandate for an inexpensive determination of this matter.

Defendants have already arranged a deposition trip to include a side trip to Tampa, Florida on August 29, 2006, plus depositions of Amy Conyers and Dr. Delozier in Tennessee, a deposition of Sonya Abu in Utah, and a deposition of Jay St. Vincent in Georgia. Plaintiff's counsel is unable to leave early for the depositions because she must remain in Anchorage the week prior to the

---

[2] Written discovery has not closed. If Defendants need more information prior to deposing Bobbi Wade completely, they have the ability to use written discovery to obtain it.

Expedited Motion For Protective Order
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 5 of 9

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

depositions.[3] Further, counsel informed Defendants multiple times that she must return to Alaska before September 1, 2006 and therefore cannot push the deposition schedule later into the week. This leaves only 4 days in which to take all the anticipated depositions. Logically, not all the depositions anticipated can be taken during the 4 days available the week of August 28, 2006, so a second trip would need to be arranged, adding needless expense.

Each time the Plaintiff is deposed, good practice requires that she spend time with her counsel preparing prior to the deposition. Based on the prior depositions scheduled for the 4 day time period in the week of August 28, Plaintiff and her counsel are unable to devote any time to preparing Bobbi Wade for her deposition on August 30, 2006. Plaintiff's counsel would not have adequate time to spend in Tennessee to prepare Plaintiff for a deposition on August 30, 2006 given the pre-arranged schedule set by Defendants. The forced deposition on August 30, 2006 is grossly unfair to Plaintiff.

Plaintiff suggested that the depositions of the doctors and fact witnesses be postponed until later in September after Defendants have obtained the documents they insist are necessary to fully depose Bobbi Wade. The later period would also allow a longer period of time to schedule all the depositions. Despite Plaintiff's reasonable suggestions, Defendants have refused to re-set the depositions and

---

[3] Although Plaintiff originally proposed the week of August 21 for the deposition trip back in June, newly developed commitments surrounding her children, who will begin school on August 22, 2006, prevent Plaintiff counsel from traveling that week.

Expedited Motion For Protective Order
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 6 of 9

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

have intransigently insisted upon the most burdensome and expensive deposition schedule possible, rather than consulting their calendars to determine a mutually agreeable time for the deposition.

Defendant's unreasonable behavior is a pattern in this case. Despite Plaintiff's suggested alternatives, Defendants have consistently refused to accommodate Plaintiff's schedule and have insisted upon the deposition dates that they chose. This pattern occurred when Defendants unilaterally set the deposition of Bobbi Wade and the two individually named defendants in May 2006. Absolutely no accommodation was made for Plaintiff's schedule during that deposition trip either, despite multiple requests.

The Court has granted Defendants the most liberal deposition time of a plaintiff that the undersigned has ever encountered in her 17 years of practice. The Court's ruling entitles Defendants to a total of 23 hours of deposition time with the Plaintiff, not counting the added time granted to the North Slope Borough. In no other civil court case in Alaska, either federal or state, has any Defendant <u>needed</u> 23 hours to take the deposition of a Plaintiff. Defendants have already deposed Bobbi Wade twice for a total of 9 on-record hours. Given that the federal rules only allow 7 hours in which to depose a Plaintiff, if the entire extra 16 hours of deposition time is used, it will only be to annoy, embarrass and harass the Plaintiff. To further require Plaintiff to endure and pay for two separate depsitions is would be an abuse of discretion.

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

## **CONCLUSION**

The Court should not impose a financial burden upon Plaintiff to force her counsel to travel to Tennessee twice for depositions. Plaintiff asks the Court to quash the deposition of Bobbi Wade set for August 30, 2006 in Tennessee and instruct Defendants to work with Plaintiff to schedule a mutually convenient time for Ms. Wade's deposition as well as the other out of state doctors and fact witnesses. Plaintiff also asks that the Court admonish Defendants for their unreasonable conduct and instruct them to work cooperatively with Plaintiff on other depositions that might be scheduled in the future. Further Plaintiff asks that the Court clarify its order to state that the remaining time granted to all Defendants must be expended during a consecutive timeframe.

DATED this _____ day of August, 2006, Anchorage, Alaska.

                    CLAPP, PETERSON, VAN FLEIN,
                    TIEMESSEN & THORNSESS, LLC
                    Attorneys for Plaintiff

                    s/ Linda J. Johnson
                    CLAPP, PETERSON, VAN FLEIN,
                    TIEMESSEN & THORNSNESS LLC
                    711 H Street, Suite 620
                    Anchorage, AK  99501-3454
                    Phone:  (907) 272-9631
                    Fax:  (907) 272-9586
                    Direct email:  ljj@cplawak.com
                    Alaska Bar No. 8911070

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Expedited Motion For Protective Order
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 8 of 9

<u>Certificate of Service</u>

I hereby certify that on August 9, 2006, a copy of the foregoing *Plaintiff's Motion to Compel, Affidavit of Linda Johnson, and attached Exhibits,* were served electronically on Cynthia Ducey, Esq. and Peter Gamache, Esq.

<u>s/ Linda J. Johnson</u>

**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Expedited Motion For Protective Order
<u>Wade v. Ilisagvik</u>, Case No. 3:05-cv-086-TMB
Page 9 of 9