Cynthia L. Ducey
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 279-3581
Fax (907) 277-1331
cld@delaneywiles.com
Attorney for defendant Ilisagvik College

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BOBBI J. WADE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ILISAGVIK COLLEGE, NORTH SLOPE ) <br> BOROUGH, JOHN TUTHILL, individually ) <br> and PAMELA TAYLOR, individually ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:05-cv-00086 (TMB) |

**DEFENDANTS ILISAGVIK COLLEGE, JOHN TUTHILL
AND PAMELA TAYLOR'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER**

**INTRODUCTION**

Defendants oppose the motion for protective order. Under the circumstances good cause has not been shown to quash any of the depositions. Ilisagvik has attempted to accommodate plaintiff and minimize the need for discovery motions. Ilisagvik has given plaintiff nine months to produce documents that are relevant to issues in the case and were sought in requests for production. The documents were not objected to in response to the requests, or were modified so they were no longer objectionable. Plaintiff had notice after the April 17, 2006 meeting of the

Opposition To Motion For Protective Order
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                           Page 1 of 9

parties and in the joint report to the court dated April 25, 2006 that plaintiff's deposition would be continued if the documents were not received. The failure to produce these documents before plaintiff's May, 2006 deposition resulted, in part, in the motion to compel her continued deposition.

Plaintiff has not provided releases to secure the tax returns, or the PERS/TERS documents and she has not provided these documents. She provided a release for medical records but the release did not include her four other surnames and expired after six months. Ilisagvik sought but has not received a new medical release. Plaintiff has pressed for an early close of discovery, all the while failing, without justification, to produce the documents sought.

Plaintiff has had reasonable notice of the intent to take all of the out-of-state depositions and reasonable notice, i.e. since June 21, 2006, that plaintiff's deposition would resume during this out of state trip if the court granted the motion to compel. Plaintiff raised no objection to scheduling out of state depositions, and made no objection to leaving a window open to schedule plaintiff's deposition if the motion to compel was granted until August 7, 2006, when Ilisagvik again requested the documents before the deposition. Discovery closes in mid-November and Ilisagvik has made diligent efforts to complete the discovery it needs. In September and October, Ilisagvik's time will be fully occupied in trial preparation and trial in two superior court cases, in Bethel and Anchorage (*Virtue v. Bethel Group Home*, Case No. 4BE-04-19 Civ., *Scianna v. Personalized Assisted Living*, Case No. 3AN-04-13161 Civ.). Ilisagvik has spent considerable time, effort and money securing times to depose busy doctors and witnesses. Until plaintiff's deposition is completed, Ilisagvik cannot meaningfully evaluate what other depositions may be needed or evaluate the need for expert witnesses. While Ilisagvik's counsel

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Opposition To Motion For Protective Order
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                                Page 2 of 9

is preparing for, and in trial, in two other complex matters, she cannot be involved in discovery in this case.

## FACTS

The following facts which were not provided to the court by plaintiff, are relevant to the court's determination.

1. Ilisagvik served requests for production on plaintiff on October 14, 2005 seeking income tax returns and PERS/TERS documents by requesting the documents. The requests also sought medical records and provided a release in the name of Bobbi Wade only, good for six months. Plaintiff still has not provided any of her income tax returns, PERS/TERS documents showing her alleged withdrawals, or as far as defendants can determine, medical records that are complete under all 4 of her surnames and from all locations where she lived for ten years. Plaintiff has never provided defendants with a release to procure her income tax returns or her PERS/TERS records. Defendants learned at plaintiff's deposition in May, 2006 that she used at least four other surnames. Ilisagvik sent a follow up request for production asking for a medical release by plaintiff listing the other identified surnames. A signed release has not been returned from plaintiff.

2. On May 22, 2006 in a joint report to the court the parties advised that there was a dispute about whether plaintiff's deposition had been completed and motion practice would follow if agreement could not be reached and further advised plaintiff's deposition would be continued if documents were not produced. In the same report the parties advised that defendants would file a motion to compel production of the documents sought in November, 2005 if plaintiffs failed to produce them. Docket 45.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Opposition To Motion For Protective Order
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB           Page 3 of 9

3.  On June 19, 2006, defendants filed their motion to compel plaintiff's continued deposition, arguing in part that plaintiff had not produced her income tax returns, PERS/TERS documents and complete medical records. The court granted the motion on August 7, 2006. Docket 62.

