Submitted by Bobbi J. Wade
Grievance document received on
February 29, 2004
By

Received on March 1, 2004
Since Feb 29 was a Sunday; therefore
Employee was advised to deliver on March 1
with assurance that it would be accepted on a
timely basis if delivered
by Feb March 1

Pamela Taylor, Director of Human Resouce   (based on 2/29
Ilisagvik College                        phone discussion)
Date: 3/1/04

21748
Wade v. Ilisagvik College

EXHIBIT TT
PAGE 001

# MEMORANDUM

Date:    February 28, 2004

To:      Pamela Taylor, Director of Human Resource
         Board of Trustees of Ilisagvik College

From:    Bobbi J. Wade, Assistant Professor of Business Management

Subject: Grievance

On January 28, 2004, a Personnel Action Form was signed by four people; John Tuthill, Pamela Taylor, John Van Hoesen, and Edna A. MacLean, indicating a non renewal of my contract for the year 2004/2005. Then, on January 30, 2004, I was given a letter by John Tuthill in the presence of Pam Taylor advising me of the above action. There was no reason or cause given in the letter for this action, and I was advised by Pam Taylor that no reason or cause has to be given according to the approved Board of Trustee' policy (Exhibit I). This action is justified if the "no cause" procedure is done for a good reason. But, this action was not taken because of a good cause. **The termination of my affiliation with Ilisagvik College by non-renewal of contract for the year 2004/2005 was based upon "Wrongful Cause." The "No Cause" clause of the contract itself was used as a tool by John Tuthill to terminate my employment with Ilisagvik College, because with renewed contract, I would have been vested with PERS within a nine months period of time. Also, the notice of non renewal of contract was an act of Malfeasance and of Retaliation to me, which are listed in the numbered violations below.** They are all violations of the Employees Equal Opportunity Commission (EEOC), Age Discrimination in Employment Act of 1967(ADEA), and the Older Workers Benefit Protection Act of 1990 (OWBPA) an amendment to the ADEA.

   **Violation #1: Age Discrimination:**
   - In November, 2003, two young people (Amiee Valenti, Business English 109, and Tim Carlson, Business Math 105) were hired to replace me by teaching two classes that I had been previously scheduled to teach. This was done entirely against my wishes, **and it was also restricting my position as Lead Instructor for the Business Management programs (Exhibit 2).**
   - Also, a younger faculty member (Christopher Low) has been hired recently who has begun and will replace me in my position  It was also established in the last Board of Trustees' meeting that the approved 2004/2005 budget has included a faculty member to be hired in the Business Management Department. I can surmise that the funds are coming from my non renewal of contract in order to hire another faculty member in the Business Management program. This action of the Budget Committee and the Board of Trustees' was confirmed in an email from

21749
Wade v. Ilisagvik College

**EXHIBIT TT
PAGE 002**

John Tuthill on January 27, 2004, the day just prior to the signing of my non renewal notice on January 28, 2004 (Exhibit 3).

- At the end of my present contract, I will have four years and three months in service with PERS. Consequently, with renewal of my contract beginning July 1, 2004, I would have been vested for retirement within nine months. By non renewal of my upcoming contract, it will eliminate a secured retirement for me, thus, eliminating any responsibility of the College to contribute to my retirement. **Also, by replacing me with a younger person, it will reduce the costs that are and would have been paid to me had I been given a contract for the year 2004/2005.**

**Violation #2: A vindictive and malfeasance act of Retaliation by John Tuthill, Dean of Instruction.**

- In early December, 2003, I submitted a previous complaint against an adjunct instructor, Amiee Valenti, who was slandering my name around the college (Exhibit 4). John upheld her in hiring her to teach English classes which included Business English 109 for the Spring Semester, 2004 (Exhibit 5). I was strongly opposed to her working in the Administrative Assistant program, because she was confusing and upsetting some of the students, interfering in my duty as an advisor, and still slandering my name (Exhibit 6). Early in January, 2004, I again went to the Human Resource Director, Pam Taylor, and informed her of Amiee Valenti's behavior, and I also told her that I was ready to file another grievance. Pam told me that I was just being paranoid and to, "Give John time, he is working on it," indicating to me that he was working out a solution to my problem with Amiee Valenti. It was a hoax, because Pam was stalling for time until January 30 when John could hand to me a non renewal of contract notice. This was his only solution; to use the "No Cause" clause in my contract to terminate me by using his position as Dean to do so.

- Also, using his position as Dean, John Tuthill set up an ESL class for his wife, Lyudmyla Tuthill, at Ilisagvik's expense (Exhibit 7). **ESL classes have been taught at the ABE/GED Center for several years, and the Center also has the special ESL teaching materials. John Tuthill tried to use his position as Dean to confiscate these materials (Crossroads Café') for Valenti to use in the class he had gotten set up under the name of Ilisagvik College, But, he could not according to rules of the ABE/GED grant (Exhibit 8). Why was an ESL class set up for Ms. Valenti? Because she had already been terminated from the ABE/GED Center by the Director, Barbara Struble (Exhibit 9), and to use Ms. Valenti's services, he had to by-pass that method. My complaints against Amiee Valenti was causing personal problems for John Tuthill to use Ms. Valenti in giving his wife ESL lessons; consequently, another reason to terminate me by a non renewal of contract notice.**

21750
Wade v. Ilisagvik College

**EXHIBIT TT
PAGE 003**

Confidential
A05-086 CV (JWS)

- Another incident that is an unethical procedure that I fear will go against our Accreditation Standards involves another instructor, Jay St. Vincent. There are four English 100/810 classes. There is English 100A/810=1 Cr., English 100B/810=1 Cr., English 100C/810=1 Cr, all with several students, which are legitimate classes, but there is another class scheduled for English 100/810=3 Credits, with one student who does not need the class (Carlon A. Whiskey). Carlon's registration for the class was done illegally, because I did not sign her registration as her advisor or even knew about it, Jay St. Vincent signed her registration knowing that it was not her duty to do so. Why? And what is the purpose of the class? Is it possible to have two entirely differently scheduled classes with different students---all under the same class code? And why try to avoid my knowledge in setting up the class? The whole class is a hoax set up by Amiee Valenti, Jay St. Vincent, and I believe with the knowledge of John Tuthill (Exhibit 10). All in all, Amiee Valenti is scheduled as an adjunct to teach 14 hours of credit, which is a cost of $14,000. to the college for one semester. I believe that 7.5 hours is supposed to be the limit of an adjunct by the BOT policy. Why should she teach Bus Engl 109 when she is already overloaded with other classes (Exhibit 11).
- <u>What does all the above matters have to do with my grievance?</u> Because my complaints and knowledge against Amiee Valenti were interfering with John Tuthill's plans for her services. Again, he used his position as Dean in negotiating a non renewal of contract in retaliation to me (and to get me out of the way) because I was interfering in his plans for using the college and Amiee Valenti's services for his purposes and personal gain.

