

Ilisagvik College
Grievance Submitted by Bobbi Wade
Response at Informal Step #2 Review

Date: March 12, 2004

To: Bobbi Wade, Assistant Professor
John Tuthill, Dean of Instruction
Pamela Taylor, Director of Human Resources

Prepared by: John Van Hoesen
Chief Financial Officer, Ilisagvik College

Re: Step 2 Written Response

Step 2 Review of the grievance filed by Bobbi Wade on February 29, 2004, was assigned to me by the President of Ilisagvik College. In accordance with prescribed grievance procedures described in the College's Employee Handbook, I scheduled an informal meeting of the parties to the grievance on March 5, 2004, at 1:00 pm in the College Tutoring Center. The purpose of the meeting was to give the parties to the grievance an opportunity to resolve it through informal discussion of the complaints made by Bobbi Wade.

Upon my arrival at the meeting room, I asked Bobbi Wade if she would be tape recording the meeting, and she said yes. I said I would not agree to the meeting being tape recorded. Bobbi Wade insisted that it was her right to tape record the meeting, and that her right to tape record it extended to not disclosing to anyone else at the meeting that she was tape recording it. I again said that I would not agree to the meeting being tape recorded, and explained to her that I would prepare my written response to her grievance based on her written complaint and supporting materials. This decision was documented in a memo from me to Bobbi Wade on the afternoon of March 5, 2004, and is attached here as Exhibit A. Accordingly, the scheduled Step 2 meeting did not take place.

Bobbi Wade's grievance arises out of John Tuthill's non-renewal of her faculty appointment for the academic year 2004/2005. Following is my written response to the nature of the grievance, and each of the three complaints listed in her grievance. This response is based on my review of her five-page grievance document, the thirteen exhibits attached to it, and supporting documentation. I also sought a response from John Tuthill, Dean of Instruction, and discussed that response with him.

Nature of Grievance: Non-Renewal of Faculty Contract
Bobbi Wade grieves the nonrenewal of her employment contract, claiming that the nonrenewal was for "wrongful cause." In doing so, she compares the nonrenewal of her contract to a "for-cause" termination. That is not the case. Bobbi Wade is employed by Ilisagvik College according to the terms of a one-year employment contract. Board of Trustees Policy 7.05 provides that faculty contracts may be renewed from year to year, in the College's sole discretion. In addition, Policy 7.05, and the College's Employee Handbook state that "Faculty are not tenured and have no expectation of continued employment."

20168
Wade v. Ilisagvik College

P.O. Box 749   Barrow, Alaska 99723   907-852-3333   Fax 907-852-2729

Page 1 of 3

Exhibit 3
Page 1 of 4

Date: 5-4-06   Exhibit: 54
Witness: Taylor
Marci L. Lynch, Court Reporter
Liz D'Amour & Associates, Inc.
(907) 452-3678

VV
Page 1 of 3

The College has determined that Ms. Wade will not be offered an employment contract for the 2004/2005 academic year. The "for-cause" standard for termination of employment is not required for contract nonrenewal. Ms. Wade's employment contract expires on June 30, 2004. Ms. Wade's employment has not been terminated - her current employment contract with the College remains in full force and effect through its expiration, and Ms. Wade will receive all of the salary and benefits to which she is entitled under her current contract.

Violation #1-Age Discrimination:
Bobbi Wade claims age discrimination based on the following facts alleged by Ms. Wade:
- The College hired three younger faculty members (Valenti, Carlson, and Low), whom Bobbi Wade says were hired to replace her.
- Valenti and Carlson were hired against Bobbi Wade's wishes, and restricted her position as Lead Instructor for the Business Management programs.
- Non-renewal of Bobbi Wade's appointment was also done for two economic reasons: to release funds to hire another faculty member and to reduce the College's cost of providing retirement benefits to its employees.

Bobbi Wade's claim of age discrimination is based only on her observation that the faculty members hired were younger. She provides no evidence that John Tuthill used their ages as a basis of his hiring decision. While Bobbi Wade may have believed or felt that she was being discriminated against on the basis of her age, she does not provide any evidence, in the form of John Tuthill's comments, actions, or otherwise, that he was discriminating against her because of her age. She completely discounts that other factors, such as their education, knowledge, and skills, were taken into account when making the decision to hire these individuals.

