## ILISAGVIK COLLEGE
### Step 3 Grievance Hearing and Decision
### In the Matter of Bobbi Wade vs. Ilisagvik College
### Re: Non Retention of Services for 2004/2005

### Introduction

This matter came before Patrick J. O'Rourke (Step 3 Hearing Officer) on June 24, 2004 at 1:30 p.m. in the main building of the NARL campus. Bobbi Wade appeared in person and was represented by Ted Stepovich who was connected by teleconference from his offices in Anchorage, Alaska. Ilisagvik College was represented by John Tuthill, Dean of Instruction and Cheryl L. McKay, attorney for Ilisagvik College.

Both parties were given the opportunity to present information relevant to their positions both orally and in writing. The hearing officer received Ms. Wade's written materials on Monday, June 21, 2004 and the College's written materials the morning of Thursday, June 24, 2004. Both packets of materials were read in advance of the hearing and again, following the close of the hearing.

Ms. Wade declined to make an oral presentation, stating that she did not know she would be asked to do so and that she had put forward the entire facts of her case in the written materials she submitted. She did agree to answer questions.

Cheryl McKay made the oral presentation for the Administration of the College and both she and Dean Tuthill answered questions put to them by the Hearing officer.

The proceedings were tape recorded, copies of which are available to either party at cost. The permanent tapes reside with the Ilisagvik College Human Resource Director, Pam Taylor.

Both parties were informed that, as this was Step 3 of the grievance process at Ilisagvik College, this would exhaust the internal remedies available.

Exhibit 22
Page 1 of 7

20912
Wade v. Ilisagvik College
1

Date: 5-4-06  Exhibit 60
Witness: Taylor
Marci L. Lynch, Court Reporter
Liz D'Amour & Associates, Inc.

## FINDINGS

The following are my findings based on the oral and written presentations, the questioning which followed and review of Ilisagvik College Personnel policies.

1. Bobbi Wade is completing her fourth year (4th) as a faculty member at Ilisagvik College.

2. Ms. Wade's most current employment contract was for the period July 1, 2003 through June 30, 2004 and carries the following statement: *"faculty are not tenured and have no expectation of continued employment."*

3. Ilisagvik College does not have "tenure" for faculty and the Employee Handbook (p. 49) notes: *"Faculty are not tenured and have no expectation of continued employment."* (Policy 7.05)

4. Faculty in their third and subsequent year of employment who will not be rehired for the next year are required by Board of Trustees policy to be notified by February 1.

5. In response to a question by the Hearing officer, Ms. Wade acknowledges the preceding terms of her employment.

6. On January 28, 2004, Bobbi Wade received a Personnel Action form signed by John Tuthill, Pamela Taylor, John Van Hoesen and Edna A. MacLean indicating her contract would not be renewed for the year, 2004/2005.

7. Had Ms. Wade been rehired for the year, 2004/2005, she would have been able to vest in the Public Employee Retirement system (PERS). Her not being rehired has resulted in her not being able to vest.

8. By letter dated February 28, 2004 Ms. Wade initiated a grievance against this action by Ilisagvik College, alleging wrongful termination based upon the following reasons:

    a. Age Discrimination.

    b. Vindictiveness and retaliation by John Tuthill, Dean of Instruction.

    c. Debasement and Defamation as justification for non renewal of contract.



20913
Wade v. Ilisagvik College

2

9. On March 5, 2004, John Van Hoesen to whom the grievance was assigned by President MacLean scheduled a Step 2 meeting of the parties to try to bring about informal resolution of the complaint. This did not result in a satisfactory resolution and on March 12, 2004 Mr. Van Hoesen, after *"review of the facts, circumstances and all of the information submitted"*, found the complaints to be without merit and denied all forms of redress requested by Ms. Wade, thereby affirming the non retention.

10. On March 30, 2004, Ms. Wade appealed the Step 2 decision to President MacLean. President MacLean allowed the appeal and scheduled the step 3 hearing.

11. On June 21, 2004 Ms. Wade was offered a non faculty ABE/GED instructor position for the 2004/2005 academic year which would have allowed her to continue in the Public Employees Retirement System (PERS) and thereby, vesting for the purposes of retirement.

12. Ms. Wade, at the hearing, indicated she had no intention of accepting that position.

13. The Administration proffered the following reasons for Ms. Wade's non retention.

    a. high number of student complaints.

    b. Insufficient academic background for the area in which she teaches.

    c. A low level of student success especially in Blackboard courses.

    d. Poor professional judgement related to promising certain students Deferred grades when they were enrolled in courses taught by other instructors.

    e. Failure to submit timely grades was harmful to some students who were not timely informed that they had not satisfied certain prerequisites for higher level courses.



# DISCUSSION

### Age Discrimination

Ms. Wade states that Aimee Valenti and Tim Carlson were hired to replace her by teaching two classes that she had previously been scheduled to teach. She also indicates that a younger faculty member, Chris Low, had already been hired and would replace her in her teaching position next year. Further, she alleges that the College would save money by replacing her with a younger person and eliminating any responsibility for contributing to her retirement.

