## John Tuthill

**From:** Jay St. Vincent
**Sent:** Friday, November 07, 2003 10:45 AM
**To:** John Tuthill
**Cc:** Jay St. Vincent
**Subject:** RE: Leave request

John,

You gave me **your word** on this leave before I spent the thousand or more dollars on this trip arrangement. YOUR WORD.

Also, on the discrepancy in the leave, I had planned to spend the day Thursday working in Fairbanks on the balanced delivery of the ART 200X course (meeting with folks there) and with at least one English 111X teacher. Pearl was to set up these meetings. There would be no leave involved, just travel. Plans had not been confirmed so I hadn't yet turned in the travel request.

However, things have changed since I talked with you Tuesday. My doctor's appointment yesterday with Dr. Hales here has me seeking off-slope reference for a lump that needs diagnosis and possible surgery. I will be seeking this ENT expertise while I am out. This is way more than you have the right to know about my body.

Some of my students are struggling. Most are doing quite well and moving toward a successful completion of very challenging courses. You have been prompt about giving me negative feedback. Is there no good response from students? Perhaps a class visit will be in order.

But the main thing here is that I and my family acted on your WORD. I am cruelly disappointed in you. I think you are limiting my activity because you don't have the administrative courage to stand up to those who truly do abuse the system.

My leave request is for five (one a Friday when I have NO classes)days, with a two-day holiday built into the time I am away. And remember, I am away from Barow, not away from my students. Each student will be dealt with by email or by phone and each student has told me this plan works well. The result, even with the day in Fairbanks, is that each course I teach will miss only **two consequetive class meetings** for the Tuesday Thursday class(other than the holiday) and three for the Monday/Wednesday class, a class in which I have already had to move all but one student to a kind of independent study schedule due to their own, non-class related challenges this semester.So, in that class, we are already scheduling alternate meeting times individually to meet student needs. Your precedent with me would require that **you never allow any other faculty member in good standing to miss two consequetive class meetings for leave.**

Also, how is my being away from the college different from having a completely unproven Ilisgavik instructor, Mike Hartman, on our payroll at distance delivery for more than a month? My record at Ilisagvik has proven that I am a dedicated teacher, yet you were willing to give a liberal teaching accommodation to a complete unknown and now you are not willing to give me a thoroughly documented teaching accommodation?

I do not feel that given the obligation--emotional and financial-- I incurred, based on your word, with

EXHIBIT AM 26217
Page 1 of 5 Wade v. Ilisagvik College

my family that I can miss this trip. You are asking me to tell my dearest granddaughter that her long expectation to see me is just something I promised irresponsibly and that my word cannot be counted on. I also do not feel that I can ignore a doctor's direction to yet again seek lump diagnosis (but I really do see this as a separate issue). And, given my desire for the privacy of my own physical body, I am perturbed that I find myself now mentioning this to you. It is purely co incidental that is has come up now.

So I cannot cancel this trip. What remains to be learned is whether you want me to even continue my employment.

Jay

-----Original Message-----
From: John Tuthill
Sent: Fri 11/7/2003 9:59 AM
To: Jay St. Vincent
Cc:
Subject: Leave request

Jay —

I have been struggling with your leave request this week, trying to balance the pros and cons and come up with something that is satisfactory to you and to me. In the end, I can't do it. I can't justify approving the leave request for such a long period of time in the middle of the semester.

I know you're not going to like this decision at all, but at least I want you to understand my reasoning.

First of all, from the documentation you provided me, it appears that you propose to take six days of leave, rather than five. In your "Essay requirements for Research Essay" sheet, you tell the students "We will not meet on Thursday, November 20 and Monday, December 1st, nor any of the week of Thanksgiving." That means you would be off on the 20-21, 22-24, and the 1st, for a total of six days.

I do recognize that you are committed to responding to the students even while you are away. You make that clear. But as you know, many (most?) of your students have been struggling with your assignments this semester. Some students complained to me when you cancelled classes a couple of weeks ago – they wanted access to a "live" instructor to help them through their problems. I applaud you for setting up a challenging, college-level curriculum, and for all of your hard work in guiding your students through it. But it seems to me that it sends the wrong signal to our students for an instructor to give them a challenging assignment before a holiday, and then for that instructor to go away and spend leave time with family while the students are remaining here. I think it's important for them to see you here, struggling along with them.

I realize, too, that you may have a sense that the rules have suddenly changed. I am also concerned about consistency, so I got a copy of your leave requests in the previous two years. In academic year 2002-2003, you had a total of twelve days of approved personal leave: one day for the flu on September 26, two days at the very end of the fall semester – December 19-20, one day at the very beginning of the spring semester – January 6, five days in between the spring and summer semesters – May 5-9, and three days at the very end of the summer semester – June 23-24 and 30.

In academic year 2001-2002, you had a total of ten days of approved personal leave: three days at the very end of the fall semester – December 17-19, one day with the flu on January 8, and six days at the very end of the summer semester – June 21-26.

