Cynthia L. Ducey
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 279-3581
Fax  (907) 277-1331
cld@delaneywiles.com
Attorney for defendants Ilisagvik College,
John Tuthill and Pamela Taylor

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BOBBI J. WADE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:05-cv-00086 (TMB) |
| v. ) | |
| ) | |
| ILISAGVIK COLLEGE, NORTH SLOPE ) | |
| BOROUGH, JOHN TUTHILL, individually ) | |
| and PAMELA TAYLOR, individually ) | |
| ) | |
| Defendants. ) | |
| ) | |

## REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendants, Ilisagvik College, Dr. John Tuthill, and Pamela Taylor ("Ilisagvik College" or "the College"), by and through counsel, file this reply to plaintiff Bobbi Wade's opposition to the College's Motion For Summary Judgment ("Opposition").  For the reasons explained below, when the evidence is viewed most favorably to Wade, there is no dispute about the legal merit of Wade's remaining claims.  Because Wade's remaining claims fail as a matter of law, the College, Dr. Tuthill, and Taylor are entitled to summary judgment on all of Wade's claims.  Alternatively, the court should grant partial summary judgment because: 1) the College had legitimate, nondiscriminatory reasons for its decision to not renew her contract; 2) Dr. Tuthill and Taylor were public officials and thus there is no FMLA cause of action against them; 3) punitive damages

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Reply to Plaintiff's Opposition to Motion for Summary Judgment
*Wade v. Ilisagvik, et al.*, Case 3:05-cv-00086-TMB                    Page 1 of 25

may not be awarded for an FMLA claim; 4) Wade did not teach the Module C classes and was on leave when the classes were taught; 5) Wade waived her right to arbitration and thus has no § 1983 claim; 6) alternatively any FMLA damages should be limited to compensatory damages of $3,000 because the College acted in good faith and upon the advice of counsel; 7) Wade has not shown that the College's legitimate, nondiscriminatory reasons for the non-renewal of her contract were pretextual; 8) Wade's § 1983 claim cannot be based on her FMLA claims; and 9) Dr. Tuthill and Taylor have qualified immunity to section 1983 claims.

## I.    The College Should Be Granted Summary Judgment On The Claims Plaintiff Now Withdraws.

Wade's complaint and discovery responses alleged punitive damages for her FMLA and 42 U.S.C. § 1983 claims.  *See* Complaint ¶¶ 43, 46.  In Wade's opposition to the motion for summary judgment, she has withdrawn completely her claim for punitive damages for FMLA and clarified that there is no punitive damages claim pending against the College.  *See* Opposition at 22-23, 40-41.  Accordingly, the court should grant summary judgment on Wade's FMLA punitive damages claim against the College, Dr. Tuthill, and Taylor.  The court should grant Ilisagvik College summary judgment on all punitive damages claims asserted by Wade.

## II.    Wade's General Objection Should Be Disregarded By The Court.

Wade makes a conclusory objection that the College's use of the word "undisputed" in its motion for summary judgment has no basis.  Opposition at 2.  However, Wade declines to make specific objections to each instance of the term "undisputed."[1]  *Id.*  Wade is required to set forth specific facts in support of her response on summary judgment.  Fed.R.Civ.P. 56(e); *Thornhill*

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

---

[1] Wade's single example, that the College did not accept Wade's December 11 grievance, is easily refuted.  The evidence shows that the College accepted Wade's grievance by scheduling and holding a Step 2 meeting between Wade, Dr. Tuthill, and Taylor on December 19, 2003.  Wade's Exhibit 1.



*Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.1979). Wade should not require the court to parse the motion for summary judgment in an attempt to identify her objections. Rather, Wade should make specific and concise objections. The court should therefore disregard Wade's vague objection to the College's use of the term "undisputed." When the undisputed evidence is reviewed, the College's motion for summary judgment should be granted.

## III.    Wade Did Not Give Proper Notice To The College Under FMLA.

Wade claims she gave proper notice of her intent to take leave. Opposition at 3-4. Wade claims the law does not allow an employer to delay leave interminably or deny the leave based on its foreseeability. Opposition at 6. She further argues that an employer may not require an employee to prove their leave cannot wait until it is more convenient for the employer. *Id.* Wade claims that under 29 C.F.R. § 825.304(a) an employer may only choose to waive notice requirements or delay the employee's leave if an employee fails to give adequate notice. *Id.* She argues that the College violated FMLA by requiring her to prove her leave could not wait until the semester break. Opposition at 7-9.

However, Wade's arguments all depend on the assumption that Wade complied with all of her other obligations, which she did not do. *See* Memorandum In Support Of Motion For Summary Judgment ("Memorandum") at 22-28 (and exhibits cited therein). Indeed, Wade ignores 29 C.F.R. § 825.302(e) because it is so troublesome to her case. FMLA permits an employer to require an employee to schedule foreseeable leave in a manner that is non-disruptive to the employer's operations, subject to approval of the health care provider. 29 C.F.R. § 825.302(e).

> This ordinarily includes consultation with the employer before scheduling appointments. *Id.* Should the employee fail to consult with the employer beforehand, the employer may require the employee to attempt to make arrangements that do not disrupt business operations, ***subject to the approval of the employee's health care provider***. *Id.* (Emphasis added.)

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

*Anderson v. New Orleans Jazz & Heritage Festival and Foundation, Inc.*, 464 F.Supp.2d 562, 568

(E.D.La.2006)(citing 29 C.F.R. § 825.302(e)). Wade's expert witness, Debra English, testified

that 29 C.F.R. § 825.302(a) and § 825.302(e) are two separate obligations placed upon an

employee. Attached Exh. AA, English, at 148. When planning medical treatment, an employee

has the affirmative obligation to consult with the employer and to make a reasonable effort to

schedule leave so as not to unduly disrupt the employer's operation, subject to the approval of the

health care provider. *Id.* at 64-65. Further, the employee should consult with the employer before

scheduling treatments, unless it is an emergency situation. *Id.* at 65.

