Cynthia L. Ducey
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 279-3581
Fax (907) 277-1331
cld@delaneywiles.com
Attorney for defendants Ilisagvik College,
John Tuthill and Pamela Taylor

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BOBBI J. WADE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:05-cv-00086 (TMB) |
| v. ) | |
| ) | |
| ILISAGVIK COLLEGE, NORTH SLOPE ) | |
| BOROUGH, JOHN TUTHILL, individually ) | |
| and PAMELA TAYLOR, individually ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**OPPOSITION TO MOTION TO SET TRIAL DATE**

Defendants, Ilisagvik College, Dr. John Tuthill, and Pamela Taylor, ("Ilisagvik College" or "the College"), by and through counsel, Delaney Wiles, Inc., file this opposition to plaintiff's Motion to Set Trial Date (Document 113). Plaintiff moves the court set a trial date pursuant to Local Rule 40.3(a)(1). Plaintiff's motion is not well taken. Local Rule 40.3(a)(2)(D) requires that a motion under Local Rule 40.3 must bear the certificate of counsel for the moving party that, among other things, "all necessary pretrial motion practice has been completed and all legal matters resolved." Plaintiff's motion is deficient as a procedural matter because it does not bear a certificate of counsel that all necessary pretrial motion practice has been completed and all legal matters have been resolved. In fact, plaintiff's motion acknowledges that plaintiff and Ilisagvik College, Dr. John Tuthill and Pamela Taylor have each filed substantial motions for summary

judgment. The motions may result in the dismissal of some or all of plaintiff's claims. The court has not issued rulings on the parties' motions for summary judgment, which only became ripe on August 17, 2007. Because the summary judgment motions have not been decided, plaintiff's motion should be denied since counsel cannot certify the case is ready to be set for trial. Second, if some of plaintiff's claims are dismissed on summary judgment, less time will be required for trial, and the College seeks dismissal of all claims. Trial should not be set until all parties know what, if any, claims or defendants remain. Ms. Taylor and Dr. Tuthill have asked to be dismissed from the action. The time needed to attend the trial as a witness is materially less than if they remain parties. The motion should be denied until the summary judgment motion is decided. If Ms. Taylor and Dr. Tuthill remain as parties, each will need lead time to arrange for time off work and travel. The motion to set the case for trial should be denied since the conditions precedent to filing a certificate of readiness have not been met. Setting trial in November 2007 is therefore premature. For the foregoing reasons, plaintiff's Motion to Set Trial Date should be denied.

DELANEY WILES, INC.
Attorneys for Defendants Ilisagvik College,
John Tuthill, and Pamela Taylor

Dated:_9-7-07_____

__s/Cynthia L. Ducey_____
Cynthia L. Ducey, ASBA # 8310161
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, AK 99501
(907) 279-3581
(907) 277-1331 Fax
cld@delaneywiles.com

Certificate of service

I certify that a true and correct
copy of this document has
been served by electronic service
on the 7th day of September, 2007 upon:

Linda Johnson

By: Cynthia L. Ducey_____
134149

Opposition to Motion to Set Trial Date
*Wade v. Ilisagvik, et al.*, Case No. 3:05-cv-00086-TMB                                      Page 2 of 2