Linda J. Johnson
Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501-3454
(907) 272-9272
(907) 272-9586 fax
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

BOBBI WADE,

                Plaintiff,

v.

ILISAGVIK COLLEGE; NORTH
SLOPE BOROUGH; JOHN TUTHILL,
individually; and PAMELA TAYLOR,
individually,

                Defendants.     | Case No. 3:05-cv-086-TMB

## MOTION FOR RECONSIDERATION

Plaintiff Bobbi Wade, by and through her attorneys Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC, moves pursuant to Fed. R. Civ. P. 59(e) for reconsideration of the order on summary judgment at docket 121, filed March 28, 2008. The order violates basic summary judgment standards and makes multiple factual determinations that constitutionally can only be decided by a jury and constitute reversible error. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511 (U.S. 1986) ("it is clear enough from our recent cases that *at the*

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case 3:05-cv-086-TMB
Page 1 of 24

*summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial*") (emphasis added).   In cases where a jury trial was requested, an improper grant of summary judgment is a per se constitutional violation of a party's right to a jury trial.   The Seventh Amendment guarantees the right to a trial by jury "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. Amendment VII.   "Because the right to a trial by jury is a fundamental right guaranteed to our citizenry by the Constitution," courts should indulge every reasonable presumption <u>against</u> a waiver of that right. *Pradier v. Elespuru,* 641 F.2d 808, 811 (9th Cir. 1981); *see also Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177 (1937).

The court' order should be reversed and the case should be sent to a jury trial.

## I. The Court Misapplied the Summary Judgment Standard.

Summary judgment is the exception, not the rule.   Summary judgment operates to deprive a party of a jury trial, a right guaranteed under the U.S. Constitution.   The Supreme Court in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (U.S. 1986), ruled that the summary judgment "standard mirrors the standard for a directed verdict . . . ."   The court further explained that "the 'genuine issue' summary judgment standard is 'very close' to the 'reasonable jury' directed verdict standard: 'The primary difference between the two motions is procedural; summary judgment motions are usually made before trial and decided

Plaintiff's Motion for Reconsideration
<u>Wade v. Ilisagvik</u>, Case No. 3:05-cv-086-TMB
Page 2 of 24

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted." *Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 745, n. 11, 103 S.Ct. 2161, 2171, n. 11 (1983). In essence, though, the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252, 106 S.Ct. 2505, 2512 (U.S. 1986) (emphasis added). When setting forth the alleged facts for purposes of summary judgment, the trial courts accept as true that version of the facts advanced by the non-moving party.[1] This is required since the trial court cannot weigh the facts and determine what facts are true or not. If the moving party requests the trial court to view the facts in his or her favor, or to ignore other facts as lacking credibility, the moving party has violated the standards under Federal Rule 56(c) and is inviting error.

The trial court's comments demonstrate the error of accepting the moving party's facts despite competing facts presented by Plaintiff. *Chevron USA, Inc. v. Cayetano,* 224 F.3d 1030, 1037 (9th Cir. 2000) (reversing grant of summary judgment because genuine issues of material fact remain "[n]otwithstanding the fact that both sides moved for summary judgment and agreed that summary judgment was appropriate one way or the other"). An example of this type of error occurred in *Raad v. Fairbanks North Star Borough School Dist.,* 323 F.3d 1185,

---

[1] *Frantz v. First Nat'l Bank of Anchorage,* 584 P.2d 1125, 1126 (Alaska 1978).

Plaintiff's Motion for Reconsideration
<u>Wade v. Ilisagvik</u>, Case No. 3:05-cv-086-TMB
Page 3 of 24

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

1192-93 (9th Cir. 2003), where the Ninth Circuit explained the Alaska District

Court's error:

