Cynthia L. Ducey
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 279-3581
Fax: (907) 277-1331
cld@delaneywiles.com

Attorney for defendants Ilisagvik College,
John Tuthill, and Pamela Taylor

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BOBBI J. WADE, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>ILISAGVIK COLLEGE, NORTH SLOPE )<br>BOROUGH, JOHN TUTHILL, individually )<br>and PAMELA TAYLOR, individually )<br>)<br>  Defendants. )<br>_____ ) | Case No. 3:05-cv-086-TMB |

**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

**INTRODUCTION**

On April 7, 2008, plaintiff moved for reconsideration of this Court's order of

March 28, 2008. *See* Order at Docket 121. On April 10, 2008, the Court invited

defendants to file an opposition to this motion. *See* Docket 136. In summary, the

Motion to Reconsider should be denied because: 1) the Court correctly found Plaintiff

did not submit sufficient admissible evidence from which a rational fact finder could

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-86-JWS

find for the plaintiff; 2) the Court correctly decided questions of law based on disputed

facts.  The motion should thus be denied.

The Court's order granted Wade's summary judgment motion on her FMLA

failure to reinstate claim following her return from leave, and granted summary

judgment to defendants on:

> 1) the denial of [Wade's] October 2, 2003 request for leave, 2) the non-renewal of her contract, 3) the handling of her December 2003 grievance or complaint, 4) retaliation and discrimination in connection with the exercise of her FMLA rights, 5) punitive damages, 6) violations of due process pursuant to § 1983, and 7) violation of the Alaska Whistleblower Act.

Order at 43-44.  Plaintiff takes issue with virtually every ruling for defendants in

general and specific terms, first arguing that the Court improperly weighed evidence

and failed to consider certain arguments as well as alleging specific error in many of the

above rulings.  The Court's rulings were correct and reconsideration should be denied.

## ARGUMENT

### I.    The Motion to Reconsider Should Be Denied Because the Correct Legal Standard was Applied.

Plaintiff's arguments are based on erroneous conclusions and misstatements of

the Court's order.  Plaintiff contends that the court erred in granting summary judgment

to plaintiffs but ignored the fact that the rulings were based on *undisputed* evidence.[1]

However, a party opposing summary judgment must present admissible evidence

---

[1]  Defendants respectfully refer the court to review the issues as more fully briefed in the motion practice and exhibits concerning the cross-motions for summary judgment upon which the court based its order. *See* Docket 84, 108 and 111.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-86-JWS

demonstrating a triable issue of fact on each element of a claim upon which she will bear the burden of proof at trial. *See Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-49 (1986). The court is not required, in the absence of such evidence, to withhold summary judgment simply because the non-moving party does not agree with the evidence it failed to properly dispute. *See, e.g. Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted). Nor is the court permitted to consider unsworn or unsupported assertions of fact contained in a party's pleadings or motion practice or mere suspicions. *See Provenz v. Miller*, 102 F.3d 1478, 1489-90 (9th Cir. 1996) (conclusory allegations insufficient to defeat an otherwise proper motion for summary judgment); *Maurizio v. Fox Chapel Foods, Inc., not reported in F. Supp. 2d 2006 W.L. 2571397 at \*4* (citations omitted). Speculative inferences from allegedly suspicious conduct do not defeat summary judgment. *See In re Worlds of Wonder Securities Litigation*, 35 F.3d 1407, 1425 (9th Cir. 1994). The existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party. *Anderson,* 477 U.S. at 251. *Price v. Multnomah County*, 132 F. Supp.2d. 1290-1292 (Ore. 2001). Likewise evidence that is merely colorable does not present a genuine issue of fact. *Id.*, 132 F. Supp. 2d at 1292.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-86-JWS

## II.    The Court Did *Not* Improperly Weigh Evidence

Plaintiff asserts a general error on the part of the Court in that the Court "weighed evidence" so as to encroach on the fact-finding duties of the jury.[2]  However, these assertions are premised on a misreading of the Court's order.  The Court, properly applied the summary judgment standard and repeatedly found "Wade has not provided enough evidence for a **reasonable jury to conclude**" that she should prevail at trial.  *See* Order at 28. *See also* Order at 19, 28, 32, 41, and 42-43 (finding that viewing evidence with all inferences drawn in favor of plaintiff, defendants were entitled to partial summary judgment as matter of law) (emphasis added) and at 22 (finding that viewing evidence with all inferences drawn in favor of defendants, plaintiff was entitled to partial summary judgment as a matter of law).  Meanwhile, in areas where the Court found genuine issues of material fact existed, summary judgment was denied.  *See* Order at 24, 26, and 33 (denying in part motions for summary judgment).

