Cynthia L. Ducey
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 279-3581
Fax (907) 277-1331
cld@delaneywiles.com
Attorney for defendants Ilisagvik College
John Tuthill and Pamela Taylor

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BOBBI J. WADE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ILISAGVIK COLLEGE, NORTH SLOPE ) <br> BOROUGH, JOHN TUTHILL, individually ) <br> and PAMELA TAYLOR, individually ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:05-cv-086-TMB |

**OPPOSITION TO PLAINTIFF'S MOTION FOR STAY**

Defendants, by and through counsel, hereby oppose plaintiff's motion for a stay of trial. Plaintiff has failed to demonstrate she is due a stay of proceedings. Further, plaintiff's application for stay is both premature and likely moot. As defendants have demonstrated in their Opposition to Plaintiff's Application for Certification of Interlocutory Appeal, even were the Court to grant plaintiff leave to file for review, any such petition for interlocutory review of this Court's March 28, 2008 Order is unlikely to be granted. For these reasons, the Motion for Stay should be denied.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR STAY
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-086-TMB
Page 1 of 5

I. **The Court Ordered No "Injunction"**

Plaintiff's motion seeks "an order staying the injunction ordered by the court at docket 121 on March 28, 2008". Motion for Stay at 1. As the Court is well aware, the referenced document is in actuality the Court's order on parties' cross-motions for summary judgment. In that Order, the granted in part and denied in part each parties' respective motions. No injunction issued from that Order. However, as plaintiff has referenced Fed. R. Civ. P. 62(c) in her motion, defendants will assume plaintiff is in actuality seeking a stay of all proceedings in this case so as to pursue interlocutory appeal of that order. *See* Motion to Stay at 1. *See also* Application for Certification at Docket 126. Even if that was her intent in filing this motion, plaintiff is not entitled to a stay. The Order of March 28, 2008 is not such "an interlocutory order or final judgment that grants, dissolved or denies an injunction". Fed. R. Civ. P. 62(c). Thus, there is no status quo ante to which plaintiff can be restored under Rule 62(c).

II. **Plaintiff Has Not Asserted A Proper Provision Under Which the Court Should Grant a Stay of Proceedings**

Assuming plaintiff is actually seeking a stay under Fed. R. Civ. P. 62(b) (stay pending disposition of a motion) or 62(g) (appellate court has power to require stay of lower court proceedings), plaintiff's motion should still be rejected. Plaintiff is not seeking a stay of further proceedings pending the Court's ruling on the outstanding Motion for Reconsideration. Such a stay may be appropriate under Rule 62(b)(3) (allowing for stay pending resolution of Rule 59 motion to amend or alter judgment) or 62 (b)(4) (allowing for stay pending resolution of Rule 60 motion to reconsider). This is not the relief sought. Plaintiff is instead seeking to "preserve her position pending appeal". As demonstrated above, such maintenance of a prior "position" is only

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

countenanced in cases where the Court has either imposed or dissolved some form of injunctive relief. *See* Fed. R. Civ. P. 62(c). The March 28, 2008 Order does no such thing. Thus rule 62(b) relief is neither properly sought nor warranted in this instance.

Even assuming plaintiff is successful in pursuing appellate review, and the Ninth Circuit Court of Appeals chooses to hear her case, the power to order a stay of lower court proceedings under Rule 62(g) lies with the appellate court. *See* Fed. R. Civ. P. 62(g). In that unlikely event, these proceedings may be stayed either by this Court under Fed. R. Civ. P. 62(d) (stay pending appeal with bond), or by the Ninth Circuit under Rule 62(g). However, as plaintiff has not been given leave to appeal (nor should she be), the motion for stay is premature and should be rejected on that basis.

### III. As Plaintiff's Application for Leave Should Be Denied, So Should the Motion for Stay

In truth, plaintiff's motion for stay is little more than an abbreviated rehash of her Application for Certification of Interlocutory Appeal. *See* Application for Certification at 2 (alleging prejudice to plaintiff if leave to file immediate appeal is not granted). As such, defendants direct the court to their opposition to that motion for further reasons why the relief sought is inappropriate.

### IV. Plaintiff Has Failed to Demonstrate She Will Be Prejudiced if a Stay is Not Granted

Finally, plaintiff's motion does no more than allege she will be harmed by the failure to stay proceedings, while contending defendants will not be so harmed. These statements are completely unsubstantiated and unsupported. Especially given plaintiff's repeated previous assertions that any delay in proceedings would be prejudicial to her, this sudden change of course should not be accepted without a specific factual basis

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR STAY
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-086-TMB
Page 3 of 5

supporting the motion. Considering the large costs and demonstrable futility of plaintiff's attempt to secure interlocutory review, granting a stay would in fact damage her more than simply allowing this matter to proceed to trial on the remaining issues. Further, any delay in developing the factual record of this case will only fog the memories of relevant witness of events that are already five years or more in the past. Thus, despite plaintiff's bald assertion to the contrary, defendants will be prejudiced by this delay.

## CONCLUSION

Plaintiff has failed to demonstrate sufficient legal or factual basis for this Court to declare a halt to these proceedings. The Order of March 28, 2008 was not an injunctive order subject to stay pending appeal. Nor has plaintiff received leave to appeal. Finally, plaintiff has completely failed to show that the absence of a stay would cause prejudice to her or her case. For these reason, plaintiff's motion for a stay should be denied.

DELANEY WILES, INC.
Attorneys for Defendants Ilisagvik College,
John Tuthill, and Pamela Taylor

Dated: 4/23/08

Cynthia L. Ducey, ASBA # 8310161
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, AK 99501
(907) 279-3581
(907) 277-1331 Fax
cld@delaneywiles.com

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR STAY
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-086-TMB
Page 4 of 5

Certificate of service

I certify that a true and correct
copy of this document has
been served by electronic service
on the 23rd day of April, 2008 upon:

Linda Johnson
Clapp, Peterson, Van Flein,
   Tiemessen & Thorsness, LLC
711 H St., Ste. 620
Anchorage, AK  99501

_____
141660

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S MOTION FOR STAY
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-086-TMB
Page 5 of 5