Cynthia L. Ducey
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 279-3581
Fax (907) 277-1331
cld@delaneywiles.com
Attorney for defendants Ilisagvik College
John Tuthill and Pamela Taylor

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BOBBI J. WADE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:05-cv-086-TMB |
| v. ) | |
| ) | |
| ILISAGVIK COLLEGE, NORTH SLOPE ) | |
| BOROUGH, JOHN TUTHILL, individually ) | |
| and PAMELA TAYLOR, individually ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPPOSITION TO PLAINTIFF'S APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

INTRODUCTION

Defendants, by and through counsel, hereby oppose plaintiff's application for certification of an interlocutory appeal. In summary, the motion should be denied because: 1) plaintiff's claimed basis for certification is inconsistent with the allowable grounds for such certification contained in 28 U.S.C. § 1292; 2) the Order does not concern a controlling question of law which contains "substantial grounds for difference of opinion;" 3) nor has plaintiff demonstrated that allowing immediate appellate review of this order will speed the resolution of this dispute. As

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-086-TMB
Page 1 of 9

Wade has failed to demonstrate she is entitled to leave to file an immediate appeal, the Application for Certification of Interlocutory Appeal should be denied.

## ARGUMENT

### I. Plaintiff's Application for Certification

Plaintiff has moved the Court for leave to certify the March 28, 2008 order for immediate appellate review under the auspices of 28 U.S.C. § 1292 and Fed. R. Civ. P. 60. Application for Certification at 1. Plaintiff contends that her Motion for Reconsideration "set[] forth the reversible errors in the order," and that "[t]here is substantial ground for difference of opinion in the granting of summary judgment, as was set forth in the motion for reconsideration." *Id.* at 1-2. Finally, plaintiff contends "[a]n immediate appeal would materially advance this case, because otherwise Plaintiff will be required to try a very limited set of facts to a jury and then take an appeal." *Id.* at 2 (footnote omitted). Wade argues that due to her "scant resources" and "age", the court should "move this case along as efficiently as possible so not to needlessly prolong the process." *Id.* While in her application, plaintiff has vaguely invoked the standard under which interlocutory review may be appropriate, she has not demonstrated she is entitled to relief under that standard.

### II. The March 29, 2008 Order is not Subject to Interlocutory Review

As an initial matter, the Court's order on parties' cross-motions for summary judgment is not an "interlocutory" order such as a grant or removal of injunctive relieve, and is thus not covered by 28 U.S.C. § 1292(a), nor is it a "final judgment" appealable under 28 U.S.C. § 1291. Section 1292(b) provides the sole standard for consideration of an interlocutory appeal of any other order:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that **such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may**

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

> **materially advance the ultimate termination of the litigation**, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C.A. § 1292 (b). (boldface added, italics in original). Under this statute, Wade must demonstrate that the order for which interlocutory appeal is sought meets the following requirements: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1025 (9th Cir. 1982). *See also* 16 Wright & Miller, Federal Practice and Procedure § 3930 (quoting 28 U.S.C. § 1292(b). "[S]ection 1292(b) is to be applied sparingly and only in exceptional cases." *In re Cement*, 673 F.2d at 1028 (citation omitted).

As Wade has failed to demonstrate the presence of any of the necessary conditions let alone all three, her application for certification should be denied.

### III. A Grant Of Summary Judgment is Not "A Controlling Question of Law" Under § 1292(b).

Although plaintiff alleges "[t]here is substantial ground for difference of opinion on the granting of summary judgment," Application for Certification at 2, this supposed "ground" is in actuality an allegation that the Court improperly granted summary judgment by "impermissibly weigh[ing] the evidence in order to come to its conclusion." Motion for Reconsideration at 6. Plaintiff's essential contention is thus that the Court erred in granting summary judgment. However, mere allegation of error is plainly insufficient for interlocutory appeal of a summary judgment order. *See* 28 U.S.C.A. § 1292(b) (requiring "substantial ground for difference of opinion). *See also U.S. v. Grand Trunk Western R. Co.*, 95 F.R.D. 463, 471 (D.C. Mich. 1980)

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

(denying application for certification where party seeking review "merely questions the correctness of ruling" upon which review is sought).

Further, the weight of authority holds that a decision to grant or deny summary judgment in most cases is not such a "controlling question of law" which justifies interlocutory appeal. *See, e.g., Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) ("[i]t is doubtful whether a denial of summary judgment when the applicable law is clear but there is a genuine issue as to a material fact can properly be certified under Section 1292(b), for that section is limited only to certifying an order involving a 'controlling question of law.'"); *Chappell & Co. v. Frankel*, 367 F.2d 197, 200 n. 4 (2d Cir. 1966) ("[h]ere, the 'controlling question of law' is clearly whether this court properly granted summary judgment on the Fourth Amendment issues. Since this determination, although a legal issue, is essentially fact based in nature, interlocutory appeal is inappropriate."); *Kaken Pharmaceutical Co. v. Eli Lilly & Co.*, 737 F.Supp. 510, 526–527 (D.C. Ind. 1989) (denying leave to appeal from order denying cross-motions for summary judgment as such an order is not suitable for interlocutory appeal).

