MINUTES OF THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

*BOBBIE J. WADE*
v.
*ILISAGVIK COLLEGE, et al.,*

Case No. 3:05-cv-00086 TMB

By:             THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:   ORDER ON MOTIONS

Plaintiff has moved for reconsideration (Docket #123) of the order regarding Plaintiff's *Motion for Partial Summary Judgement and Defendant's Motion for Summary Judgement* (Docket # 121). In addition, Plaintiff has moved to stay that order (Docket #124) and for leave to file an interlocutory appeal. (Docket #126).

Plaintiff brings this motion pursuant to Fed. R. Civ. P. 59(e), which applies to judgements. However, final judgement has yet to be entered; only a partial judgement has. "[A] partial summary judgment is merely an order deciding one or more issues in advance of trial..." *Minority Police Officers Ass'n v. South Bend*, 721 F.2d 197, 200 (7th Cir. 1983). Consequently, a partial summary judgment is not immediately appealable.

It appears that the motion should have been brought under Fed. R. Civ. P. 54(b). It is well-settled that district courts have the authority to reconsider and revise interlocutory orders, such as orders granting motions to dismiss or partial summary judgment. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[T]he interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment."); *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989); Fed. R. Civ. P. 54(b).

A district court may reconsider and revise a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law. *Washington v. Garcia*, 977 F.Supp. 1067, 1068 (S.D. Cal. 1997); *Sport-Squeeze, Inc. v. Pro-Innovative Concepts, Inc.*, 51 U.S.P.Q.2d 1764, 1771 (S.D. Cal. 1999). However, a court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice. *Christianson v.*

*Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Reconsideration is an "extraordinary remedy, to be used sparingly." Absent highly unusual circumstances, it will not be granted "unless the District Court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Facts or arguments that could have been presented in the original motion will not generally be considered: "[R]eargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3rd Cir. 1995)(internal quotes omitted); see also *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Circ. 1995).

      Having considered Plaintiff's motion as well as the defendant's opposition, the Motion for Reconsideration (Docket #123) is DENIED, as are the Plaintiff's Motion for Stay (Docket #124) and Motion for Leave to Appeal (Docket #126).

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 11, 2008