4.  While these events were occurring plaintiffs insisted on an early close of discovery and opposed any request to extend discovery to accommodate other scheduling needs of the attorneys. However, when it was apparent plaintiff would have difficulty securing her expert's reports under the current deadlines, the parties informally attempted to agree to extensions of some pretrial deadlines. Defendants agreed to plaintiff's requests to extend expert deadlines but plaintiff would not agree to more than a 60 day continuance of discovery. Plaintiff filed a motion to extend deadlines on May 15, 2006 (docket 44). Ilisagvik did not oppose the extension but sought an additional 30 days because plaintiff still had not produced documents sought in requests for production from October 14, 2005: her complete tax returns, and complete PERS/TERS printouts and medical records. Docket 47. The court granted the motion with Ilisagvik's requested extension of discovery for 90 days on June 21, 2006. Docket 55.

5.  On the same day, June 21, 2006 Ilisagvik's attorney sent all of the lawyers a letter asking that they consult their calenders on four different weeks to schedule out of state depositions before the close of discovery on November 17, 2006 including the week of Aug 28, 2006. See Exh. A attached. The letter also advised that counsel for Ilisagvik had trial set October 9 in Bethel and trial set October 23 in Anchorage. Finally all counsel were advised of the following: " The current depositions will include Sonya Abu in Salt Lake City, Dr. Celia Church, Amy Underwood Conyers, Dr. Delozier, Dr Michelle Snyder, **and if the court orders it, Ms. Wade's continued deposition in Texas."** (emphasis added). Id.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Opposition To Motion For Protective Order
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                                   Page 4 of 9

6.  No objection was given by plaintiff to scheduling any of these depositions although she asked if the week of Aug 21 was available and also requested to take an additional deposition. *See* Exh. B email from Johnson dated June 28, 2006. Plaintiff advised she would provide the location of Ms. Wade's granddaughter but failed to do so until she responded to an interrogatory on July 24, 2006, with the witness' address. As a result scheduling was delayed pending receipt of the witness' address. As soon as the address was received efforts were made to finalize the schedule. *See* Exh. C, emails. Further communications regarding scheduling occurred among the parties and no objection was given to any of these depositions occurring until the court's order granting the motion to compel plaintiff's continued deposition. *See* Exhibit C, emails attached; see also Docket 62.

7.  The court's order was received Friday August 4, 2006 and on Monday August 7, at 9:53 AM counsel for Ilisagvik asked, consistent with her letter dated June 21, 2006 to schedule Ms. Wade's deposition into the current out of state schedule. Ms. Johnson's reply asked to reschedule the entire trip to the week of September 11 but Ilisagvik's counsel advised that entire week was booked. Ms. Johnson replied: " I have to fly back home Thursday. That may cut your time short. It's your choice, but a different week or earlier in the week would be better." *See* Exh. D, email dated Aug 7. Ilisagvik's attorney advised that they would take into account her scheduling needs and send a proposed flight itinerary, if needed. At that time Ilisagvik's attorney asked for the documents they had been seeking since October and November, 2005, i.e. the complete tax returns, the PERS/TERS documents and the medical records. At this point plaintiff's counsel for the first time refused to produce her during this planned deposition trip and advised, for the first time, that they had made no attempt at all since the requests for production were served to secure the documents sought; ***"We will use our release to get more***

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Opposition To Motion For Protective Order
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB

Page 5 of 9

***PERS/TERS documents and her complete tax returns."*** (emphasis added). She suggested but did not object to the rescheduling of the depositions. See *Exh.* E, emails dated August 7, 2006.

8.  As of today's date plaintiff has still failed to provide documents requested in requests for production in October, 2005 including her complete tax returns, her PERS/TERS documents and her complete medical records.

## ARGUMENT

As mentioned above, good cause has not been shown why the depositions of the doctors and witnesses already scheduled should not occur, as scheduled. Plaintiff has pursued an early completion of discovery deadline. These depositions were noticed at a time and place consented to by all parties, and given Ilisagvik's attorney's trial schedule they should occur now.