**Violation #3: Debasement and Defamation to use as justification for non renewal of contract**

- Dean Tuthill needed justification for my non renewal of contract other than "Age Discrimination." So, since his arrival as Dean of Ilisagvik College, I have received several demeaning emails from him indicating incompetence. Two of the most outstanding ones were sent just prior to the notice of non renewal of contract. The first was reprimanding me for student withdrawals from the courses that I taught during the Fall Semester, 2003 (there are many causes for a student not to succeed), and the second in which he accused me of favoritism of my granddaughter, Amy Underwood, who is a Program Active student at Ilisagvik College. Amy could have graduated at the end of the Spring Semester, 2004, but with John's denial of the classes she needs, prohibited her from doing so. (Exhibit 12).
- John Tuthill, again, used his position as Dean for debasement purposes to me as an instructor, and to obtain information about a student as tools of justification for giving me a "Non Renewal of

Confidential
A05-086 CV (JWS)

Contract" notice. Also, I believe he used the position of his wife, Lyudmyla Tuthill, as well, who is a newly hired employee in the Registrar's office (nepotism) to research the material for him concerning Amy Underwood; <u>thus, the confidential record of Amy Underwood was obtained for the purpose of defaming me just prior to a non renewal of contract notice given to me on January 30,2004.</u>

I have served Ilisagvik College for four years beyond the call of duty named by my contract, and by following rules and guidelines, teaching overloads because of lack of funds for another instructor, working hard on committees to get the college accredited, advising an overload of students, caring and tutoring and adhering to students' needs, developing and building the Business Management programs, participating and teaching distance education courses online, among numerous other things. I have gotten good reviews at the end of each year (Exhibit 13). Now, with my fifth year renewal of contract approaching (vesting year), why am I not being rehired?

<u>Redress Sought</u>

I have worked very loyally for four years with Ilisagvik College, and substantiated myself with the Personal Employee Retirement System (PERS). Now, <u>because of the above violations,</u> I have been, and continue to be under a lot of stress, which is causing severe health problems. The stress is mainly due from being ostracized, embarrassed, and demeaned in my workplace, and it is very difficult to work under these conditions. Thus, should my contract be renewed, the stressful situation would remain the same here at the onsite facility, and due to my age, it would be highly improbable that I could find another job. Consequently, non renewal of contract just shy of retirement, leaves me with a great loss and in a critical retirement situation.  Consequently, the redress I propose is:

1. That I am allowed to finish the present contract at an off-site location, and relieved of all duties that require my presence at the onsite facility.
2. That Diana Kennedy immediately be assigned as my monitor/supervisor with no interference from the Dean of Instruction, John Tuthill, until I retire.
3. That my contract be renewed with no duty assignments, at an off-site location, with full benefits and pay until I reach fulfillment of the PERS requirements for retirement.
4. That Ilisagvik College pays my attorney's fees in full until he is dismissed by me concerning this matter.
5. That Ilisagvik College purchase a one way Alaska Airlines plan ticket for me from Barrow to Anchorage.

Signed _Bobbi J. Wade_          Date: _2/29/04_

21752
Wade v. Ilisagvik College

EXHIBIT TT
PAGE 005

# Exhibit #1

21753
Wade v. Ilisagvik College

EXHIBIT TT
PAGE 006



**Ilisaġvik College**
P.O. Box 749 • Barrow, Alaska 99723
☎ (907) 852-3333  Fax (907) 852-2729

## PERSONNEL ACTION FORM

| | IMPLEMENTATION DATE |
|---|---|
| | 6 / 30 / 04 |

Name: **Bobbi Wade**        Employee I.D. _____

| NEW ADDRESS | Mailing Address | |
|---|---|---|
| | City, State, Zip | Social Security No. |
| | Telephone | Date of Birth |

| CHANGE | FROM | TO |
|---|---|---|
| JOB TITLE | Asst Professor-Bus Mgmt | |
| ACCOUNT CODE | 10-001-1202 | |
| PAY RATE | | |

**EMPLOYMENT STATUS:**

____ REGULAR (Full-Time)
____ REGULAR (Part-Time)
____ TEMPORARY (Full-Time)
____ TEMPORARY (Part-Time)

____ WORK STUDY
____ ON-CALL
_X_ ROTATION
_X_ FACULTY (Select 1):
    _X_ Regular  ____ Adjunct

**FLSA STATUS:**

_X_ EXEMPT (Salaried)
____ NON-EXEMPT (Hourly)

### REASON FOR CHANGE

| | | |
|---|---|---|
| ____ HIRED | ____ MERIT (% increase: ____ ) | ____ REEVALUATION OF CURRENT JOB |
| ____ REHIRED | ____ EQUITY (% increase: ____ ) | ____ PROBATION PERIOD COMPLETED |
| ____ PROMOTION | ____ RESIGNATION | ____ RETURN FROM MEDICAL LEAVE (Requires attached Doctor's Release) |
| ____ DEMOTION | ____ RETIREMENT | |
| ____ TRANSFER | ____ LAYOFF | _X_ OTHER: Non renewal |
| | ____ TERMINATION | 21754 |
| | | Wade v. Ilisagvik College |

COMMENTS: _____

Grants Administrator (If Grant Funded) / Financial Aid Advisor (If Work Study): _____  Date: _____

Department Director: _____  Date: 1-28-04

Human Resources Director: _Camille Taylor_  Date: 1/28/04

Chief Financial Officer: _John Van Haasen_  Date: 1/28/04

President: _Edna A. MacLean_  Date: 1/28/04

**\* \* \* Do not inform the employee of any changes until all signatures have been obtained \* \* \***
DISTRIBUTION:  White - Human Resources    Canary - Payroll    Pink - Department

Rev: 4/03
Bounton Printing

EXHIBIT TT
PAGE 007

ILISAGVIK
COLLEGE

January 30, 2004

Ms. Bobbi J. Wade
Assistant Professor of Business Management
Ilisagvik College
P. O. Box 749
Barrow, AK 99723

Dear Bobbi:

As you know, Ilisagvik College faculty contracts are issued for a period of only one year.
The College "Employee Handbook" (page 49) states that "Faculty are not tenured and
have no expectation of continued employment." According to the College Board of
Trustees' Approved Policies (Section 7.05), "for faculty in their third and subsequent
years of employment with the College, written notice of non-renewal of appointment
shall be provided by February 1."

I write to inform you that Ilisagvik College will not offer you a contract for the Academic
Year 2004-2005. Your contracted benefits now in force will cease on June 30, 2004, at
the termination of the current contract. Until that time, your duties and responsibilities to
the College remain as stipulated in your current contract.

The Human Resources Office will contact you regarding the delivery of your final
paperwork, and will provide benefits information to you in advance of your last
scheduled class date.

I appreciate your years of service to Ilisagvik College and wish you well in your future
endeavors.