Bobbi Wade claims that faculty members hired in the Business Management program must meet with her approval as Lead Instructor. The position of Lead Instructor does not exist, and any use of the title or references to Lead Instructor is strictly informal and does not infer any rights or responsibilities accruing to the title. This term is not used in any current contractual relationships that Bobbi Wade has with the College. John Tuthill has the right and responsibility to hire whomever he determines to be most qualified for the position. The Dean of Instruction is not required to consult with Bobbi Wade or any other faculty member with regard to hiring decisions.

Bobbi Wade claims that she will face economic hardship from the non-renewal of her contract, but fails to provide any direct evidence that supports her claim that John Tuthill was discriminating against her for these reasons. Her comments are her feelings and her opinions from her perspective, not from anything John Tuthill said or did.

Violation #2-Vindictive and Malfeasance Act of Retaliation by John Tuthill:
Bobbi Wade describes four incidents which she claims were revengeful acts of misconduct against her by John Tuthill, Dean of Instruction:
- John Tuthill hired adjunct instructor Valenti, against the wishes of Bobbi Wade.
- John Tuthill set up ESL classes and tried to use his position as Dean to confiscate ABE class materials.
- Student Carlon Whiskey's registration was done illegally because Bobbi Wade did not know about it.
- John Tuthill used his position as Dean to non-renew her contract because Bobbi Wade's complaints against Valenti and knowledge of her were interfering with his plans to use Valenti's services.

20169
Wade v. Ilisagvik College

Page 2 of 3

Exhibit 3
Page 2 of 4



Bobbi Wade's claim of vindictive and malfeasance acts by John Tuthill is without merit. John Tuthill, as Dean of Instruction, has the right and responsibility to hire instructors, to set up classes, to verify student registrations, and to renew or non-renew faculty contracts. While Bobbi Wade may have believed and felt that John Tuthill had an obligation to consult with her, he, in fact, did not have such an obligation.

Violation #3-Debasement and Defamation:
Bobbi Wade claims that her contract was not renewed because of the following:
   John Tuthill reprimanded her for student withdrawals.
   John Tuthill accused her of favoritism toward her granddaughter.
   John Tuthill used his position as Dean to obtain information about a student.
What Bobbi Wade claims is a reprimand for excessive student withdrawals is not a reprimand, but his suggestions of things she should do to help improve the retention rate of her students and the effectiveness of her teaching.

As Dean of Instruction, it is John Tuthill's responsibility to detect and evaluate situations where favoritism, both actual and perceived, or other improprieties may be given by an instructor to a relative student. I find nothing inappropriate about his observations or decisions concerning Bobbi Wade's instruction of her out-of-state granddaughter. In addition, it is John Tuthill's right and responsibility as Dean of Instruction to seek out any information available from the Registrar's Office about the appropriateness of the academic relationship between an instructor and a relative student.

Conclusion:
After careful review of the facts, circumstances, and all of the information submitted by Bobbi Wade, I find all of her complaints without merit for the reasons I have stated above. I find that Bobbi Wade is defamation or character continued by virtue'd tion of employment upon expiration of her current believe John Tuthill acted professionally and in the best interests of the College. I deny all redress sought by Bobbi Wade, including relocation to an off-site location, release from all duty assignments, reassignment to Diana Kennedy as her supervisor, reimbursement of her attorney's fees, and purchase of an airline ticket from Barrow to Anchorage.

If Ms. Wade is not satisfied with this response, she may submit an appeal according to the procedure contained in Step 3 of the College's Grievance Procedure. Please note that the administrator to hear any Step 3 appeal will be designated by the President, and that any appeal may be addressed to Pamela Taylor, Director of Human Resources.

ACKNOWLEDGMENT OF RECEIPT
My signature below indicates only that I received this document on the date written.

*Bobbi G. Wade*    3/15/04