The administration responded by noting that Aimee Valenti was a temporary hired last year and that Tim Carlson was a Math instructor, not Business Administration. The College also notes that Chris Low is 61 years of age and is scheduled to teach other courses. The administration testified that of the 14 faculty at the College, 12 are over the age of 40 and 10 of these are over the age of 50. Dean Tuthill does acknowledge that the College will be recruiting a replacement for Ms. Wade but that it will also have to pay into the Public Employees Retirement system for that individual, thus, does not see the savings Ms. Wade seems to feel is there.

Both parties acknowledge that a June 21, 2004 offer of employment was made to Ms. Wade which would have allowed her to continue in the Public Employment Retirement system (PERS) during 2004/2005.

In light of the exhibits and testimony presented by both Ms. Wade and the administration, there is insufficient evidence to draw the conclusion that age discrimination is at work.

### Vindictiveness and Retaliation

Ms. Wade indicated that she has had disagreement and conflict with a temporary instructor, Aimee Valenti, and that her complaints against Ms. Valenti caused problems for Dean Tuthill to use Ms. Valenti's teaching services and this, in part, led to Ms. Wade's non renewal of contract.



20915
Wade v. Ilisagvik College

4

A review of exhibits submitted by both Ms. Wade and the administration offers no proof of this accusation and Ms. Valenti's employment with Ilisagvik College was temporary in nature. She does not have a contract to teach for the College next year. It is noted that Ms. Valenti's teaching field is English as a Second Language and Ms. Wade's responsibilities have been in Business and Office Occupations. Thus, no link has been established that there is any relationship between Ms. Wade's complaints against Ms. Valenti's teaching for the College during the past year and Ms. Wade's non retention for the following year.

### Debasement and Defamation as Justification for Non Renewal

Ms. Wade's allegations in support of this claim are contained in her Exhibit 12. A review of these documents does not reveal any unreasonable actions on the part of the Dean and seem to fall within his responsibilities for assuring the quality and integrity of the College's instruction.

Conversely to Ms Wade's assertions, her Exhibit 12 actually seems to bolster the administrations assertions that it had non retained her services due to a number of reasons including insufficient success of the students in her classes. It is perfectly reasonable that the Dean of Instruction would look at this data for his faculty and take steps to try to bring about improvements.

The communications dated January 15, 2004 and January 20, 2004 are between the Dean and Ms. Wade and thus are private communications and cannot be considered Defamatory. While the Dean is direct in his communications with Ms. Wade, there is certainly nothing contained within them that a reasonable reading could construe as debasing.

Additionally, it is noted that in accordance with Board of Trustees, policy and contract terms, no justification for non retention is required.

### Student Complaints

The administration presented its Exhibit #29 citing communications between Sonya Abu, Student Retention Officer and Dean Tuthill which

show a series of complaints reaching Ms. Abu from students regarding Ms. Wade's classes. Ms. Wade offered nothing in response to this exhibit.

### Insufficient Educational Background for teaching area.

The administration notes that Ms. Wade's academic degrees and training are in the area of Education while she teaches in the Business administration program and thus, this is not strong enough preparation for the courses she is teaching. Ms. Wade seems to feel that her level of degree is what is important rather than the areas in which she has received coursework. While she might disagree with the administration's decision in this regard, it is up to the administration to set the standards for the institution.

### A Low Level of Student Success in Ms. Wade's Courses

Exhibit #31 from the Administration showed concern from the Dean over a 23% success rate in Ms. Wade's Blackboard courses. Ms. Wade did not challenge this data.

### Poor professional judgement

Administration exhibit #32 was presented by the administration in support of its actions and was not countered by Ms. Wade.

### Failure to submit timely grades was harmful to some students

Administration Exhibit #30 was presented to substantiate this portion of its reasons for non retention. Ms. Wade offered nothing to suggest otherwise.

## CONCLUSION AND DECISION

Based on the written testimony and oral presentations at the Step 3 Hearing, I find as follows:

1. The actions taken by Ilisagvik College in non retaining Ms. Wade for the 2004/2005 year were in accordance with Ilisagvik College policies and no policies were violated. Notices were timely given and acknowledged.

2. The evidence submitted alleging age discrimination is insufficient to sustain the charge.

3. There is no substantive evidence presented to sustain the charge that Dean Tuthill acted in a vindictive and retaliatory fashion against Ms. Wade.

4. There is no evidence of debasement or defamation but rather an attempt by the Dean to bring about improvement with one of his instructors.

5. The reasons proffered by the administration in support of its decision to non retain Ms. Wade are uncontested and are substantive in nature. Thus, taken in their totality, they certainly appear to offer sufficient reasons for the action.

Accordingly, the decision to non retain Bobbi Wade is AFFIRMED. This is the final decision of the hearing officer on behalf of the parties.

By: *Patrick J. O'Rourke*

Patrick J. O'Rourke
Hearing Officer

July 6, 2004

Exhibit 22
Page 7 of 7

20918
Wade v. Ilisagvik College

7