EXHIBIT AM  Wade v. Ilisagvik College
Page 2 of 5
26218

It seems to me that these previous leave requests are very different from the leave you're requesting now. There's not so much impact on instruction if you take off a day here or a day there, or if you leave a little before the official end of a semester, having already finished your courses and submitted your grades. To my mind, it's entirely different to leave for six days right in the middle of a semester; I think that to do so would "unduly interfere with the delivery of the College's program of instruction."

That is my rationale in denying your leave request. I know you won't like my decision, but I did want you to know that I have thought about it long and hard, and for you to know my reasons for making it.

-- John Tuthill
Dean of Instruction
Ilisagvik College

## John Tuthill

From: Jay St. Vincent
Sent: Saturday, November 08, 2003 8:24 PM
To: John Tuthill
Cc: Jay St. Vincent
Subject: our October one on one meeting

John,

I mentioned this briefly on the cover note that I sent in with my leave request. I should have talked to you personally. I am relieved to hear that you have just forgotten.

When we met one on one in October, I told you in confidence—and I emphasized the confidence—that I was facing the possibility of surgery following a biopsy I had had done in the summer and had only received the results the day before I flew out to come back to Barrow. You graciously didn't require the details. I told you that I was planning to be away from some time the week before Thanksgiving till right after as that would allow me to have the surgery and a short recoup time. It was all up in the air at the time, but you said (three times), "It's okay. You can go." You had to repeat yourself because I kept trying to explain details of what might be if and when and so on, and you made a point of treating me like a professional. Remember? We were sitting around your table in your office. I thought you were very understanding about the whole thing and very professional. I should have done that paperwork right then, but I just put it on my list and didn't do it because to me it was settled. Diana Kennedy will remember this as I talked to her before I asked you for the leave, and I told her right after that you had said that I could go. I don't think I told her about the biopsy stuff then, but she knows now unless she has forgotten with all she has on her mind with her own family. Also, I had notes on this conversation, and I immediately told Lana, who will also remember it, and I called my children that very day. I bought the airplane tickets on October 19th, just as soon as I had enough money. Our meeting was on October 7th at 9 or 9:30 am. And, again confidentially and just for your information, the surgery from that biopsy last summer is still recommended but I am just putting it off. The new thing though cannot be put off, and I will turn in medical leave.

With this extra information, I hope you will remember our conversation in your office, sitting around your round table on October 7th. I should have talked to you personally when I turned in the leave forms, and I should have turned in the leave as soon as I bought my tickets. I am glad that you only forgot this and didn't just blow off something so very important to me. I am sure that you can imagine having health worries, with all you dear ones on the other side of the great air divide—how you would be counting the days to see them.

I will turn in the medical leave—as soon as the appointment is set up. I will be leaving as soon as I can.

Jay

-----Original Message-----
From: John Tuthill
Sent: Sat 11/8/2003 4:10 PM
To: Jay St. Vincent
Cc:
Subject: RE: Leave request

EXHIBIT AM
Page 4 of 5
26220
Wade v. Ilisagvik College

Jay –

Of course I want you to continue your employment at the College. You are a gifted and talented teacher and an asset to our programs. That does not, however, mean that I can have one set of rules for you and another set for other instructors. I have to do my best to follow our institutional policy fairly and equitably, and that is what I am trying to do.

I have no idea why you feel that I have gone back on my word to you. I do not remember ever having discussed this leave request with you prior to November 3, when you submitted it. Our apparently different recollections highlight to me the importance of making our institutional policy more clear-cut to the administration and the faculty alike, so that these sorts of situations don't happen again in the future. I will certainly suggest a policy change to the Board of Trustees at their December meeting. Since you do not agree with the changes I will recommend, I urge you to come to the Board meeting as well, and to let them know your point of view. In the meantime, as a matter of course you should secure administrative approval for leaves and business travel plans before you announce to your students cancellations of classes, and, for your own protection, before you invest in expensive airplane tickets.

As for your medical situation, it is very much my business insofar as it affects your delivery of instruction. If you have a medical condition that requires treatment away from Barrow, and that cannot safely be postponed until the Christmas vacation, then you have the option of requesting an "extended medical leave." I will gladly grant such a leave, provided the College has written notification from a licensed physician indicating that you require such medical care and that it cannot wait until December. You will then need a medical discharge to return to work, indicating what, if any, restrictions apply to your work while you are recovering from your treatment. The College requires these documents in order to process the "extended medical leave," but I do not necessarily have to see them. They can go directly to Pam Taylor, if you prefer, and she will keep confidential any medical details contained in them. Pam can give you more details on all of this. She will not be at work on Monday, November 10, but I have informed her of the general situation and she is willing to meet with you on the 10th, if that will be helpful, or to talk with you over the phone at her home number, 852-6881.

– John Tuthill
Dean of Instruction
Ilisagvik College

AM
5 5
26221
Wade v. Ilisagvik College