      Contrary to Wade's assertion FMLA permits an employer to delay leave if Wade did not

cooperate with her employer to attempt to schedule her leave in a non-disruptive manner. 29

C.F.R. § 825.302(e); Exh. H, 2003 Contract, at 4. Wade's expert witness, Debra English, testified

that both Wade's contract and § 825.302(e) obligated her to confer and collaborate with her

employer in scheduling leave. Attached Exh. AA, English, at 85-87. Moreover, the employer's

***option*** to waive FMLA notice obligations stated in 29 C.F.R. § 825.304(a) does not abrogate all of

the employee's other duties. Wade had an affirmative obligation under 29 C.F.R. § 825.302(e) to

attempt to have medical treatment while she was on leave in the summer of 2003. Attached Exh.

AA, English, at 93. English concluded there was no credible evidence in Wade's deposition that

Wade complied with her obligation under § 825.302(e) or that she did anything to schedule her

leave in a manner non-disruptive to the employer's operations. *Id.* at 128. Although Wade

attempted a course schedule change for Business English Module C and Business Math Module C,

*see* Memorandum at 9, English testified that changing a course schedule and changing days and

times of classes after the schedule has been published and students have enrolled would be

disruptive of the operations of an educational institution. Attached Exh. AA, English, at 66-67.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Thus, even if it is assumed that the College was on notice as of October 2, 2003, that Wade had a serious health condition and provided the College with notice of a potentially qualifying condition, Wade did not comply with her legal duties to confer with her employer and her doctor to provide additional medical information. It is undisputed Wade did not consult with the College in September/October before appointments with specialists were scheduled. Exh. C, Wage V. I, at 168-74. Thus, the College asked Wade to provide information from her doctor that is expressly permitted by 29 C.F.R. § 825.302(e), namely a request to make arrangements with approval of the health care provider to schedule leave in a non-disruptive manner. *See* Memorandum at 23-24. Wade charges the employer with the duty to determine whether there is FMLA qualifying leave but does not admit the employer has the right of further inquiry. 29 C.F.R. § 825.302(c)(e). Wade refused to cooperate by providing the information § 825.302(e) permits, a note from the provider, and she either withdrew or delayed her leave request on October 9 rather than provide the information requested. Memorandum at 24-25. Unless Wade complied, no further action was required by the College. Wade's own expert conceded that a reasonable employer could determine that Wade withdrew or delayed her leave request on October 9. Attached Exh. AA, English, at 119, 130, 340-43. Further, Wade herself testified that she withdrew her leave request on October 9. Exh. C, Wade V. I, at 252-53. The College believed Wade had withdrawn her leave request. Exh. HH, 10/14/03 E-mails Between Wade and Taylor. Under these facts, a reasonable jury could not reach any other conclusion but that Wade withdrew or delayed her leave request. Accordingly the College could delay her request until the medical information was provided, and was entitled to take no further action. When Wade was diagnosed with a new condition, squamous cell carcinoma, and presented a doctor's note on November 5, with a November 3 and 4th leave request her leave was approved. Thus, Wade has set forth no specific

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Reply to Plaintiff's Opposition to Motion for Summary Judgment
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                    Page 5 of 25

facts showing a genuine issue of material fact, and the College is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e); *Thornhill*, 594 F.2d at 738. The court should grant summary judgment for the College on FMLA interference regarding Wade's leave requests prior to November 2003.

The evidence shows that Wade did not provide the employer with enough information to put her employer on notice that FMLA-qualifying leave is needed, which she was required to do. *See Stoops v. One Call Communications, Inc.*, 141 F.3d 309, 312 (7th Cir.1998)(citing *Price v. City of Ft. Wayne*, 117 F.3d 1022, 1025-26 (7th Cir.1997)).[2] The College was not required to grant Wade's leave request if Wade failed to respond to its reasonable queries. 29 C.F.R. § 825.302(a); *Phillips v. Quebecor World Rai Inc.*, 450 F.3d 308, 311 (7th Cir.2006)(citing *Aubuchon v. Knauf Fiberglass*, 359 F.3d 950, 951 (7th Cir.2004)). Wade admits she only presented one stale doctor's note and one doctor's note that did not address the urgency of her need for leave. Opposition at 4. Wade attempts to use more than three consecutive calendar days of travel to justify finding a serious health condition (indeed Wade cannot establish a serious health condition unless travel is

---

[2] Wade argues that whether the notice is adequate is a question of fact. Opposition at 4 (citing *Mora v. Chem-Tronics, Inc.*, 16 F.Supp.2d 1192, 1209 (S.D.Cal.1998)). However, *Mora* itself noted that several courts have granted summary judgment on the adequacy of notice. *Mora*, 16 F.Supp.2d at 1209 (citing, *e.g.*, *Satterfield v. Wal-Mart Stores, Inc.*, 135 F.3d 973, 976 (5th Cir.1998)). The *Satterfield* court held that under the facts and circumstances of that case "no rational trier of fact could conclude that the meager information Satterfield imparted to Wal-Mart on 16 June was sufficient to require Wal-Mart to seek additional information about her condition, and whether it qualified for FMLA protection," and granted summary judgment to the employer on the adequacy of notice by the employee. *Satterfield*, 135 F.3d at 980-81.

Further, *Mora* quotes *Hopson v. Quitman County Hosp. & Nursing Home, Inc.*, 126 F.3d 635, 640 (5th Cir.1997) as stating, "[s]uch determinations are questions of fact and better left to the jury." *Mora*, 16 F.Supp.2d at 1209. However, the *Satterfield* court did not read this passage in *Hopson* as broadly as the *Mora* court did. *Satterfield*, 135 F.3d at 977. "Obviously, the [*Hopson*] court meant that, even based on the undisputed evidence in *that* case, rational triers of fact could nevertheless differ on whether the advance notice was adequate." *Id.* (emphasis in original). Thus the *Mora* court quoted *Hopson* out of context. "Moreover . . . our court gave no indication that summary judgment was not an available means for resolving FMLA-notice questions." *Id.* Thus, in this case if material facts are undisputed summary judgment should be granted on FMLA-notice questions. As set out above, the material facts are undisputed and summary judgment should be granted.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Reply to Plaintiff's Opposition to Motion for Summary Judgment
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                Page 6 of 25

involved), but she presented no documentation from a health care provider establishing that she required more than three consecutive calendar days of leave before the end of the semester. Memorandum at 22-28.