> In granting summary judgment to the District on Raad's claims of unlawful hiring discrimination on the basis of national origin and religion, the district court reasoned that Raad had "failed to come forward with any direct evidence of discriminatory animus nor has she come forward with specific and substantial circumstantial evidence that establishes that defendant's articulated reason for not hiring her was false or that the real reason was discrimination." *Raad v. Fairbanks N. Star Borough Sch. Dist.,* No. F97-0068-CV, slip op. at 43 (D. Alaska July 17, 2000). In so holding, **the district court erroneously drew inferences in favor of the defendant's position** that its decisions to deny Raad full-time employment were based solely on her qualifications. For example, the court observed:
>
> > It is the court's experience with employment cases where discrimination has been found that the defendants invariably give away their motives and intent by disparaging remarks in speech or writing or by contrived reasons for the employer's conduct. They are dismissive or disparaging of the prospective employee's national origin, religion, or whatever the employer's special bias happens to be. Not so here .... There is no evidence of the usual snide, sarcastic, or demeaning comments.
>
> *Raad,* slip op. at 26 n. 20. However, it is well-settled law in this Circuit, as elsewhere, that "[a] *prima facie* case of unlawful employment discrimination on the basis of protected characteristics may be established through indirect evidence under the familiar *McDonnell Douglas* four-part test." * * *
>
> Here, the district court, like the Fifth Circuit in *Reeves,* misapplied the standard of review, failed to draw all reasonable inferences in favor of Raad, the nonmoving party, *and impermissibly substituted its judgment concerning the weight of the evidence for the jury's. For example, the district court stated that "[t]he fact that both Kerr-Carpenter and Layral mentioned plaintiff's accent is not evidence of impermissible bias, particularly in light of the other favorable comments that both individuals made about plaintiff." At the summary judgment stage, however, when one draws all*

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 4 of 24

1  ***permissible inferences in favor of the nonmoving party, <u>this is</u>***
   ***<u>precisely the wrong approach.</u>***

2  *Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1192-93 (9th

3  Cir. 2003) (emphasis added).

4
        As further established in the JNOV realm (similar to summary judgment):
5

6      It is the jury, not the court, which is the fact-finding body.  It weighs the
       contradictory evidence and inferences, judges the credibility of
7      witnesses, receives expert instructions, and draws the ultimate
       conclusion as to the facts.  The very essence of its function is to
8      select from among conflicting inferences and conclusions that which it
       considers most reasonable.
9

10 *Tennant v. Peoria & Pekin Union Railway*, 321 U.S. 29, 35 (U.S. 1944). [2]

11       The court's weighing the evidence relative to Ms. Wade here and granting

12 summary judgment against her is evidenced in the use of phrases like:

13     "the Defendants were justified . . ." (Order at 19);
       "an inference can be drawn [in favor of the moving party]" (Order at 24);
14     "The mere fact that two months elapsed . . ." (Order at 28);
       "the notes do not indicate that Tuthill was angered . . ." (Order at 30);
15     "the timing of the scrutiny ***makes sense*** in light of Tuthill's arrival . . ." (Order
16 at    31);

17 _____

18 [2] In the order by this court, the court determined multiple facts in Defendants'
   favor, thus violating the cardinal rule of summary judgment.  Summary judgment is
19 only appropriate if the pleadings and supporting materials "show that there is *no*
   *genuine issue as to any material fact* and that the moving party is entitled to a
20 judgment as a matter of law."  Fed. R. Civ. P. 56(c) emphasis added.  "Judgment
   as a matter of law is proper if the evidence, construed in the light most favorable to
21 the non-moving party, allows only one reasonable conclusion."  *Acosta v. City and*
   *County of San Francisco*, 83 F.3d 1143, 1145 (9th Cir. 1996), disagreed with by
22 352 F.Supp.2d 1028, 1034 on other grounds.  "Viewing the evidence in the light
   most favorable to the nonmoving party ... we must determine whether the district
23 court correctly applied the relevant substantive law and whether there are any
   genuine issues of material fact."  *Galvin v. Hay*, 374 F.3d 739, 745 (9th Cir. 2004).
24 Instead of determining that an issue was contested with admissible evidence, this
   court made a factual determination on multiple issues in the moving party's favor.
25

26 Plaintiff's Motion for Reconsideration
   <u>Wade v. Ilisagvik</u>, Case No. 3:05-cv-086-TMB
   Page 5 of 24

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

"the statement [in the handbook] *cannot be read* as a binding promise . . ." (Order at 39);

"none of the specific statements . . . create an ***objective expectation*** that her contract would be renewed." (Order at 40).

These statements represent pure findings of fact and a weighing of the evidence, and are improper on summary judgment.  In making these factual findings, the court has weighed evidence and credibility, judged demeanor, and interpreted inferences and evidence in the moving party's favor — all contrary to the standard in *Anderson*.  The trial court should never weigh evidence or decide the credibility of witnesses on summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250(1986) stated: "it is clear enough from our recent cases that at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  There were several instances in the court's order in which the court impermissibly weighed the evidence in order to come to its conclusion.