For example, plaintiff claims the use of the phrase "the Defendants were justified" demonstrates the Court's weighing of evidence. Motion to Reconsider at 5 quoting Order at 19.  Plaintiff has stripped this phrase from the context of the order.  The full phrase as written was "**[v]iewing the evidence in the light most favorable to Wade**, the Court finds that the Defendants were justified in denying Wade's [request]." Order at 19 (emphasis added).  The undisputed facts viewed in the light most favorable to Wade showed that she failed to give thirty days notice of foreseeable leave.  Order at 18.  Thus the College was legally justified in delaying leave.  Justification is a question

---

[2] *See, e.g.* Motion to Reconsider at 6-7.

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-86-JWS

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

of law and on this point supported by FMLA regulations.  29 C.F.R. 825.302(a); *see also* Memorandum In Support of Motion for Summary Judgment, Docket 85 at page 22-23; *see also* discussion below.

In other instances, plaintiff attempts to reconstitute as evaluative rather than descriptive the Court's remarks on the state of the evidence (or lack thereof) submitted by plaintiff in support of her claim.  For example, plaintiff objects to the phrase "the notes do not indicate Tuthill was angered."  Motion to Reconsider at 5 quoting Order at 30.  This phrase is an accurate summary of the note's content. *See* Exhibit 14, attached to the College's Memo in Support of Summary Judgment, Docket 85.  Even drawing every reasonable inference in favor of plaintiff, the Court found there to be nothing in the notes to indicate anger or pique on the part of Tuthill.  The Court is not required to invent an inference in favor of the non-moving party if the evidence does not support this inference. *In Re: Worlds of Wonder*, 35 F.3d at 1425; *Price*, 132 F.Supp.2d at 1292. Because there was no evidence in the note or elsewhere from which a reasonable juror could infer Dr. Tuthill was angry and thus also draw a second inference that anger supports a rational inference of discriminatory motive, summary judgment was properly granted. *McCown v. UOP, Inc.*, *not reported in F.Supp., 1995 W.L. 519818 (N.Dist. Ill. 1995)* (employer memo to employee after approving FMLA leave properly rejected as evidence linking employer attitude to a termination decision).  In this instance, as in the others cited by plaintiff the Court correctly found that no reasonable juror could find the proffered evidence was sufficient to support plaintiff's claims.

Delaney Wiles, Inc.
Suite 400
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-86-JWS

Similarly, the Court's statement that the "mere fact that two months elapsed" between plaintiff's protected conduct and the notification of the non-renewal of her contract is not weighing the evidence. *See* Motion to Reconsider at 5 Quoting Order at 24. Rather, the Court properly evaluated the strength of any "evidence" submitted by plaintiff, noting that the primary piece of "evidence" offered by plaintiff in support of her claim of discrimination is the temporal proximity between Wade's seeking of leave and the decision by the College not to renew her contract. As discussed at length below, temporal proximity, on its own, is insufficient to raise a prima facie case of FMLA discrimination. A rule that any time period is *per se* too long or that any period under a certain time is *per se* short enough is unrealistically simplistic. Instead, each case must be decided on the particular facts, and the Court has the duty to evaluate the sufficiency of the evidence. Federal R. Civ. Proc. 56(c)(e)(2); *Coszalter v. City of Salem*, 320 F.3d 968, 977-78 (9th Cir. 2003)(citing *Clark County School District v. Breeden*, 522 U.S. 268, 273-74.