Here, Plaintiff has not even alleged, let alone demonstrated, a question of law which she contends the court decided erroneously. Wade herself characterizes her complaint as 'factual' in nature (as opposed to concerning a "controlling question of law." *See* 28 U.S.C. 1292(b)), complaining of the Court's alleged "impermissibl[e] weigh[ing of] the evidence. Motion for Reconsideration at 6. However, allegations of factual error are properly the subject of post-judgment review rather than justifications for immediate, interlocutory appeal. *See Brewster v. Board of Educ. of Lynwood Unified School Dist.*, 149 F.3d 971, 976 (9th Cir. 1998) (citing *Johnson v. Jones*, 515 U.S. 304, 319-320 (1995); *Behrens v. Pelletier*, 516 U.S. 299 (1996))(analyzing availability of review of under 28 U.S.C. § 1291). As "determinations of

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-086-TMB
Page 4 of 9

evidentiary sufficiency at summary judgment are not immediately appealable" plaintiff's request for interlocutory relief is unavailing. *See Brewster*, 149 F.3d at 976.

The Seventh Circuit Court of Appeals has restated the rational for not treating a summary judgment motion as one subject to review under § 1292(b) thusly:

> [w]e think 'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to the question whether the party opposing summary judgment had raised a genuine issue of material fact.
>
> …
>
> The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case.

*Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d 674, 676–677 (7th Cir. 2000). By plaintiff's own contentions, she is not seeking review of such a "pure question of law". The Court of Appeals would in fact "hav[e] to study the record" to determine that the Court's grant of summary judgment was proper. Thus, this is not the kind of question for which interlocutory review was designed to answer.

Under the interpretation most charitable to plaintiff, this case represents a mixed question of law and fact. *See Steering Committee v. U.S.*, 6 F.3d 572, 575 (9th Cir. 1993) ("[w]hether the district court erred in applying the regulatory standard to the facts of this case and concluding that no negligence existed . . . is a mixed question of law and fact.") (citation omitted). As noted in *Steering Committee*, many courts "have refused to permit interlocutory appeals of mixed questions of law and fact[.]" *Id.* Though the court in *Steering Committee* allowed such an appeal in that case, the decision rested more on the complexities of the case at issue there, finding "the liability phase of a multidistrict, multiparty case of the sort at hand is appealable under § 1292(b)." *Id.* Such a sprawling case is clearly the sort of "exceptional case[]" where § 1292(b) appeals are

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-086-TMB
Page 5 of 9

appropriate. *See In re Cement*, 673 F.2d at 1028. In contrast, the relatively simple employment dispute at issue here is not such a complex, sprawling matter as was *Steering Committee*. Section 1292(b) relief is thus inappropriate.[1]

This accords with both usual practice and common sense, since if every summary judgment ruling were subject to immediate appellate review, trial courts would be greatly delayed in adjudicating the merits of any claim, while Courts of Appeal would be swamped with requests for review of the minutest details. As "to decide whether summary judgment was properly granted requires hunting through the record," *Ahrenholz*, 219 F.3d at 676-677, this decision is best left at the District Court level.

As Wade has done no more than argue the Court made improper factual findings, she has not raised the necessary controlling legal question to be entitled to immediate appellate review under 28 U.S.C. § 1292(b). For this reason, plaintiff should be denied leave to file an immediate appeal of the March 28, 2008 Order.

### IV. There Is No Ground For Substantial Difference of Opinion

Even if the Court's award of partial summary judgment did represent such controlling question of law, Wade has failed to demonstrate a "substantial ground difference of opinion." In the context of an application for certification for interlocutory appellate review, "substantial ground for difference of opinion" has been read as requiring a statutory enactment or principle of common law that is open to differing interpretations. *See* 30 Wright and Miller, Federal Practice and Procedure § 3930 at FN.12. The authorities discussing this standard speak in terms of "legal

---

[1] *Steering Committee* is further distinguishable as in that case the district court found at least one "controlling question[] of law" regarding the proper standard of care for pilots under federal aviation regulations in a negligence case. 6 F.3d at 576. As § 1292(b) allows for reexamination of *orders* rather than *issues*, this certification of this single question allowed the *Steering Committee* appellate court to review the entirety of the underlying order. *Id.* Here, there is not such a controlling issue of law, as demonstrated above.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-086-TMB
Page 6 of 9

standards." *See e.g. McNeill v. Aguillos*, 820 F. Supp 77, 79 (S.D. N.Y. 1983) ("there can be no real difference of opinion regarding the **legal standard** for vacating a default judgment which is well-settled law") (emphasis added). *See also Steering Committee* 6 F.3d at 575 (articulation of appropriate standard of conduct is question of law appropriate for interlocutory appeal).