With respect to continuation of plaintiff's deposition, for the reasons set forth above, the protective order should be denied. There is no reason why plaintiff's deposition should not go forward as scheduled. The plaintiff is using every excuse to prevent scheduling the completion of her deposition, arguing for reconsideration of the motion. Plaintiff has been given more than adequate opportunity to produce the documents which led to the motion to compel plaintiff's deposition, and has apparently willfully failed to do so. Plaintiff has been twice warned that failure to produce these documents would result in her deposition being continued. However, she consistently refuses to produce the documents that are relevant and should have been produced in November, 2005. Plaintiff was given reasonable notice that her deposition would continue during the week out-of-state depositions were scheduled and did not object to keeping a window open to reschedule her if the court granted the motion to compel. She only did so when the documents were sought again prior to her deposition resuming. The court's previous order did not limit the manner in which the depositions would be taken. Plaintiff has had notice since

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Opposition To Motion For Protective Order
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                                Page 6 of 9

April, at the meeting of the parties, that plaintiff's deposition could not be completed until these documents were reviewed. Because the court has given two additional seven hour sessions, it is reasonable to assume that they would occur on different days and there might be intervening times in between. There is no reason why Ilisgavik should not be able to proceed with all of the other questions that it has of the plaintiff and reschedule the remaining portion of plaintiff's deposition for a time when the documents have been received. Plaintiff's claim that she is not required to produce these documents is unavailing.

Courts have often required a party to produce his or her medical records, even when the party is not presently in possession of a copy of those records. 7 *Moore's Federal Practice*, § 34.14[2][c], at 34-70 (Matthew Bender 3d ed.). See *Soto v. City of Concord*, 162 F.R.D. 603, 619-20 (N.D.Cal.1995) (police officers had legal right to obtain their psychiatric evaluations); *Fleming v Gardner*, 84 F.R.D. 217, 218 (E.D.Tenn.1979) (plaintiff ordered to produce emergency room records, or may comply by furnishing authorization); *Granberg v. Ashland County*, 590 F.Supp. 1005, 1011-1012 (W.D.Wis.1984) (plaintiff must provide authorization for medical records). The same principle applies to income tax returns. The taxpayer alone has the right to inspect filed returns and obtain copies thereof, which compels the conclusion that the taxpayer retains a right to the custody or control of copies of his or her tax records as to require production of such copies. *Reeves v. Pennsylvania R. Co.*, 80 F.Supp. 107, 109 (D.Del.1948). See also *Grove v. Aetna Cas. & Sur. Co.*, 855 F.Supp. 113, 116 (W.D.Pa.1993) (plaintiff must produce Social Security Administration disability file or provide defendant with signed authorization).

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Opposition To Motion For Protective Order
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB

Page 7 of 9

## CONCLUSION

In conclusion, the motion for protective order should be denied and these depositions should go forward in their entirety. Moreover, plaintiff should be required to produce all of the documents sought in October, prior to the deposition, or risk having them excluded at trial, or hearing any testimony regarding them. *See* for example, F. R. Civ. P. 37(b)(2)(A)-(E). Ilisagvik has spent much time and expense into attempting to schedule these depositions. They were not scheduled unilaterally. Neither were any of them scheduled without the consent of the plaintiff. Under the discovery deadline that she has been insisting on, these depositions should go forward. If there is any delay in these depositions going forward, the pretrial order should be significantly reworked, as it is obvious that significant additional time may be required to procure these documents, reschedule the plaintiff's deposition and complete discovery. The costs of such rescheduling should be born by the plaintiff, given her unexplained failure to produce these documents.

DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
Attorneys for Defendants Ilisagvik College,
John Tuthill, and Pamela Taylor

Dated:   8-10-06

s/Cynthia L. Ducey
Cynthia L. Ducey, ASBA # 8310161
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, AK 99501
(907) 279-3581
(907) 277-1331 Fax
cld@delaneywiles.com

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Opposition To Motion For Protective Order
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                                Page 8 of 9

Certificate of service

I certify that a true and correct
copy of this documents has
been served by electronic service
on the 10t day of August, 2006 upon:

Linda Johnson

Peter Gamache

By: Cynthia L. Ducey
120478

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Opposition To Motion For Protective Order
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                    Page 9 of 9