Sincerely,

John G. Tuthill
Dean of Instruction

21755
Wade v. Ilisagvik College



P.O. Box 749   Barrow, Alaska 99723   907-852-3333   Fax 907-852-2729
SERVING THE RESIDENTS OF THE NORTH SLOPE

EXHIBIT TT
PAGE 008

# Exhibit #2

21756
Wade v. Ilisagvik College

EXHIBIT TT
PAGE 009

*Report written May 10, 2002*

2

Bobbie Wade is the lead faculty for Business Management programs. She will work with the Admin. Assistant for Academics and with the Director of Academics for scheduling and teaching assignments and for the hiring of Adjunct faculty—including necessary adjuncts in the villages. In addition, Ms. Wade is the primary faculty member designated under the NSF DD grant. As such, she will be teaching some specialty courses in a modular or non-standard format for which she will be paid from NSF grant funds. These will be in addition to her regular work. She is designated secondary faculty on the HUD grant and will be teaching regular business courses as a part of this grant. Her time may be reimbursable by HUD as we designate which courses meet the HUD requirements.

David Harper is the lead faculty for the current Office Technology program. This program is under review for discontinuation. A replacement program, called Office Management, will replace this program in order to meet the stated needs of the North Slope. The new program will focus on the operation of machinery and management of people in an office setting. The specialized focus will be on Microsoft Office software. David is the lead faculty on the HUD grant and will be teaching some modular and specialty courses that meet the HUD requirements. These courses will be in addition to his regular contract and the college will be reimbursed for his time. David is the secondary faculty for the NSF DD grant and may be teaching some specialty courses in a modular format. If so, he will be paid from this grant. David is preparing a draft of the new OM program for Academic Council review in the fall term.

This set of faculty and courses is being changed to adapt to the primary target market—adult learners who need special business courses for new jobs or for promotions; and students who need entry level business management skills to meet minimum qualifications for office positions in both the public and private sector. Most of the classes held in Barrow for these two specialty areas will be offered at night. It is strongly recommended that the evening class schedule be changed to begin at 6:00 rather than at 5:30 to accommodate adult learners and the Borough bus schedule or that all classes in this area be taught at the Browerville location.

It may be possible that some selected grant funded courses may be taught at the old Ipalook Facility if an agreement can be reached with NSBSD personnel. If so, probably 3 modular courses will originate from that facility and will be taught by either Ms. Wade or Mr. Harper.

Courtenay Bartholomew will be teaching strictly in the IT program being managed by the IS division. All his salary and related expenses will be reimbursed to the Voc-Ed division by the NSF/Murdock/Microsoft grants. These grants make no provision for adjunct faculty and those faculty will have to be funded by the Voc-Ed division with budgets transferred as outlined above. All first year IT courses will be taught in the fall. The IS Division has recently hired a curriculum Coordinator—another entirely grant funded position. The incumbent will teach 200 level courses as needed and will manage the scheduling of courses and the adjunct faculty needs. He will need to work with the admin. Assistant for Voc-Ed as that is where the budgets for IT reside.

Amy Porter is the admin. Assistant assigned to grants. She devotes about ½ her time to the HUD and NSF DD grants and about ½ her time to the Microsoft/Murdock/NSF IT grants. She also assists the Dean of IR&D with travel and other paperwork associated with grants activities.

**Future**

Enrollment in all three programs outlined above is expected to grow rapidly. Severe losses in students were reported when the Business Management and CAPS programs were relocated from Barrow to

21757

Wade v. Ilisagvik College



**ILISAGVIK**
**C O L L E G E**

IS & D   M E M O R A N D U M

Date:  2/10/02

To:    Edna MacLean, Don Hoke, Frank Willingham
CC:    Barb Wilson, Marty Hillman

From:  *Stan Scott,* **Acting Dean**

Re:    Future direction of BM,OT,IT

With the establishment of the new Department of Institutional Research and Development, it was decided to eliminate the position of Director of the Business Management Department, to eliminate the department itself, and to reassign the faculty and parts of the operating budgets for 2001-2002.

**Budgets**

Under the current set of budgets, Bobbie Wade and David Harper are assigned to the Business Management budget.  Adjunct faculty are assigned to this budget for the Office Technology and Business Management programs.  Associated travel, etc. is assigned to this budget.  Much of the equipment and supplies budgets have been shifted to Gary Gortz as central purchasing was deemed more rational than the previous methods. The budgets associated with these positions and direct costs, etc. will be assigned to Division of Academics.

One faculty position exists in the current budget for Computer programs.  The new name for these programs will be Information Technology.  This faculty position and all adjunct and teaching related materials parts of this budget will be transferred to Voc-Ed.  The one faculty member, Courtenay Bartholomew, will be assigned to the IS Division for the duration of the federally funded grants which were used to establish the IT major.  However, all teaching materials, etc. for this program are grant funded.  Therefore, selected portions of the current budget will be transferred to the operating budget of the new IS&D department.  All adjunct faculty costs for the IT program will be borne by the Voc-Ed department and the requisite portions of the old CAPS budget will be transferred to Voc-Ed.

The old administrative budget for BMIT division will transferred in total to the new IS&D department with the exception that a ½ time administrative assistant position will be transferred to Academics in support of David Harper and Bobbie Wade.  The portions of the equipment and supplies budget not transferred go Gary Gortz will be used to support the new department.

**Faculty**

21758
Wade v. Ilisagvik College

*3*

NARL. Distance delivery and rescheduling classes to the evening time slots will recoup some of these students, assuming starting times are adjusted to recognize the needs of working adults who are the primary students of these programs. Initiatives are under way to partner with several organizations who will allow their employees time off from work to attend classes on a limited basis. This will also increase enrollment. Promotion of the programs, particularly the IT program, will produce additional students. Most of the students in these programs will not be program active. Most will be seeking specific skills for job enhancement. The OM program being proposed is in direct response to stated needs of major employers to upgrade and modernize the college's offerings in these areas. We expect considerable increases in the numbers of people taking these specialty courses. In addition, the specialty courses from Microsoft are in demand from the NSB and we intend to provide specific seminars or training to meet their demand—all of which will increase enrollment in these programs.

The suggested budget shifts are in negotiation between the Dean IR&D and the Chief Accounting Officer.

21759
Wade v. Ilisagvik College

Page 1 of 1

# Bobbi Wade

**From:**    Edna MacLean

**Sent:**    Monday, May 26, 2003 1:33 PM

**To:**    Fannie Akpik; Bobbi Wade; Courtneay Bartholomew; Dave Elbert; John Howlett; Larry Wilbourn; Barbara Struble; Harry Mawson

**Subject:** 2003 Assessments

## MEMORANDUM

### May 23, 2003

**TO:**         **Program Heads:**
               Fannie Akpik (AA degree)
               Bobbi Wade (Business (I);Office Administration/Accounting; (1);
               Courtneay Bartholomew (Information Technology)
               Dave Elbert (Electrical Trades)
               John Howlett (Pluming)
               Larry Wilbourn (Heavy Truck Operations)
               Barbara Struble (ABE/GED)
               Harry Mawson (Workforce Development)

**From:**    Edna Ahgeak MacLean, President

**Subj.**    **2003 Assessment – Follow up**

This is just a reminder that you should be completing your program assessments as they are due next week. Hopefully, you have analyzed your data and are in the process of developing realistic action plans which you will carry out during the next academic year. For those of you who represent programs with more than one staff member, I presume they have been involved in discussing what the program will do differently next year to bring about improvements. Information on what your students are doing is crucial to our being able to demonstrate that each program is meeting its expected outcomes so I am looking forward to reviewing your data on this.