Wade claims the College did not properly request medical certification under 29 C.F.R. § 825.305. Opposition at 5. She claims instead that it sought "notification." *Id.* at 5-6, *see also* Memorandum at 22-28. The FMLA does not require the term certification to be used. In fact it refers to "written notice" by the employee of a request to the employee to obtain certification from a health care provider. *Id.* However, in addition an employer can request certification, and 29 C.F.R. § 825.302(e) permits the employer to seek approval from the health care provider that leave could be scheduled in a non-disruptive manner. Thus, even if the College's written notice of a request to certify required the word certification, the College needed no such magic word to obtain information from the health provider under 29 C.F.R. 825.302(e). It is undisputed Wade refused to provide that information until November 5, 2003 and her leave was approved that day. Wade's refusal to provide the College with the medical information sought under § 825.302(e) makes resolution of the certification issue unnecessary and summary judgment should be granted on the FMLA interference claim.

Wade claims that the employer must give special notice to an employee of the requirement for certification and of the anticipated consequences of an employee's failure to provide adequate certification. Opposition at 5 (citing 29 C.F.R. § 825.305(a)(d)). The notice requirements in § 825.305(a)(d) stem from the notice requirements stated in § 825.301. Wade ignores evidence that supports a finding the College gave special notice of FMLA to Wade. For example, Taylor described job benefits, including FMLA, to Wade in an orientation meeting. Exh. C, Wade V. I, at 66-67. The College posted an FMLA posting on a bulletin board that Wade viewed. *Id.* at 81-

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Reply to Plaintiff's Opposition to Motion for Summary Judgment
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                     Page 7 of 25

82. Taylor had numerous conversations with Wade about her leave and Wade had opportunities to ask follow up questions about anything she did not understand. Wade and Taylor were friends. Exh. C, Wade V. IV, at 831. On October 1, 2003, Wade asked for a copy of the faculty handbook on leave, and Taylor called her to advise her that there were no leave policies in the faculty handbook and instead Wade should refer to the employee handbook for leave policies. Exh. AV, Wade 10/1/03 E-mail; Exh. E, Taylor, at 65-66. Wade had a copy of the employee handbook and all of its updates which fully describe FMLA. Exh. C, Wade V. I, at 194-96; Exh. I, Handbook, at 5-7. The College's leave forms filled out by Wade state on the face of the forms that FMLA leave and Extended Illness leave require a copy of doctor's verification that the leave is medically necessary, and describe the FMLA. Exh. BB, Wade 10/2/03 Leave Request; Exh. JJ, Wade 11/3/03 Leave Request; Exh. KK, Wade 11/4/03 Leave Request. As a matter of law, the College complied with the special notice provisions. *Kaylor v. Fannin Reg'l Hosp., Inc.*, 946 F.Supp. 988, 999 (N.D.Ga.1996)(employer satisfied notice requirements where it posted notice of FMLA provisions, discussed FMLA in employee handbook, and discussed FMLA during risk management sessions).

Wade cites several cases at pages 8-9 of her opposition in support of her interference argument. These cases are distinguishable for the reasons stated in the College's Opposition To Plaintiff's Motion For Partial Summary Judgment On FMLA at pages 24-26. The cases cited by Wade do not discuss or analyze the employee's duty under 29 C.F.R. § 825.302(e) to consult with the employer and make a reasonable effort to schedule the leave in a non-disruptive manner.

Wade claims she was intimidated into stating her leave request could wait until Christmas on October 9, and argues that she did not withdraw her leave request. Opposition at 9-11. Wade cites her August 6 Dr. Church note "that indicated that she needed medical leave." Opposition at

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Reply to Plaintiff's Opposition to Motion for Summary Judgment
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                    Page 8 of 25

9. However, Wade's own expert testified that the August 6 Dr. Church note was stale and could lawfully be disregarded by the employer. Exh. AA, English, at 99, 126.

Wade claims her job was in jeopardy as of October 9, 2003. Opposition at 11-12. Yet Wade has presented no evidence that Dr. Tuthill threatened to withdraw her classes. She cites an innocuous e-mail from Dr. Tuthill in which he notes that if she has to take medical leave later that month then he will need to find substitute instructors for certain classes. Wade's Exhibit 8. This was eminently reasonable because the classes required an instructor to teach the students. The College's expert witness, Beth Hirsch, testified that this e-mail showed Dr. Tuthill was trying to work through this issue with Wade. Attached Exh. AX, Hirsch, at 89. The College had the legal right to reassign her classes. 29 C.F.R. § 825.214(a) grants the employer the discretion to replace the employee on FMLA leave.

Because Wade cannot prove that she gave proper notice of her intention to take leave to her employer, *Price v. Multnomah County*, 132 F.Supp.2d 1290, 1297 (D.Or.2001), and because she failed to comply with the College's lawful request under 29 C.F.R 825.302(c) for specific additional information from her health care provider until November 5, 2003, the court should grant summary judgment on Wade's FMLA interference claim to the College, since there is no dispute about an essential element of the claim on which she will bear the burden of proof at trial. *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

## IV.     Wade Was Properly Reinstated.

Wade claims she was not properly reinstated to her classes. Opposition at 13-16. For the reasons stated in the College's opposition to plaintiff's partial summary judgment motion, the court should find that Wade was properly reinstated upon her return from leave. *See* the College's Opposition To Plaintiff's Motion For Partial Summary Judgment On FMLA at 44-47.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Specifically, Wade taught 18 credits in Fall 2003. Exh. AG, Wade Fall 2003 Course Schedule, at 14. She had 12 base load credits for which she was paid her ordinary salary.[3] Exh. AF, Wade Earning Statements; Exh. D, Tuthill, at 252; Exh. H, 2003 Contract, at 1. Wade was paid $1,500 per credit for 6 added duty credits which totaled $9,000 in added duty pay. Exh. AF, Wade Earning Statements, at 3, 4. Ilisagvik College faculty members were normally paid $1,500 per added duty credit. Exh. D, Tuthill, at 252. Thus Wade was paid the correct and full amount due to her for added duty classes. The College's expert, Beth Hirsch, found that the College properly reinstated Wade because the College complied with her written contract, the Module C added duty classes were "outside" of the contract, and the added duty classes were not compensable because Wade did not teach them. Attached Exh. AX, Hirsch, at 74-75, 159, 162-63.