In general, the court in its order looked individually at one piece of Plaintiff's or Defendants' evidence and judged Plaintiff's claims on that single bit of evidence, opining in many instances that the single bit of evidence was not persuasive or was dispositive.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (footnote omitted).  The court did not take the **entire record** into consideration, but winnowed out one limited bit of evidence and then

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 6 of 24

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

determined that tiny bit was sufficient to award summary judgment.   This too is error.  Ms. Wade's case is based on a series of events that are to be reviewed in totality, not in a vacuum.

Keep in mind, on summary judgment, this court has not been presented with the bulk of the evidence and had no opportunity to determine demeanor.   Often, what a judge thinks is "weak" jurors often find compelling.   The court's analysis in *Strand v. Petersburg Public Schools*, 659 P.2d 1218,  1227 & n. 6 (Alaska 1983), while not dispositive, is instructive and explains why what appears to be a "weak" case on paper may not be when fully presented:

> The heart of the fact-finding process often is the drawing of inferences from the evidence.  A fact finder may draw inferences from the words or gestures or inflections or demeanor of a particular witness, may infer a particular basic fact from the testimony of one or more witnesses on one side or on both sides, and may infer an ultimate fact from undisputed basic facts or from an entire record of conflicting evidence.

*Strand v. Petersburg Public Schools*, 659 P.2d 1218, 1227 & n. 6 (Alaska 1983).

This court had little to draw from in rejecting or accepting inferences as it had no testimony.  What inferences this court did draw, it drew incorrectly, drawing the inferences in favor of the non-moving party.   In other words, every time this court had a conflict in the evidence, it reasoned that Ms. Wade's evidence was not as credible, persuasive or "objective" as the Defendants.   This was error.   This court was obligated to do the opposite.   The decision violated basic summary judgment standards and the order should be reversed.

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 7 of 24

## II.    Summary Judgment On Ms. Wade's October 2, 2003 Medical Leave Request Did Not Address Interference Claims.

The court examined Ms. Wade's first request for leave and determined whether a FMLA violation occurred.  Preliminarily, the court found that Ms. Wade gave adequate notice of her first request for medical leave on October 2, 2003.  Order at 13.  But the court found that Defendants failed to give Ms. Wade notice of her rights.  In the absence of her rights, Ms. Wade was unable to properly request leave or defend her rights.  The failure was an independent claim for interference.

The court committed plain error. The Defendants' failure to authorize leave after Ms. Wade gave sufficient notice was, under Ninth Circuit law, **interference with her FMLA rights as a matter of law**.  In fact, any violation of the FMLA constitutes interference.

> *Xin Liu v Amway Corp.*, 347 F.3d 1125, 1134 (9th Cir. 2003) held that DOL regulations clearly state that an employer interferes with an employee's rights under FMLA by "refusing to authorize FMLA leave" and "discouraging an employee from using such leave." 29 C.F.R. § 825.220.  It acknowledged that any violation of the FMLA itself or of the DOL regulations constitutes interference with an employee's rights under the FMLA. 29 C.F.R. § 825.220(b).

The law was quoted in Plaintiff's Motion For Summary Judgment, at 35. The Ninth Circuit reversed the summary judgment on FMLA issues in *Csanyi v. Regis Corp*, 2008 WL 205288 (9th Cir. January 22, 2008) based on interference of FMLA rights when the employer failed to provide health insurance for the employee.  The court quoted 29 C.F.R. § 825.220(b) as explaining that **any** violation of the FMLA

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 8 of 24

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

constitutes interference with rights under the FMLA, and sent the case back for a trial on damages.  Ms. Wade provided undisputed factual evidence on this point.

Further, the court did not address one of the most egregious interferences with Ms. Wade's FMLA rights: Mr. Tuthill demanded that Ms. Wade wait until Christmas break to take her medical leave.  This "discouraged" Ms. Wade "from using such leave."  *Xin Liu*, quoting 29 C.F.R. §825.220.  Ms. Testified as much. *Any* discouragement by an employer towards an employee not to take FMLA leave is a violation of federal law.  This was a clear interference, actionable by itself.

All the FMLA violations raised by Plaintiff were individual interference claims. If the court could not find reason to grant Plaintiff summary judgment on them, then it should have at least found that significant issues of material fact required a jury to decide the question.  This court was not entitled, however, to weigh the conflicting facts and rule in favor of the Defendants, as it did.