Similarly, the Court's statement that "the timing of the scrutiny [of plaintiff's lack of qualifications for her job] makes sense in light of Tuthill's arrival", Order at 30, plaintiff again attempts to decontextualize the statement. *See* Motion to Reconsider at 5. The Court's evaluation of the temporal aspects of plaintiff's claim was a proper function for the court in evaluating a motion for summary judgment in a FMLA discrimination case. The Court's obligation is to determine, once an employer has established legitimate business reasons for an adverse employment action, whether the plaintiff has passed the initial hurdle of establishing a prima facie case of

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-86-JWS

discrimination.  In doing so the court must evaluate the sufficiency of the evidence.  If a prima facie case is made, the court must consider any legitimate reasons proffered by the employer and determine if a rational fact finder could nevertheless find for the plaintiff, and if plaintiff has mustered sufficient and substantial evidence that the employer's stated reason is a lie, and the real reason is discrimination.  *McCown v. UOP, Inc,* 995 W.L. 519818 at 7 (citing *Anderson v. Baxter Health Care Corp.*, 18 F.3d 1120, 1124 (7th Cir. 1994).   This portion of the order properly evaluated this evidence and as set out below properly concluded there was an insufficient showing that protected activity by plaintiff caused her non-renewal.

Plaintiff mischaracterizes the Court's order at 24, suggesting it improperly drew an inference in favor of the moving party.  Since the order actually denied defendants' motion for partial summary judgment, no further action is warranted on reconsideration.  *See* Motion to Reconsider at 5.

In contrast to plaintiff's contention that the Court "winnowed" the evidence so as to award summary judgment, the Court looked at the body of plaintiff's evidence and properly found it insufficient to raise a "genuine issue for trial".  *Anderson v. Liberty Lobby*, 477 U.S. at 250.  Plaintiff's Motion for Reconsideration should be denied on these issues.

### III.     The Court Properly Found Defendants Were Justified in Delaying Wade's Initial Leave Request

Plaintiff claims the Court did not consider the "interference" claim with respect to the October 2, 2003 leave request, that defendants' failure to properly request

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-86-JWS

"certification" and notify Wade of her rights and responsibilities represented interference and that foreseeable leave may only be delayed not denied. Motion to Reconsider at 8-10.

However, the court *did* consider Wade's interference claim, but found it unsubstantiated as a matter of law due to her admitted failure to give the requisite 30 days notice for her leave request when the need for leave was undisputedly foreseeable. *See* Order at 12-19. In the course of this analysis, the court dealt with, and in fact *agreed with Wade* on the issue of certification and notification. Order at 13-16.

The Court properly found in the absence of proper notice regarding certification, defendants were still legally justified in denying Wade's leave request because she failed to give 30 days advance notice as required under 29 C.F.R. § 825.304(c). *See* Order at 16-19, citing *Aubuchon v. Knauf Fiberglass, GmbH*, 359 F.3d 950, 951-52 (7th Cir. 2004); *Bailey v. Amsted Indus., Inc.*, 172 F.3d 1041, 1046 (8th Cir. 1999). The Court further found that defendants' handbook contained sufficient "discussion of requirements for invoking FMLA-protected leave" to constitute "actual notice" of Wade's rights and responsibilities regarding providing her employer adequate lead time prior to her foreseeable absence. Order at 18. Based on this lack of notice, the Court properly dismissed Wade's interference claim since plaintiff's violation of § 825.304(c) made it unnecessary to determine. Order at 19.

Moreover, the Court did not err in allowing defendants to "deny" Wade's request for leave. *See* Motion to Reconsider at 11-12. The undisputed facts establish there was no outright denial, however, further information was sought, as was permitted

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

under the regulations and Wade refused to provide the information. Her request for leave was undisputedly stalled by her failure to cooperate. *Phillips v. Quebecor World Rai, Inc.*, 450 F.3d 308, 311 (7th Cir. 2006); *Aubuchon v. Knauf Fiberglass GmbH*, 359 F.3d 950, 951 (7th Cir. 2004). The motion for reconsideration should be denied on these bases.