Plaintiff has not demonstrated, or even contended, that the court misapprehended the proper standard for adjudicating summary judgment motions. As was the case regarding the rules on default judgments at issue in *McNeill,* these legal standards are well-settled. *See, e.g.* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (material issue of fact exists where reasonable fact finder could find in favor of non-movant). Nor has plaintiff alleged the Court applied the wrong legal standards regarding defendants' decision to not renew plaintiff's contract. Rather, plaintiff contends the Court *misapplied* these principals in finding that plaintiff had failed to raise a material issue of fact on several of her claims. *See e.g.* Motion for Reconsideration at 6, 8, 10, 16-23. In the absence of plaintiff pointing to specific errors in the law applied to this case, plaintiff's argument remains nothing more than the opinion that the court got it wrong. Such questions are not suitable for interlocutory review. *Grand Trunk Western R. Co.*, 95 F.R.D. at 471.

Even were these fact based questions within the scope of § 1292(b), plaintiff has still not demonstrated "substantial ground" for dispute. The Court, properly applying the summary judgment standard, repeatedly found "Wade has not provided enough evidence for a reasonable jury to conclude" that she should prevail at trial. *See* Order at 28. *See also* Order at 19, 28, 32, 41, and 42-43 (finding that viewing evidence with all inferences drawn in favor of plaintiff, defendants were entitled to partial summary judgment as matter of law) and at 22 (finding that viewing evidence with all inferences drawn in favor of defendants, plaintiff was entitled to partial

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

summary judgment as a matter of law).  Meanwhile, in areas where the Court recognized "substantial ground for difference of opinion" existed, summary judgment was denied. *See* Order at 24, 26, and 33 (denying motions for summary judgment due to triable issues of material fact).

Plaintiff has not demonstrated that the Court applied the wrong standard, or decided a contested legal question, in issuing its summary judgment rulings contained in the March 28, 2008 Order.  Instead, plaintiff merely disagrees with the outcome of the Court's analysis.  As noted above, more than this disagreement in required for interlocutory appeal to be appropriate.  *See Grand Trunk Western R. Co.*, 95 F.R.D. at 471 (denying application for certification where party seeking review "merely questions the correctness of ruling" upon which review is sought).  Thus, Wade has not shown the requisite "ground for difference of opinion" necessary for § 1292 review.

### V. Plaintiff Has Not Demonstrated That An Immediate Appeal Will Facilitate Efficient Resolution

Finally, plaintiff has done no more than allege in a cursory fashion that an interlocutory appeal will save time and expenditure.  Application for Certification at 2.  Given the costliness of such an appeal and the apparent unlikelihood of success given the authorities cited above, such savings are difficult to envision.  In actuality, all that would be accomplished by the court granting plaintiff leave to appeal would be delay of what should be a straightforward trial on the limited issues remaining in the case, following the Court's grant of partial summary judgment on parties' cross-motions.  For these reasons, plaintiff's application should be denied.

### CONCLUSION

Under 28 U.S.C. § 1292(b), a litigant must show that a court has issued an order concerning a controlling question of law over which there is substantial ground for difference of opinion, and that allowing for an immediate appeal of that order will cause the litigation to be resolved more quickly and efficiently.  Plaintiff has completely failed to show that the Court's

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-086-TMB
Page 8 of 9

March 28, 2008 Order was such an order or that an immediate appeal will in fact aid the swift resolution of this matter. Thus, she has not shown she is entitled to the relief sought. For these reasons, plaintiff's Application for Certification must be denied.

DELANEY WILES, INC.
Attorneys for Defendants Ilisagvik College,
John Tuthill, and Pamela Taylor

Dated: 4/23/08

_Cynthia Ducey_
Cynthia L. Ducey, ASBA # 8310161
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, AK 99501
(907) 279-3581
(907) 277-1331 Fax
cld@delaneywiles.com

Certificate of service

I certify that a true and correct
copy of this document has
been served by electronic service
on the 23rd day of April, 2008 upon:

Linda Johnson
Clapp, Peterson, Van Flein,
    Tiemessen & Thorsness, LLC
711 H St., Ste. 620
Anchorage, AK  99501

_[signature]_
141550

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

OPPOSITION TO PLAINTIFF'S APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
*Wade v. Ilisagvik College, et al.*, Case No. 3:05-cv-086-TMB
Page 9 of 9