As I mentioned in April when you began the assessment process, I am asking that each of you meet with Dr. O'Rourke when he is on campus next week to discuss your analyses and to share with him your action plans. Hopefully, these interactions will result in strengthening your action plans and Dr. O'Rourke will be developing a follow up action plan for the Instructional division which will provide an initial guide for the new Dean when he/she arrives.

Please call Diana Kennedy to schedule an hour when you can meet with Dr. O'Rourke between May 27 and May 30. Include you department colleagues if you wish.

cc. Diana Kennedy

21760
Wade v. Ilisagvik College

Confidential
A05-086 CV (JWS)

My Class Lists — My Class Lists



An Academic Staff                                                   2/28/2004 10:59:39 AI

# My Class Lists

## 2003/Fall/01

**Course:** BUS 109C/Lecture/800          **Duration:** Nov 6, 2003 - Dec 16, 2003
**Title:** Business English C             **Institution:** Ilisagvik College
**Department:**                           **Credits:** 1.00
**Program:**                              **CEU:** 0.00
**College:**                              **Serial Id:** BUS109C,800LTR

**Schedule:** TTH 1:30 pm - 3:30 pm Ilisagvik College/Building 58/#201
**Instructor(s):** An Academic Staff , Ms. Amy J Valenti

| Name | Id | Curriculum | Full/Part | Class Level | Credit Type | Cred |
|------|----|-----------| ----------|-------------|-------------|------|
| Akootchook, Annie Bethany | 574907754 | AdmAssist/CERT/AdmAssist ApplBs-EAA/AAS/ApplBs-EAA OffAssI/ENDOR/OffAssI OffAssII/ENDOR/OffAssII | Full Time | Freshman | Letter Gr | 1.0 |
| Akootchook, Lucinda | 574702917 | ApplBs-Acc/AAS/ApplBs-Acc | Part Time | Sophomore | Letter Gr | 1.0 |
| Brower, Joseph Charles | 574722320 | Bus-Mngmnt/AAS/Bus-Mngmnt | Full Time | Freshman | Letter Gr | 1.0 |
| Charoonsophonsak, Dararath | 574271063 | AdmAssist/CERT/AdmAssist ApplBs-EAA/AAS/ApplBs-EAA OffAssI/ENDOR/OffAssI OffAssII/ENDOR/OffAssII Unknown/Unknown/Unknown | Part Time | Freshman | Letter Gr | 1.0 |
| Douglas, Martha | 574462242 | AdmAssist/CERT/AdmAssist ApplBs-EAA/AAS/ApplBs-EAA OffAssI/ENDOR/OffAssI OffAssII/ENDOR/OffAssII | Full Time | Freshman | Letter Gr | 1.0 |
| Fischer, Margie E | 574483866 | Unknown/Unknown/Unknown | Part Time | Freshman | Letter Gr | 1.0 |
| Gross, Crystal M | 574845948 | InfoTechAs/CERT/InfoTech | Full Time | Freshman | Letter Gr | 1.0 – |
| Johnson, Rufus O | 574041985 | ITTchncn/AAS/InfoTech | Full Time | Freshman | Letter Gr | 1.0 |
| Kaleak, Jeslie James | 574723545 | OffAssI/ENDOR/OffAssI OffAssII/ENDOR/OffAssII | Full Time | Sophomore | Letter Gr | 1.0 |
| Kignak, Paul S | 574607057 | ITTchncn/AAS/InfoTech | Full Time | Freshman | Letter Gr | 1.0 |
| Koonuk, Ida Enid | 574464851 | ITTchncn/AAS/InfoTech Unknown/Unknown/Unknown | Full Time | Freshman | Letter Gr | 1.0 |
| Koonuk, Rachel Mabel | 574783201 | AdmAssist/CERT/AdmAssist ApplBs-EAA/AAS/ApplBs-EAA OffAssI/ENDOR/OffAssI | Full Time | Freshman | Letter Gr | 1.0 |

21761
Wade v. Ilisagvik College

**EXHIBIT TT**
**PAGE  014**

Confidential
A05-086 CV (JWS)

| Name | ID | Course | Status | Level | Grade | Credits |
|---|---|---|---|---|---|---|
| | | OffAssll/ENDOR/OffAssll | | | | |
| Matumeak, Annie Marie | 574902548 | OffAssll/ENDOR/OffAssl | Part Time | Freshman | Letter Gr | 1.0 |
| Mealor, Mariette Jacqueline | 574760555 | ApplBs-Acc/AAS/ApplBs-Acc | Full Time | Sophomore | Letter Gr | 1.0 |
| Nashaknik, Lorena J | 574966052 | AdmAssist/CERT/AdmAssist | Full Time | Freshman | Letter Gr | 1.0 |
| | | OffAssll/ENDOR/OffAssl | | | | |
| | | OffAssll/ENDOR/OffAssll | | | | |
| Nowpakahok, Melba M | 574325549 | OffAssl/ENDOR/OffAssl | Part Time | Freshman | Letter Gr | 1.0 |
| Nungasak, Olive K | 574782778 | AdmAssist/CERT/AdmAssist | Full Time | Freshman | Letter Gr | 1.0 |
| | | ApplBs-EAA/AAS/ApplBs-EAA | | | | |
| | | OffAssl/ENDOR/OffAssl | | | | |
| | | OffAssll/ENDOR/OffAssll | | | | |
| Panik, Cheryl M | 574565357 | Bus-Mngmnt/AAS/Bus-Mngmnt | Part Time | Freshman | Letter Gr | 1.0 |
| Rock, Ramona M | 574486285 | Bus-Mngmnt/AA/Bus-Mngmnt | Part Time | Sophomore | Letter Gr | 1.0 |
| | | Bus-Mngmnt/AAS/Bus-Mngmnt | | | | |
| | | Unknown/Unknown/Unknown | | | | |
| Shroyer, Sidney Jean | 574623287 | InfoTechAs/CERT/InfoTech | Full Time | Freshman | Letter Gr | 1.0 |
| | | ITTchncn/AAS/InfoTech | | | | |
| Tagarook, Virginia Grace | 574485779 | OffAssl/ENDOR/OffAssl | Part Time | Freshman | Letter Gr | 1.0 |
| Tegoseak, Edith Joanne | 574602028 | Bus-Mngmnt/AAS/Bus-Mngmnt | Full Time | Freshman | Letter Gr | 1.0 |
| Tegoseak, Samuel R | 574624826 | CarpentryI/ENDOR/Carpentry | Full Time | Sophomore | Letter Gr | 1.0 |
| | | CarpntryII/ENDOR/Carpentry | | | | |
| | | CarpntryIV/CERT/Carpentry | | | | |
| | | CrpntryIII/ENDOR/Carpentry | | | | |
| | | SmBus-Carp/AAS/Carpentry | | | | |
| Tuai, Pilimilose | 576696932 | OffAssl/ENDOR/OffAssl | Full Time | Freshman | Letter Gr | 1.0 |
| | | OffAssll/ENDOR/OffAssll | | | | |
| Underwood, Amy Leigh | 411650968 | Bus-Mngmnt/AAS/Bus-Mngmnt | Part Time | Sophomore | Letter Gr | 1.0 |