Alternatively, the court should find that Wade's FMLA compensatory damages are limited to $3,000. Wade alleges she was not paid for Business Math Module A and Module B, which were classes that she had already performed. Opposition at 15. However, even if this allegation is true, then Wade's damages are $3,000, not $4,500. Business Math Module A and Module B were 1 credit each, for a total of 2 credits. Wade's Exh. 10, Added Duties Contract Request, at 3. Further, Wade's Exhibit 10 states, "two credits were not going to be paid." *Id.* at 1. Thus Wade would have been owed only $3,000 for the 2 credits.

**V.     The Special Notice Provisions Of The FMLA Regulations Were Not Required But The College Complied With The Provisions.**

Wade claims that the College "violated her rights" when it did not give her a written request for medical certification or notify her of the consequences of failing to provide proper

---

[3] Wade claims that Business English Module C and Business Math Module C were part of her regular 12 hour base load classes and cites her Exhibit 10 in support of her allegation. Opposition at 14. However, her Exhibit 10 does not show that Business English Module C and Business Math Module C were part of her regular 12 hour classes. Wade's conclusory allegation is insufficient to prevent summary judgment. Fed.R.Civ.P. 56(e); *Thornhill*, 594 F.2d at 738.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

certification. Opposition at 16-17. Even if it is assumed that the College did not provide notice to Wade under 29 C.F.R. § 825.301, and the employer is precluded from taking action against Wade for failure to comply with the provisions required to be set forth in § 825.301(c), that does not abrogate Wade's duty under § 825.302(e). Wade's own expert Debra English admitted this. Exh. AA, English, at 78. Further, § 825.301(c) does not require special notice of FMLA when the employee requests leave; notice is only required when the employer designates it as FMLA leave. 29 C.F.R. § 825.301(c); Exh. AA, English, at 45, 74-75. The College satisfied the employer notice requirements in 29 C.F.R. §§ 825.300-.301 by posting a FMLA poster near the human resources office, giving Wade a copy of the employee handbook which fully describes FMLA, giving her notice of FMLA on the face of the College leave forms, and through numerous conversations between Wade and Taylor about her leave. *See* above at 8-9; the College's Opposition To Plaintiff's Motion For Partial Summary Judgment On FMLA at 14-15. Additionally, Taylor's October 2 phone conversation with Wade was substantial compliance with the regulation. Exh. E, Taylor, at 66.

Wade makes an unsupported claim that Taylor never provided her with notice of FMLA rights. Wade provides no admissible evidence in support of her assertion, which she is required to do on summary judgment. *Tovar v. United States Postal Service*, 3 F.3d 1271, 1279 (9th Cir.1993)(citation omitted); *Thornhill*, 594 F.2d at 738; *Provenz v. Miller*, 102 F.3d 1478, 1489-90 (9th Cir.1996). Further, Taylor never stated that she does not give notification unless an employee said the "right words." *See* the College's Opposition To Plaintiff's Motion For Partial Summary Judgment On FMLA at 16-17. In fact, the evidence shows that Taylor did not have FMLA leave issues often because the employees' personal leave and extended medical leave usually covered most situations. *Id.;* Exh. E, Taylor, at 63. Wade has failed in her burden to

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Reply to Plaintiff's Opposition to Motion for Summary Judgment
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                Page 11 of 25

present admissible evidence sufficient to preclude summary judgment, and the court should grant

summary judgment to the College on the special notice provisions.

## VI.     The Court Should Not Award Liquidated Damages To Wade.

Wade claims that the College should be subjected to liquidated damages. Opposition at

18-20. Wade claims that the award of liquidated damages is mandatory. Opposition at 18. Wade

is incorrect. Liquidated damages are "discretionary rather than mandatory." *Thorson v. Gemini,*

*Inc.*, 96 F.Supp.2d 882, 891 (N.D.Iowa 1999); 26 U.S.C. § 2617(a)(1)(A)(iii). "[I]t is within the

district court's discretion to limit damages to only the amount of actual damages and interest

thereon." *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1130 (9th Cir.2001).

Wade claims that "the Ninth Circuit has determined that actions like those taken by

Defendants in this case are relevant in determining good faith." Opposition at 18 (citing *Xin Liu v.*

*Amway Corp.*, 347 F.3d 1125, 1133 n.6 (9th Cir.2003)). However, *Xin Liu* is distinguishable on its

facts because the employee, Liu, "duly informed [her supervisor] of the reasons for her leave."

*Xin Liu*, 347 F.3d at 1134. Wade did not do so. *See* Memorandum at 22-28; the College's

Opposition to Plaintiff's Motion For Partial Summary Judgment On FMLA at 20-23. Moreover, it

is undisputed Wade refused to comply with lawful requests for additional information under

825.302(c) until November 5, 2003, when her leave was approved, base don a new doctor's note

for a newly diagnosed condition.

Wade claims that the College did not subjectively act in good faith, and their conduct was

objectively unreasonable. Opposition at 19. Wade therefore agrees with the test cited by the

College. *See* Memorandum, at 33. An employer who violates the Act is liable for liquidated

damages, unless it can prove that it undertook in good faith the conduct that violated the Act and

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

that it had reasonable grounds for believing that its action was not a violation of the Act. *Bachelder*, 259 F.3d at 1130.