## III.   Failures Due to Certification and Notice of Consequences Were Interference.

The court found that there was a factual dispute[3] as to whether Mr. Tuthill's e-mail was a request for medical certification.  Order at 15.  The court denied as a matter of law Defendant's arguments about the alleged request for certification because "at best, there is a factual dispute as to whether Tuthill's e-mail can be

---

[3] From the wording, it appears that the court was close to finding that Defendants did not comply with the FMLA laws regarding certification and notice requirement.

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 9 of 24

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

construed for a certification, as the term is defined by the Act and DOL regulations." Order at 15.  Further the court found that Ms. Wade did not have notice of the consequences of failing to provide a certification.  In fact, Tuthill created a prejudicial interference that at a minimum is a jury question. Even using this court's findings, the court should have found that Plaintiff proved a *prima facie* case of interference and allowed the case to go to a jury.

### IV. Foreseeable Leave May Be Delayed, Not Denied.

The court improperly mixed the law on foreseeable leave, and improperly granted summary judgment to Defendants on the issue of their denial of Ms. Wade's October leave request.  Despite specific preliminary findings in Ms. Wade's favor (see above), the court still found that the October 2, 2003 request was **legitimately denied** because the Court found that Ms. Wade should have, but did not, give 30 days notice of a "foreseeable leave."  The court made a factual finding that Defendants "were justified" in denying the leave in the first place, a factual finding only properly made by a jury.  This court is not in a position to determine what was "justified" and what was "legitimate" in the face of Ms. Wade's contrary evidence.  This poses a classic fact dispute.  The court stated that Defendants' failure to give Ms. Wade notice of the consequences of not providing adequate certification precluded Defendants from justifying the denial of her October 2, 2003 leave.  Order at 15.

The court granted summary judgment to Defendants despite Plaintiff's citation to 29 C.F.R. 825.304(b):

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 10 of 24

> If an employee fails to give 30 days notice for foreseeable leave with no reasonable excuse for the delay, the employer **may delay** the taking of FMLA leave until at least 30 days after the date the employee provides notice to the employer of the need for FMLA leave.

The court's ruling went well beyond the regulation by stating: "Viewing the evidence in the light most favorable to Wade, the court finds that the Defendants **were justified in denying** Wade's foreseeable leave request for at least 30 days." (Order at 19, emphasis added.)  The court failed to acknowledge that Defendants did not merely **delay** the FMLA leave, **they completely denied it** and did not offer Ms. Wade the option of taking her leave 30 days after she first gave notice.  "If an employee fails to give adequate notice, the employer may choose between two courses of action: it may waive the notice requirements or it may **delay** the employee's leave.  29 C.F.R. §825.304(a)."  *Killian v. Yorozu Automotive Tennessee, Inc.,* 454 F.3d 549, 554 6th Cir. 2006) (emphasis added).  The court has accepted the Defendants' outright denial of Ms. Wade's FMLA requests as dispositive and inappropriately granted summary judgment.  Indeed, the evidence on this point was scarcely disputed by the Defendants, and summary judgment was proper in favor of Ms. Wade.  But to rule in favor of the Defendants and find that the delay and denial were "justified" is beyond the trial court's scope of duty on summary judgment.

## V.    The Court Made A Factual Determination That the 10/20/03 Leave Request Was Not Medical.

The court incorrectly parsed out each fact and narrowly looked at the evidence, thus enabling the court to conclude that each fact it examined was

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 11 of 24

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

insufficient, while overlooking the entirety of the impact of all facts in their chronological occurrence—as a jury will do.  The court found that Plaintiff did not present adequate "evidence" of a medical leave request based only on the October 20, 2003 e-mail from John Tuthill.  (Order at 12).  The narrow focus of the court on one piece of evidence, rather than looking at the totality of circumstances, violates the summary judgment standard.  The totality of the evidence, must be viewed in a light most favorable to Plaintiff.

Plaintiff argued that the e-mail itself is open to interpretation.  But even if the e-mail itself is not clear, when one looks at the multiple medical leave requests made in a short timeframe, and the fact that Tuthill considered *all* the requests to be "personal", then the jury should have been allowed to view the e-mail to see if Tuthill impermissibly rejected yet another request for medical leave.  The court cannot determine the evidentiary value of the e-mail in a vacuum.  Whether the wording in the e-mail addresses a medical issue cannot be decided without weighing the evidence that would be presented both before and after[4] the e-mail was written.  This is done by Ms. Wade's testimony in addition to the multiple instances of medical requests in October 2003.  It was a factual issue whether the evidence was sufficient to prove that the request documented in the 10/20/03 e-mail and other evidence proved that Ms. Wade made yet another medical leave

---

[4] For example, besides the e-mail, John Tuthill acknowledged that he "rejected a total of at least three personal leave requests from Bobbi Wade during the course of the semester."  *See* Plaintiff's Motion for Summary Judgment, Ex. 19, December 12, 2003 at 5.  He lumped every leave request together, indicating that he did not ever discriminate between personal and medical leave.