**IV.    The Court Properly Found Wade Failed to Raise a Triable Issue Of Fact With Respect to the Non-Renewal of Her Contract**

The Court correctly ruled on Wade's FMLA interference claim with respect to the non-renewal of her contract. *See* Order at 27-28. Plaintiff concedes she moved for summary judgment on the non-renewal of her contract based on interference of her FMLA rights but objects to the ruling since the College did not move on this claim. *See* Plaintiff's Memo in Support of Motion for Summary Judgment at 34-47, Docket 94. However, Federal Civ. R. of Proc. 56(d) obligates the court to determine what material facts are not genuinely at issue, by examining the pleadings and evidence. Accordingly, the Court had a *sua sponte* duty to determine this issue. The plaintiff has had adequate time and opportunity to brief the issue.   As set out below, the Court's ruling was correct, finding that Wade failed to present evidence giving rise to an inference that her protected activity was a factor in her non-renewal. Order at 28. Further, she failed to adduce sufficient evidence to make her prima facie case on a discrimination claim. Order at 32.

**a.    Wade Has Not Demonstrated Her FMLA Leave Was a "Negative Factor" in Defendants' Decision Making Process When Deciding to Not Renew Her Contract**

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

The Court correctly analyzed Wade's interference claim using the "negative factor" test forth in *Xin Liu v. Amway Corp.* 347 F.3d 1125, 1135-36 (9th Cir. 2003) (plaintiff must demonstrate by preponderance of evidence that protected activity served as a negative factor in adverse employment action.). The Court considered the evidence presented by Wade, which consisted primarily of the temporal proximity between her FMLA leave and/or grievance against the college and the decision not to retain her. The Court found that, as a matter of law, this evidence was insufficient to demonstrate that these activities were "negative factor[s]" in defendants' calculation. *See Id.*

### b. The Court Properly Found the Two-Month Gap Between Wade's FMLA Leave and Defendants' Decision Not to Renew Her Contract Insufficient to Demonstrate Causation Absent Other Evidence

The Supreme Court and the Ninth Circuit have rejected a *per se* rule of temporal proximity.    Coszalter, 320 F.3d at 977-78; Bredeen, 522 U.S. at 273-74. Rather, whether temporal proximity supports an inference of causation and therefore motive has been based on the peculiarities of each case. Courts have held that "the timing of the alleged retaliatory action must be unusually suggestive of retaliatory motive before a causal link will be inferred." *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir 1997) (quotations omitted). Unlike *Xin Liu*, 347 F.3d at 1136, where plaintiff's termination was the result of a reduction in force that was unscheduled, Wade's contract contained an objective triggering event, a definite date by which the College was required to notify her of a non-renewal. Thus, the Court properly found timing of notification does not give rise to an inference of discrimination or that the protected

DELANEY WILES, INC.
SUITE 400
1007 WEST 3rd AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

activity was a negative factor in her non-renewal, in the absence of other evidence suggesting a causal factor.

In addition, plaintiff has not disputed the actual facts upon which the College based its decision not to renew her contract. Instead, plaintiff disputes *the assessment* of those facts, and wants to second guess the employer's judgment. The Court's role however, is not to second guess an employer's personnel decisions. *McCown v. UOP, Inc., 1995 W.L. 519818 at 7.* In a FMLA discrimination claim if the employer's reasons for the adverse action are objectively reasonable, in the absence of evidence to show that that reason was not credible or worthy of belief, summary judgment is appropriate. *Maurizio, 2006 W.L. 2571397 at *6.* Similarly in a interference claim plaintiff must show protected activity was a negative factor in the employer's decision, which necessarily requires proof of the employer's rationale or motive (although no court has satisfactorily drawn a legitimate distinction between negative factor and discriminatory motive). Summary judgment is appropriate even if the employer's belief was incorrect, or the result of a flawed investigation. The issue is whether a discriminatory motive was the reason, not whether the employer is wise, shrewd, prudent or competent. *See id.* (citation omitted). Likewise in an interference claim the issue is the employer's reasons. As set out below, because the reasons were based on objective rational criteria summary judgment on the interference claim was proper.