21762
Wade v. Ilisagvik College

EXHIBIT TT
PAGE 015

Confidential
A05-086 CV (JWS)

Page 1 of 2



An Academic Staff                                    2/28/2004 11:09:22 AM

# My Class Lists

## 2004/Spring/01

**Course:** BUS 109A/Lecture/800
**Title:** Business English A
**Department:** Cmptr Info &Bus Tech
**Program:** All
**College:** Ilisagvik

**Duration:** Jan 7, 2004 - Feb 4, 2004
**Institution:** Ilisagvik College
**Credits:** 1.00
**CEU:** 0.00
**Serial Id:** BUS109A,800LTR

**Schedule:** Mon/Wed 5:00 pm - 6:30 pm Ilisagvik College/Building 58
**Instructor(s):** An Academic Staff , Ms. Amy J Valenti

| Name | Id | Curriculum | Full/Part | Class Level | Credit Type | Credit |
|------|----|-----------| ----------|-------------|-------------|--------|
| Aveoganna, Arlene Rae | 574886933 | AcctTechl/ENDOR/AcctTechl AcctTechll/CERT/AcctTechll Unknown/Unknown/Unknown | Part Time | Freshman | Letter Gr | 1.00 |
| Fernandez, Tristan R | 616923370 | InfoTechAs/CERT/InfoTech Unknown/Unknown/Unknown | Full Time | Freshman | Letter Gr | 1.00 |
| Hopson, Luava Mariam | 574687086 | OffAssl/ENDOR/OffAssl OffAssll/ENDOR/OffAssll Unknown/Unknown/Unknown | Part Time | Freshman | Letter Gr | 1.00 |
| Patkotak, Elizabeth | 574463102 | OffAssl/ENDOR/OffAssl Unknown/Unknown/Unknown | Part Time | Freshman | Letter Gr | 1.00 |

**Totals**
**Students:** 4
**Credits:** 4.00
**CEU:** 0.00

*Modules   A, B, C, = 3 Credits*

21763
Wade v. Ilisagvik College

**EXHIBIT TT
PAGE 016**

Confidential
A05-086 CV (JWS)



ILISAGVIK COLLEGE

An Academic Staff

2/28/2004 11:06:11 Al

# My Class Lists

## 2003/Fall/01

**Course:** BUS 105C/Lecture/800
**Title:** Business Math C
**Department:**
**Program:**
**College:**

**Duration:** Nov 17, 2003 - Dec 17, 2003
**Institution:** Ilisagvik College
**Credits:** 1.00
**CEU:** 0.00
**Serial Id:** BUS105C,800LTR

**Schedule:** Mon/Wed 1:30 pm - 3:00 pm Ilisagvik College/Building 58/#201
**Instructor(s):** An Academic Staff , Mr. Tim Carlson

| Name | Id | Curriculum | Full/Part | Class Level | Credit Type | Cred |
|---|---|---|---|---|---|---|
| Akootchook, Annie Bethany | 574907754 | AdmAssist/CERT/AdmAssist ApplBs-EAA/AAS/ApplBs-EAA OffAssI/ENDOR/OffAssI OffAssII/ENDOR/OffAssII | Full Time | Freshman | Letter Gr | 1.0 |
| Aveoganna, Arlene Rae | 574886933 | AcctTechI/ENDOR/AcctTechI AcctTechII/CERT/AcctTechII | Part Time | Freshman | Letter Gr | 0.0 |
| Brower, Clarissa Ellen | 574460679 | Academic/AA/General Unknown/Unknown/Unknown | Full Time | Sophomore | Letter Gr | 1.0 |
| Charoonsophonsak, Dararath | 574271063 | AdmAssist/CERT/AdmAssist ApplBs-EAA/AAS/ApplBs-EAA OffAssI/ENDOR/OffAssI OffAssII/ENDOR/OffAssII Unknown/Unknown/Unknown | Part Time | Freshman | Letter Gr | 1.0 |
| Douglas, Martha | 574462242 | AdmAssist/CERT/AdmAssist ApplBs-EAA/AAS/ApplBs-EAA OffAssI/ENDOR/OffAssI OffAssII/ENDOR/OffAssII | Full Time | Freshman | Letter Gr | 1.0 |
| Hopson, Helen F | 574247153 | AcctTechI/ENDOR/AcctTechI | Part Time | Freshman | Letter Gr | 1.0 |
| Kaleak, Jeslie James | 574723545 | OffAssI/ENDOR/OffAssI OffAssII/ENDOR/OffAssII | Full Time | Sophomore | Letter Gr | 1.0 |
| Koonuk, Rachel Mabel | 574783201 | AdmAssist/CERT/AdmAssist ApplBs-EAA/AAS/ApplBs-EAA OffAssI/ENDOR/OffAssI OffAssII/ENDOR/OffAssII | Full Time | Freshman | Letter Gr | 1.0 |
| Lozano, Stefanie Rose | 574947064 | AcctTechI/ENDOR/AcctTechI | Full Time | Freshman | Letter Gr | 1.0 |
| Matumeak, Annie Marie | 574902548 | OffAssI/ENDOR/OffAssI | Part Time | Freshman | Letter Gr | 1.0 |

21764
Wade v. Ilisagvik College

**EXHIBIT TT**
**PAGE 017**

Page 2 of 3

Confidential
A05-086 CV (JWS)