Wade claims that Taylor and Dr. Tuthill did not follow McKay's advice to reinstate Wade to a "reasonably equivalent" position. Opposition at 19. McKay advised that Wade's classes could be reassigned. Exh. BA, deposition of Cheryl McKay, at 30. McKay was not asked what she advised was an equivalent position or whether Module C classes were discussed. *Id*. The evidence shows that the College followed her advice; they reassigned the Module C classes that had not yet begun, and reinstated Wade to an equivalent position upon her return from leave. *See* above at 10-11; Memorandum at 28-30; the College's Opposition To Plaintiff's Motion For Partial Summary Judgment On FMLA at 44-47. Wade does not identify any other "failure" by Dr. Tuthill and Taylor to follow the advice given by Cheryl McKay. Opposition at 18-20. The College has established that it took active steps to ascertain the law and moved to comply with the law, and this is sufficient to show good faith. *Thorson*, 96 F.Supp.2d at 891(citation omitted). By seeking the advice of counsel, and acting in compliance with the advice received from counsel, the College had objectively reasonable grounds for believing that its actions were not a violation of the Act. *Id.*

Further, there was no need for Dr. Tuthill to consult with the human resources director, Taylor, about reinstatement after they both participated in a three-way teleconference with McKay on that specific issue. Wade's Exh. 15, Taylor, at 167-68; Wade's Exh. 16, McKay, at 31. Dr. Tuthill obtained advice from the best authority as between a human resources director and an attorney. He chose the attorney. It is undisputed that Dr. Tuthill and Taylor continued to consult McKay over the next month regarding Wade's leave requests. Exh. D, Tuthill, at 25. As for the decision to not renew Wade's contract, the failure to consult an attorney does not show bad faith.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Wade does not cite any admissible evidence in support of her assertion that the College never consulted the FMLA or its implementing regulations when reinstating Wade. Opposition at 20. Mere conclusory allegations will not prevent summary judgment. *Thornhill*, 594 F.2d at 738; *Provenz*, 102 F.3d at 1489-90. Wade further asserts, "Tuthill agreed he had not read the FMLA statute or regulations."[4] Opposition at 20. Yet Dr. Tuthill did not say that in his deposition, and Wade's Exhibit 9 at page 222 does not support her assertion. Dr. Tuthill testified that he had applied the FMLA on multiple occasions in his career. Attached Exh. D, Tuthill, at 20-21.

Wade claims that Taylor refused to process Wade's grievance and this does not demonstrate good faith. First, Wade's Exhibit 1 shows that Taylor did process Wade's grievance by scheduling a Step 2 meeting between Wade, Taylor and Dr. Tuthill on December 19, 2003. Second, Wade cites no legal authority in support of her theory that refusal to process a grievance shows bad faith under the FMLA, and therefore her claim fails. As a matter of law, the College acted in good faith and had reasonable grounds for believing its actions were not a violation of the Act. *Bachelder*, 259 F.3d at 1130. Therefore, the court should rule that if the College violated the FMLA, Wade's damages are limited to actual damages and interest.

## VII.     As Public Officials Dr. Tuthill And Taylor Are Not Liable Under The FMLA.

Wade claims that Dr. Tuthill and Taylor may be individually sued under the FMLA. Opposition at 20-22. In support of her argument, Wade cites several district court opinions, only two of which are located in the Ninth Circuit. Opposition at 21-22. Many courts have held that private sector supervisors are individually liable under the FMLA. *Mitchell v. Chapman*, 343 F.3d 811, 827-28 (6th Cir.2003)(citations omitted). However, the majority of the cases cited by Wade

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

---

[4] Throughout her opposition Wade consistently takes liberties with deposition testimony in a failed attempt to rewrite the facts in this case.

Reply to Plaintiff's Opposition to Motion for Summary Judgment
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                                    Page 14 of 25

do not analyze the relevant issue, which is whether public officials may be liable under the FMLA. Rather, they only discuss the liability of private employer individual supervisors under the FMLA. For this reason, several cases cited by Wade are inapposite.[5]

Wade concedes that *Hibbs v. Dep't of Human Resources*, 273 F.3d 844 (9th Cir.2001) declined to decide whether public official supervisors are liable under the FMLA. Opposition at 20-21. Therefore *Hibbs* does not control this issue. However, *Hibbs* cites *Wascura v. Carver* with approval. *Hibbs*, 273 F.3d at 872 (citing *Wascura v. Carver*, 169 F.3d 683, 685-87 (11th Cir.1999)). *Wascura* held that public officials sued in their individual capacity are not "employers" subject to individual liability under the FMLA. *Wascura*, 169 F.3d at 687.

The weight of authority among the federal circuits holds that public officials are not liable under the FMLA. *See* Memorandum at 34-36 (citing, *e.g, Mitchell*, 343 F.3d at 832; *Wascura*, 169 F.3d at 686; *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir.1993)). Accordingly, the court should find that public officials such as Dr. Tuthill and Taylor sued in their individual capacities are not liable under the FMLA, and should be dismissed from all FMLA claims. *Mitchell*, 343 F.3d at 832; *Wascura*, 169 F.3d at 687; *cf. Miller*, 991 F.2d at 587.

## VIII.  Wade Has Failed To State A Prima Facie Claim Of FMLA Discrimination.

Wade argues she was qualified for her job and the College's reliance upon this is pretextual. Opposition at 23-28. Wade appears to argue that she has presented a prima facie FMLA discrimination claim. However, because the evidence shows that Wade was not qualified

---

[5] The inapposite cases are: *Mercer v. Borden*, 11 F.Supp.2d 1190 (C.D.Cal. 1998); *Brunelle v. Cytec Plastics*, 225 F.Supp.2d 67 (D.Me. 2002); *Richardson v. CVS Corp.*, 207 F.Supp.2d 538 (E.D.Tenn.2001); *Longstreth v. Copple*, 101 F.Supp.2d 776 (N.D.Iowa 2000); *Carpenter v. Refrigeration Sales Corp.*, 49 F.Supp.2d 1028 (N.D.Ohio 1999); *Bryant v. Delbar Prods, Inc.*, 18 F.Supp.2d 799 (M.D.Tenn. 1998); *Rupnow v. TRC, Inc.*, 999 F.Supp. 1047 (N.D.Ohio 1998); *Stubl v. T.A. Systems, Inc.*, 984 F.Supp. 1075 (E.D.Mich. 1997); *Johnson v. A.P. Prods., Ltd.*, 934 F.Supp. 625 (S.D.N.Y. 1996); *Freemon v. Foley*, 911 F.Supp. 326 (N.D.Ill. 1995).