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 12 of 24

request.  Defendants say no, Ms. Wade says yes.  The jury should have weighed the evidence and made the determination—not this court.

## VI. Plaintiff has a Constitutional Right To A Jury Trial.

The court inappropriately states that on the reinstatement issue of damages, that Ms. Wade has a right to "an evidentiary hearing on additional damages, including any loss to her retirement account." (Order at 22).  Ms. Wade asked for, and is entitled to, as a matter of constitutional law, a jury trial on all remaining factual issues, including damages.  The Seventh Amendment guarantees the right to a trial by which provides that "[i]n Suits at common law, . . . the right of trial by jury shall be preserved, and no fact tried by jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. Amendment VII.  "Because the right to a trial by jury is a fundamental right guaranteed to our citizenry by the Constitution," courts should indulge every reasonable presumption against a waiver of that right. *Pradier v. Elespuru,* 641 F.2d 808, 811 (9th Cir. 1981); *see also Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177 (1937). This court committed reversible error by denying Ms. Wade her right to a jury trial as guaranteed under the Seventh Amendment.  Even under *Anderson v. Liberty Lobby,* the right to a jury cannot be denied where there are fact issues apparent on the record as there are here.

Summary judgment should be reversed and a jury trial should be conducted.

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 13 of 24

VII.   **Court Erred In Overlooking Plaintiff's Response On The Issue Of Oct. 20, 2003 Leave Request.**

The court held that Ms. Wade did not address the issue of whether Defendants interfered with her FMLA rights when they refused to accept a written complaint regarding the violation of the FMLA rights.   In fact, in her opposition to the Defendants' briefing, Ms. Wade said:

> For example, Defendants allege that: "It is undisputed that the College accepted Wade's December 11 'Formal Grievance.'"  Memorandum at 31. This is untrue. In an e-mail to Ms. Wade, Taylor stated:
>
> Status of Written Complaint [dated 12/11/03]
> As per the Grievance qualification criteria outlined in the Employee Handbook [pp. 46-47], your written complaint does not qualify as a Grievance because it failed to
> a.) Specify which College policies have allegedly been violated.
> b.) Specify any requested remedy(ies.)
>
> Ex. 1, set out as originally written.   Taylor also states: "I explained to you this morning why a Grievance situation does not currently exist." *Id.*   Therefore it is disputed that the College accepted Ms. Wade's December 11, 2003 formal grievance; in fact, the College denied the grievance.

*Id.* at 2.  The court overlooked and failed to acknowledge Ms. Wade's briefing on the grievance issue and impermissibly found against her for her alleged failure to brief the issue. Order at 26.  The court thus erred.  In fact, when one looks at the e-mail from Taylor, and the evidence is viewed in the light more favorable to Ms. Wade, there is (at least) a genuine dispute of material fact whether the College dismissed Ms. Wade's grievance.  The issue was also one for the jury.

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 14 of 24

**VIII. Interference was more than just termination.**

The court overlooked all the factual evidence that supports the claim of interference.    Defendants interfered with Ms. Wade's leave by 1) denying her leave; 2) discouraging her from using leave, 3) refusing to properly reinstate her, 4) refusing to accept her grievance; and 5) by using her leave as a factor in terminating her employment.    Plaintiff's Opposition to Defendant's Motion for Summary Judgment, at 16.  Each of the scenarios set forth is a **separate and distinct interference claim** which can be prosecuted individually.    The court erroneously lumped all the interference issues together and then weighed the evidence in favor of the Defendant.

Plaintiff cross moved for summary judgment on interference, but Ms. Wade's arguments from her motion for summary judgment are not acknowledged in the Order.  The court has overlooked all the evidence of multiple interference claims that not only should have prevented summary judgment for Defendants, but when analyzed should have been sufficient to grant summary judgment for Ms. Wade.