Plaintiff's motion relies on *Xin Liu v. Amway*, 347 F.3d 1125 (9th Cir. 2003), as support for reconsideration. She argues that the subjective performance evaluation in *Xin Liu* parallels Dr. Tuthill's evaluation of the reasons supporting non-renewal, is thus

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-86-JWS

similarly subjective and therefore requires denial of summary judgment on the FMLA interference claim.    *See* plaintiff's motion to reconsider, at 17.    However, the evaluation conducted by the employer in *Xix Liu* was indeed a purely subjective evaluation with no objective criteria on which to judge that employee's performance. The Court held under those facts, coupled with the temporal element, a rational fact finder could infer a causal connection, and thereby requiring denial of summary judgment.    *Xin Liu*, 347 F.3d at 1137.

By contrast, the employer's subjective evaluation of Xin Liu's "soft skills" was materially different as a matter of law from the objective criteria considered by Dr. Tuthill and not disputed by the plaintiff.    Despite plaintiff's protests to the contrary, the College's job description was an objective criteria and it is undisputed that plaintiff did not meet the written job description for the position she held.    *See* Motion to Reconsider at 21.    This is an objective criteria and is not in dispute.    It is undisputed that the recent accreditation of the school imposed objective criteria on the school and that Wade did not meet those criteria.    *See* College's Memo in Support of Summary Judgment, pp. 3-4, 37-40, Docket 85.    The plaintiff did not dispute that there were student complaints about her received by Sonya Abu and that those complaints could give rise to an objective basis to not renew the employment contract.    The plaintiff does not dispute that plaintiff had a low success rate in her Blackboard and that this would be an objective reason for not renewing her contract.    The plaintiff does not dispute that both she and another professor, Courtneay Bartholomew, were both critiqued on or about the same time for the manner in which they conducted online classes.    Ineffective or

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

inadequate performance provided constitutes objective criteria upon which to base a non-renewal of contract. *Maurizio*, 2006 W.L. 251397 at *6; *McCown*, 1995 W.L. 519818 at *6. The plaintiff's second guessing of the employer's assessment does not create a disputed fact, does not demonstrate a "negative factor" showing causation and does not support an inference of pretext.

The undisputed facts also show that Wade did not turn her grades in on time, showed poor judgment in advising students not to take Aimee Valenti's classes, in requesting approval to teach independent study classes for her granddaughter and receipt of tuition waivers, in promising her granddaughter and another student a grade of deferred at the beginning of the semester and then attempting to change the grades of F given to these students by another instructor to DF. *See* Reply to Plaintiff's Opposition for Motion for Summary Judgment, p. 17, Docket 111. Wade does not dispute that Sonya Abu observed a yelling match between Wade and Ami Valenti, after Wade refused to give Valenti a syllabus and teaching materials. *Id.* Because all of these undisputed performance and qualification issues constituted objective and rational reasons for the College to not renew her contract, summary judgment was appropriate or whether her protected activity was a negative factor in her non-renewal. Plaintiff failed to establish that her protected activity was a negative factor in her non-renewal, failed to prove a causal link as required in the prima facia case and failed to establish any facts from which a rational fact finder could infer that the employer's stated reasons for the non-renewal are unworthy of belief. Wade has failed to establish specific and substantial evidence challenging the credibility of the College's motive, thus

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-86-JWS

compelling denial of the motion to reconsider on the interference and discrimination claim. *Vasquez v. County of Los Angeles*, 349 F. 3d 634, 642 (9th Cir. 2004).

Plaintiff's claim that one reason Dr. Tuthill terminated her was resistance to being reinstated, and that she fought his choice of adjunct professor because the professor replaced her in a class are a clear misrepresentation of Dr. Tuthill's testimony. Motion to Reconsider at 18. In fact he testified that in general Wade opposed his recruitment efforts and complained she was entitled to hire adjunct professors. *See* Exh. D, pp. 108-110, 114, College's Memo in Support of Summary Judgment, Docket 85. Valenti was a new adjunct professor and after she taught Wade's Business-English Mod. C, Wade argued she should not be retained. The motion should be denied on this basis.