| Name | ID | Course | Time | Level | Grade | Credits |
|------|----|--------|------|-------|-------|---------|
| Mealor, Mariette Jacqueline | 574760555 | ApplBs-Acc/AAS/ApplBs-Acc | Full Time | Sophomore | Letter Gr | 1.0 |
| Nashaknik, Lorena J | 574966052 | AdmAssist/CERT/AdmAssist | Full Time | Freshman | Letter Gr | 1.0 |
| | | OffAssI/ENDOR/OffAssI | | | | |
| | | OffAssII/ENDOR/OffAssII | | | | |
| Nowpakahok, Melba M | 574325549 | OffAssI/ENDOR/OffAssI | Part Time | Freshman | Letter Gr | 1.0 |
| Nungasak, Olive K | 574782778 | AdmAssist/CERT/AdmAssist | Full Time | Freshman | Letter Gr | 1.0 |
| | | ApplBs-EAA/AAS/ApplBs-EAA | | | | |
| | | OffAssI/ENDOR/OffAssI | | | | |
| | | OffAssII/ENDOR/OffAssII | | | | |
| Pak, Okjin | 574378792 | AcctTechI/ENDOR/AcctTechI | Full Time | Freshman | Letter Gr | 1.0 |
| | | AcctTechII/CERT/AcctTechII | | | | |
| | | Unknown/Unknown/Unknown | | | | |
| Panik, Cheryl M | 574565357 | Bus-Mngmnt/AAS/Bus-Mngmnt | Part Time | Freshman | Letter Gr | 1.0 |
| Simmonds, Lena L | 574347254 | AcctTechI/ENDOR/AcctTechI | Full Time | Freshman | Letter Gr | 1.0 |
| | | Unknown/Unknown/Unknown | | | | |
| Stone, Patrick T | 574704976 | InfoTechAs/CERT/InfoTech | Part Time | Freshman | Letter Gr | 1.0 |
| | | Unknown/Unknown/Unknown | | | | |
| Tagarook, Virginia Grace | 574485779 | OffAssI/ENDOR/OffAssI | Part Time | Freshman | Letter Gr | 1.0 |
| Tegoseak, Edith Joanne | 574602028 | Bus-Mngmnt/AAS/Bus-Mngmnt | Full Time | Freshman | Letter Gr | 1.0 |
| Tegoseak, Samuel R | 574624826 | CarpentryI/ENDOR/Carpentry | Full Time | Sophomore | Letter Gr | 1.0 |
| | | CarpntryII/ENDOR/Carpentry | | | | |
| | | CarpntryIV/CERT/Carpentry | | | | |
| | | CrpntryIII/ENDOR/Carpentry | | | | |
| | | SmBus-Carp/AAS/Carpentry | | | | |
| Tuai, Pilimilose | 576696932 | OffAssI/ENDOR/OffAssI | Full Time | Freshman | Letter Gr | 1.0 |
| | | OffAssII/ENDOR/OffAssII | | | | |
| Underwood, Amy Leigh | 411650968 | Bus-Mngmnt/AAS/Bus-Mngmnt | Part Time | Sophomore | Letter Gr | 1.0 |
| | | Unknown/Unknown/Unknown | | | | |

**Totals**
Students: 23
Credits: 22.00
CEU: 0.00

21765
Wade v. Ilisagvik College

EXHIBIT TT
PAGE 018

# Exhibit #3

21766
Wade v. Ilisagvik College

**Bobbi Wade**

| From: | John Tuthill |
|---|---|
| Sent: | Tuesday, January 27, 2004 11:43 AM |
| Subject: | Catalog Revisions |

Folks --

We need to start working seriously on our catalog for the Academic Year 2004-2005. I'm going to need your input and revisions in February, with a March deadline for getting the copy to the printer.

There are lots of problems with our current catalog that we need to fix. I want each of you to carefully review the current catalog information for your courses/programs. Look first for accuracy -- are we providing the right information, reflecting our current policy, and is the information clear and complete?

Then look for things that you think might need to be changed in our current policy/programs. Does our catalog list courses that we no longer offer and/or no longer need? Do we have appropriate prerequisites for your courses? Do we need to change our programs to better serve our students? Do we need to think again about admissions standards to certain programs? In short, if you want to change something, now's the time to get your ideas out on the table (and, if necessary, to the Academic Council).

Beyond that, there's something else I want the faculty to do. For each program and each instructor, I want you to develop a two year teaching plan, showing what each instructor will teach and which semester/s each program course will be taught (Fall Even Year, Spring Odd, Fall Odd, Spring Even). The goal is to come up with a schedule that will allow us to teach sufficient sections of each course to satisfy student demands, to get the students through their programs in a timely fashion, and to do so without burdening the faculty with instructional overloads.

To do this right, you're going to need to work with each other -- most programs overlap with each other in one way or another, so that IT will have to be sure it's ready for Construction Trades students, etc. I suggest to faciliate the conversations, it would help if you put your ideas out on the Discussion Boards for the "Dean's Doings."

Program faculty, as you make your plans, be aware that the Board of Trustees has approved the proposed College budget for 2004-2005. The budget is substantially reduced from what we were hoping for -- in July there will be cuts in many areas. BUT -- the budget does include funding for three new full-time instructional positions -- one in Developmental English, one in Business, and one in IT. The Trustees recognized our critical instructional shortages in these high-demand areas, and acted accordingly.

I'd like the A.A. (Academic) faculty to figure out a tentative plan for the full-time Developmental English instructor. Business and IT need to work together to figure out how you want to divide up the courses in your various programs, figuring on a total of five full-time instructors for next year instead of our current three.

I'm looking forward to lots of input from all of you. Thanks for your help.

-- John

21767

Wade v. Ilisagvik College

1

EXHIBIT TT
PAGE 020

# Exhibit  #4

21768
Wade v. Ilisagvik College

EXHIBIT  TT
PAGE 021

DATE:    11 December 2003

TO:    Dr. Edna MacClean, President, Ilisagvik College
       John Tuthill, Dean of Instruction
       Pam Taylor, Director of HR
       Courtneay Bartholomew, Chair, BMIT Division

FROM:  Bobbi J Wade, Assistant Professor of Business Management

SUBJ:   Formal Grievance

PURPOSE

To provide information concerning a chain of events that I feel are unethical
procedures toward me and the adjuncts who have been teaching courses in my
programs for the last 3.5 years. These events were demeaning to my reputation and
integrity as Lead instructor for the business management programs, and some of
the events were in violation of my contracts.

INTRODUCTION

Since I left for summer break last June, 2003, a series of occurrences have taken
place to show a lack of consideration for me and my position as a faculty member,
and they are still ongoing.  In fact, I have been totally left out of things and ignored
as an instructor even when I requested participation.  Several important factors
have taken place that were/are damaging to my programs, and have caused
deterioration to my classes and confusion to my students. Just today, I witnessed a
slander to my personal integrity by an adjunct instructor, which is defamation to
my character, because it took place in the presence of my students. Then, too, other
than the unfairness and lack of consideration, several items in my contracts have
been in violation by the Dean of Instruction. I will discuss the chain of events at
which they seemed to begin and are still ongoing. Last Thursday, December 4, 2003,
(demeaning conduct by an adjunct). Friday, December 5, (was told that two of my
extra-duty contracts were voided by the Dean), and Wednesday, December 10, (two
adjuncts told me they were going to resign), which would be a devastation to the
Business Management programs and is very embarrassing to me. Also, it is
becoming an embarrassing issue to one of the adjuncts at her full time position.  On
Friday, December 5, I went to Pam Taylor and spoke with her concerning the
unethical conduct of the adjunct as well as other items. She advised me to arrange a
meeting with the Dean in her presence and in the presence of Diana Kennedy. I
requested this meeting, but the Dean advised me that he needed to know why I
wanted to meet. This letter is a formal statement to inform the Dean and all
concerned what my grievances are and why I wanted the meeting. To prevent
further damage to the reputation of the college, it needs to be addressed in a timely

21769
Wade v. Ilisagvik College

manner. Ethics is the number one factor that is taught in all business courses, and if we do not practice what we teach, then how can we teach it to others?