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Reply to Plaintiff's Opposition to Motion for Summary Judgment
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                    Page 15 of 25

for her position, she cannot establish a prima facie claim. Alternatively, even she was qualified, the College presented legitimate and nondiscriminatory reasons for her non-renewal, and Wade has not shown pretext. *See* Memorandum at 37-42; Opposition To Plaintiff's Motion For Partial Summary Judgment at 37-43.

Wade claims that Dr. O'Rourke said he hoped Dr. Tuthill could find a way to reinstate Wade. Opposition at 23. However, Dr. O'Rourke actually stated he hoped Dr. Tuthill "could find a way to renew her." Wade's Exhibit 9, Tuthill, at 52. He did not tell Dr. Tuthill more than he "hoped" a way could be found. The undisputed evidence shows Dr. Tuthill accepted Dr. O'Rourke's comment and "found a way" to renew the employment relationship by the College's offer to Wade of a contract position teaching English, as an Adult Basic Education (ABE) Instructor, which would have permitted her to vest in PERS in less than one year and would pay $55,000 base salary and benefits plus allow her to teach additional classes. Attached Exh. D, Tuthill, at 291-92; Attached Exh. AY, 6/21/04 Employment Offer. The ABE position was in her academic field and would have been less demanding of her. Wade declined the ABE position offer. Attached Exh. C, Wade V. IV, at 853-54. Indeed, her pride kept her from applying for another open position, Developmental Studies English Instructor, at the College, even though she was qualified for that position. Attached Exh. C, Wade V. IV, at 1007-08. The undisputed facts do not warrant an inference of pretext from Dr. O'Rourke's vague statement of hope.

Wade claims that an accreditation team did not single out any person as unqualified, including Wade. Opposition at 23. However, the undisputed evidence construed most favorably to Wade merely shows the accreditation committee looked at all of the professors' resumes and did not deny accreditation based on one professor's lack of qualifications. Even if the committee did accept her lack of qualifications there is no evidence this was communicated to the College,

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Reply to Plaintiff's Opposition to Motion for Summary Judgment
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                    Page 16 of 25

and the College was required to maintain standards in order to maintain accreditation. Exhibit D, Tuthill, at 58. Thus Dr. Tuthill had a reasonable belief that he was required to take affirmative steps to maintain accreditation. The fact that the committee reviewed all faculty resumes but did not single out any one resume does not warrant an inference of pretext.

Wade argues that the *Xin Liu* court found it significant that the supervisor's subjective evaluation was the central, if not sole, factor in the employee's termination. Opposition at 24. However, the College had several legitimate and nondiscriminatory reasons for the non-renewal of Wade's contract. *See* Memorandum at 41-42. Thus Dr. Tuthill's alleged subjective evaluation was not the sole factor in the non-renewal of Wade's contract. Wade was not qualified and her academic credentials did not meet the standard set by the College administration to fulfill the accreditation standards. *Id.* at 38-41. There were a high number of student complaints about Wade. *Id.* at 41. Wade did not turn in her grades on time. *Id.* The student success rate in her classes was deficient and declined to 23% in the Fall 2003 semester. *Id.* Wade showed poor professional judgment in advising students not to take Aimee Valenti's classes, in requesting approval to teach independent study classes to her granddaughter Amy, in helping Amy receive more than $2,000 in tuition waivers from the College, and in promising Amy and another student a grade of deferred ("DF") at the beginning of the semester and then attempting to change the grades of "F" given to these students by another instructor to "DF". *Id.* at 8, 41. Wade does not dispute that she showed poor professional judgment in teaching her granddaughter Amy's last 23 credits at the College. Exh. R, Tuthill E-mail, at 2; Exh. C, Wade V. IV, at 969-70; Opposition at 27-28. Nor does she dispute that Amy's cumulative GPA at Middle Tennessee State University ("MTSU") was 0.587 and Amy was on academic probation and given three successive one-year

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Reply to Plaintiff's Opposition to Motion for Summary Judgment
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                    Page 17 of 25

suspensions by MTSU, while her cumulative GPA at Ilisagvik College was 3.62.[6]  *See* Memorandum at 8.  Nor does Wade dispute that Sonya Abu observed a yelling match between Wade and Aimee Valenti after Wade refused to give Valenti a syllabus and teaching materials. Exh. B, Abu, at 91-92; Exh. C, Wade V. III, at 630; Exh. D, Tuthill, at 116-17, 240-41.  Even if Valenti was rude to Wade, it does not excuse Wade's unprofessional behavior towards Valenti. Based on the foregoing, the College had many legitimate and nondiscriminatory reasons for the non-renewal of Wade's contract.

Wade claims that she had the most students in the school.  Opposition at 25.  Wade does not support this assertion with any admissible evidence.  Mere conclusory allegations will not prevent summary judgment.  *Thornhill*, 594 F.2d at 738; *Provenz*, 102 F.3d at 1489-90.

In summary, because Wade was not qualified for her position, she cannot establish a prima facie FMLA discrimination claim.  *See* Memorandum at 37-40.  Even if the court finds Wade was qualified, the College has presented legitimate and nondiscriminatory reasons for the non-renewal of Wade's contract, and Wade has not shown pretext.  *See* Memorandum at 41-42; College's Opposition To Plaintiff's Motion For Partial Summary Judgment On FMLA at 37-43.

## IX.    Wade's 42 U.S.C. § 1983 Prima Facie Claim Fails.

Wade claims that her 42 U.S.C. § 1983 claim is a question for the jury.  Opposition at 28-36.  Wade presents two theories in support of her argument that she was entitled to due process. First, she claims that her contract provided her with due process rights.  Second, she claims that she had de facto tenure.  Both of these arguments fail for the reasons stated below.