**IX.    The Court Granted Summary Judgment To Defendants On A Claim They Didn't Even Move On.**

The Court dismissed the claim of interference based on Ms. Wade's termination.    Notably, *the Defendants did not move to dismiss Ms. Wade's interference claim related to termination.*[5]  See Defendant's Motion for Summary

---

[5] Ms. Wade did move in her motion for summary judgment for a determination of her interference claim based upon her termination. Plaintiff's Motion for Partial Summary Judgment, beginning at 34.

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 15 of 24

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Judgment pages 30-32. It was error for the court to sua sponte to dismiss a claim for which no motion had been made, and for which Ms. Wade had no opportunity to provide argument or evidence in response.  Such an action is a violation of Ms. Wade's constitutional rights to due process and jury trial.  Defendants moved for dismissal of the other interference claims, which were *not* addressed by the court. The court committed clear error in this regard.

> **X.    Ms. Wade Discussed In Depth The Rationale Linking Her Termination To the FMLA Leave, None of Which Was Acknowledged By The Court.**

The court stated that it found Ms. Wade's argument on interference unpersuasive.  But the court erroneously only looked at temporal proximity and ignored all other evidence.  The court dismissed Ms. Wade's interference claim based solely on the court's assessment that temporal proximity was insufficient.  In so holding, the court ignored Ninth Circuit law that accepted temporal proximity as one piece of evidence supporting a wrongful termination. *Xin Liu v Amway Corp.*, 347 F.3d 1125 (9th Cir. 2003).  In arriving at its decision, the Court was required to weigh the facts in order to decide that "**the mere fact that two months elapsed**" was insufficient to suggest that Tuthill considered the FMLA leave as a negative factor.  The court did not address the page full of citations, including some from the Ninth Circuit, Plaintiff supplied that held otherwise.  This was error.

But proximity was not the only evidence proffered by Ms. Wade of interference.  The court ignored evidence that was significant, and which closely mirrors the facts found in *Xin Liu v Amway Corp.*, 347 F.3d 1125 (9th Cir. 2003).

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 16 of 24

Clapp, Peterson, Van Flein, Tiemessen & Thorsnes, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Tuthill's actions cannot be viewed in a vacuum.  Just as the Ninth Circuit did in *Xin Liu*, the court should have looked at Tuthill's behavior toward Ms. Wade both before and after she took the medical leave.  In *Xin Liu* the Ninth Circuit discussed the lower work evaluation the Plaintiff received after her request for leave and reasoned:

> This evidence, combined with Tran's behavior toward Liu regarding her leave suggests that the evaluation may have been tainted with his attitude towards her leave. His repeated denials of her leave and comments about his increased work-load support this contention. Finally, the proximity in time between the leave and her termination also provides supporting evidence of a connection between the two events. *Hodgens*, 144 F.3d at 168 (holding that the "close temporal proximity between two events may give rise to an inference of causal connection.").

*Id*. at 1137.  Using this reasoning here, the same result should apply.

Just as the supervisor did in *Xin Liu*, Defendants repeatedly denied Ms. Wade's requests for medical leave, improperly required that she wait until Christmas break, failed to give her notice of her rights, applied her contractual personal leave standard rather than an FMLA standard for leave, failed to properly reinstate her, penalized her monetarily when she was reinstated, refused to accept Ms. Wade's grievance, and then applied a subjective determination in order to fire her.  Just looking at the evidence of temporal proximity, in the face of Defendants overwhelmingly violative behavior, is reversible error under *Xin Liu*.

## XI. A Negative Factor In the Decision To Terminate

The court failed to apply the standard set by *Xin Liu v Amway Corp.*, 347 F.3d 1125 (9th Cir. 2003), which found that where the taking of FMLA leave

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 17 of 24

constituted a negative factor in the decision to terminate the FMLA was violated. Plaintiff Wade pointed out multiple negative factors, not just one, but any one of which was sufficient.   In response, the Defendants asserted that their business needs overrode Ms. Wade's FMLA rights.

This is incorrect under the FMLA, and merely using that as justification for denial of leave or as a job evaluation factor violates the FMLA.     For example, Tuthill stated as one of the reasons he terminated Ms. Wade, was that she "resisted his efforts" to recruit and use adjunct professor for Module C, Business English, the class that Ms. Wade was supposed to teach as part of her regular duties, but was not properly reinstated to.   Thus, Tuthill was in fact using the occurrence of FMLA leave as a factor in termination.   Tuthill acknowledged that Ms. Wade's resistance to not being properly reinstated to her job was one of the reasons he terminated her.   She only fought his choice of adjunct professor because the professor replaced her in a class that she should have been lawfully reinstated to teach according the FMLA.   The court should not have granted summary judgment on termination because Ms. Wade has provided sufficient evidence that exercising her FMLA rights was a negative factor in the decision to terminate her.