### c. Wade Has Not Demonstrated The Requisite Retaliatory Intent to Prevail on A FMLA Discrimination Claim

The Court also found that plaintiff had failed to present sufficient evidence for her non-renewal to constitute "retaliation" under 29 U.S.C. § 2615 (a)(2). Under the *McDonnell-Douglas* burden shifting framework (as urged by both parties),[3] the Court acknowledged the temporal proximity of Wade's leave requests and the decision to not renew her contract. *See* Order at 29-30. Plaintiff has not provided any direct evidence of an improper motive in not renewing her contract. Instead, she relies on circumstantial evidence to establish motive.

---

[3] *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 *et seq.* (1973).

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

As set out above, given the multiple legitimate business reasons demonstrated by the College for this decision, the Court correctly found that Wade had not presented sufficient evidence to demonstrate that these legitimate reasons were pretexts for discriminatory animus.   Order at 32.   Plaintiff's claim that the Court improperly weighed evidence in making this determination fails since she presented no evidence either refuting defendants' evidence of legitimate business reasons for her non-retention, or to show that the College's reasons were unworthy of credence.   *See Provenz v. Miller*, 102 F.3d 1478, 1489-90 (9th Cir. 1996). *See also Walker v. Elmore County Board of Educ.*, 223 F.Supp.2d 1255, 1262-63 (M.D. Ala. 2002) (non-retained teacher's mere disagreement with performance reviews as reasons for non-renewal of contract insufficient to defeat motion for summary judgment on FMLA retaliation claim).

Further, the burden of persuasion by preponderance of the evidence is upon plaintiff at every stage in a FMLA retaliation claim.   *See Nichols v. Ashland Hosp. Corp*, 251 F.3d 496, 502 (4th Cir. 2001).   Therefore, plaintiff had the affirmative obligation to demonstrate that the stated reasons for her dismissal were pretextual. She has submitted no such evidence; instead she challenged the employer's assessment of her admitted performance deficits.  However, since these deficits presented rational and objective reasons for the non-renewal, summary judgment was appropriate. For this reason, the Motion to Reconsider should be denied on this issue.

**V.     Summary Judgment Was Proper Since The Court Considered All Bases of Alleged FMLA Interference**

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-86-JWS

As noted in defendants' initial motion for summary judgment, a technical violation of the FMLA, such as failure to designate leave as FMLA leave or failure to give notice of the FMLA to the employee, does not constitute interference with exercise of FMLA rights where the employee receives the benefits of FMLA. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). 29 U.S.C. § 2617 requires an employee to prove the employer interfered with, restrained, or denied her exercise of FMLA rights. *Id.* However, "[e]ven then, § 2617 provides no relief unless the employee has been prejudiced by the violation. . . The remedy is tailored to the harm suffered." Id. (citing *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 292-93 (2002)).

Plaintiff claims the court erroneously dismissed her interference claim, because it failed to consider each individual allegation of interference with FMLA rights. In the instant motion Wade realleges that defendants interfered with her exercise of FMLA rights by:

> 1) denying her leave; 2) discouraging her from using leave[;] 3) refusing to properly reinstate her[;] 4) refusing to accept her grievance; and 5) by using her leave as a factor in terminating her employment

Motion to Reconsider at 15. This claim is again based on a faulty reading of the Court's order; the Court did not "lump[] all the interference issues together." *Id.* Rather, the Court addressed each in turn. As noted above, the Court correctly found that defendants were within their rights in delaying (not denying) FMLA leave until November 2003. Order at 19; defendants simply *did not* deny Wade FMLA leave. As the Court recognized, defendants properly delayed Wade's leave until she gave proper notice and demonstrated medical necessity for the taking leave.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

As to plaintiff's second allegation of interference, this proper reliance on the provisions of 29 C.F.R. § 825.304(a) cannot be construed as "discouraging her from using leave" as plaintiff claims. *See* Motion to Reconsider at 15. Finding otherwise would transform any attempt by an employer to enforce the requirements for establishing the provenance of FMLA leave into an interference claim and would negate the plain meaning of 29 C.F.R. § 825.302(e), which requires the employee to schedule leave in a non-disruptive manner. Given that FMLA expressly attempts "to balance the demands of the workplace with the needs of families" 29 U.S.C. §2601(b)(1) which also "[takes] employers' legitimate prerogatives into account", *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1119-20 (9th Cir. 2001), such a result would run contrary to the aims of FMLA.