## SUMMARY

1. Scheduling:

In June, 2003, before I left on summer break, I did all the preparation for the fall semester that was required of the faculty. This included making out a detailed teaching schedule along with a list of required text books. Not only did I make out my own schedule, but the schedules for all the adjuncts who would teach courses in the programs. It took a lot of hours and concentration to complete the schedule, but it was done in a timely manner and turned in to the Dean of Instruction's office.

While I was away for the summer break, my schedule was totally rearranged with several added extra duty courses. The rearrangement was done without any consultation with me and in my absence. When I reported for work on August 18, my schedule was such that it was almost beyond reason. I had 31 new advisees, plus the 30 that I was already advising, making a total of 61 altogether. I had six classes beginning at the same time, because of the scheduling, with a total of 87 students. More were added on later. This is almost unheard of, because faculty members usually stagger the classes in order for the teaching load not to be a burden to the instructor. Then, too, the Blackboard classes had to be designed before the students could begin the courses. This is very time consuming and requires a lot of concentration and has to be done before the classes begin.

This problem could have been eased when one of my classes was cancelled. But, again, I was not consulted and the class was cancelled leaving the same schedule with all classes being taught at the same time. If I had been included in the decision, I could have rearranged the schedule to shift the class load to a little more balanced situation. Again, no consideration at all was given to me, or the load I was carrying. Also, it was in violation of my contract, which states that if a class is cancelled, it will be in consultation with the instructor prior to cancellation.

I requested leave to take care of a medical problem. I had Module C of both Bus Math and Bus English to complete, because both courses are three credit hours of study, but I had scheduled each of them in three phases, Modules A, B, and C. I made a schedule for myself to teach Module C of both Bus Math and Bus English upon my return from leave (11 days), which the students in both classes agreed was satisfactory with them. The change in dates would have not been confusing to the students nor damaging to my classes. It would have been a smooth inclusion. Dean Tuthill totally ignored my schedule, which left my students in a state of confusion, because he hired other instructors in my absence to teach the third phase of the two classes that I was in the process of teaching. Again, this was done with no consultation with me. Also, he knew that my leave request was only for 11 days,

which three class meeting would be held in my absence with the original schedule. Why was I not allowed the privilege of getting someone to substitute in my absence, and resume teaching the classes upon my return if he wanted to keep the original, and not adhere to my revised one? Others have taken leave. Did the Dean replace them while they were gone by hiring instructors to take their place, or did they make arrangements for their duties to be taken care of while they were gone, and then resume the duties when they returned, as is the usual procedure.

Then, too, the Business 109C teacher the Dean hired (Amiee Valante) to take over the class is an outside adjunct who has totally aborted my class syllabus, textbook, and teaching plans. The students were in a state of confusion upon my return and are being told that the teaching materials that have been previously used are wrong and they will no longer be used—that she is totally rewriting the course, and she is using a syllabus for Business 100. This is an insult to my reputation as an instructor and defamation to my character. It has always been my understanding that an adjunct will teach a course under the direction and plans of the Lead instructor of the department, and will use the teaching materials that are provided. All adjuncts have adhered to this policy until now. Now, it seems that this particular adjunct has taken over with all authority in my program and classes with no regards to my position. Plus, making remarks to the class that is demeaning to me and my status as a full time faculty member with four years of service. Up until now, I have always had the privilege of screening and hiring the adjuncts for my programs---all of a sudden that privilege has been taken away from me without due process. The adjunct instructor that has been teaching Bus 109 has for the past 3.5 years has been replaced without cause or provocation, which is a very unethical procedure and damaging to the reputation of the college, because she is a very upstanding citizen of the community. Also, the Bus Math 105 adjunct instructor was taken off the spring roster and replaced without notification. He, too, has been teaching Bus Math for the past two years, and is also a fine citizen of the community. Another upstanding citizen and leader in the community, was taken off the fall schedule without notice. This is not an ethical way to work with people of the community, and I am strongly opposed to it. These adjuncts who are being replaced are long standing citizens of the community and it has helped to build a good rapport of the college with the community. These same adjuncts will be around for a long time to come, when the temporary ones will be gone at any time.

UPDATE: Today, 12/4/03, I asked the adjunct for Bus English 109C (Amiee) if she was following my syllabus and using the textbook the students have purchased. Her attitude was very belligerent and demeaning to me when she told me, "I do not have to use your plans or your book because the Dean and I have discussed it and we have agreed that the proper materials are not being taught in Business English. Then she stated, "We will meet with the Dean and he will straighten you out." I have always had the opinion that an ethical Dean would support the faculty unless he/she had reason not to. Because of his actions, my reputation with the college as Lead Instructor of the Business Management programs has been slandered, without reason or provocation from me. I have always been a very fair and ethical person,

21771
Wade v. Ilisagvik College

and I abide by the rules. I think my service to the college for the past soon-to-be four years speaks for itself.

3. Leave:

In late September, 2003, I applied for personal leave because I needed to go back to my family doctor for continuation of tests that I had begun in July while on summer break. I took my leave request in to Dean Tuthill and talked with him about rearranging my schedule as not to interfere with my teaching duties. I had the classes rescheduled on the proper change form and had talked with my students. Every student in the class agreed it was a better schedule than the old one. Dean Tuthill seemed agreeable and to think it was a workable schedule, but said he would need to look into it. I also presented him with a copy of a document from my doctor verifying that I needed the immediate follow-up.

In a couple of days, I went back into his office to inquire about my leave, he told me in a very abrupt attitude that he would not approve the change in the class schedule and, consequently, would not approve my leave, because it would interfere with my teaching schedule. The rescheduling of my classes was a very logical one and there was no reason it would not have worked. Yet, he would not allow me to use the rearranged schedule that would allow me to take the necessary leave time, and at the same time, keep the students content. Some of the students even decided to take a break while I was away, and we would all meet back to continue with the classes upon the specified date that I would return.

I was very disturbed by his lack of cooperation with me to work out a pressing problem, because I really needed the medical attention. I went to Pam Taylor and she advised me to fill out a request for medical leave along with verification from my doctor, which I did. But, this didn't satisfy Pam. She wanted more documentation from the doctor. Rather than try to obtain more documentation, I decided that I would go to the doctor here in Barrow and try to get by until the Christmas holidays, which was Dean Tuthills' suggestion. I told him that I would take his suggestion and wait until the Christmas holidays, and, in the meantime, took another 2 credit course to teach because there was no one to teach it. This was related that to Dean Tuthill in an email. By that, I thought he would approve time in December adjoining the holiday break for my seeing the doctor.

But, he denied that also, because I then applied for leave in December, and worked out an arrangement to have the classes completed by the time I took the leave days. But Dean Tuthill denied the request without even consulting with me about the arrangements I had worked out for my classes. He said I would have to stay on the job until Dec. 19. That, of course, would leave no time to see a doctor since most offices are closed the week of Christmas.