---

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

[6] Wade's statement that "I am fair and impartial to all students" makes the MTSU transcript admissible for impeachment purposes.  *See* Attached Exh. AZ, Plaintiff's Twenty-Fourth Supplemental Discovery Responses, at 3.

Reply to Plaintiff's Opposition to Motion for Summary Judgment
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                                   Page 18 of 25

Wade does not oppose the College's argument that Wade had a contractual right to arbitration and because she waived that right to arbitration her due process claim fails. *See* Memorandum at 44-45; Opposition at 1-43. Wade's waiver of her contractual right to arbitration nullifies her due process claim. *Zuelsdorf v. Univ. of Alaska, Fairbanks*, 794 P.2d 932, 934 (Alaska 1990). "A contract is interpreted to give effect to the reasonable expectations of the parties, considering the language in the disputed provisions and the contract as a whole." *Id.* Wade had the opportunity to request formal arbitration under her contract with the College. Exh. H, 2003 Contract, at 2; Exh. I, Handbook, at 2. Thus, had Wade invoked her contractual right to arbitration, she would have had another level of review with an outsider acting as the arbitrator. Exh. AA, English, at 237. Wade waived her right to arbitration by failing to invoke it within 90 days of the termination of the employment relationship. *Id.* The arbitration would have been Wade's due process "hearing." *Id.* at 237-38. As a matter of law, because Wade had the opportunity to request arbitration, and waived her contractual right to arbitration, her § 1983 due process claim fails.

Wade claims that her property interest in her job was created and defined by her employment contract. Opposition at 29-33. She cites language from the Employee Handbook which states, "I hope your employment with our College will be pleasant and long lasting," and "You're part of our team." Opposition at 31. Stray remarks, such as these statements, without more do not create a due process property interest. *See Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 361-63 (7th Cir.2005). Statements promising not to purge state government workers cannot be read to create a due process property interest. Instead they are "optimistic expressions about the future" and "informal expressions of goodwill and hope that naturally occur." *Id.* at 363.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Wade cites *Jones v. Central Peninsula General Hospital*, 779 P.2d 783 (Alaska 1989) in support of her argument that her property interest was created by her contract. Opposition at 30-31. In *Jones*, the court held that "employee policy manuals may modify at-will employment agreements, and that whether a given manual has modified an at-will employment agreement must be determined on the particular facts of each case." 779 P.2d at 787. *Jones* is distinguishable on its facts because the employee handbook provided that non-probationary employees may only be terminated for cause, described fifteen non-exclusive categories of acts or omissions "that may result in termination for cause," and in doing so, created the impression that employees were to be provided with certain job protections. *Jones*, 779 P.2d at 788-89. Here, Wade's contract does not create the impression that the College faculty were given an expectation of contract renewal. In fact, it explicitly states that faculty had no tenure and had no expectation of continued employment. Exh. H, 2003 Contract, at 1; Exh. VV, Step 2 Response, at 1; Exh. I, Handbook, at 12. Thus *Jones* is inapposite.

Wade claims that the College had a policy promising that evaluations shall be considered in employment retention. Opposition at 31. However, Wade's claim is for failure to renew a contract, not a claim for failure to retain a current employee. The College made a decision regarding contract renewal at the expiration of the contract term. Her contract expired on June 30, 2004. Exh. H, 2003 Contract, at 1. Wade's contract did not contain a right to renewal. *Id.* at 1-7; *Brown v. Indep. Sch. Dist. No. I-06 of McCurtain County, Oklahoma*, 974 F.2d 1237, 1239 (10th Cir.1992).

Wade also makes an unsupported leap when she argues that the College promised that evaluations "shall be considered in employment retention" and therefore, if an employee has positive evaluations, their contract "must be renewed." Opposition at 31-32. A promise to

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

consider evaluations does not mean an employee's contract "must be renewed." Even if it did, this does not create a property interest. To have a property interest in a benefit, a person must have more than a unilateral expectation, and instead must have a legitimate claim of entitlement to it. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Wade alleges unilaterally that a positive evaluation will result in contract renewal, without any legal authority. Wade's conclusory allegation is not sufficient to prevent summary judgment. *Thornhill*, 594 F.2d at 738; *Provenz*, 102 F.3d at 1489-90.

Wade claims that Dr. Tuthill did not consider her prior employment evaluations, yet concedes that Dr. Tuthill read them. Opposition at 32. Because the evidence shows that Dr. Tuthill knew of her past evaluations, read her evaluations, and reviewed her personnel file, the court should find that Dr. Tuthill considered her prior evaluations. Perhaps he did not give them the credit that Wade wanted, but he considered them nonetheless. Another major flaw in Wade's argument is exposed when one considers that the College employee handbook applied to all of the College employees (including staff), not just faculty. Attached Exh. E, Taylor, at 66-67. If Wade's argument is correct, then every College employee would have a due process property interest in their continued employment. This is obviously not the case.

Wade argues that once a person was appointed as faculty it was assumed that the person would be re-appointed so long as that person wished to remain in the job unless a determination of "just cause" was made. Opposition at 32-33. However, the "termination for cause" provision applies during the contract term, not to a contract renewal. Wade's Exh. 22, at 20581. Termination does not equal renewal. There is nothing in Wade's contract that suggests that termination is the same thing as renewal. For the foregoing reasons, Wade's claim that her property interest in her job was created and defined by her employment contract fails.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Reply to Plaintiff's Opposition to Motion for Summary Judgment
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB

Wade also claims that she had de facto tenure and thus a property interest in renewed employment. Opposition at 33-34. She cites *Perry v. Sindermann*, 408 U.S. 593 (1972). *Perry* acknowledged that a professor might obtain de facto tenure under an implied contract. 408 U.S. at 601-02. However, Wade did not have an implied contract. Rather, she had a written contract that explicitly stated she was not tenured and had no expectation of continued employment. Exh. H, 2003 Contract, at 1; Exh. I, Handbook, at 12. Because there is no tenure at Ilisagvik College, there cannot be de facto tenure. *Perry* is distinguishable on its facts. In *Perry*, there was an "unusual provision" in the Faculty Guide which stated that faculty members had "permanent tenure," and there were college guidelines which provided that a person "who had been employed as a teacher in the state college and university system for seven years or more has some form of job tenure." *Perry*, 408 U.S. at 600. Wade's contract, the employee handbook, and the conditions of her employment do not promise "permanent tenure" or define it. Instead her contract says there is no such thing as tenure and faculty should not expect continued employment, i.e., a renewal. Exh. H, 2003 Contract, at 1. Under these facts, the court should find no property interest based on a claim of de facto tenure.