### XII.    Disputes of Genuine Issues of Material Facts Prevent the Court From Deciding Discrimination and Retaliation As A Matter of Law.

The court committed reversible error in its section "The Non-Renewal of Wade's Contract."     (Order at 27).     The whole section is devoted to the

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 18 of 24

determination of facts, a province for the jury, not a court on summary judgment. The court adopted the three part standard set forth in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) when deciding retaliation and discrimination. The burden-shifting analysis developed in *McDonnell Douglas* requires that the Plaintiff bear the initial burden of establishing a prima facie case of retaliation. If she does so, then the Defendants must offer a legitimate, non-retaliatory reason for the employment action.

The court may not stop looking at the evidence at that point, however, because Plaintiff then is allowed to demonstrate that the defendant's proffered reason is pretextual. But in its decision, the court completely failed to address the third part of the *McDonnell Douglas* analysis, ending its decision by adopting Defendants' reason for terminating Ms. Wade. The court failed to address the third factor, which is reversible error.

In order to meet the first part of a prima facie case of retaliation, Ms. Wade only had to show that (1) she engaged in protected activity; (2) a reasonable employee would have found Defendants actions in terminating her materially adverse; and (3) that there was a causal connection between her protected activity and Defendants adverse action. *Id.* at 1171. The court agreed that Ms. Wade has successfully articulated the first two of the three elements of the *McDonnell Douglas* standard in proving her prima facie case. However, the court does not really address the third element: causation. The court refused to acknowledge that the timing of the events is highly relevant to the causal link. The Ninth Circuit has

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 19 of 24

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

adopted temporal proximity as proof of a causal link, especially when the link is very close. The court in *Xin Liu v Amway Corp.*, 347 F.3d 1125 (9th Cir. 2003), agreed that "the proximity in time between the leave and her termination also provides supporting evidence of a connection between the two events." *Id.* at 1137.

In addition to the close temporal proximity, the causes cited by Tuthill for Ms. Wade's termination were known to Defendants prior to Tuthill being hired and only became an issue after her FMLA leave and grievance. This too demonstrates that the reasoning is pre-textual, something the jury gets to decide. Despite that fact, the court weighed Tuthill's justification for termination and found that the timing "**makes sense**" and therefore was not pretextual. The finding that something "makes sense" is reversible error, because the court obviously did not look at the evidence in the light most favorable to Plaintiff. Instead, the court opted to believe Tuthill's explanation. A reasonable jury might, in light of the evidence, view Tuthill's timing as pretextual. This is the very type of determination that should never be made on summary judgment.

## XIII. Tuthill Based His Termination Decision On Subjective Factors.

The court failed to determine whether Plaintiff presented a genuine issue of material fact that rebutted Defendant's non-pretextual reasons for terminating Ms. Wade. Instead, the court stopped its analysis when it accepted and approved of Defendants' alleged non-pretextual reason for terminating Ms. Wade: that she was not qualified for the position. In fact, the order found that Tuthill's qualification

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Plaintiff's Motion for Reconsideration
*Wade v. Ilisagvik*, Case No. 3:05-cv-086-TMB
Page 20 of 24

reason was "an objective factor."  Order at 31.  However, the deposition testimony

of Tuthill indisputably demonstrates that <u>the factor was subjective</u>:

> Ex. 9, Tuthill Depo. at 56-58.  Tuthill claimed that Ms. Wade's qualifications did not meet the accreditation standards.  *Id.* at 56.  But, Tuthill agreed that there was no precise definition of the accreditation standard.  *Id.* at 57.  In fact, Tuthill has stated that the need for a masters degree in business is only "ideal."  *Id.* at 106.  The decision that Ms. Wade was not qualified was solely his.  *Id.* at 58.

Plaintiff's Opp. to Motion for Summary Judgment at 23.

Tuthill's own statements belie the Court's finding that he made a decision based on objective factors.  Ms. Wade's qualifications did not change.  There is no standard for qualifications.  Tuthill required a master's degree because it was ideal, not because it was a standard the College needed to meet, and he alone made the decision.  The decision was a subjective one based upon his determination of what he thought the standard meant.  The question of whether that decision was proper or was discriminatory or retaliatory is one for the jury and no summary judgment should have issued.