As to plaintiff's argument regarding the reinstatement claim, because the Court ruled on this issue *in her favor* it can not establish improper "lumping" of interference issues. *See* Order at 22.

On Wade's claim regarding her December 11, 2003 "grievance," the Court considered the evidence presented, and found that plaintiff had failed to present evidence sufficient to raise a factual issue on this claim, and thus granted summary judgment to defendants. *See* Order at 26. For the reasons set forth above and in its original motion, plaintiff failed to demonstrate that the grievance was a negative factor in her non-renewal.

Plaintiff incorrectly asserts that the Court did not properly consider her interference claim with respect to the "using her leave as a factor in terminating her

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-86-JWS

employment." Motion to Reconsider at 15. However, Wade was not "terminated;" her contract was not renewed. As discussed above, the Court considered the evidence (or rather, lack thereof) presented by Wade tending to support her FMLA activities as a "negative factor" in defendants' decision to not renew her contract, and found there to be no triable issue of fact. As set out above, plaintiff failed to offer evidence showing a triable issue of fact on this issue. The motion should be denied on this basis.

**VI.    The Court Properly Found That Wade Failed to Establish a Property Interest in Her Rnewal**

The Court found that Wade had failed to demonstrate a prima facie case for § 1983 relief. Order at 41. Plaintiff disagrees with this ruling in cursory fashion, claiming that the College's employment handbook contained statements which "jurors could conclude that the employer in fact made a 'binding promise.'" Motion to Reconsider at 22.

However, the Court's evaluation of the undisputed facts was a question of law and properly decided. Order at 38-39. First noting that this was not a case of termination, but rather non-renewal of an existing contract, the Court found that, even interpreting the provisions of the employee handbook in a fashion most generous to Wade as the non-moving party, the statements could not create a binding contract of continuing employment. *Id.* The Court specifically rejected Wade's "de facto tenure" argument with reference to her employment contract, which specifically disclaimed any such status. *Id.* at 40. She has cited no legal authority supporting her contention that the innocuous and salutary phrases contained in the College's employment manual (e.g. "You're Part of Our Team") can support an inference that a binding promise of continued employment was created. As the Court properly considered the evidence in the light

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

most favorable to the non-moving party, and found that evidence wanting, plaintiff's § 1983 claim was properly dismissed, and reconsideration should not be granted on this issue.

### VII.    The Court Properly Found Wade Did Not Raise A "Substantial" Issue of Public Concern Under the Alaska Whistleblower Act

The Court's final substantive ruling was that plaintiff neither demonstrated a matter of "substantial public concern" under the Alaska Whistleblower Act, AS 39.90.100 *et seq.*, nor did she demonstrate that any activity protected by that act was a "substantial factor" in her non-renewal or other adverse employment action.  Order at 42-43.  Further, even if plaintiff stated a prima facie case, she had not presented any evidence suggesting that she would have been renewed absent her protected activities. *Id.*  The Court properly analyzed this matter under the standard set forth in *Lincoln v. Interior Regional Housing Authority*, 30 P.3d 582, 585 (Alaska 2001).

Plaintiff contends that the Court erred in applying this standard.  Motion to Reconsider at 23.  Again, Wade's contention is that the Court improperly weighed evidence to find that she had not met her burden of demonstrating a prima facie case. *Id.*  However, plaintiff does not elucidate what portions of the evidence the Court supposedly ignored in reaching its decision.  Plaintiff urges primarily the proximity in time between her protected activity and her non-renewal.  Opposition to Motion for Summary Judgment at 42-43.  The Court found as a matter of law that this temporal proximity is insufficient, standing alone, to raise a genuine issue of fact as a matter of law. Order at 43.   For the reasons set forth above, plaintiff failed to present sufficient

DELANEY WILES, INC.
SUITE 400
1007 WEST 3rd AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-86-JWS

evidence from which a rational fact finder could infer improper motive and thus summary judgment was proper.