21772
Wade v. Ilisagvik College

**EXHIBIT TT
PAGE 025**

But, again, due to tests results from the local medical clinic, I submitted another leave request to Dean Tuthill on Nov. 3, and he did not respond at all. He did not even give me the courtesy of replying. Then, I got a phone call from the doctor in Barrow informing me that I must see a specialist immediately, because the type of treatment I needed (a Mose Procedure) could not be done in Barrow, and could not be done in Anchorage. Only when I reached the point that was critical did he sign a leave request, and this was done when Pam Taylor informed him that he had no choice. Again, his denial of my leave request was in violation of my contract, because there was a reasonable plan to take care of my classes in my absence, and consequently, it would NOT have hindered my duties nor been in violation of my contract. It seemed he was trying to enforce his stated opinion of faculty leave time which was designated in a contract that was written and signed several months prior to his hire date.

4. Extra-duty contracts and pay:

For all the extra-duty units that were added to my schedule, I finally received the signed contracts from the Dean of Instruction. I signed the contracts and fulfilled the teaching and Blackboard designing duties that were required in the contracts. Dean Tuthill has voided two of the contracts for extra-duty pay without consultation with me. The teaching duties that were described in the contracts have been fulfilled. In other words, he has broken two extra-duty contract that had been fulfilled prior to his voiding them.

He contends that he took away two units of pay, because I am not teaching Module C of both Bus Math and Bus English. Those were my teaching duties, not contract units. Then, too, I would not have lost those teaching duties if the he had not taken them away from me without just cause. But, because he took away those two classes, he contends that I lack two units fulfilling the twelve hours required per semester. We have been told several times that if we don't fulfill the hours in one semester, we can make them up in another as long as we fulfill the required teaching units as prescribed by the end of the contract. I could have easily made up the two hours in the spring or summer semesters, and not had the two contracts broken. Again, no meeting with me to discuss the situation, just blatant unethical procedure and a violation of two signed and fulfilled contracts.

CONCLUSION

All the above are questions that need addressing, because it seems that it began with the arrival of Pat O'Rourk as Interim Dean and spilled on over to Dean Tuthill—all began in my absence while on summer break and has continued up to the present. Everything and all changes are being made without any departmental meetings or consultations.

I have worked very hard to build the Business Management programs at Ilisagvik College and have been given the academic freedom to do so up until the beginning of the fall semester, 2003. I have been told repeatedly, "You are the head of the business programs. You are the Lead Instructor." I have hired and mentored adjunct instructors, and they have fully cooperated with my leadership---until now. I have made schedule after schedule to accommodate students, tutored, advised, counseled, previewed and ordered textbooks and teaching materials for both my classes and adjunct classes; visited and accommodated village students to keep them interested and active. I have written programs, prepared courses, and written lesson plans to accommodate the demands of the work force people, and to meet the needs of the students who are older and need review courses in the basics---because I have lived in this environment long enough that I understand the needs. It doesn't happen overnight, it takes years of time to understand the culture and the lifestyle of the students and the community, and one does not begin by using unethical tactics on the people in the community who have lived and worked here for several years.

I feel as if my classes are being taken away or rearranged without my knowledge or consultation in an unethical manner. Why? Why am I being demeaned as Lead Instructor of the Business Management programs after soon-to-be four years in this position? I feel I deserve an explanation.

The Business Management programs along with the Blackboard classes and other distant education facilities are one of the big factors in the college becoming accredited. Now, we need to maintain and continue to build, not degenerate. But, it soon will if this type of behavior continues to the citizens in the community. We need to work together as a team as we have done in the past to build the college and support the students and the community, and maintain the dignity that we have always had as a community college.

21774
Wade v. Ilisagvik College

Date:     19 December 2003

To:       Dr. John Tuthill, Dean of Instruction

From:     Bobbi J. Wade, Assistant Professor of Business Management

Subject:  Complaint

PURPOSE

Complaint:

1. Two of my extra-duty contracts were seemingly broken after duties were fulfilled. The excuse that was used was not of my negligence, nor was under my control. My instructional duties fell under the minimum due to the fact that two hours credit was deleted from my schedule by the Dean of Instruction.

Resolution: The two contracts amounting to $3000 be paid on the next payroll date.

2. It seems that there has been age discrimination against me by the Dean of Instruction because I am over 40. There has been a constant example of this throughout the semester, and just recently two courses were taken out of my schedule without consultation with me. I was replaced by younger people, and have constantly been passed over in duties that I have previously been in charge of doing, which is demeaning to my status opportunity to continue employment. (ADEA, 1967) Sec. 621. (Section 2)

Resolution: The classes that were taken out of my supervision be restored to my supervision, and I resume my past role of Lead Instructor of the Business Management programs.

3. As it appears, Defamation of Character by an adjunct instructor who was hired in my absence by the Dean of Instruction has been committed against me. This issue is also part of Item #1. The defamation was performed in verbal slander, and I believe that it was intent to demean my status as an instructor, which is damaging to my job and causing deterioration to the classes that I have been teaching and distrust and confusion to the students.

Resolution: The adjunct who was hired, Amiee Valenti, to replace me as instructor of Business English 109 be dismissed from any and all Business Management programs, and that I be restored as Lead Instructor of the Business Management programs.

21775
Wade v. Ilisagvik College

Message                                                                          Page 1 of 1

## Bobbi Wade

**From:** Pam Taylor
**Sent:** Monday, December 15, 2003 5:22 PM
**To:** Bobbi Wade
**Subject:** 12/15/03 Meeting Summary and Next Step

Hi Bobbi,
Thank you for taking time out of your busy schedule to meet with me this morning about the written complaint you delivered to me last Thursday, December 11. This follow-up message from today's meeting will summarize the specifics of our discussion and will also outline our mutually agreed upon next step that we'll be taking together as we all work toward a prompt, respectful resolution of this situation.

Status of Written Complaint [dated 12/11/03]
As per the Grievance qualification criteria outlined in the Employee Handbook [pp. 46-47], your written complaint does not qualify as a Grievance because it failed to:
a.) Specify which College policies have allegedly been violated
b.) Specify any requested remedy[ies]

Although I explained to you this morning why a Grievance situation does not currently exist , your concerns are certainly taken seriously, and will be handled expeditiously and respectfully.

Next Step Towards Resolution
As per our mutual agreement this morning, I've arranged a meeting with John Tuthill, you, Diana Kennedy, and myself [as facilitator]. Please note that our meeting is confirmed for next Friday, December 19 at 2 pm in the Tutoring Center.

Please let me know if you have any questions, Bobbi, and I will be happy to assist you as appropriate.
Pam


Pamela Taylor - Director of Human Resources
Ilisagvik College
P.O. Box 749
Barrow, Alaska 99723
[907] 852-3936 FAX


21776
Wade v. Ilisagvik College

12/19/2003

**EXHIBIT TT**
**PAGE 029**