Wade asserts a 42 U.S.C. § 1983 claim based upon a violation of FMLA laws. Opposition at 37. She argues that in *Price v. Multnomah County*, 132 F.Supp.2d 1290, 1298 (D.Or. 2001) the court "found that a plaintiff *may* allege that defendants violated his 42 U.S.C. § 1983 rights" by terminating him because he pursued his rights under the FMLA. However, in *Price* the court made no such finding, and there was no consideration of whether a plaintiff could base a § 1983 claim on FMLA. 132 F.Supp.2d at 1298. Rather, the evidence did not support the plaintiff's claim and it was dismissed on summary judgment. *Id.* Therefore *Price* does not support Wade's argument. Further, the College has established that an FMLA claim cannot be the basis for a §

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Reply to Plaintiff's Opposition to Motion for Summary Judgment
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB    Page 22 of 25

1983 claim because Congress provided comprehensive remedial measures that evince Congress' intent to foreclose the use of a § 1983 action. *See* Memorandum at 46.    Finally, negligent acts by government officials are not actionable under 42 U.S.C. § 1983. *Blaylock v. Schwinden*, 862 F.2d 1352, 1354-55 (9th Cir.1988).

Wade claims that Dr. Tuthill and Taylor do not have qualified immunity.    Opposition at 37-38.    However, as set out above, Wade's qualified immunity argument fails because she has no due process property interest. *See* above, at pp. 19-23.    Therefore this issue is moot.    Further, Wade has no authority for the alleged due process violation, a failure to give her a reason for her non-retention. Opposition at 37.    There was no term in her contract that required she be given a reason for her non-retention.    Instead, the College had the discretion to not renew her contract.

Wade claims the College is liable for the due process violation because a College policy caused the violation of her due process rights. Opposition at 38-40.    However, Wade has failed to prove that there was an entity policy that caused her alleged injury. *Christie v. Iopa*, 176 F.3d 1231, 1235, 1240 (9th Cir.1999).    There was no custom or policy that was ratified that caused Wade's alleged injury. Therefore, the College is not liable. *Christie*, 176 F.3d at 1235, 1240.

Finally, Wade's entire due process argument is nullified because no Step 3 hearing was required under the College grievance procedure.    Exh. I, Handbook, at 2.    Instead, the College grievance procedure provided for a Step 3 ***written*** decision after consideration of the appeal and the supervisor's response. *Id.*    By holding a hearing for Wade's grievance, the College went above and beyond its grievance procedure at Step 3.    Based upon the foregoing, the court should grant summary judgment on Wade's 42 U.S.C. § 1983 claim.

**X.    Wade's Prima Facie Whistleblower Claim Fails.**

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Wade claims that she reported a matter of public concern and therefore her Whistleblower claim should not be dismissed. Opposition at 41. She argues that *Methvin v. Bartholomew*, 971 P.2d 151 (Alaska 1998) does not apply because it discussed "First Amendment Free Speech issues." Opposition at 43. Wade is incorrect. The *Methvin* court stated:

> Methvin has characterized the "fundamental issue" presented to this court as whether he "presented reasonable evidence that he was dismissed for 'Whistleblower' activity, including writing a letter to the Governor of Alaska alleging mismanagement and misconduct by [his] superiors."

*Methvin*, 971 P.2d at 154.

Therefore, the issue considered in *Methvin* was relevant to and dispositive of Wade's Whistleblower claim. Because Wade admitted that her grievance did not address an issue of public concern, her Whistleblower claim fails. *Id.* at 155; Memorandum at 48-49. Alternatively, Wade's contract was non-renewed for legitimate, nondiscriminatory reasons and was not terminated prematurely. Memorandum at 49. Therefore, the court should dismiss Wade's Whistleblower claim.

## CONCLUSION

In conclusion, when the evidence is viewed most favorably to Wade, there is no dispute about the legal merit of Wade's remaining claims. Because Wade's remaining claims fail as a matter of law, the College, Dr. Tuthill, and Taylor are entitled to summary judgment on all of Wade's claims. Alternatively, the court should grant partial summary judgment because: 1) the College had legitimate, nondiscriminatory reasons for its decision to not renew her contract; 2) Dr. Tuthill and Taylor were public officials and thus there is no FMLA cause of action against them; 3) punitive damages may not be awarded for an FMLA claim; 4) Wade did not teach the Module C classes and was on leave when the classes were taught; 5) Wade waived her right to arbitration and thus has no § 1983 claim; 6) alternatively any FMLA damages should be limited to compensatory

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

damages of $3,000 because the College acted in good faith and upon the advice of counsel; 7) Wade has not shown that the College's legitimate, nondiscriminatory reasons for the non-renewal of her contract were pretextual; 8) Wade's § 1983 claim cannot be based on her FMLA claims; and 9) Dr. Tuthill and Taylor have qualified immunity to section 1983 claims.

DELANEY WILES, INC.
Attorneys for defendants Ilisagvik College,
John Tuthill, and Pamela Taylor

Dated: _8-17-07_____          __s/Cynthia L. Ducey_____
                              Cynthia L. Ducey, ASBA # 8310161
                              Delaney Wiles, Inc.
                              1007 West 3rd Avenue, Suite 400
                              Anchorage, AK 99501
                              (907) 279-3581
                              (907) 277-1331 Fax
                              cld@delaneywiles.com

Certificate of service

I certify that a true and correct
copy of this document has
been served by electronic service
on the 17th day of August, 2007 upon:

Linda Johnson

By: Cynthia L. Ducey_____
133901

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

Reply to Plaintiff's Opposition to Motion for Summary Judgment
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                    Page 25 of 25