Tuthill's subjective determination that Ms. Wade was unqualified was the "central, if not sole, factor in her termination."  *Xin Liu* at 1137.  This court has committed reversible error by determining that Tuthill's evaluation of Ms. Wade's qualifications was an "objective factor" without considering whether there was an objective standard that Tuthill weighed the qualification against.  There was not. The determination of Ms. Wade's qualifications was significant and should have

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 21 of 24

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

been a jury question. The trial court in *Xin Liu* was reversed for an identical mistake.

### VX. The Court Decided Factual Issues In Denying Ms. Wade's Due Process Claims.

In dismissing Ms. Wade's claim of due process violation, the court had to determine whether a particular provision of the Employee Handbook, a document that was specifically made part of her employment contract, provided evidence of the expectation of tenure. The policy manual promised regular faculty performance reviews annually and that **"Evaluations shall be considered in employment retention . . ."** *Id* The Court made the factual decision that the provision "cannot be read as a binding promise . . . ." (order at 39) despite the use of the word "shall" which is directory, not permissive. To the contrary, jurors could conclude that the employer in fact made a "binding promise."

A reasonable juror could view the provision differently and a reasonable juror could find that the provision promised Ms. Wade that she would be retained from year to year if her evaluations were good. This court overstepped its bounds on summary judgment by determining this fact issue, and determining it in favor of the Defendants. Further, Tuthill's reliance on one student's complaints to justify termination, rather than relying on Ms. Wade's good written evaluations, was a violation of her due process. The statement that evaluations shall be considered in employment retention certainly is a statement relied upon by Ms. Wade. The court erred in dismissing Ms. Wade's due process claim.

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 22 of 24

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

**XVI. The Alaska Whistleblower Claim Was an Issue For the Jury.**

In *Lincoln v. Interior Regional Housing Authority,* 30 P.3d 582, 585 (Alaska 2001), the court set forth the *prima facie* case standards under the Act: an employee must show that (1) she has engaged in protected activity and (2) the activity was a "substantial" or "motivating factor" in her termination.  An employer may rebut a *prima facie* case by demonstrating that the employee would have been discharged even had she not engaged in the protected activity.  The employee may then identify evidence that raises an inference that the reasons offered by the employer for terminating her were pretextual. *Id.* at 588

The court found that Ms. Wade's December 2003 grievance was a matter of public concern.  Order at 42.  The court, however, did not *believe* that the grievance was a substantial or motivating factor in her termination.  Order at 42-43. That is not for the court to decide.  What this court "believes" about the evidence is immaterial; rather, this court was obligated to determine if the material facts were disputed.  They were.  A jury may certainly choose to believe this evidence.  But the court again misapplied the law, accepting only Defendant's reasons for discharge and not even inspecting the arguments set out by Ms. Wade regarding the evidence that the reasons for termination were pretextual.  The court erred in failing to apply the law.  Summary judgment should not have been granted as to the Whistleblower claims.

**XVII. CONCLUSION**

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Plaintiff's Motion for Reconsideration
Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
Page 23 of 24

1    The order at docket 38 violated basic tenets of summary judgment

2   procedures and should be reversed and the fact issues should be presented to a

3   jury for decision.

4       DATED in Anchorage, Alaska this _____7th_____ day of April 2008.

5                                     CLAPP, PETERSON, VAN FLEIN,
                                      TIEMESSEN & THORSNESS, LLC
6                                     Attorneys for Plaintiff

7                                     s/ Linda J. Johnson
                                      CLAPP, PETERSON, VAN FLEIN,
8                                     TIEMESSEN & THORSNESS LLC
9                                     711 H Street, Suite 620
                                      Anchorage, AK  99501-3454
10                                    Phone:  (907) 272-9631
                                      Fax:  (907) 272-9586
11                                    Direct email:  ljj@cplawak.com
12                                    Alaska Bar No. 8911070

13

14   Certificate of Service

15   I hereby certify that on April 7, 2008, a copy
      of the foregoing document was served electronically on Cynthia Ducey, Esq.

16   s/ Linda J. Johnson

17

18

19

20

21

22

23

24

25

26   Plaintiff's Motion for Reconsideration
     Wade v. Ilisagvik, Case No. 3:05-cv-086-TMB
     Page 24 of 24

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586