### VIII.   Other Issues Raised

#### a.   The Court Made no Determinations Regarding Wade's October 20, 2003 Leave Request

Plaintiff alleges at two points of error with respect to plaintiff's alleged October 20, 2003 leave request, arguing the Court improperly considered the request in a vacuum and should have permitted a jury to consider whether, taken in context, there was a medical reasons for the leave. *See* Motion to Reconsider at 10-11; 14. However, the undisputed facts establish that Wade can provide no testimony about whether a leave slip was submitted to the College between October 2 and October 20th. Moreover, there is no record of such a request.   It is undisputed that Wade notified Taylor she desired to take personal leave during the Fall 2003 semester. *See* College's Memo in Support of Summary Judgment, p. 10, Docket 85.  She had taken personal leave during the semester in the past and this leave would lengthen the holiday break. *Id.*   From the evidence presented, construed in the light most favorable to Wade, a rational fact finder could not find Wade made a request for medical leave between the 2nd of October and October 20th , different from her original October 2, request.   The motion for reconsideration should be denied on this basis.

#### b.   "Rejection" of Wade's December 11, 2003 Grievance

Plaintiff complains the Court committed error in finding that she had not presented sufficient evidence or argument to present a triable issue of fact with respect

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE. ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

to her December 11, 2003 grievance letter.  Motion at 14.  The Court found "Wade failed to raise a factual issue or make any arguments in support of her claim, Defendants are entitled to summary judgment on this cause of action."  Order at 26.

Wade contends that she raised an issue of fact by pointing to Pamela Taylor's December 15, 2003 e-mail informing her that the "grievance" was not compliant with College grievance policies.  *See* Exhibit 1 at Docket 100.  This reference to Taylor's e-mail is the sum total of plaintiff's briefing on the issue of the December 11, 2003 grievance.  *See* Opposition to Motion for Summary Judgment at 2; Motion to Reconsider at 14.  However it is undisputed that the grievance was accepted and a Step 2 meeting occurred on December 19, 2003.  Wade does not address John Tuthill's detailed response to the grievance, *see* Exhibit 28 at Docket 100, nor the eventual multi-step grievance process which resulted.  *See, e.g.* Defense Exhibits UU, VV, YY, ZZ, and AJ.  In short, even if Wade's reference to the Taylor e-mail created a question of fact as to defendants' acceptance or rejection of the December 11, 2003 grievance, plaintiff has still completely failed to demonstrate the essential elements of an interference claim, or prove any damage occurred as a result of the alleged interference.

### c.  Defendants Stipulate Wade Has a Right to Jury Trial On Issues Remaining

Plaintiff next complain that the Court violated her right to a jury trial by ruling she was still due a "hearing" with respect to the amount of damages due regarding her reinstatement claim.  Motion to Reconsider at 13 citing Order at 22.  Defendants never viewed the Court's finding that plaintiff was due "an evidentiary hearing on additional

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-86-JWS
Page 21 of 23

damages" as anything other than a ruling that this issue remained to be decided at trial, and so views this allegation of error as moot.

## IX.    Conclusion

The Court should deny the motion to reconsider since the court applied the proper standard on summary judgment, viewed all of the evidence and determined questions of law based on undisputed facts or determined plaintiff failed to raise triable issues of fact based on objective and rational criteria.  The motion should be denied.

DATED this _____ day of April, 2008, in Anchorage, Alaska.

DELANEY WILES, INC.
Attorneys for Defendants Ilisagvik College,
John Tuthill, and Pamela Taylor


s/Cynthia L. Ducey
Cynthia L. Ducey, ASBA # 8310161
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, AK 99501
(907) 279-3581
(907) 277-1331 Fax
cld@delaneywiles.com

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-86-JWS
Page 22 of 23

**Certificate of service**

I certify that a true and correct
copy of this document has
been served by electronic service
on the _18th_ day of April, 2008 upon:

Linda Johnson
Clapp, Peterson, Van Flein,
      Tiemesen & Thorsness, LLC
711 H St., Ste. 620
Anchorage, AK  99501

s/Cynthia L. Ducey
141667

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-86-JWS